**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| BRANDON CANUP | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | Civil Action No.:_____ |
| VS. | § | |
| | § | |
| | § | |
| BRYAN F. AYLSTOCK, BOBBY | § | |
| BRADFORD, MICHAEL BURNS, | § | |
| CLIFF ROBERTS, GREGORY | § | |
| BROWN, AYLSTOCK WITKIN KREIS | § | |
| & OVERHOLTZ PLC, FLEMING | § | |
| NOLEN & JEZ LLP and MOSTYN | | |
| LAW FIRM PC | | |
| | | |
| *Defendants*. | | |

## NOTICE OF REMOVAL

Defendant Gregory D. Brown, a party in *Brandon Canup v. Bryan F. Aylstock et al.* (Cause No 067-371499-25 67th Judicial District Court of Tarrant County, Texas) files this Notice of Removal to the United States District Court for the Northern District of Texas, Fort Worth Division based on diversity jurisdiction pursuant to 28 U.S.C. § 1441(a), 28 U.S.C. § 1332(a), and 28 U.S.C. §1446(b), as well as federal question jurisdiction pursuant to 28 U.S.C. § 1331. In support[1], Defendant provides the following statements as grounds for removal of this case to federal court:

### I.    PROCEDURAL OVERVIEW & LEGAL BASIS FOR REMOVAL

1.    Plaintiff Brandon Cantu is one of thousands of claimants who filed a case, and then later received settlement money, in the largest multi-district litigation (MDL) in history, IN RE:

---

[1] Pursuant to 28 U.S.C. §1446(a), this Notice of Removal contains a short and plain statement of the grounds for removal. Defendant anticipates filing a separate Memorandum in Support of Removal and/or a in Opposition to a Motion for Remand that fully briefs the arguments, legal positions, and provides attached exhibits of the basis for removal set forth in this Notice.

1

3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION No. 3:19-md-2885 in the Northern District of Florida (Pensacola Division) before the Honorable M. Casey Rodgers.

2.      Nevertheless, Plaintiff has decided to sue his former attorneys (Defendants Brown, Fleming Nolen & Jez LLP, and Cliff Roberts), as well as various MDL Court-appointed leadership (Bryan Aylstock, Aylstock Witkin Kreis Overholtz PLC, Mostyn Law Firm PC, Michael Burns, and Bobby Bradford) in a state court lawsuit with a pleading designed to avoid federal court.

3.      Defendant is attaching several exhibits in support of removal:

- **Exhibit A** – Plaintiff's Original Petition (No. 067-371499-25);

- **Exhibit B** -  Docket Sheet for Cause No. 067-371499-25

4.      A notice of removal is subject to Rule 8 pleading requirements and does not require evidentiary detail.  *See Dart Cherokee Basin Operating Co. v. Owens*, 575 U.S. 81, 84 (2014). The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper.  *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

## A.  Remand Based on Diversity of Citizenship (28 U.S.C. § 1332(a))

5.      **Improper Joinder of the Texas Defendants** -   In a clear effort to avoid federal court, Plaintiff has improperly joined the Texas Defendants (Gregory D. Brown, Fleming Nolen & Jez LLP, Mostyn Law Firm) along with several out-of-state Defendants residing in Florida.   In the Fifth Circuit, "[F]raudulent joinder can be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *See Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999)).

6.      A district court "a district court is prohibited by statute from exercising jurisdiction over a suit in which any party, by assignment or otherwise, has been improperly or collusively joined to manufacture federal diversity jurisdiction." *See Smallwood v. Ill. Cent. R.R.* 385 F.3d

2

568, 573 (5th Cir. 2004) (en banc).  Here, there is no possible recovery against the Texas defendants.  As such, when parties have been improperly joined for purposes of trying to avoid diversity of citizenship, a district court can disregard the citizenship of those parties for purposes of analyzing 28 U.S.C. § 1332(a).  *Id.*

7.  In an improper joinder analysis, a district court applies the federal Rule 12(b)(6) pleading standard/analysis.  *See Int't Energy Ventures Mgmt., LLC v. United Energy Group Ltd.* 818 F.3d 193, 200-08 (5th Cir. 2016).

8.  **Because No Defendant Has Been Served, Snap Removal is Permitted** - Plaintiff filed this case on October 27, 2025.  However, at the time of filing this removal, no defendant party has been properly joined and served as demonstrated by the case docket sheet **(Exhibit B):**

- Defendant Gregory D. Brown (Pro Se Undersigned Counsel) Has Not Been Served;
- Defendant Fleming Nolen & Jez LLP Has Not Been Served;
- Defendant Aylstock Witkin Kreis & Overholtz PLC Has Not Been Served;
- Defendant Mostyn Law Firm Has Not Been Served;
- Defendant Bryan Aylstock Has Not Been Served;
- Defendant Michael Burns Has Not Been Served;
- Defendant Bobby Bradford Has Not Been Served;

Accordingly, 28 U.S.C. § 1441(b)(2), does not bar removal of this case.  *See Texas Brine Co. v. Am. Arbitration Ass'n*, 955 F.3d 486-87 (5th Cir. 2020).

9.  **The Forum-State Defendant Rule is Not Applicable** - Defendant's Notice of Removal is timely under 28 U.S.C. § 1446(b) and the forum-state defendant rule is not triggered.

10.  **Plaintiff's Damages** -  A preponderance of the evidence demonstrates that Plaintiff seeks damages of over $75,000.00.  *See De Aguilar v. Boeing Co.*, 47 F.3d 1404 1412-13 (5th Cir. 1995).  As an initial matter, Plaintiff – again trying to avoid removal -- alleges (without any binding stipulation) that he seeks "less than $75,000 in monetary damages, exclusive of interest and costs."

3

*See* Ex. A (Pl. Original Petition, ⁋ 4.1).   That statement carries little weight in isolation; other parts of Plaintiff's complaint reveal the amount in controversy is likely well over $75,000.00:

- "Accordingly, Canup pleads for, and is entitled to monetary damages in an amount sufficient to compensate him for the harm sustained." *Id*. ⁋ 6.1; 6.18 (same); 6.26 (same)

- "Because Texas Defendants' conduct was fraudulent and/or malicious, Canup pleads for, and is also entitled to recover exemplary damages in an amount to be determined by the trier of fact." *Id*. ⁋ 6.11; 6.19 (same); 6.37.

- "**Damages:** As a result of Texas Defendants' breaches, Canup suffered both economic and non-economic damages." *Id*. ⁋ 6.16.

- "**Damages:** As a direct and proximate result of Florida Defendants' misconduct, Canup suffered both financial and significant inconvenience damages." *Id*. ⁋ 6.42.

- "Because Florida Defendants' conduct was fraudulent and/or malicious, Canup pleads for, and is also entitled to recover exemplary damages in an amount to be determined by the trier of fact." *Id*. ⁋ 6.47.

- "Canup seeks disgorgement of any common benefit fees traceable to his settlement, Florida Defendants as former members of the PSC in the MDL obtained such benefits through fraud and in breach of duty." *Id*. ⁋ 7.5.

- "Canup seeks exemplary damages under *Tex. Civ. Prac. & Rem. Code ch. 41.003*, in an amount sufficient to punish and deter." *Id*. ⁋ 7.4.

**B.  Remand Based on Federal Question (28 U.S.C. § 1331)**

11.    Removal is based on federal question jurisdiction (U.S.C. § 1331) is asserted as an alternative ground for removal of this case.

12.    Although pled as Texas state law causes of action, in reality, the claims and resulting damages asserted by Plaintiff raise a substantial federal question jurisdiction because the case and claims arise under 28 U.S.C. § 1407 (Multi-District Litigation Statute).

13.    Specifically, Plaintiff's case arises from his complaints about, and/or otherwise sues Defendants for complying with, various MDL Court Orders entered by the Hon. M. Casey Rodgers at various stages of the *In re: 3M Combat Arms Earplug MDL* over years, including:

4

- Pre-Trial Order No. 7 (Plaintiff Leadership Appointments) *See* Ex. A (Pl. Original Petition, ₱ 5.2);

- Case Management Order (CMO) No. 57  *Id.* ₱ 5.7; CMO No. 58 (Settlement Implementation); CMO No. 60 (Identification Order)

- Common Benefit Order No. 1 (ECF No. 488); Common Benefit Order No. 2 (ECF No. 900); Common Benefit Order No. 3 (ECF No. 1659).

**C.  Transfer of this Case to the MDL Court is Warranted Pursuant to 28 U.S.C. § 1407**

14.  Given Plaintiff's petition is predicated on asserting numerous collateral attacks directed at the MDL Court's various Orders, as well as asserting claims against Defendants arising from the 3M Combat Arms Earplug Master Settlement Agreement (MSA), Defendant respectfully avers that this case should be transferred by the Judicial Panel on Multi-District Litigation (JPML) to the MDL Court (the Hon. M. Casey Rodgers) in the Northern District of Florida.

**II.  Conclusion**

Based upon the foregoing, and other documents filed contemporaneously with this Notice of Removal and fully incorporated herein by reference, Defendant Gregory D. Brown hereby removes the above-captioned matter pending in the 67th District Court of Tarrant County, Texas to the United States District Court for the Northern District of Texas, Fort Worth Division.

Date: November 6, 2025

Respectfully submitted,

**SORRELS LAW**

*/s/ Gregory D. Brown*
Gregory D. Brown
State Bar No. 24078266
230 Westcott Street, Suite 100,
Houston, Texas 77007
Phone: (713) 496-1100
gbrown@sorrelslaw.com
E-service: eservice@sorrelslaw.com

**DEFENDANT (PRO SE FOR REMOVAL)**

5