**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | |
|---|---|
| BRANDON CANUP,<br><br>*Plaintiff,*<br><br>v.<br><br>BRYAN F AYLSTOCK, BOBBY BRADFORD, MICHAEL BURNS, CLIFF ROBERTS, GREGORY BROWN, AYLSTOCK WITKIN KREIS & OVERHOLTZ PLC, FLEMING NOLEN & JEZ LLP and MOSTYN LAW FIRM PC<br><br>*Defendants.* | Case No. 4:25-cv-01255-Y<br><br>Senior Judge Terry R Means<br><br><br><br>PLAINTIFF BRANDON CANUP'S MOTION FOR REMAND AND BRIEF IN SUPPORT |

**PLAINTIFF BRANDON CANUP'S MOTION FOR REMAND**
**AND BRIEF IN SUPPORT**

**MOTION FOR REMAND**

COMES NOW Plaintiff Brandon Canup ("Plaintiff" or "Canup") and, pursuant to 28 U.S.C. § 1447(c), files this Motion for Remand ("Motion for Remand") and respectfully states as follows:

On November 6, 2025 Defendant Gregory Brown ("Brown") filed a Notice of Removal in *Brandon Canup v. Bryan F. Aylstock et al.* (Cause No 067-371499-25 67th Judicial District Court of Tarrant County) to the United States District Court for the Northern District of Texas, Fort Worth Division, "based on diversity jurisdiction pursuant to 28 U.S.C. § 1441(a), 28 U.S.C. § 1332(a), and 28 U.S.C. §1446(b), as well as federal question jurisdiction pursuant to 28 U.S.C. § 1331." (See Dkt. 1)

1

As explained more fully in the Brief in Support (found below in this Instrument), removal was improper and remand is mandatory because:

1. **Removal is procedurally defective:** Brown failed to pay the filing fee required by 28 U.S.C. § 1914(a) and failed to file "all process, pleadings, and orders" as required by 28 U.S.C. § 1446(a) and N.D. Tex. Local Civ. R. 81.1(a)(4), leaving no operative complaint on file and preventing issuance of summons under Fed. R. Civ. P. 4(b) and not all properly served defendants have joined in or consented to removal, as required by 28 U.S.C. § 1446(b)(2)(A);

2. **Forum-defendant rule triggered before removal:** A Texas defendant, Mostyn Law Firm, P.C. ("Mostyn"), was personally served on November 4, 2025, two days before removal, barring removal under 28 U.S.C. § 1441(b)(2);

3. **No "snap removal":** Because service on a forum defendant had already occurred, any snap-removal theory fails;

4. **Lack of complete diversity:** Canup and removing defendant Brown are both Texas citizens, defeating § 1332(a);

5. **No improper joinder shown:** Brown's improper-joinder assertion is vague, conclusory, and unsupported by any discrete facts or applicable analysis. Brown has not met his heavy burden to prove improper joinder;

6. **No federal question on the face of the petition:** Canup's well-pleaded claims arise solely under Texas law; § 1407 is procedural and does not confer jurisdiction; and

7. **No collateral attack on MDL orders:** Canup seeks damages for defendants' independent misconduct, not modification of any MDL ruling. Canup is not collaterally attacking any MDL order or judgment.

This Court should resolve subject-matter jurisdiction before any transfer or stay related to the MDL is considered. Canup incorporates the Brief in Support as if fully stated herein.

WHEREFORE PREMISES CONSIDERED, Canup respectfully requests that this Court remand this action back to the 67th Judicial District Court of Tarrant County Texas, award costs under § 1447(c), and grant Canup such other and further relief to which he may be entitled at law or in equity.

DATED: November 21, 2025

Respectfully submitted,

*s/ Brandon Canup*
Brandon Canup, Plaintiff
4812 Hidden Oaks Ln
Arlington, Texas 76017
Tel.: (972) 762-4314
canup.brandon@gmail.com

***pro se***

3

## CERTIFICATE OF CONFERENCE

The moving party complied with the attorney-conference requirement of Local Rule 7.1(b). Brandon Canup tried to contact Gregory Brown in good faith by email on November 7th, 10th, 13th and 17th of 2025, in an attempt to resolve the issue(s) set forth in this instrument. Results of conference(s):  Despite such good faith attempts, Defendant Gregory Brown never responded to Brandon Canup. Therefore, this motion is submitted to the Court as opposed.

*s/ Brandon Canup*

## CERTIFICATE OF SERVICE

On this 21st day of November 2025, the undersigned, Brandon Canup, caused a true and correct copy of the foregoing instrument to be served on Gregory Brown via e-filing, and on all other parties to this lawsuit via first class U.S. Mail postage prepaid, pursuant to the Federal Rules of Civil Procedure.

*s/ Brandon Canup*

4

**TABLE OF CONTENTS**

Page

**I. Background** ...................................................................................................1

**II. Argument and Authority** ........................................................................3

  **A.  Removal Is Procedurally Defective Under 28 U.S.C. § 1446
     and Local Rule 81.1** ...........................................................................3

  **B. Plaintiff Properly Joined the Texas Defendants** ....................................5
    1. Legal Standard .................................................................................5
    2. Brown's Argument Fails Because It Is Entirely Conclusory ..................................6
    3. Canup's Claims Against the Texas Defendants Are Well-Pleaded and Viable.......6
    4. The Allegation That Joinder Was Designed to "Avoid Federal Court"
      is Not Only Manufactured but is also Legally Irrelevant .......................................7

  **C. Lack of Complete Diversity and Prior Service of a
  Texas Defendant Bars Removal** ........................................................................8
    1. "Snap Removal" Presupposes Complete Diversity,
      Which Does Not Exist Here ...................................................................8
    2. Forum Defendant Rule Bars Removal Once Texas Defendant is Served ..............9
    3. The Record Proves Service Was Completed Prior To Removal ..........................10
    4. Because the Forum Defendant Rule Was Triggered,
      This Court Lacks Subject-Matter Jurisdiction ......................................................10

  **D. Brown Fails to Establish Federal Question Jurisdiction
   Under 28 U.S.C. § 1331** .....................................................................11
    1. Section 1407 Does Not Create Federal Jurisdiction ...........................................12
    2. Canup's Claims Arise Independently of Any Federal Issue .................................12
    3. Allegations Concerning MDL Orders Do Not Create
      a "Substantial Federal Issue" .................................................................13
    4. The "Collateral Attack" Theory Misconstrues Canup's Claims ..........................14
    5. This Court Should Decide Remand Before Any Transfer Consideration .............15

  **E. Summary and Conclusion** ...................................................................16

**III. Request for Relief** ....................................................................................17

**Table of Authorities**

**Cases**                                                                                          Page

*Arbaugh v. Y&H Corp.*, 546 U.S. 500 (2006) ....................................................15

*B, Inc. v. Miller Brewing Co.*, 663 F.2d 545 (5th Cir. Unit A 1981) ....................................6

*Burden v. Gen. Dynamics Corp.*, 60 F.3d 213 (5th Cir. 1995) ..............................................6

*Caterpillar Inc. v. Williams*, 482 U.S. 386 (1987) ..........................................................7, 13

*Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242 (5th Cir. 2011) ........................5

*Dukes v. S.C. Ins. Co.*, 770 F.2d 545 (5th Cir. 1985) ..........................................................4

*Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1 (1983) ....................11, 13

*Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262–63 (5th Cir. 1988) ................4

*Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005) ............14

*Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999) ......................................5

*Gunn v. Minton*, 568 U.S. 251 (2013) ..........................................................................13, 14

*In re 1994 Exxon Chem. Fire*, 558 F.3d 378 (5th Cir. 2009) ..............................................10

*In re Bear River Drainage Dist.*, 267 F.2d 849 (10th Cir. 1959) ......................................15

*In re Showa Denko K.K. L-Tryptophan Prods. Liab. Litig.*, 953 F.2d 162
(4th Cir. 1992) ..........................................................................................................................12

*Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998) ..........12, 15

*Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720 (5th Cir. 2002) ....................5

*Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804 (1986) ..........................................13

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999) .........10

*Perez v. Kirk & Carrigan*, 822 S.W.2d 261
(Tex. App.—Corpus Christi 1991, writ denied) ....................................................................7

*Primate Constr., Inc. v. Silver*, 884 S.W.2d 151 (Tex. 1994) ..........................................10

*Pullman Co. v. Jenkins*, 305 U.S. 534 (1939) ....................................................................9

*Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941) ......................................5

*Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d 746
(5th Cir. 1996) ......................................................................................................................5, 6

*Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568 (5th Cir. 2004) ..............................6, 7, 17

*Sullivan v. Bickel & Brewer*, 943 S.W.2d 477 (Tex. App.—Dallas 1995, writ denied) ......7

*Texas Brine Co., LLC v. Am. Arbitration Ass'n*, 955 F.3d 482 (5th Cir. 2020) ..............8, 9

*Thompson v. Brown*, 91 F.3d 20 (5th Cir. 1996) ..............................................................10

*Travis v. Irby*, 326 F.3d 644 (5th Cir. 2003) ..................................................................5, 6

*Williams v. AC Spark Plugs Div. of Gen. Motors Corp.*, 985 F.2d 783 (5th Cir. 1993) ....10

*Wright v. Combined Ins. Co. of Am.*, 959 F. Supp. 356 (N.D. Miss. 1997) ........................4

**Statutes**

28 U.S.C. § 1331 ................................................................................................................3, 11
28 U.S.C. § 1332(a) ....................................................................................................3, 8, 9, 17

28 U.S.C. § 1407 ...............................................................................................11, 12, 17

28 U.S.C. § 1441(a) .......................................................................................................3

28 U.S.C. § 1441(b)(2) ...................................................................................8, 9, 11, 16

28 U.S.C. § 1446(a) ...............................................................................................3, 4, 16

28 U.S.C. § 1446(b) ....................................................................................................3, 4

28 U.S.C. § 1446(d) ........................................................................................................4

28 U.S.C. § 1447(c) .............................................................................................4, 5, 17

28 U.S.C. § 1914(a) ..................................................................................................4, 16

**Rules**

Fed. R. Civ. P. 4(b) .......................................................................................................4

Fed. R. Civ. P. 11 .........................................................................................................11

N.D. Tex. Local Rule 5.1(e) .........................................................................................3

N.D. Tex. Local Rule 81.1(a)(4) .................................................................................16

Tex. R. Civ. P. 107 ......................................................................................................10

**Other Authorities**

Northern District of Texas CM/ECF Administrative Procedures Manual .........................3

U.S. District Court for the Northern District of Texas Electronic
Case Filing Registration Website, *https://www.txnd.uscourts.gov/file-registration* ...........3

**BRIEF IN SUPPORT OF PLAINTIFF BRANDON CANUP'S MOTION FOR REMAND**

COMES NOW Plaintiff Brandon Canup ("Plaintiff" or "Canup") and files this Brief in Support of his Motion for Remand ("Motion for Remand") and respectfully states as follows:

**I.**

**Background**

Defendant Gregory Brown's ("Brown") Notice of Removal contains several incomplete and misleading statements in its recitation of "procedural overview and legal basis for removal." Canup provides the following clarifications for the Court:

Canup is one of thousands of claimants who filed a case, *Brandon Canup v. 3M Company et al.* Case No. 8:20-cv-14021, in the largest multi-district litigation in history, IN RE:3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION No. 3:19-md-2885 ("MDL") in the United States District Court for the Northern District of Florida, Pensacola Division before the Honorable M. Casey Rodgers.

To be more specific about how large the MDL was, more than 391,000 individual lawsuits were filed with 250,000 of those individuals participating in a global settlement agreement. Around 141,000 claims were dismissed without partaking in settlement of any kind, showing how the MDL was overwhelmed with meritless cases driven by the attorneys themselves.

Despite the tremendous amount of effort that the above-named Defendants put into attempting to manipulate and coerce Canup into accepting the global settlement agreement, Canup refused. Canup ultimately entered into a settlement agreement with 3M that was separate from the global settlement agreement in the MDL.

1

On October 27, 2025 Canup filed his Original Petition suing the above-named Defendants, all of whom are his former attorneys, in a Texas state court action, *Brandon Canup v. Bryan F. Aylstock et al.* Cause No 067-371499-25 in the 67th Judicial District Court of Tarrant County, Texas based strictly on their individual misconduct, including fraud, civil conspiracy and other breaches of duties recognized under Texas law. (See Appx. pp. 22-43) None of these claims depend on the MDL, and none seek to overturn, modify, or otherwise impact any MDL order or judgment.

The statement that the Petition was "designed to avoid federal court" is both baseless and legally irrelevant. The forum in which Canup chose to file suit, Texas state court, is a lawful and proper forum for tort claims against Texas Defendants. A Plaintiff's choice of a state forum is not evidence of gamesmanship; it is his right.

On October 29, 2025 citations were issued by the Tarrant County District Clerk for all of the above-named Defendants. Canup hired Process Server Christina Edwards PSC#13296 to serve process on all Defendants residing in Texas including, Gegory Brown, Cliff Roberts, Mostyn Law Firm, P.C. and Fleming, Nolen & Jez, L.L.P.

On November 4, 2025 Christina Edwards personally served Mostyn Law Firm, P.C. through their registered agent, Andrew Browning at 10:16 a.m. at 10000 Memorial Dr., Ste 740, Houston, Texas 77024, two days prior to Brown's Notice of Removal.[1] (See Appx. p. 2)

---

[1] Canup attaches as Exhibit 2 the *Affidavit of Due Diligence* from process server Christina Edwards (PSC #13296), which documents that on October 30, 2025, personnel at Mostyn Law Firm, P.C. informed her that their registered agent, Andrew Browning, was "not an employee," "not listed on the company registry," and that "no one in the office was authorized to accept service." These statements gave the clear impression that Mr. Browning was no longer affiliated with the firm or able to accept service on its behalf. However, the Texas Secretary of State's records confirm that Mr. Browning remained the registered agent of record for Mostyn Law Firm, P.C. on that date. Despite the misleading representations, Ms. Edwards later located and personally served Mr. Browning on November 4, 2025. (See Appx. p. 2) This record demonstrates that any delay in service resulted from confusion created by the firm's own personnel rather than any lack of diligence by the process server. (See Appx. p. 4) (*Affidavit of Due Diligence*) and (See Appx. pp. 6-7) (*Texas Secretary of State Franchise Tax Account Status for Mostyn*).

On November 6, 2025 Brown filed a Notice of Removal in *Brandon Canup v. Bryan F. Aylstock et al.* to this Court, "based on diversity jurisdiction pursuant to 28 U.S.C. § 1441(a), 28 U.S.C. § 1332(a), and 28 U.S.C. §1446(b), as well as federal question jurisdiction pursuant to 28 U.S.C. § 1331."[2] (*See* Dkt. 1.)

For the reasons stated herein, this case, *Brandon Canup v. Bryan F. Aylstock et al.* (Case No. 4:25-cv-01255-Y) should be remanded back to the 67th Judicial District Court of Tarrant County, Texas.

## II.

### Argument and Authority

#### A.  Brown's Removal Is Procedurally Defective and Jurisdiction Has Not Attached

Brown's Notice of Removal is fatally defective because he failed to comply with the mandatory procedural requirements of 28 U.S.C. § 1446. Subsection (a) requires the removing defendant to file "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action" together with the notice of removal, and to pay the applicable federal filing fee. None of these prerequisites has been satisfied. (See Dkt. 2) In addition, under § 1446(b)(2)(A), "all defendants who have been properly joined and served must join in or consent to the removal of the action." The Fifth Circuit has long held that removal without the unanimous consent of all properly served defendants is procedurally defective and requires remand. *See Getty*

---

[2] Canup notes that Brown, though a licensed attorney, filed the Notice of Removal electronically *pro se* without first complying with the Northern District of Texas's electronic filing prerequisites for pro se litigants. Local Civil Rule 5.1(**e**) requires electronic filing "subject to the restrictions and requirements of the ECF Administrative Procedures Manual." That Manual, in turn, conditions registration on compliance with the Court's ECF Registration procedures, which expressly require that a non-prisoner pro se civil litigant "must first file at least one document in paper in his or her case" before ECF privileges are granted. The Court's ECF registration site makes no distinction between attorney and non-attorney pro se filers, both are required to file their first document in paper before being authorized for electronic filing. Accordingly, Brown's electronic filing of the Notice of Removal appears inconsistent with the governing filing procedures. See *N.D. Tex. Local Civ. R. 5.1(e); N.D. Tex. ECF Administrative Procedures Manual §§ II.A–B; U.S. Dist. Ct. N.D. Tex.,* https://www.txnd.uscourts.gov/file-registration

*Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1262–63 (5th Cir. 1988). Mostyn Law Firm, P.C. has not joined in or consented to the removal.

To date, Brown has not paid the federal filing fee required by 28 U.S.C. § 1914(a). As a result, no civil action has been properly docketed in the United States District Court for the Northern District of Texas, and no summons may be issued under Federal Rule of Civil Procedure 4(b). A notice of removal that fails to comply with the procedural requirements of 28 U.S.C. § 1446 is defective and does not properly invoke federal jurisdiction. The Fifth Circuit has recognized that such procedural defects, including the failure to satisfy statutory filing obligations, render a removal invalid unless timely corrected and may warrant remand if timely challenged. In this case, Brown's failure to meet the procedural requirements of § 1446, including payment of the filing fee and submission of all required state court documents, renders the removal defective and subject to remand. *See Dukes v. S.C. Ins. Co.*, 770 F.2d 545 (5th Cir. 1985).

Brown also failed to attach all state-court pleadings and process. (See Dkt. 2). These omissions violate § 1446(a) and Local Civil Rule 81.1(a)(4), which both require complete filing of the state-court record. Under 28 U.S.C. § 1447(c), a district court must act on a timely motion to remand when a defect in the removal procedure is identified, and district courts within the Fifth Circuit have recognized that such procedural defects require remand when timely challenged. *See Wright v. Combined Ins. Co. of Am.*, 959 F. Supp. 356, 359 (N.D. Miss. 1997).

Because Brown has not filed a complete record or paid the filing fee, this case has never been properly docketed as a federal civil action. There is no operative complaint on file and no valid summons may issue, leaving both courts unable to proceed. The procedural defects are not minor technicalities; they prevent this Court from exercising jurisdiction altogether. The Supreme Court and Fifth Circuit strictly construe the removal statutes, requiring remand whenever there is

any doubt as to the existence of federal jurisdiction. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941); *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

Until Brown perfects removal by filing a complete record and paying the filing fee, the state court retains exclusive jurisdiction, and this Court cannot issue summons or take any substantive action. Accordingly, remand is required under 28 U.S.C. § 1447(c).

### B. Plaintiff Properly Joined the Texas Defendants

Brown asserts that Canup "improperly joined the Texas Defendants … in a clear effort to avoid federal court." This statement is conclusory, unsupported, and legally irrelevant. Brown provides no factual or legal basis to show that Canup cannot recover against any Texas Defendant. The Notice of Removal merely recites the general standard for improper joinder without applying it to the allegations in Canup's Petition. Because Brown fails to identify any defect in the pleadings supporting improper joinder, this argument collapses under settled Fifth Circuit precedent.

#### 1. Legal Standard

A defendant alleging improper or fraudulent joinder bears a heavy burden. In the Fifth Circuit, "[F]raudulent joinder can be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *See Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999)). All factual allegations and ambiguities in state law must be resolved in favor of the plaintiff. *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011).

The test is not whether the plaintiff will ultimately prevail, but whether there is any reasonable possibility of recovery. *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res.,*

*Ltd.*, 99 F.3d 746, 751 (5th Cir. 1996). The Fifth Circuit repeatedly cautions that improper joinder is a narrow exception, not a broad tool for removing cases that defendants simply prefer to litigate in federal court. *Smallwood*, 385 F.3d at 576.

In evaluating such claims, courts must resolve all contested factual issues and ambiguities in the controlling state law in favor of the plaintiff. *Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995); *B, Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549–50 (5th Cir. Unit A 1981). If there is any possibility that the plaintiff has stated a viable cause of action against a nondiverse defendant, joinder is proper and the case must be remanded. *Burden*, 60 F.3d at 216.

### 2.   Brown's Argument Fails Because It Is Entirely Conclusory

Brown's Notice of Removal does not identify a single defect in Canup's claims against the Texas defendants. Instead, it simply asserts that "there is no possible recovery" and cites *Smallwood* and *Travis* without analysis or application. (See Dkt. 1 ¶¶ 5-6) Conclusory statements of this kind do not satisfy the removing party's burden. *Travis*, 326 F.3d at 648 (Any contested issues of fact and any ambiguities of state law must be resolved in favor of the plaintiff).

To meet its burden, a removing party must "identify the presence of discrete and undisputed facts that would preclude plaintiffs recovery" or demonstrate that the pleadings fail under the applicable standard. *Smallwood*, 385 F.3d at 573–74. Brown has done neither. He has not pointed to any allegation that fails to state a claim, nor offered any argument showing that Canup's state-law causes of action are legally impossible. (See Dkt. 1 ¶¶ 5-7) The absence of any factual or legal support renders the improper-joinder argument meritless as a matter of law.

### 3.   Canup's Claims Against the Texas Defendants Are Well-Pleaded and Viable

Canup's Original Petition alleges specific misconduct by the Texas defendants that states viable causes of action under well-established Texas law. (See Appx. pp. 22-30) Canup alleges

that the defendants pressured him to accept a settlement while concealing material terms, conduct that constitutes both fraud and breach of fiduciary duty under Texas precedent. (See Appx. pp. 8, 26, 28, 40) Canup further alleges that, after he declined to settle, the defendants withheld his complete client file despite his written requests, thereby violating their fiduciary duty and his absolute right to the return of his papers. (See Appx. pp. 17, 21, 26, 29, 40) Canup also alleges that the defendants failed to disclose material conflicts of interest between their own financial interests in the multidistrict litigation and their duties of loyalty and independent judgment owed to him. (See Appx. pp. 16, 23, 26, 28-29, 40)

Texas law recognizes that attorneys owe their clients the highest fiduciary duties of loyalty, honesty, and full disclosure. Conduct such as concealing or misrepresenting material settlement terms, or failing to disclose conflicts of interest that compromise independent judgment, supports actionable claims for fraud and breach of fiduciary duty. *See Perez v. Kirk & Carrigan*, 822 S.W.2d 261, 265–66 (Tex. App.—Corpus Christi 1991, writ denied); *Sullivan v. Bickel & Brewer*, 943 S.W.2d 477, 481 (Tex. App.—Dallas 1995, writ denied).

Because Brown's notice provides no factual or legal reason why recovery against the Texas defendants is impossible or even improbable, the removing party has not met its burden under *Smallwood*. The presumption of validity of Canup's well-pleaded claims therefore remains intact.

### 4. The Allegation That Joinder Was Designed to "Avoid Federal Court" Is not only Manufactured, but also Legally Irrelevant

Even if Canup's choice of forum incidentally defeats federal jurisdiction, that is not "improper joinder." The Fifth Circuit has long held that a plaintiff may structure his complaint to stay within state court so long as he asserts valid state-law claims. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Plaintiff is the master of his complaint. The motive behind joinder is irrelevant where the claims themselves are colorable. Further, a review of the Canup's Petition

7

makes it clear that the Texas defendants are at the center of the wrongdoing alleged and causes of action at issue. (See Appx. pp. 16-17, 21-30, 39-43)

Brown's accusation that Canup "improperly joined" the Texas defendants is simply a disagreement with Canup's litigation strategy, and frustration that Texas defendants are heavily involved in the wrongdoing and causes of action alleged, not evidence of fraud or a jurisdictional defect. The burden of proving improper joinder rests entirely with the removing party, and Brown has failed to meet it.

### C. Lack of Complete Diversity and Prior Service of a Texas Defendant Bar Removal

Brown next asserts that removal was proper under the so-called "snap removal" doctrine because "no defendant has been properly joined and served." That assertion is both factually and jurisdictionally incorrect. The record shows that Mostyn Law Firm, P.C., a Texas citizen and named defendant, was personally served on November 4, 2025, two days before Brown filed the Notice of Removal on November 6, 2025. (See Appx. p. 2) Moreover, complete diversity is lacking on the face of the pleadings because both Brown and Canup are citizens of Texas, eliminating any basis for original jurisdiction under 28 U.S.C. § 1332.

### 1. "Snap Removal" Presupposes Complete Diversity, Which Does Not Exist Here

Brown's reliance on the "snap removal" theory is misplaced because the forum-defendant rule in 28 U.S.C. § 1441(b)(2) applies only when the district court otherwise has original jurisdiction under § 1332(a), that is, when complete diversity exists. The Fifth Circuit's decision in *Texas Brine Co., LLC v. American Arbitration Ass'n*, 955 F.3d 482 (5th Cir. 2020), confirms this point. The court began by noting that the forum-defendant rule is merely procedural, not jurisdictional, and that the district court "had subject-matter jurisdiction because each defendant

was diverse from the plaintiff." *Id.* at 493–94. In *Texas Brine*, the plaintiff was a Texas limited liability company, while the defendants were a New York corporation and two Louisiana citizens, thus, "there [was] no jurisdictional defect under 28 U.S.C. § 1332(a)." *Id.*

That essential premise is absent here. Brown, the removing party, is himself a Texas citizen, as is Canup. (See Appx. pp. 10, 12) Complete diversity therefore never existed, and § 1441(b)(2) cannot be invoked to manufacture jurisdiction that § 1332(a) does not supply. The "snap removal" doctrine merely permits a properly diverse defendant to remove before service on a forum defendant; it does not authorize a nondiverse defendant to create jurisdiction by racing to remove. See *Pullman Co. v. Jenkins*, 305 U.S. 534, 541 (1939) (citizenship of all named defendants, served or unserved, controls for diversity). Accordingly, Brown's reliance on *Texas Brine* is wholly without merit, because that decision expressly rested on the existence of complete diversity, something lacking on the face of this case. *See Texas Brine Co., LLC*, 955 F.3d 482.

For the avoidance of doubt, even if the Court were to consider Brown's removal attempt under the "snap removal" framework, it still fails because a properly joined and served Texas defendant, Mostyn Law Firm, P.C., was served prior to removal, triggering the forum-defendant rule and barring removal under § 1441(b)(2). (See Appx. p. 2)

### 2. Forum Defendant Rule Bars Removal Once Texas Defendant is Served

Under 28 U.S.C. § 1441(b)(2), a case otherwise removable solely on the basis of diversity jurisdiction "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Once service is accomplished on a forum defendant, the statutory prohibition is absolute. See *Texas Brine Co., LLC v. Am. Arbitration Ass'n*, 955 F.3d 482, 486–87 (5th Cir. 2020) (forum-defendant rule is mandatory and should be strictly applied).

9

### 3.  The Record Proves Service Was Completed Prior To Removal

Canup's sworn Return of Service establishes that process was served on November 4, 2025, upon Andrew Browning, the authorized agent for Mostyn Law Firm, P.C. (See Appx. p. 2) The return fully complies with Texas Rule of Civil Procedure 107 and constitutes prima facie evidence of valid service. See *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152–53 (Tex. 1994).

Brown's reliance on the state court docket sheet is both misplaced and misleading. (See Dkt. 1-B.) Under well-established Fifth Circuit and Texas law, service of process is effected at the time of delivery, not when the return is later filed or recorded. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999) (holding that service occurs when the defendant is formally served with the summons and complaint); *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996) (service complete upon delivery of summons and complaint to defendant); *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152–53 (Tex. 1994) (service effective upon actual delivery even if return filed later). The filing of the return is merely a ministerial act that documents a service already accomplished; it does not control the fact or timing of service. Accordingly, Canup's service on Mostyn was perfected prior to removal, triggering the forum-defendant rule and defeating removal jurisdiction.

### 4.  Because the Forum Defendant Rule Was Triggered, This Court Lacks Subject-Matter Jurisdiction

Once a forum defendant is served, diversity removal is no longer available. *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 391 (5th Cir. 2009) (holding that § 1441(b)(2) prohibits removal when a properly joined and served forum defendant is present). The Fifth Circuit recognizes this rule as a statutory restriction on removal jurisdiction, not a mere procedural defect. See *Williams v. AC Spark Plugs Div. of Gen. Motors Corp.*, 985 F.2d 783, 786-787 (5th Cir. 1993) (The presence of a properly joined and served forum defendant precludes removal).

Accordingly, the "forum-defendant rule" was triggered on November 4, 2025, and removal two days later was barred. Because a Texas defendant was properly served before removal, § 1441(b)(2) applies by its plain text, and removal was barred. Brown's attempt to invoke "snap removal" fails because the doctrine applies only when removal occurs before a forum defendant has been served. Here, service had already occurred, making removal improper as a matter of law. This Court therefore lacks subject-matter jurisdiction, and the case must be remanded to state court.[3]

### D.  Brown Fails to Establish Federal Question Jurisdiction Under 28 U.S.C. § 1331

Brown's alternative claim of federal question jurisdiction fares no better. His notice of removal makes only vague and conclusory assertions that Canup's claims "arise under" federal law or 28 U.S.C. § 1407, the multidistrict litigation statute, without identifying any specific federal issue actually presented on the face of the petition. (See Dkt. 1)  That omission is fatal. The well-pleaded complaint rule requires that a federal question appear affirmatively from the plaintiff's own statement of his cause of action, not from speculative characterizations offered by a removing defendant. *See Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 10 (1983). Canup's causes of action sound exclusively in Texas law, fraud, civil conspiracy, and breach of fiduciary duty, and none depend on the interpretation or application of any federal statute, regulation, or order. (See Appx. pp. 22-30)

---

[3] Brown's *Notice of Removal* is baseless and procedurally defective, designed to delay adjudication and evade state-court jurisdiction. The removal rests on vague, conclusory assertions unsupported by law or fact. Canup expressly reserves all rights to seek appropriate remedies, including sanctions under Federal Rule of Civil Procedure 11, should any Defendant persist in filing frivolous or dilatory pleadings in connection with this removal or any subsequent proceedings.

11

### 1.  Section 1407 Does Not Create Federal Jurisdiction

Brown's reliance on 28 U.S.C. § 1407 as a jurisdictional hook is wholly misplaced. His notice of removal offers only vague and conclusory assertions that Plaintiff's claims "arise under" the MDL statute, but it identifies no provision within § 1407 that creates a substantive federal right or cause of action. (See Dkt. 1 ¶¶ 12-14) The statute is purely procedural, authorizing temporary transfer and coordination of related cases for pretrial purposes. It does not itself confer subject-matter jurisdiction. *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 40 (1998) (Section 1407 does not create jurisdiction); *In re Showa Denko K.K. L-Tryptophan Prods. Liab. Litig.*, 953 F.2d 162, 165 (4th Cir. 1992) (same). Even if this lawsuit concerns events that occurred during an MDL, that fact alone does not transform purely state-law claims into federal ones.

### 2.  Canup's Claims Arise Independently of Any Federal Issue

Brown's notice of removal does not identify a single federal statute, regulation, or order that must be interpreted or applied to resolve any of Canup's claims. Instead, it relies on vague and conclusory assertions that the alleged misconduct somehow "arises from" compliance with MDL orders, without explaining how those orders are even relevant to the elements of any pleaded cause of action. (See Dkt. 1 ¶ 13) That is insufficient to establish federal-question jurisdiction under the well-pleaded complaint rule.

Canup's claims are based solely on the Defendants' misconduct as his former attorneys, material misrepresentations, failure to disclose conflicts of interest, withholding Canup's client file, and attempting to coerce settlement without full disclosure. These duties arise under Texas common law and the Texas Disciplinary Rules of Professional Conduct, not under any federal statute or order.

12

A federal question exists only if "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief <u>necessarily depends on</u> resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27–28 (1983) (emphasis added); *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986). None of Canup's claims require proving or construing any federal law; they require showing that Defendants violated duties recognized under Texas law.

Federal jurisdiction cannot rest on a defense that references federal proceedings. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) ("[A] case may not be removed to federal court on the basis of a federal defense."). Brown's attempt to invoke the MDL as a jurisdictional anchor is therefore doubly flawed: it neither appears on the face of the complaint nor provides any independent basis for federal-question jurisdiction.

### 3. Allegations Concerning MDL Orders Do Not Create a "Substantial Federal Issue"

Brown's assertion that this case "arises under" federal law merely because it references MDL orders is both legally and factually unfounded. His notice of removal offers only conclusory statements that Canup's claims implicate federal orders, yet nowhere explains how the interpretation or validity of any such order forms an essential element of Canup's state-law causes of action. (See Dkt. 1 ¶¶ 11-13) Simply citing or describing a federal court's prior orders does not transform a state-law claim into a federal one.

In *Gunn v. Minton*, 568 U.S. 251, 258 (2013), the Supreme Court reaffirmed that even where a state claim touches on federal law, the federal issue must be (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without upsetting the federal–state balance. That demanding test is not met here.

13

While certain MDL orders, such as common-benefit fee orders or leadership appointments, may provide factual background for Defendants' conduct, their interpretation is merely incidental. The claims do not require this Court to construe, modify, or determine the validity of any federal order. As *Gunn* explains, even when the case involves applying federal law as part of the underlying facts, that does not, by itself, create a substantial federal question. *Id.* at 263; see also *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005).

None of the *Grable* factors are present. The MDL orders serve only as background context, not as elements of any cause of action. Brown's failure to identify any concrete, disputed, or outcome-determinative federal issue confirms that this case belongs in state court.

### 4. The "Collateral Attack" Theory Misconstrues Canup's Claims

Brown's "collateral attack" theory is a mischaracterization both legally and factually. (See Dkt. 1 ¶ 14) His notice of removal vaguely asserts that Canup is suing Defendants for complying with MDL Court Orders, but provides no specific example of any order that required or authorized the misconduct alleged. This conclusory framing ignores the well-pleaded allegations of the Petition, which concern independent acts of professional wrongdoing, not challenges to any judicial decree.

Canup does not seek to modify, overturn, or enjoin any MDL ruling. (See Appx. p. 46) He seeks damages for Defendants' individual misconduct, actions taken outside their lawful authority and in breach of their fiduciary duties. Courts consistently hold that claims for attorney malpractice, fraud, and breach of fiduciary duty arise under state law even when the underlying representation occurred in federal proceedings. *See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 319 (2005) (state-law claims remain in state court unless a substantial federal issue is necessarily raised and disputed); *Gunn v. Minton*, 568 U.S. 251, 258–59 (2013)

(legal malpractice claims involving federal litigation belong in state court because they do not present substantial federal questions).

Brown's assertion that Defendants merely complied with MDL orders is both factually inaccurate and legally irrelevant. (See Dkt. 1 ¶ 13) None of the misconduct alleged, failing to disclose conflicts of interest, failing to disclose material facts, coercing settlement, or withholding client papers, was required, authorized, or compelled by any MDL directive. These actions were contrary to, not in compliance with, any federal order. The wrongs alleged stem from Defendants' own independent misconduct governed by Texas law, not from obligations imposed by the MDL.

**5.  This Court Should Decide Remand Before Any Transfer Consideration**

Brown's request for transfer to the MDL Court rests on the same vague, conclusory assertions that underlie his removal notice. (See Dkt. 1 ¶ 14) He fails to identify any concrete factual or legal basis for federal jurisdiction, let alone a reason why this case, grounded exclusively in Texas law, should be diverted to a multidistrict forum. Federal courts have an independent and continuing obligation to examine their own jurisdiction. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Section 1407 does not confer jurisdiction, it merely authorizes coordination of cases that are already within federal jurisdiction. *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 40 (1998).

Because subject-matter jurisdiction is a threshold issue, judicial economy and fairness strongly favor resolving the remand motion first. If this Court lacks jurisdiction, transfer to another federal court would be futile and would needlessly consume the resources of both the JPML and the MDL court. See *In re Bear River Drainage Dist.*, 267 F.2d 849, 851 (10th Cir. 1959) (When jurisdiction is doubtful, the court should resolve that question before taking further action in the case).

Moreover, this case concerns state-law duties of attorneys to a Texas client, issues far removed from the scope of the 3M earplug litigation. The MDL Court possesses significant experience with the underlying federal proceedings, but this case concerns distinct state-law claims that are best addressed by the Texas courts, which regularly adjudicate such matters. Transfer would only delay resolution of the threshold jurisdictional question that should be decided here.

Accordingly, this Court should decide the pending remand motion before any consideration of transfer and return the case to state court where it properly belongs.

### E.  Summary and Conclusion

Brown's removal relies on procedural shortcuts and conclusory assertions. He did not pay the filing fee, did not file the complete state-court record required by § 1446(a) and Local Rule 81.1, and identifies no specific defect in the pleadings, no discrete fact that would foreclose recovery against the Texas defendants, and no federal issue on the face of the complaint. Saying "improper joinder" or "federal question" without facts or analysis doesn't make federal jurisdiction appear.

Multiple, independent grounds require remand:

- **Procedural defect:** Failure to comply with § 1446(a), Local Rule 81.1, and § 1914(a) leaves the case improperly removed and not properly docketed. In addition, because not all defendants properly joined and served have consented to removal, this Court lacks jurisdiction over a procedurally defective removal;

- **Forum-defendant bar:** Mostyn Law Firm, P.C., a Texas citizen, was served **before** removal, foreclosing removal under § 1441(b)(2);

- **No complete diversity:** Plaintiff and removing defendant are both Texas citizens, defeating § 1332(a);

- **No improper joinder shown:** Improper joinder is a narrow exception; Brown offers only buzzwords, not the "discrete and undisputed facts" Smallwood requires; and

- **No federal question:** The well-pleaded complaint asserts only Texas-law claims; § 1407 is procedural and cannot supply jurisdiction; any MDL orders are incidental background, not elements of the claims.

Because federal courts are courts of limited jurisdiction and the removing party bears the burden, remand is mandatory under 28 U.S.C. § 1447(c). Brown's removal, grounded in speculation and legal boilerplate rather than fact or law, only underscores the need to return this case to Texas state court, where these state-law claims properly belong.

### Request for Relief

WHEREFORE PREMISES CONSIDERED, Plaintiff Brandon Canup respectfully moves this Court to remand this action to the 67th Judicial District Court of Tarrant County, Texas, under 28 U.S.C. § 1447(c). Canup also requests costs associated with improper removal and all further relief to which he may be entitled at law or in equity.

DATED: November 21, 2025                    Respectfully submitted,

*s/ Brandon Canup*
Brandon Canup, Plaintiff
4812 Hidden Oaks Ln
Arlington, Texas 76017
Tel.: (972) 762-4314
canup.brandon@gmail.com

***pro se***

17

## CERTIFICATE OF SERVICE

On this 21st day of November 2025, the undersigned, Brandon Canup, caused a true and correct copy of the foregoing instrument to be served on Gregory Brown via e-filing, and on all other parties to this lawsuit via first class U.S. Mail postage prepaid, pursuant to the Federal Rules of Civil Procedure.

*s/ Brandon Canup*

18