**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **BRANDON CANUP,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | |
| | § | |
| **BRYAN F. AYLSTOCK, BOBBY** | § | |
| **BRADFORD, MICHAEL BURNS,** | § | |
| **CLIFF ROBERTS, GREGORY** | § | **CIVIL ACTION NO. 4:25-cv-01255-Y** |
| **BROWN, AYLSTOCK WITKIN KREIS** | § | |
| **& OVERHOLTZ PLC, FLEMING** | § | |
| **NOLEN & JEZ LLP, and MOSTYN** | § | |
| **LAW FIRM PC,** | § | |
| | § | |
| *Defendants*. | § | |

## FNJ DEFENDANTS' MOTION TO STAY PROCEEDINGS

Defendants Gregory Brown and Fleming Nolen & Jez LLP (together, "FNJ Defendants")
file this Motion to Stay Proceedings pending transfer to the Multidistrict Litigation titled *In Re:
3M Combat Arms Earplug Products Liability Litigation*, Case No. 3:19-md-2885-MCR-HTC,
pending in the United States District Court for the Northern District of Florida, Pensacola Division.

## I.  BACKGROUND AND SUMMARY OF ARGUMENT

This purported legal malpractice lawsuit arises from the *In re: 3M Combat Arms Earplugs
Litigation*, a class action lawsuit brought against 3M Company ("3M") based upon allegations that
3M's Combat Arms Earplugs were defective (the "MDL").[1] Plaintiff Brandon Canup ("Canup")
was one of the class members in the MDL and was initially represented by FNJ Defendants therein.

Ultimately, 3M and the class representatives entered into a global settlement agreement
(the "GSA") to resolve the claims in the MDL, which involved the creation of a benefits program

---

[1] That case is numbered and styled Case No. 3:25-cv-01947-TKW-ZCB, *Rickey Dean Kelly v. Bryan F. Aylstock et al.*, pending in the United States District Court for the Northern District of Florida, Pensacola Division.

out of which eligible claimants would be paid. The GSA, which was approved by Judge M. Casey Rodgers, obligated every attorney representing an eligible claimant to recommend their clients accept the terms of the GSA and register in the benefits program thereunder and withdraw from representing claimants that opted out of the program. After Canup opted out of the GSA on January 1, 2024, FNJ Defendants withdrew as his counsel, as they were obligated to do. Canup later retained new counsel to pursue his claims against 3M. After his efforts to assert new hearing loss claims against 3M were rejected as untimely, Canup settled his claims with 3M.

On September 19, 2025, Judge Rodgers entered an order in the MDL, recommending termination of the MDL but noting that the court intended to reserve "continuing jurisdiction to enforce its Orders, handle *any matters related to the settlement*, or address any other miscellaneous issues necessary to complete the administration of these cases."[2] Furthermore, Judge Rodgers expressly stated that if "any party subsequently files in or removes to a United States District Court *any new claims related to this proceeding*, this Court would welcome the reopening of the MDL docket and transfer of any such action to this Court for further proceedings, given the Court's familiarity and experience with this litigation."[3]

On October 27, 2025, Plaintiff Brandon Canup ("Canup") filed a civil action in the 67th Judicial District Court of Tarrant County, Texas, styled *Canup v. Aylstock, et al.* and numbered Cause No. 067-371499-25 (the "State Action"). On November 6, 2025, before any defendant was served, FNJ Defendants filed their Notice of Removal. Dkt. #1.

On November 26, 2025, Defendants Bryan F. Aylstock and Aylstock, Witkin, Kreiss & Overholtz PLLC (together, "AWKO Defendants") filed a Notice of Potential Tag-Along Actions

---

[2] Case No. 3:19-md-2885-MCR-HTC, *In Re: 3M Combat Arms Earplug Prods. Liab. Litig.*, Dkt. 4147 (emphasis added).
[3] *Id.* (emphasis added).

before the United States Judicial Panel on Multidistrict Litigation (the "JPML"), noting this matter and another matter currently pending in the United States District Court for the Northern District of Florida, pursuant to 28 U.S.C. § 1407(a).[4] On December 10, 2025, AWKO Defendants filed a Motion to Transfer before the JPML, requesting transfer of this case to the MDL, and that motion has been scheduled for briefing.[5]

Consistent with the purpose of multidistrict litigation to conserve the Court's and the parties' resources, avoid duplicative discovery and proceedings, and reduce the risk of inconsistent rulings, this Court should stay this action pending transfer to the MDL.

## II.  ARGUMENT AND AUTHORITY

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248 (1936). 28 U.S.C.A. § 1407(a) authorizes the JPML to transfer civil actions "involving one or more common questions of fact . . . to any district for coordinated or consolidated pretrial proceedings" in order to "promote the just and efficient conduct of such actions." *Gelboim v. Bank of Am. Corp.*, 574 U.S. 405, 410 (2015) (quoting 28 U.S.C.A. § 1407(a)). As discussed above, Judge Rodgers expressly stated such an outcome was proper due to "the Court's familiarity and experience with this litigation."[6]

Relevant factors in considering a motion to stay include (1) irreparable harm to the moving party if a stay is denied, (2) potential hardship to the non-moving party if a stay is granted, and (3) effect on public interests if a stay is granted. *Ephraim v. Abbott Labs., Inc.*, 601 F. Supp. 3d 1274, 1275 (S.D. Fla. 2022); *Ellis v. Pneumo Abex Corp.*, 798 F. Supp. 2d 985, 992 (C.D. Ill. 2011)

---

[4] Case No. 3:19-md-2885, *In Re: 3M Combat Arms Earplug Prods. Liab. Litig.*, Dkt. 2029.
[5] Case No. 3:19-md-2885, *In Re: 3M Combat Arms Earplug Prods. Liab. Litig.*, Dkt. 2033.
[6] Case No. 3:19-md-2885-MCR-HTC, *In Re: 3M Combat Arms Earplug Prods. Liab. Litig.*, Dkt. 4147.

(citing *Koutcher v. Gonzales*, 494 F.3d 1133, 1134-35 (7th Cir. 2007)); *see also Meyers v. Bayer AG*, 143 F. Supp. 2d 1044, 1049 (E.D. Wis. 2001) ("[T]he factors to be considered include (1) the interests of judicial economy; (2) hardship and inequity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party."). Here, each of these factors weighs in favor of a stay. Accordingly, FNJ Defendants respectfully request the Court to exercise its discretion to grant a stay of these proceedings pending the transfer of this case for consolidation with similar matters in the MDL.

## A. COURTS ROUTINELY STAY PROCEEDINGS WHERE A JPML DECISION IS PENDING

At the outset, courts in the Fifth Circuit have routinely found that a pending transfer to a multidistrict litigation is a sufficient basis to stay proceedings. *See, e.g.*, *Blunt v. Prospect Mortg., LLC*, 2013 WL 12129263, at \*1 (N.D. Tex. Nov. 20, 2013) ("[C]ourts frequently grant stays in cases when an MDL decision is pending."); *Bergeron v. Long*, 2013 WL 12323397, at \*1 (E.D. Tex. Aug. 6, 2013) ("While the decision to grant or deny a temporary stay of proceedings pending a ruling on the transfer of the matter to the MDL court lies within a district court's discretion, it is advisable . . . for a district court to defer the resolution of certain pretrial matters until the Panel renders a decision with regard to whether a case should be transferred to the MDL court.") (internal quotation marks omitted); *see also Curtis v. BP Am., Inc.*, 808 F. Supp. 2d 976, 981 (S.D. Tex. 2011) ("Staying pending the JPML's decision will likely involve little delay.").

**B.     A STAY PENDING JPML RESOLUTION IS APPROPRIATE IN THIS CASE**

**1.     Canup will not be prejudiced by a brief stay**

First, Canup will not suffer prejudice from a short stay, as there has been no substantive activity in this case beyond the filing of Canup's Original Petition in the State Action, FNJ Defendants' Notice of Removal, Canup's Motion to Remand, and FNJ Defendants' Motion to Dismiss. Dkt. #1; Dkt. #8; Dkt. 10. If the Motion to Transfer is granted, and the case is transferred, then the transferee court will consider pretrial matters at that time. If, on the other hand, the Motion to Transfer is denied, then the stay can be immediately lifted, and this Court can proceed with this matter without undue delay.

Of course, FNJ Defendants expect that Canup will argue that his pending Motion to Remand should take precedence over this Motion to Stay Proceedings pending transfer to the MDL. However, in a similar situation, the JPML held that multidistrict litigation courts have equal power to rule on a motion to remand, so this issue should be of no concern. *See In re: Prud. Ins. Co. of Am. Sales Practice Litig.*, 170 F. Supp. 2d 1346, 1347  (J.P.M.L. 2001) ("[T]here is no need to delay transfer in order to accommodate any interest of the transferor court in resolving a pending remand motion[.]"); *Ayers v. ConAgra Foods, Inc.*, 2009 WL 982472, at *1 (S.D. Tex. Apr. 9, 2009) ("Judicial economy is served by a stay pending transfer if the issues involved in the remand motion are likely to arise in the cases that have been or will be transferred to the MDL transferee court."); *see also In re Fed. Election Campaign Act Litig.*, 511 F. Supp. 821, 823-24 (J.P.M.L. 1979) (JPML transferred actions despite pendency of motions to dismiss for lack of subject matter jurisdiction). Thus, the lack of prejudice to Canup weighs in favor of a stay.

### 2. FNJ and AWKO Defendants will face hardship without a stay

Second, denial of a stay would result in prejudice to FNJ and AWKO Defendants. This case, like the case in Florida, should be coordinated in the United States District Court for the Northern District of Florida, as both cases arise from the MDL and allege similar claims, which are disputed. More specifically, like Canup here, the plaintiff in the Florida case purports to assert legal malpractice and similar claims against AWKO Defendants in connection with the MDL.

If no stay is issued, FNJ and AWKO Defendants will be forced to continue litigating this suit individually, while facing the possibility that those efforts would be wasted if consolidation occurs, as well as the possibility of inconsistent results. Accordingly, district courts have recognized that the risks and hardships to the defendant are sufficient to warrant a stay despite even if there is slight prejudice to plaintiffs from a delay. *See Arthur-Magna, Inc. v. Del-Val Fin. Corp.*, 1991 WL 13725, at *1 (D.N.J. Feb. 1, 1991) ("[T]here are considerations of judicial economy and hardship to defendants that are compelling enough to warrant such a delay"); *Bad River Band of Lake Superior Chippewa v. Purdue Pharma L.P.*, 2019 WL 252026, at *2 (W.D. Wis. Jan. 17, 2019) (granting motion to stay pending decision by JPML); *Cajun Offshore Charters, LLC v. BP, PLC*, 2010 WL 2160292, at *2 (E.D. La. May 25, 2010) (granting motion to stay pending transfer by the JPML because "the prejudice to the plaintiff caused by a delay of months is outweighed by the hardship to the defendants and the interests of judicial economy"); *Lilak v. Pfizer Corp.*, 2008 WL 4924632, at *3 (D. Colo. Nov. 13, 2008) ("whatever delay might result from a stay would be greatly outweighed by the hardship and inequity to Defendant if the action is not stayed.").

### 3. Judicial economy warrants a stay

Finally, granting a stay would also further the interests of judicial efficiency and comity. The benefits of transferring such cases to the MDL where they can be heard before the very same

court where substantially all of the underlying litigation occurred is obvious. Judge Rodgers in the United States District Court for the Northern District of Florida will be well-suited to consider any potential jurisdictional challenges that may be presented and, importantly, to ensure those issues are resolved in an efficient and consistent manner across the entirety of the MDL.

A brief stay in this case while Judge Rodgers considers re-opening the MDL will also have minimal to no impact on the orderly and timely progress of Canup's case and will mitigate the potential hardship or inequity of proceeding with duplicative litigation activities in multiple states. *Accord Schoppa v. JUUL Labs, Inc.*, 2020 WL 9218975, at *2 (S.D. Tex. Dec. 11, 2020) ("In light of the foregoing, the Court finds Schoppa will not be prejudiced by a short stay pending the determination of the JPML as to whether to transfer this case to the MDL."); *Meinhart v. Halliburton Energy Servs., Inc.*, 2011 WL 1463600, at *7 (S.D. Tex. Apr. 4, 2011) (granting motion to stay because "delay until the JPML decides is likely to last at most a few weeks" and "[c]ourts have stayed proceedings when the JPML's decision was more remote"). Accordingly, judicial efficiency weighs in favor of a stay.

## III.  REQUEST FOR RELIEF

For all the reasons above, a stay of these proceedings is proper as a tag-along notice of two claims that should be litigated in the MDL. Accordingly, Defendants Gregory Brown and Fleming Nolen & Jez LLP respectfully request that this Court grant this Motion to Stay Proceedings and grant any and all other and further relief to which FNJ Defendants may justly be entitled.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By: */s/Michael S. Cedillo*
    Michael S. Cedillo
    State Bar No. 24072029
    mcedillo@thompsoncoe.com

Plaza of the Americas
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201-2832
Telephone: (214) 871-8200
Facsimile: (214) 871-8209

**COUNSEL FOR DEFENDANTS GREGORY
BROWN AND FLEMING NOLEN & JES LLP**

## CERTIFICATE OF SERVICE

I hereby certify that on December 12, 2025, a true and correct copy of the foregoing document was served upon all counsel of record via the Court's ECF/CM filing system in accordance with the FEDERAL RULES OF CIVIL PROCEDURE.

*/s/ Michael S. Cedillo*
Michael S. Cedillo