**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

IN RE: 3M COMBAT ARMS EARPLUG
PRODUCTS LIABILITY LITIGATION

MDL No.: 2885

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JAN – 5 2026

CLERK, U.S. DISTRICT COURT
By _____

**PLAINTIFF BRANDON CANUP'S RESPONSE IN OPPOSITION TO DEFENDANT
BRYAN F. AYLSTOCK'S MOTION TO TRANSFER *BRANDON CANUP V. BRYAN
F. AYLSTOCK, ET AL.* TO THE *IN RE 3M* COMBAT ARMS EARPLUG PRODUCTS
LIABILITY LITIGATION MDL**

COMES NOW Plaintiff Brandon Canup ("Canup") and files this Response in Opposition

to Defendant Bryan F. Aylstock's ("Aylstock") Motion to Transfer *Brandon Canup v. Bryan F.*

*Aylstock, et al.* to the *In Re 3M Combat Arms Earplug Products Liability Litigation* and his

Memorandum in Support ("Motion to Transfer"). Canup opposes the Motion to Transfer in its

entirety and would respectfully show the Panel as follows:

**I.  BACKGROUND AND SUMMARY OF ARGUMENT**

Canup filed this action in Texas state court on October 27, 2025, asserting claims for fraud,

breach of fiduciary duty, fraudulent inducement, and related causes of action against several law

firms and attorneys arising from individualized attorney misconduct connected to Canup's

representation in MDL No. 2885. *See* JPML Dkt. 2033, Ex. 1 (Canup's Original Petition) ¶¶ 2.2–

2.12, 5.1, 5.9–5.15, 6.1–6.55. The action does not assert product-liability claims, does not name

3M or Aearo as defendants, and does not seek to alter, invalidate, or enforce any MDL order or

settlement. Nor does the case present overlapping discovery issues with the underlying product-

liability litigation; the claims turn on case-specific communications, conduct, and obligations owed

to Canup individually, rather than on common discovery concerning the design, manufacture, or

performance of the Combat Arms earplugs.

1

When MDL No. 2885 was created, the Panel expressly defined the common factual questions warranting centralization as those "arising out of allegations that defendants' Combat Arms earplugs were defective," including issues concerning "the design, testing, sale, and marketing of the Combat Arms earplugs." *See In re 3M Combat Arms Earplug Prods. Liab. Litig.*, MDL No. 2885, ECF No. 1 (J.P.M.L. Apr. 3, 2019). This action does not implicate any of those issues. It involves no allegations regarding product design, testing, manufacture, marketing, or causation of hearing loss. Instead, the claims turn on attorney conduct and fiduciary obligations arising from individualized interactions with Canup. *See* JPML Dkt. 2033, Ex. 1 ¶¶ 5.10–5.13, 6.38–6.41. The absence of the common factual questions that justified creation of MDL No. 2885 underscores that transfer would not serve the purposes of § 1407(a).

The Panel has emphasized in other proceedings that MDLs must remain tethered to the claims that justified their creation, and that parties seeking transfer of actions that do not on their face raise core MDL claims bear a significant burden to demonstrate that transfer will promote efficiency rather than undermine it. *See In re Aqueous Film-Forming Foams Prods. Liab. Litig.*, MDL No. 2873, ECF No. 4062, at 2–3 (J.P.M.L. Dec. 11, 2025).

On November 4, 2025, Defendant Mostyn Law Firm, P.C. ("Mostyn") was served with process. Two days later, on November 6, 2025, Defendant Gregory Brown removed the action to federal court. Canup timely moved to remand on November 21, 2025, raising procedural defects in removal. That motion is fully briefed and ripe for consideration. *See* Ex. 1 at 2–3, Docket Report, *Canup v. Aylstock*, No. 4:25-cv-01255-Y (N.D. Tex.).

On November 26, 2025, Aylstock filed a Notice of Potential Tag-Along Actions with the Judicial Panel on Multidistrict Litigation (the "JPML" or the "Panel"), identifying this action and *Kelly v. Aylstock et al.*, No. 3:25-cv-01947 (N.D. Fla.), and asserting that the actions allegedly

shared common questions of fact. *See* JPML Dkt. 2029. Aylstock subsequently filed a Notice of Errata on December 1, 2025 reiterating that position. *See* JPML Dkt. 2030.

On December 2, 2025, the Panel declined to transfer the Florida *Kelly* action to MDL No. 2885. *See* JPML Dkt. 2031. On December 3, 2025, the Panel likewise declined to transfer this action, expressly finding it not appropriate for inclusion in MDL No. 2885. *See* JPML Dkt. 2032. Notwithstanding those determinations, Aylstock filed the present Motion to Transfer on December 10, 2025, again seeking to have this action centralized in MDL No. 2885. *See* JPML Dkt. 2033.

Canup opposes transfer. As set forth below, transfer would not serve the "convenience of parties and witnesses," nor would it "promote the just and efficient conduct" of this litigation under 28 U.S.C. § 1407(a), particularly in light of the absence of common factual questions, the terminated status of the MDL, the pending non-discretionary procedural defects in removal, and the procedural history of materially similar actions involving Aylstock.

## II. <u>ARGUMENT AND AUTHORITY</u>

Transfer is inappropriate where the moving party fails to demonstrate that common questions of fact are sufficiently complex, or that accompanying discovery will be so time-consuming as to justify centralization. *In re The Boeing Co. Emp. Pracs. Litig. (No. II)*, 293 F. Supp. 2d 1382, 1383 (J.P.M.L. 2003) (citing *In re Scotch Whiskey Antitrust Litig.*, 299 F. Supp. 543, 544 (J.P.M.L. 1969)). Section 1407 is directed at coordinating overlapping, burdensome discovery and resolving complex common factual issues—not at relocating individualized disputes that turn on case-specific conduct and communications.

The Panel has often stated that centralization under § 1407 "should be the last solution after considered review of all other options." *In re Gerber Probiotic Prods. Mktg. & Sales Pracs. Litig.*,

899 F. Supp. 2d 1378, 1379 (J.P.M.L. 2012) (citing *In re Best Buy Co., Inc., Cal. Song-Beverly Credit Card Act Litig.*, 804 F. Supp. 2d 1376, 1378 (J.P.M.L. 2011)).

Aylstock's Motion to Transfer rests on a characterization of Canup's claims rather than on the statutory criteria governing transfer under 28 U.S.C. § 1407(a). The motion repeatedly labels this action as a "legal malpractice" case and describes it as a "collateral attack" on MDL No. 2885, its settlement, and the MDL Court's orders. *See* JPML Dkt. 2033, Attachment 1 (Aylstock's Memorandum in Support of Motion to Transfer), at 1–2, 5, 8–9. **Those labels, however, do not determine whether transfer would promote the just and efficient conduct of this action.** The Panel does not resolve disputed interpretations of pleadings or adjudicate the merits of the underlying claims; it assesses whether centralization is appropriate given the posture of the case and the efficiency considerations identified in § 1407. *See In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990) (JPML does not decide merits and considers only whether transfer promotes efficiency under § 1407).

Canup's complaint asserts individualized claims arising from attorney conduct directed at him personally, not coordinated product-liability claims against 3M or Aearo, and not claims seeking to modify, invalidate, or enforce MDL orders or the MDL settlement. *See* JPML Dkt. 2033, Ex. 1 ¶¶ 2.2–2.12, 5.1, 5.9–5.15, 5.13, 6.28–6.45, 11.1–11.2. Although Aylstock's motion emphasizes that the factual background includes proceedings that occurred in the MDL, that fact alone does not convert state-law claims between private parties into matters requiring MDL centralization. The presence of MDL history or references to MDL proceedings does not, standing alone, establish that the interpretation or administration of MDL orders is the central issue in this case for purposes of § 1407.

4

This action does not satisfy the statutory predicates for transfer under 28 U.S.C. § 1407(a). MDL No. 2885 was terminated on September 22, 2025. *See* Ex. 2 at 1, MDL Statistics Report – Docket Summary Listing (J.P.M.L. Dec. 2, 2025). Aylstock now seeks transfer of this action alone, without any accompanying request to centralize or coordinate pretrial proceedings with other pending actions. *See* JPML Dkt. 2033, Attachment 2, Schedule of Actions. Section 1407 authorizes transfer only for coordinated or consolidated pretrial proceedings among multiple civil actions; it does not provide for transfer of a single, stand-alone case merely because it references events that occurred in a now-terminated MDL. That structural defect independently distinguishes this case from the matters typically appropriate for centralization by the Panel.

Aylstock also relies heavily on language from the MDL Court's recommendation that MDL No. 2885 be terminated, suggesting that the MDL Court would "welcome" transfer of appropriate related actions. *See* Ex. 3, *In re 3M Combat Arms Earplug Products Liability Litigation*, MDL No. 2885, ECF No. 4171, at 3–4 (N.D. Fla. Sept. 19, 2025). The procedural history of materially similar actions involving Aylstock demonstrates why that reliance is misplaced. As discussed below, actions asserting individualized claims against Aylstock arising from MDL-related conduct have twice been assigned to the MDL Court and twice resulted in recusal, and the Panel has already declined to transfer both the related Florida action and this case into MDL No. 2885.

Aylstock's transfer request overlooks critical procedural posture. This action is presently subject to a preserved procedural challenge to removal that, under governing law, mandates remand once resolved. *See* 28 U.S.C. §§ 1446(b)(2)(A), 1447(c); *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262–63 (5th Cir. 1988). Transfer under § 1407 is intended to promote efficiency, not to advance cases that are likely to return to state court before any coordinated federal

proceedings could meaningfully occur. That threshold posture distinguishes this case from the type of actions typically centralized by the Panel.

The convenience factors under § 1407(a) likewise weigh decisively against transfer. Five of the parties, including Canup, are located in Texas, and the remaining four Defendants are located in Florida. All anticipated witnesses—including attorneys, firm personnel, and individuals with knowledge of the communications, representations, and fiduciary obligations—are located in Texas. The majority of the parties and none of the witnesses would be made more conveniently situated by proceedings in the former MDL transferee court. Transfer would merely relocate this dispute away from the locus of parties, witnesses, and evidence, without advancing any efficiency or coordination interest.

For these reasons, and as set forth more fully below, transfer of this action would not serve the "convenience of parties and witnesses," nor would it "promote the just and efficient conduct" of the litigation under § 1407(a). The pending procedural defect in removal, the individualized nature of the claims, and the demonstrated impracticality of MDL centralization in closely related actions all weigh strongly against transfer.

### A. Transfer Is Not Authorized Under 28 U.S.C. § 1407 Because No Coordinated Pretrial Proceedings Exist

Section 1407 authorizes transfer only where it will promote the just and efficient conduct of **multiple civil actions** pending in different districts that involve one or more common questions of fact. The statute is directed at coordination and consolidation of pretrial proceedings among related cases, not the relocation of a single, stand-alone action to a preferred forum. *See* 28 U.S.C. § 1407(a).

Here, MDL No. 2885 has been terminated. There are no actions currently pending within the MDL, and no coordinated pretrial proceedings ongoing. As a result, there is no existing MDL

6

proceeding with which this action could be consolidated or coordinated for pretrial purposes. In practical terms, there is nothing to centralize. *See* Ex. 2 at 1. Where only a minimal number of actions are involved, the moving party bears a heavier burden to demonstrate that centralization is necessary. *In re Transocean Ltd. Sec. Litig. (No. II)*, 753 F. Supp. 2d 1373, 1374 (J.P.M.L. 2010). Aylstock has not met that burden.

Even in active MDLs, the Panel has recognized that the case for transferring additional tag-along actions diminishes as coordinated proceedings progress and common discovery is completed. *See* Order Denying Transfer, MDL No. 2295, ECF No. 870, at 1–2 (J.P.M.L. Apr. 5, 2018) (noting that "the procedural posture of MDL No. 2295 weighs against the transfer of additional tag-along actions, as common discovery is complete," and citing Order Denying Transfer, MDL No. 2295, ECF No. 866, at 1 (J.P.M.L. Feb. 1, 2018) ("proceedings in this MDL have advanced to the point that the continued transfer of related actions is no longer necessary to achieve the purposes of 28 U.S.C. § 1407")).

The Panel likewise has emphasized that multidistrict litigation "is not static," and that the justification for transfer may change over time. **Consistent with that principle, the Panel has made clear that even where later-filed actions fall within an MDL's ambit and share a factual core with actions previously centralized, transfer is not automatic and may be inappropriate once the MDL has reached a mature stage.** In response to a motion to transfer an action and a motion to vacate a CTO in a separate action in MDL No. 2804, the Panel acknowledged that the actions at issue shared the same underlying factual nucleus as the MDL proceedings, yet denied transfer because coordinated discovery had largely been completed, bellwether processes established, and substantial settlements achieved. At that point, the Panel concluded that inclusion of additional actions was no longer necessary to achieve the just and efficient conduct of the

litigation under § 1407(a). *See* Order Denying Transfer and Vacating Conditional Transfer Order, MDL No. 2804, ECF No. 9586, at 1 (J.P.M.L. Apr. 8, 2022).

Aylstock's motion nevertheless seeks transfer of this action alone to the former transferee court. That request does not satisfy the statutory predicate for § 1407 transfer. Absent multiple actions requiring coordination, transfer would not serve the statute's purpose of avoiding duplicative discovery, preventing inconsistent pretrial rulings, or conserving the resources of the judiciary and the parties.

Although a related action, *Kelly v. Aylstock et al.*, No. 3:25-cv-01947-TKW-ZCB, remains pending in the transferee district (not within MDL No. 2885), that circumstance does not cure the statutory defect. *See* Ex. 4 (docket report). As discussed in the following section, the *Kelly* litigation has previously been assigned to the MDL Judge and resulted in recusal. More importantly for purposes of § 1407, Aylstock is no longer seeking transfer of the *Kelly* action into MDL No. 2885, either through the Panel in his motion or by requesting the transferee Judge to include it in the MDL, as JPML practice would permit for an action filed in the transferee district. The motion instead seeks transfer of Canup's action alone to the former MDL Court.

What Aylstock effectively requests is not MDL centralization, but a discretionary venue change of a single case, divorced from any ongoing coordinated pretrial process. Section 1407 does not authorize transfer for that purpose. The Panel's role is to determine whether centralization will promote efficiency through coordination of common pretrial matters among multiple actions—not to select a preferred forum for adjudication of an individual dispute.

Because there are not multiple actions pending for coordinated pretrial proceedings, and because the MDL itself has been terminated, transfer of this action does not fall within the scope of § 1407(a) and should be denied on that basis alone.

**B.    The *Kelly v. Aylstock, et al.* Proceedings Undermine Any Claim That the MDL Court Is the Appropriate or "Best Positioned" Forum**

Aylstock's motion rests heavily on the assertion that transfer is warranted because the MDL Court is "intimately familiar" and would therefore be best positioned to address Canup's claims. *See* JPML Dkt. 2033, Attachment 1, at 6–8. The actual procedural history of closely related actions involving the same Defendants demonstrates precisely the opposite.

The JPML is already aware of *Kelly v. Aylstock et al.*, No. 3:25-cv-01947-TKW-ZCB ("KvA 2"). *See* Ex. 4. That action was preceded by *Kelly v. Aylstock et al.*, No. 3:25-cv-01649-TKW-ZCB ("KvA 1"). *See* Ex. 5. Both actions involved identical parties—Plaintiff Ricky Kelly and Defendants Bryan F. Aylstock and Aylstock, Witkin, Kreis & Overholtz, PLLC—and asserted claims arising from alleged attorney misconduct connected to the 3M MDL. Aylstock himself identified KvA 2 as a potential tag-along action and argued that it shared common factual issues with this case. *See* JPML Dkt. 2029.

The procedural posture of those cases is significant. KvA 1 was removed to the Northern District of Florida on September 16, 2025 and assigned to Judge Rodgers—the presiding judge over MDL No. 2885—and Magistrate Judge Cannon, who was extensively involved in proceedings within the MDL. *See* Ex. 5 at 1–2. Judge Rodgers recused herself that same day, followed by Magistrate Judge Cannon the next day. *See* Exs. 6–7. Two days later, on September 19, 2025, Judge Rodgers issued the order recommending termination of MDL No. 2885. *See* Ex. 3.

Kelly voluntarily dismissed KvA 1 and refiled substantially identical claims as KvA 2, the case was again removed and again assigned to Judge Rodgers and Magistrate Judge Cannon. *See* Exs. 4–5. Magistrate Judge Cannon recused herself immediately, and Judge Rodgers recused herself the following day. *See* Exs. 8–9.

9

These recusals occurred both before and after the MDL termination recommendation and involved the same Defendants, materially similar allegations, and overlapping subject matter. In each instance, the *Kelly* actions were assigned to Judge Rodgers, the MDL Judge, affording her direct familiarity with the nature of the claims asserted against Aylstock and his firm. After reviewing those cases, Judge Rodgers elected to recuse herself—twice—from adjudicating attorney-misconduct claims arising out of MDL-related conduct.

That procedural history is incompatible with Aylstock's assertion that the MDL Court is the proper or uniquely positioned forum for resolving claims of this nature. A Court that has twice declined to preside over nearly identical actions involving the same Defendants and similar allegations cannot simultaneously be characterized as the appropriate venue for centralized adjudication of such disputes.

This history is particularly relevant in light of the broader procedural record. In prior filings before the Panel, Aylstock identified this action alongside KvA 2 in his Notices of Potential Tag-Along Actions and Errata, asserting that the matters share common factual issues. To the extent any similarity exists, it reinforces rather than undermines the conclusion that these disputes fall outside the MDL framework. The MDL Judge's repeated recusals from materially similar attorney-misconduct actions demonstrate that such claims are not suited for resolution within the MDL proceeding.

The Panel has already declined to transfer both KvA 2 and this case into MDL No. 2885. Against that backdrop, Aylstock's renewed request seeks transfer to a forum from which the presiding MDL Judge twice recused herself after becoming familiar with materially similar claims. That procedural record forecloses any suggestion that transfer would promote efficiency, consistency, or the "just and efficient conduct" of this litigation under 28 U.S.C. § 1407(a).

**C. Transfer Is Inefficient and Premature Given the Pending, Non-Discretionary Procedural Defect in Removal**

Before reaching Aylstock's substantive arguments for transfer, the Panel should consider the procedural posture of this action. This case is presently subject to a timely raised procedural defect in removal that, once raised, requires remand as a matter of law and independently counsels against transfer under 28 U.S.C. § 1407(a).

The Notice of Removal was filed on November 6, 2025, after service had been effected on at least one Defendant, without unanimous consent of all properly joined and served Defendants as required by 28 U.S.C. § 1446(b)(2)(A). Canup timely moved to remand under § 1447(c), placing the propriety of removal squarely before the transferor Court. *See* Ex. 1. The rule of unanimity is a mandatory statutory requirement. Where it applies and is timely raised, federal courts lack discretion to excuse noncompliance. *See*, e.g., *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262–63 (5th Cir. 1988) (unanimous consent required; failure to comply mandates remand when timely raised); *Russell Corp. v. Am. Home Assurance Co.*, 264 F.3d 1040, 1049 (11th Cir. 2001) (rejecting equitable exceptions to unanimity requirement). *Cf. Caterpillar Inc. v. Lewis*, 519 U.S. 61, 73 (1996) (distinguishing curable jurisdictional defects from procedural defects that require remand when preserved). Resolution of such a defect does not involve case management, efficiency balancing, or discretionary judgment; once established, remand is required as a matter of law.

Canup raises this issue not to invite the Panel to adjudicate the remand motion, but to highlight that this action must be returned to state court as a matter of law before any coordinated federal proceedings could meaningfully occur. The Panel need not resolve the remand motion to recognize the relevance of this posture, as the Panel does not decide questions going to the merits

11

or jurisdiction. *See* In re Darvocet, Darvon & Propoxyphene Prods. Liab. Litig., 939 F. Supp. 2d 1376, 1377 (J.P.M.L. 2013).

Although the Panel does not ordinarily delay transfer based solely on the pendency of a remand motion, the posture here is materially different. The procedural defect raised presents a discrete, antecedent legal issue that requires no coordination, discovery, or MDL-wide factual development and, once resolved, will determine as a matter of law whether this action remains in federal court at all. In that sense, resolution of the removal defect is dispositive in effect, as it would terminate federal proceedings and obviate any alleged need for coordinated federal pretrial activity, including MDL centralization.

The Panel has long recognized, on principles of comity and efficiency, that transfer may be inappropriate where antecedent rulings pending before the transferor Court may terminate or materially narrow federal proceedings. *See In re Resource Exploration, Inc., Securities Litigation*, 483 F. Supp. 817, 822 (J.P.M.L. 1980) (deferring transfer due to a fully submitted summary judgment motion); *In re Kaehni Patent Litigation*, 311 F. Supp. 1342, 1344 (J.P.M.L. 1970) (staying transfer pending resolution of a motion to dismiss, noting that if granted "there of course will be no transfer"). These decisions reflect the established principle that transfer is inefficient where threshold determinations may eliminate the need for federal proceedings altogether. Consistent with that approach, the Panel has repeatedly emphasized that, on principles of comity, it may refrain from transfer where important pretrial motions are pending so as to avoid unnecessary or untimely coordination. *See In re Plumbing Fixtures Cases*, 298 F. Supp. 484, 496 (J.P.M.L. 1968); *In re Professional Hockey Antitrust Litigation*, 352 F. Supp. 1405, 1406–07 (J.P.M.L. 1973) (denying transfer where preliminary injunction motions were pending before the transferor court); *In re Air Crash Disaster at Tenerife, Canary Islands, on March 27, 1977*, 435 F.

Supp. 927, 928 n.3 (J.P.M.L. 1977) (deferring transfer on principles of comity pending resolution of a matter under consideration by the transferor court).

That concern is reinforced here by the fact that one set of Defendants has filed a motion to dismiss under Rule 12(b)(6), directed to threshold legal issues unique to those Defendants. *See* Ex. 1 at 3. Resolution of that dispositive motion by the transferor Court may further narrow the scope of this action or eliminate federal proceedings as to those parties entirely. That motion is fully briefed and ripe for consideration. Transferring the case before these antecedent issues are resolved risks unnecessary coordination and judicial expenditure without any demonstrated need for coordinated proceedings.

Accordingly, the existence of a pending, non-discretionary procedural defect in removal—together with fully briefed threshold motions capable of terminating or materially narrowing federal proceedings—weighs strongly against transfer under § 1407(a).

### D. Aylstock's Characterization of Canup's Claims Does Not Support Transfer Under § 1407

#### 1. Aylstock's Reliance on the MDL Settlement Does Not Support Transfer

Aylstock argues that transfer is warranted because Canup's allegations purportedly implicate the structure, terms, and disclosure of the MDL settlement and therefore have "potentially broad implications" for other MDL claimants. *See* JPML Dkt. 2033, Attachment 1, at 5–6. That framing overstates both the nature of the claims and the scope of the relief sought.

Canup does not seek to modify, invalidate, or enforce the MDL settlement, nor does he seek relief on behalf of other claimants. The complaint asserts individualized state-law claims based on conduct directed at Canup personally. *See* JPML Dkt. 2033, Ex. 1 ¶¶ 5.9–5.15, 5.13, 6.1–6.55. The fact that background events occurred in the context of MDL proceedings does not

transform those claims into a challenge to the settlement itself or create issues common to hundreds of thousands of other cases for purposes of § 1407.

Moreover, although Aylstock repeatedly emphasizes the scope of the MDL global settlement and the number of claimants who participated in it, Canup did not participate in that settlement. Canup opted out of the MDL settlement program, and his claims against 3M were resolved through a separate, individualized process. *See* JPML Dkt. 2033, Ex. 1 ¶¶ 5.7, 5.20. As a result, the relief sought here does not implicate the administration, modification, or enforcement of the MDL settlement applicable to other claimants.

Reference to MDL proceedings or settlement administration alone does not establish that claims of attorney misconduct or fiduciary breaches present the type of common factual questions for which MDL centralization is intended. Familiarity with an MDL record does not substitute for the statutory requirement that transfer promote efficiency through coordination of common factual questions. Where, as here, the claims turn on individualized interactions and conduct directed toward a single litigant, centralization does not advance that purpose.

Additionally, Aylstock's argument assumes that interpretation or administration of the MDL settlement will be dispositive of Canup's claims. *See* JPML Dkt. 2033, Attachment 1, at 1, 5–6, 8–9. That assumption is disputed and goes to the merits, which the Panel does not resolve at the transfer stage. The mere possibility that a Defendant may reference MDL orders or settlement provisions as part of a defense does not justify MDL transfer, particularly where the Panel has already declined to include this action in MDL No. 2885.

Accordingly, Aylstock's reliance on the MDL settlement's scope and the MDL Court's familiarity with it does not support transfer under § 1407(a).

    **2. References to CMO 57 and MDL Leadership Roles Do Not Warrant Centralization**

14

Aylstock next contends that transfer is warranted because Canup's claims arise from proceedings conducted pursuant to Case Management Order No. 57 ("CMO 57") and from the Florida Defendants' roles as MDL leadership during those proceedings.[1] *See* JPML Dkt. 2033, Attachment 1, at 1–2, 4–7. Whether the conduct was undertaken pursuant to, or authorized by, any MDL order, and whether the Florida Defendants' former roles as MDL leadership—roles that had terminated before the conduct occurred—are legally relevant, are disputed issues that go to the merits of the claims and defenses. Aylstock also characterizes the Florida Defendants' appearance at the March 13, 2024 status conference as having been "at the request of the Court." *See* JPML Dkt. 2033, Attachment 1, at 1, 4, 6–7. Canup does not concede that characterization, and a purported "request" is not an order and does not establish that the challenged conduct was compelled by any MDL order for purposes of § 1407. In any event, that contention conflates the procedural setting in which events occurred with the legal issues presented for purposes of § 1407.

Canup does not seek review, modification, or enforcement of CMO 57, nor does he challenge the MDL Court's authority to issue or administer that order. The claims asserted do not turn on the validity of CMO 57 itself, but on conduct directed at Canup individually. *See* JPML Dkt. 2033, Ex. 1 ¶¶ 5.7, 5.9–5.15, 5.13, 6.28–6.32, 6.38–6.41. The fact that events occurred during a court-ordered status conference does not convert individualized claims between private parties into matters requiring MDL coordination.

Aylstock's assertion that the MDL Court is "in the best position" to address these claims rests on the premise that resolution of Canup's claims requires interpretation of CMO 57 or adjudication of MDL leadership authority. *See* JPML Dkt. 2033, Attachment 1, at 4–7. That

---

[1] Florida Defendants include Bryan F. Aylstock, Bobby Bradford, Michael Burns, Mostyn Law Firm, P.C., and Aylstock, Witkin, Kreis & Overholtz, PLLC, as defined by Canup's Original Petition and Aylstock's memorandum in support of his motion to transfer. *See* JPML Dkt. 2033, Ex. 1 ¶¶ 2.10–2.11; Attachment 1 at 4.

premise is disputed and goes to the merits of the claims and defenses. The Panel does not decide whether the Florida Defendants' conduct was authorized, appropriate, or immune; it decides whether transfer will promote efficiency through coordination of common factual issues. Where, as here, the claims concern case-specific interactions and conduct toward a single litigant, MDL centralization does not advance that purpose. *See* JPML Dkt. 2033, Ex. 1 ¶¶ 5.9–5.15, 5.13.

In addition, resolution of Canup's claims will turn on the application of Texas state law governing attorney-client relationships and the duties and obligations imposed on attorneys under that law, not on the interpretation or enforcement of CMO 57. The need to apply individualized state-law standards to case-specific conduct further underscores that this action does not present common factual or legal questions suitable for MDL coordination.

Permitting transfer whenever claims reference conduct occurring in the context of MDL proceedings would substantially broaden the scope of cases subject to centralization under § 1407, effectively channeling individualized disputes tangentially related to MDL proceedings into the MDL Court regardless of their case-specific nature. Such an approach would extend MDL centralization beyond its intended function of coordinating common factual questions to promote efficiency.

Accordingly, Aylstock's reliance on CMO 57 and the Florida Defendants' MDL leadership roles does not support transfer of this action.

### 3. References to Common Benefit and Confidentiality Orders Do Not Justify Transfer

Aylstock further argues that transfer is warranted because Canup's claims reference MDL Common Benefit Order No. 3 and Pretrial Order No. 9 governing confidentiality and privilege. *See* JPML Dkt. 2033, Attachment 1, at 2, 6–8. As with the prior arguments, this contention rests on a mischaracterization of the nature of Canup's claims and an overexpansive view of § 1407.

Canup does not seek interpretation, modification, or enforcement of Common Benefit Order No. 3 or Pretrial Order No. 9. Nor does he challenge the MDL Court's authority to issue those orders or to condition access to MDL work product on compliance with them. The claims asserted instead concern conduct directed at Canup individually, including how access to materials was conditioned, represented, and utilized in his particular circumstances. *See* JPML Dkt. 2033, Ex. 1 ¶¶ 5.16–5.17, 6.47–6.51. The mere fact that certain conduct occurred against the backdrop of MDL confidentiality or common benefit orders does not transform individualized disputes into matters appropriate for MDL centralization.

Aylstock's assertion that the MDL Court is "in the best position" to address these issues again presupposes that resolution of Canup's claims requires interpretation of the MDL Court's orders. *See* JPML Dkt. 2033, Attachment 1, at 2, 6–9. That premise is disputed and goes to the merits of the case, not to whether transfer would promote coordinated pretrial proceedings. The Panel does not decide how those orders apply or whether they were properly invoked in a particular instance.

Accordingly, references to Common Benefit Order No. 3 and Pretrial Order No. 9 do not support transfer of this action.

### III.    CONCLUSION

Aylstock's closing argument rests on a false premise: that Canup seeks to relitigate, reinterpret, or undermine MDL Orders or the MDL Settlement itself. *See* JPML Dkt. 2033, Attachment 1, at 8–9. He does not. Canup's claims arise from individualized attorney conduct directed at him personally and do not require any court to "take a different view" of the MDL Court's rulings or to revisit the propriety of MDL-wide decisions. *See* JPML Dkt. 2033, Ex. 1 ¶¶ 5.9–5.15, 5.13, 6.28–6.41, 11.1–11.2.

Accepting Aylstock's theory would lead to the opposite of the result he warns against. If any reference to MDL proceedings or orders were sufficient to mandate transfer, then attorneys who represent individuals in an MDL would effectively be insulated from suit in any forum other than the MDL Court itself—regardless of the individualized nature of the misconduct. Section 1407 does not confer such immunity, nor does it authorize perpetual MDL jurisdiction over all future disputes tangentially related to concluded proceedings.

The MDL Court's termination recommendation, cited repeatedly by Aylstock, does not compel transfer here. *See* JPML Dkt. 2033, Attachment 1, at 8–9. That order contemplated continued authority to enforce MDL orders and administer settlement-related matters—not to adjudicate new, individualized attorney-misconduct claims brought by former litigants against their attorneys. *See* Ex. 3, at 3–4. Nor does it expand the Panel's statutory authority under § 1407(a), which permits transfer only for coordinated or consolidated pretrial proceedings among multiple civil actions presenting common factual questions. Because MDL No. 2885 has been terminated and no actions remain pending within the MDL, there are no proceedings with which this case could be coordinated or consolidated. Where multiple related actions do not exist, the statutory predicates for transfer under § 1407(a) are not satisfied.

The procedural history of the *Kelly* actions further underscores the point. Materially similar claims against Aylstock and his firm were assigned to the former MDL Judge and resulted in recusals, and the Panel independently declined to transfer KvA 2. The Panel has also already declined to transfer this action into MDL No. 2885. Nothing in Aylstock's renewed motion alters the analysis. Transfer would not promote coordination, efficiency, or the "just and efficient conduct" of this litigation under § 1407(a), particularly where threshold procedural defects in

18

removal remain pending and where transfer is sought for a single action divorced from any ongoing coordinated pretrial proceedings.

WHEREFORE PREMISES CONSIDERED, Canup respectfully requests that the Panel deny Aylstock's Motion to Transfer. Alternatively, should the Panel determine that immediate denial is not warranted, Canup respectfully requests that the Panel defer ruling on the Motion to Transfer until the transferor Court has resolved the fully briefed motions currently pending before it. Canup further requests such other and further relief to which he may be entitled at law or in equity.

DATED: December 30, 2025

Respectfully submitted,

Brandon Canup, Plaintiff,
4812 Hidden Oaks Ln
Arlington, Texas 76017
Tel.: (972) 762-4314
canup.brandon@gmail.com

*pro se*

# EXHIBIT 1

JURY

## U.S. District Court
## Northern District of Texas (Fort Worth)
## CIVIL DOCKET FOR CASE #: 4:25-cv-01255-Y

Canup v. Aylstock et al
Assigned to: Senior Judge Terry R Means
Case in other court: 67th Judicial District Court, Tarrant County, TX, 067-371499-25
Cause: 28:1332 Diversity-Notice of Removal

Date Filed: 11/05/2025
Jury Demand: Plaintiff
Nature of Suit: 190 Contract: Other Contract
Jurisdiction: Diversity

**Plaintiff**

**Brandon Canup**

represented by **Brandon Canup**
4812 Hidden Oaks Ln
Arlington, TX 76017
972-762-4314
Email: canup.brandon@gmail.com
PRO SE

V.

**Defendant**

**Bryan F. Aylstock**
*pro se*

represented by **Bryan F Aylstock**
Aylstock Witkin Kreis & Overholtz PLLC
17 E Main Street, Suite 200
Pensacola, FL 32502
850-202-1010
Fax: 850-916-7449
Email: baylstock@awkolaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Bobby Bradford**

**Defendant**

**Michael Burns**

**Defendant**

**Cliff Roberts**

**Defendant**

**Gregory Brown**
*pro se*

represented by **Gregory Donald Brown**
Fleming Nolen & Jez LLP
2800 Post Oak Blvd
Suite 4000
Houston, TX 77056
713-621-7944
Fax: 713-621-9638

Email: gregory_brown@fleming-law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael Steven Cedillo**
Thompson Coe Cousins & Irons LLP
700 North Pearl St
Suite 2500
Dallas, TX 75201
214-871-8200
Fax: 214-871-8209
Email: mcedillo@thompsoncoe.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Alystock Witkin Kreis & Overholtz PLC**

**Defendant**

**Fleming Nolen & Jez LLP**                          represented by  **Michael Steven Cedillo**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Mostyn Law Firm PC**

| Date Filed | # | Docket Text |
|---|---|---|
| 11/06/2025 | 1 | NOTICE OF REMOVAL filed by Gregory Donald Brown, Alystock, Witkin, Kreis & Overholtz, PLL. In each Notice of Electronic Filing, the judge assignment is indicated, and a link to the Judges Copy Requirements and Judge Specific Requirements is provided. The court reminds the filer that any required copy of this and future documents must be delivered to the judge, in the manner prescribed, within three business days of filing. Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas must seek admission promptly. Forms and Instructions found at www.txnd.uscourts.gov, or by clicking here: Attorney Information - Bar Membership. If admission requirements are not satisfied within 21 days, the clerk will notify the presiding judge. (Attachments: # 1 Exhibit(s) Plaintiff's State Court Petition, # 2 Exhibit(s) State Court Docket Sheet) (Sorrels, Randy) (Entered: 11/06/2025) |
| 11/06/2025 | 2 | New Case Notes: A filing fee has not been paid. No prior sanctions found. (For court use only - links to the national and circuit indexes.) File to: appropriate staff attorney. Pursuant to Misc. Order 6, Plaintiff is provided the Notice of Right to Consent to Proceed Before A U.S. Magistrate Judge. Clerk to provide copy to plaintiff if not received electronically. (jnp) (Entered: 11/06/2025) |
| 11/06/2025 | 3 | Notice and Instruction to Pro Se Party (jnp) (Entered: 11/06/2025) |
| 11/06/2025 |  | ***Clerk's Notice of delivery: (see NEF for details) Docket No:2, 3. Thu Nov 6 09:37:25 CST 2025 (crt) (Entered: 11/06/2025) |
| 11/10/2025 | 4 | NOTICE of Filing Executed Return of Service filed by Brandon Canup (jnp) (Entered: 11/10/2025) |

| 11/10/2025 | 5 | Appendix in Support filed by Brandon Canup re: 4 Notice of Filing Executed Return of Service (jnp) (Entered: 11/10/2025) |
|---|---|---|
| 11/10/2025 | 6 | CERTIFICATE OF SERVICE by Brandon Canup re 5 Appendix in Support, 4 Notice (Other) *Corrected Certificate of Service* (Canup, Brandon) (Entered: 11/10/2025) |
| 11/21/2025 | 7 | SUMMONS Returned Unexecuted as to Gregory Brown, Cliff Roberts. (Attachments: # 1 Affidavit(s) Attempted Service on Defendant Gregory Brown, # 2 Affidavit(s) Attempted Service on Defendant Cliff Roberts) (Canup, Brandon) (Entered: 11/21/2025) |
| 11/21/2025 | 8 | First MOTION to Remand filed by Brandon Canup with Brief/Memorandum in Support. (Attachments: # 1 Proposed Order) (Canup, Brandon) (Entered: 11/21/2025) |
| 11/21/2025 | 9 | Appendix in Support filed by Brandon Canup re 8 First MOTION to Remand (Canup, Brandon) (Entered: 11/21/2025) |
| 12/01/2025 | 10 | MOTION to Dismiss filed by Gregory Brown, Fleming Nolen & Jez LLP Attorney Michael Steven Cedillo added to party Gregory Brown(pty:dft), Attorney Michael Steven Cedillo added to party Fleming Nolen & Jez LLP(pty:dft) (Cedillo, Michael) (Entered: 12/01/2025) |
| 12/09/2025 | 11 | NOTICE of Potential Tag-Along Actions filed by Bryan F. Aylstock (jnp) (Entered: 12/09/2025) |
| 12/09/2025 | 12 | NOTICE of Errata for Dkt. 2029, 11 Notice of Potential Tag-Along Actions filed by Bryan F. Aylstock (jnp) (Entered: 12/09/2025) |
| 12/12/2025 | 14 | RESPONSE filed by Gregory Brown, Fleming Nolen & Jez LLP re: 8 First MOTION to Remand (Attachments: # 1 Exhibit(s) 1, # 2 Exhibit(s) 2) (Cedillo, Michael) (Entered: 12/12/2025) |
| 12/12/2025 | 15 | MOTION to Stay *Proceedings* filed by Gregory Brown, Fleming Nolen & Jez LLP (Cedillo, Michael) (Entered: 12/12/2025) |
| 12/15/2025 | 16 | RESPONSE filed by Brandon Canup re: 15 MOTION to Stay *Proceedings* (Canup, Brandon) (Entered: 12/15/2025) |
| 12/15/2025 | 17 | Appendix in Support filed by Brandon Canup re 16 Response/Objection (Canup, Brandon) (Entered: 12/15/2025) |
| 12/15/2025 | 18 | RESPONSE filed by Brandon Canup re: 10 MOTION to Dismiss (Canup, Brandon) (Entered: 12/15/2025) |
| 12/15/2025 | 19 | REPLY filed by Brandon Canup re: 8 First MOTION to Remand (Canup, Brandon) (Entered: 12/15/2025) |
| 12/23/2025 | 20 | MOTION for Miscellaneous Relief Requesting Permission for Electronic Filing by Pro Se Litigant filed by Brandon Canup (jnp) (Entered: 12/23/2025) |
| 12/29/2025 | 21 | REPLY filed by Gregory Brown, Fleming Nolen & Jez LLP re: 15 MOTION to Stay *Proceedings* (Cedillo, Michael) (Entered: 12/29/2025) |
| 12/29/2025 | 22 | REPLY filed by Gregory Brown, Fleming Nolen & Jez LLP re: 10 MOTION to Dismiss (Cedillo, Michael) (Entered: 12/29/2025) |
| 12/29/2025 | 23 | Court's copy of documents filed by Bryan F. Aylstock at the JPML (jnp) (Main Document 23 replaced on 12/29/2025) (jnp). (Entered: 12/29/2025) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 12/29/2025 21:58:25 | | | |
| **PACER Login:** | bcanup1986 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 4:25-cv-01255-Y |
| **Billable Pages:** | 3 | **Cost:** | 0.30 |

# EXHIBIT 2

# MDL Statistics Report - Docket Summary Listing

**MDL Filters:**

Status: **Transferred**

Closed Between: **1/1/2025 - 12/2/2025**

Limited to **Closed Litigations**

Docket Summary Listing in Order by **Docket**

**Grouped by:**

  MDL Number

| DOCKET | Transferee Judge | District | MASTER DOCKET | DATE FILED | Date Transferred | DATE CLOSED |
|---|---|---|---|---|---|---|
| 1869 IN RE: Rail Freight Fuel Surcharge Antitrust Litigation | Howell, Beryl A. | DC | 1:07-mc-489 | 06/06/2007 | 11/06/2007 | 07/08/2025 |
| 2332 IN RE: Lipitor Antitrust Litigation | Quraishi, Zahid N. | NJ | 3:12-cv-2389 | 12/06/2011 | 04/20/2012 | 01/21/2025 |
| 2433 IN RE: E. I. du Pont de Nemours and Company C-8 Personal Injury Litigation | Sargus, Edmund A. | OHS | 2:13-md-2433 | 01/11/2013 | 04/08/2013 | 02/25/2025 |
| 2445 IN RE: Suboxone (Buprenorphine Hydrochloride and Naloxone) Antitrust Litigation | Beetlestone, Wendy | PAE | 2:13-md-2445 | 03/04/2013 | 06/06/2013 | 10/06/2025 |
| 2504 IN RE: Amazon.com, Inc., Fulfillment Center Fair Labor Standards Act (FLSA) and Wage and Hour Litigation | Hale, David J. | KYW | 3:14-md-2504 | 10/12/2013 | 02/19/2014 | 01/13/2025 |
| 2642 IN RE: Fluoroquinolone Products Liability Litigation | Tunheim, John R. | MN | 0:15-md-2642 | 05/19/2015 | 08/17/2015 | 04/07/2025 |
| 2744 IN RE: FCA US LLC Monostable Electronic Gearshift Litigation | Lawson, David M. | MIE | 2:16-md-2744 | 08/05/2016 | 10/05/2016 | 02/19/2025 |
| 2777 IN RE: Chrysler-Dodge-Jeep EcoDiesel Marketing, Sales Practices and Products Liability Litigation | Chen, Edward M | CAN | 3:17-md-2777 | 02/09/2017 | 04/05/2017 | 07/08/2025 |
| 2779 IN RE: FieldTurf Artificial Turf Marketing and Sales Practices Litigation | Shipp, Michael A. | NJ | 3:17-md-2779 | 03/01/2017 | 06/01/2017 | 01/13/2025 |
| 2817 IN RE: Dealer Management Systems Antitrust Litigation | Pallmeyer, Rebecca R. | ILN | 1:18-cv-864 | 11/07/2017 | 02/01/2018 | 03/11/2025 |
| 2820 IN RE: Dicamba Herbicides Litigation | Limbaugh, Stephen N. | MOE | 1:18-md-2820 | 11/22/2017 | 02/01/2018 | 10/09/2025 |
| 2833 IN RE: FedLoan Student Loan Servicing Litigation | Quinones Alejandro, Nitza I. | PAE | 2:18-md-2833 | 02/23/2018 | 06/18/2018 | 08/21/2025 |
| 2885 IN RE: 3M Combat Arms Earplug Products Liability Litigation | Rodgers, M. Casey | FLN | 3:19-md-2885 | 01/25/2019 | 04/03/2019 | 09/22/2025 |
| 2895 IN RE: Sensipar (Cinacalcet Hydrochloride Tablets) Antitrust Litigation | Connolly, Colm F. | DE | 1:19-md-2895 | 04/10/2019 | 07/31/2019 | 10/14/2025 |
| 2903 IN RE: Fisher-Price Rock 'n Play Sleeper Marketing, Sales Practices, and Products Liability Litigation | Crawford, Geoffrey W. | NYW | 1:19-md-2903 | 05/28/2019 | 08/01/2019 | 08/21/2025 |
| 2925 IN RE: Rail Freight Fuel Surcharge Antitrust Litigation (No. II) | Howell, Beryl A. | DC | 1:20-mc-8 | 11/12/2019 | 02/06/2020 | 07/10/2025 |
| 2936 IN RE: Smitty's/CAM2 303 Tractor Hydraulic Fluid Marketing, Sales Practices and Products Liability Litigation | Bough, Stephen R. | MOW | 4:20-md-2936 | 02/11/2020 | 06/02/2020 | 04/02/2025 |
| 2945 IN RE: Ahern Rentals, Inc., Trade Secret Litigation | Phillips, Beth | MOW | 2:20-md-2945 | 05/06/2020 | 08/07/2020 | 04/10/2025 |
| 2949 IN RE: Profemur Hip Implant Products Liability Litigation | Baker, Kristine G. | ARE | 4:20-md-2949 | 05/18/2020 | 08/07/2020 | 04/10/2025 |
| 2964 IN RE: Society Insurance Company COVID-19 Business Interruption Protection Insurance Litigation | Chang, Edmond E. | ILN | 1:20-cv-5965 | 08/12/2020 | 10/02/2020 | 08/01/2025 |

Case 3:26-cv-03359-MCR-ZCB   Document 24   Filed 01/05/26   Page 26 of 51

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 2977 IN RE: Broiler Chicken Grower Antitrust Litigation (No. II) | Shelby, Robert J. | OKE | 6:20-md-2977 | 10/06/2020 | 12/15/2020 | 01/29/2025 |
| 2988 IN RE: All-Clad Metalcrafters, LLC, Cookware Marketing and Sales Practices Litigation | Ranjan, J. Nicholas | PAW | 2:21-mc-491 | 01/22/2021 | 03/31/2021 | 02/19/2025 |
| 2989 IN RE: January 2021 Short Squeeze Trading Litigation | Altonaga, Cecilia M. | FLS | 1:21-md-2989 | 02/05/2021 | 04/01/2021 | 07/25/2025 |
| 3009 IN RE: Seresto Flea and Tick Collar Marketing, Sales Practices and Products Liability Litigation | Blakey, John Robert | ILN | 1:21-cv-4447 | 04/27/2021 | 08/11/2021 | 01/23/2025 |
| 3038 IN RE: Ozempic (Semaglutide) Patent Litigation | Connolly, Colm F. | DE | 1:22-md-3038 | 05/06/2022 | 08/05/2022 | 08/05/2025 |
| 3056 IN RE: Overby-Seawell Company Customer Data Security Breach Litigation | Grimberg, Steven D. | GAN | 1:23-md-3056 | 10/18/2022 | 02/01/2023 | 01/29/2025 |
| 3059 IN RE: Beyond Meat, Inc., Protein Content Marketing and Sales Practices Litigation | Ellis, Sara L. | ILN | 1:23-cv-669 | 11/14/2022 | 02/01/2023 | 06/18/2025 |
| 3090 IN RE: Fortra File Transfer Software Data Security Breach Litigation | Ruiz, Rodolfo A. | FLS | 1:24-md-3090 | 10/16/2023 | 02/05/2024 | 10/01/2025 |
| 3093 IN RE: Pipe Flashing Patent Litigation | Nugent, Donald C. | OHN | 1:24-md-3093 | 11/22/2023 | 01/30/2024 | 07/11/2025 |
| 3102 IN RE: The Church of Jesus Christ of Latter-Day Saints Tithing Litigation | Shelby, Robert J. | UT | 2:24-md-3102 | 01/05/2024 | 04/11/2024 | 04/21/2025 |

**MDLs Listed on this Report: 30**

# EXHIBIT 3

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | Case No. 3:19md2885 |
| This Document Relates to: All Cases | Judge M. Casey Rodgers Magistrate Judge Hope T. Cannon |

### ORDER

On April 3, 2019, the Judicial Panel on Multidistrict Litigation assigned MDL 2885, *In re 3M Combat Arms Earplug Products Liability Litigation*, to this Court and the undersigned. Over the next four years, more than 390,000 cases were direct-filed in or transferred to the MDL. A considerable number of cases involving 3M combat arms earplug claims proceeded on a parallel track in Minnesota state court.

An extraordinary amount of energy, time, and cost was expended by the Parties and the Court during the course of the litigation, including early and ongoing efforts to determine the litigation's scope through a census process, DD214 Form production requirements, and procedures for transitioning individual cases from the Administrative Docket to the Active Docket. The Parties and the Court also collaboratively developed a robust framework for the effective and efficient management of the litigation, which involved two Science Days, vendor/technology

proceedings, a presentation on *Touhy*[1] regulations by the Department of Defense and United States Attorney's Office, meetings at the Pentagon and the Department of Justice with the Parties and federal officials in an effort to obtain Plaintiffs' audiograms and Department of Veterans Affairs records, and numerous case management conferences and conference calls with Plaintiffs' and Defendants' counsel. Extensive corporate, military, and expert discovery was conducted, followed by omnibus briefing, oral argument, and rulings on significant substantive motions, including 341 motions to remand to Minnesota state court filed on behalf of more than 5,700 Plaintiffs, and cross-motions for summary judgment on the federal government contractor defense. Case-specific discovery for 19 bellwether Plaintiffs followed, as well as discovery and dispositive motions practice for 374 Wave 1 cases, culminating in rulings on more than 260 motions *in limine*, 109 *Daubert*[2] challenges, 47 choice of law disputes, 42 case-specific summary judgment motions, and 21 post-trial motions, not to mention countless discovery, procedural, and/or logistical disputes. Sixteen bellwether trials were conducted over 14 months, involving 19 Plaintiffs, resulting in 19 jury verdicts. The undersigned conducted six bellwether trials (one of which consolidated three Plaintiffs and another consolidated two Plaintiffs), and guest district judges from around the Eleventh Circuit conducted

---

[1] *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951).

[2] *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993).

Case No. 3:19md2885/MCR/HTC

Case 3:19-md-02885-MCR-HTC    Document 4171    Filed 09/18/25    Page 3 of 4

10 others. The undersigned also handled the pretrial and post-trial motions. Multiple now-dismissed appeals from the bellwether cases were filed in the Eleventh Circuit. In July 2022, five of the six Defendants in the MDL filed petitions for Chapter 11 bankruptcy in the Southern District of Indiana, triggering an automatic stay of litigation against them. The bankruptcy court declined to extend the stay to Defendant 3M Company, so the personal injury claims against 3M in the MDL continued unabated by the bankruptcy proceeding but obviously in a complicated fashion.

To date all cases have been resolved through motions practice or settlement. More specifically, the vast majority of claims were resolved through a global settlement reached in August 2023, and Plaintiffs who initially opted out of that process later settled or had their cases dismissed. No 3M combat arms earplug cases remain in the MDL. No case has been direct-filed or transferred to the MDL since March 2025. As of last week, the MDL docket is clean.

Accordingly:

1.    The Court respectfully **RECOMMENDS** to the JPML that *In re 3M Combat Arms Earplug Products Liability Litigation*, MDL 2885, be terminated, subject to this Court's continuing jurisdiction to enforce its Orders, handle any matters related to the settlement, or address any other miscellaneous issues necessary to complete the administration

Case No. 3:19md2885/MCR/HTC

Case 3:19-md-02885-MCR-HTC    Document 4171    Filed 09/19/25    Page 4 of 4

Page 4 of 4

of these cases.

2.     Should the MDL be terminated, and any party subsequently files in or removes to a United States District Court any new claims related to this proceeding, this Court would welcome the reopening of the MDL docket and transfer of any such action to this Court for further proceedings, given the Court's familiarity and experience with this litigation.

**SO ORDERED**, on this 19th day of September, 2025.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

Case No. 3:19md2885/MCR/HTC

Case 3:26-cv-03359-MCR-ZCB    Document 24    Filed 01/05/26    Page 33 of 51

# EXHIBIT 4

ProSeNonPrisonerCase

# U.S. District Court
## Northern District of Florida (Pensacola)
### CIVIL DOCKET FOR CASE #: 3:25-cv-01947-TKW-ZCB

KELLY v. AYLSTOCK et al
Assigned to: JUDGE T KENT WETHERELL II
Referred to: MAGISTRATE JUDGE ZACHARY C BOLITHO
Demand: $75,000
Case in other court: First Judicial Circuit, Escambia County, FL,
              2025 CA 001560
Cause: 28:1332 Diversity-Other Contract

Date Filed: 10/14/2025
Jury Demand: Plaintiff
Nature of Suit: 190 Contract: Other
Jurisdiction: Diversity

**Plaintiff**

**RICKY DEAN KELLY**                    represented by **RICKY DEAN KELLY**
                                        3772 MERKS PLACE
                                        LELAND, NC 28451
                                        PRO SE

V.

**Defendant**

**BRYAN F AYLSTOCK**                    represented by **GREGORY KENT RETTIG**
                                        LLOYD GRAY WHITEHEAD &
                                        MONROE - PENSACOLA FL
                                        125 W ROMANA STREET
                                        SUITE 330
                                        PENSACOLA, FL 32502
                                        850-777-3322
                                        Fax: 850-777-3290
                                        Email: grettig@lgwmlaw.com
                                        *ATTORNEY TO BE NOTICED*

                                        **JUSTIN TYLER KEETON**
                                        LLOYD GRAY WHITEHEAD &
                                        MONROE - PENSACOLA FL
                                        125 W ROMANA STREET
                                        SUITE 330
                                        PENSACOLA, FL 32502
                                        850-777-3322
                                        Fax: 850-434-6491
                                        Email: jkeeton@lgwmlaw.com
                                        *ATTORNEY TO BE NOTICED*

                                        **STEPHEN HERRE ECHSNER**
                                        AYLSTOCK WITKIN KREIS &
                                        OVERHOLTZ - PENSACOLA FL
                                        17 E MAIN STREET

SUITE 200
PENSACOLA, FL 32502
850-202-1010
Fax: 850-916-7449
Email: sechsner@awkolaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**AYLSTOCK WITKIN KREISS &
OVERHOLTZ PLLC**      represented by   **GREGORY KENT RETTIG**
(See above for address)
*ATTORNEY TO BE NOTICED*

**JUSTIN TYLER KEETON**
(See above for address)
*ATTORNEY TO BE NOTICED*

**STEPHEN HERRE ECHSNER**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/14/2025 | 1 | NOTICE OF REMOVAL by AYLSTOCK, WITKIN, KREISS & OVERHOLTZ, PLLC, BRYAN F AYLSTOCK from First Judicial Circuit, Escambia County, FL, case number 2025 CA 001560. ( Filing fee $ 405 receipt number BFLNDC-9666884.), filed by AYLSTOCK, WITKIN, KREISS & OVERHOLTZ, PLLC, BRYAN F AYLSTOCK. (Attachments: # 1 Exhibit A - State Court Complaint, # 2 Exhibit B - Notice of Removal in Circuit Court) (ECHSNER, STEPHEN) (Entered: 10/14/2025) |
| 10/14/2025 | 2 | CIVIL COVER SHEET. (ECHSNER, STEPHEN) (Entered: 10/14/2025) |
| 10/14/2025 | 3 | Notice to Pro Se Litigant. (alb) (Entered: 10/14/2025) |
| 10/14/2025 | 4 | ORDER. I hereby recuse myself from handling any proceedings in the above-styled case. The clerk is directed to randomly reassign this case to one of the other United States Magistrate Judges in this district and change the docket to reflect the reassignment. Signed by MAGISTRATE JUDGE HOPE T CANNON on 10/14/2025. MAGISTRATE JUDGE HOPE T CANNON recused. Case reassigned to MAGISTRATE JUDGE ZACHARY C BOLITHO for all further proceedings. (alb) (Entered: 10/14/2025) |
| 10/14/2025 | | ACTION REQUIRED BY DISTRICT JUDGE: Chambers of JUDGE M CASEY RODGERS notified that action is needed Re: 1 Notice of Removal. (alb) (Entered: 10/14/2025) |
| 10/15/2025 | 5 | NOTICE *of Filing State Court Docket Documents* by BRYAN F AYLSTOCK, AYLSTOCK, WITKIN, KREISS & OVERHOLTZ, PLLC (Attachments: # 1 Complaint, # 2 Proposed Summons-BFA, # 3 Proposed Summons-AWKO, # 4 Issued Summons-BFA, # 5 Issued Summons-AWKO, # 6 Payment $420.00 Receipt #2025079103, # 7 Notice of Removal to U.S. District Court) (ECHSNER, STEPHEN) (Entered: 10/15/2025) |
| 10/15/2025 | 6 | ORDER. I hereby recuse myself from presiding over the above listed case. Signed by JUDGE M CASEY RODGERS on 10/15/2025. JUDGE M CASEY RODGERS recused. Case reassigned to JUDGE T KENT WETHERELL II for all further proceedings. (alb) (Entered: 10/15/2025) |

| 10/15/2025 | | ACTION REQUIRED BY MAGISTRATE JUDGE: Chambers of MAGISTRATE JUDGE ZACHARY C BOLITHO notified that action is needed Re: 1 Notice of Removal. (alb) (Entered: 10/15/2025) |
|---|---|---|
| 10/22/2025 | 7 | Return of Service of Summons and Complaint in the County Court for the First Judicial Circuit in and for Escambia County as to Bryan F. Aylstock Esq and Aylstock, Witkin, Kreiss & Overholts, PLLC, by RICKY DEAN KELLY. (alb) (Entered: 10/22/2025) |
| 10/22/2025 | | ACTION REQUIRED BY MAGISTRATE JUDGE: Chambers of MAGISTRATE JUDGE ZACHARY C BOLITHO notified that action is needed Re: 7 Return of Service of Summons and Complaint in the County Court for the First Judicial Circuit in and for Escambia County as to Bryan F. Aylstock Esq and Aylstock, Witkin, Kreiss & Overholts, PLLC, by RICKY DEAN KELLY. (alb) (Entered: 10/22/2025) |
| 10/24/2025 | 8 | Plaintiff's Motion to Remand and Supporting Memorandum of Law, by RICKY DEAN KELLY. (Attachments: # 1 Exhibits) (alb) (Entered: 10/27/2025) |
| 10/27/2025 | | ACTION REQUIRED BY MAGISTRATE JUDGE: Chambers of MAGISTRATE JUDGE ZACHARY C BOLITHO notified that action is needed Re: 8 MOTION to Remand. Referred to ZACHARY C BOLITHO. (alb) (Entered: 10/27/2025) |
| 10/27/2025 | 9 | NOTICE of Appearance by GREGORY KENT RETTIG on behalf of All Defendants (RETTIG, GREGORY) (Entered: 10/27/2025) |
| 11/04/2025 | 10 | RESPONSE to Motion re 8 MOTION to Remand filed by BRYAN F AYLSTOCK, AYLSTOCK WITKIN KREISS & OVERHOLTZ PLLC. (Attachments: # 1 Exhibit Detail by Entity Name) (RETTIG, GREGORY) (Entered: 11/04/2025) |
| 11/04/2025 | 11 | MOTION to Dismiss by BRYAN F AYLSTOCK, AYLSTOCK WITKIN KREISS & OVERHOLTZ PLLC. (Internal deadline for referral to judge if response not filed earlier: **11/18/2025**). (RETTIG, GREGORY) (Entered: 11/04/2025) |
| 11/05/2025 | | ACTION REQUIRED BY MAGISTRATE JUDGE: Chambers of MAGISTRATE JUDGE ZACHARY C BOLITHO notified that action is needed Re: 10 Response to Plaintiff's Motion to Remand, 11 MOTION to Dismiss. Referred to ZACHARY C BOLITHO. (alb) (Entered: 11/05/2025) |
| 11/06/2025 | 12 | ORDER, re 10 Response to Motion. The Court believes it would benefit from hearing from Plaintiff in reply. Accordingly, Plaintiff may file a reply to Defendant's response. The reply should not exceed 10 pages, and it should be filed within 14 days of this order. ( Replies due by **11/20/2025**.) Signed by MAGISTRATE JUDGE ZACHARY C BOLITHO on 11/6/2025. (alb) (Entered: 11/06/2025) |
| 11/17/2025 | 13 | Plaintiff's Reply to Defendants' Response to 8 MOTION to Remand, filed by RICKY DEAN KELLY. (alb) (Entered: 11/18/2025) |
| 11/17/2025 | 14 | Plaintiff's MOTION for Extension of Time to File Reply to Defendants' 11 MOTION to Dismiss, by RICKY DEAN KELLY. (alb) (Entered: 11/18/2025) |
| 11/18/2025 | | ACTION REQUIRED BY MAGISTRATE JUDGE: Chambers of MAGISTRATE JUDGE ZACHARY C BOLITHO notified that action is needed Re: 13 Plaintiff's Reply to Defendants' Response to Motion to Remand, 14 MOTION for Extension of Time to File a Reply as to 11 MOTION to Dismiss. Referred to ZACHARY C BOLITHO. (alb) (Entered: 11/18/2025) |

| 11/18/2025 | 15 | ORDER granting 14 Motion for Extension of Time to File Reply as to 11 MOTION to Dismiss. (Internal deadline for referral to judge if response not filed earlier: **12/9/2025**). Signed by MAGISTRATE JUDGE ZACHARY C BOLITHO on 11/18/2025. (alb) (Entered: 11/18/2025) |
|---|---|---|
| 11/19/2025 | 16 | NOTICE *of Prior or Similar Case Filing* by BRYAN F AYLSTOCK, AYLSTOCK WITKIN KREISS & OVERHOLTZ PLLC (RETTIG, GREGORY) (Entered: 11/19/2025) |
| 11/19/2025 | | ACTION REQUIRED BY MAGISTRATE JUDGE: Chambers of MAGISTRATE JUDGE ZACHARY C BOLITHO notified that action is needed Re: 16 Notice of Prior or Similar Case Filing. (alb) (Entered: 11/19/2025) |
| 12/08/2025 | 17 | Plaintiff's Response in Opposition to Defendants' 11 MOTION to Dismiss, filed by RICKY DEAN KELLY. (alb) (Entered: 12/08/2025) |
| 12/08/2025 | | ACTION REQUIRED BY MAGISTRATE JUDGE: Chambers of MAGISTRATE JUDGE ZACHARY C BOLITHO notified that action is needed Re: 17 Response in Opposition to, 11 MOTION to Dismiss. Referred to ZACHARY C BOLITHO. (alb) (Entered: 12/08/2025) |
| 12/15/2025 | 18 | ORDER re 8 Plaintiff's Motion to Remand and Supporting Memorandum of Law. that within fourteen days of this Order, the parties shall supplement the record with sworn affidavits, declarations, or other documentary evidence related to the amount in controversy. (Supplemental documents due by **12/29/2025**.) Signed by MAGISTRATE JUDGE ZACHARY C BOLITHO on 12/15/2025. (mb) (Entered: 12/15/2025) |
| 12/23/2025 | 19 | Plaintiff's Supplemental Declaration Regarding Amount in Controversy, by RICKY DEAN KELLY (Attachments: # 1 Civil Cover Sheet.) (alb) (Entered: 12/23/2025) |
| 12/23/2025 | | ACTION REQUIRED BY MAGISTRATE JUDGE: Chambers of MAGISTRATE JUDGE ZACHARY C BOLITHO notified that action is needed Re: 19 Plaintiff's Supplemental Declaration Regarding Amount in Controversy. (alb) (Entered: 12/23/2025) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 12/27/2025 18:44:36 | | | |
| **PACER Login:** | bcanup1986 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 3:25-cv-01947-TKW-ZCB |
| **Billable Pages:** | 4 | **Cost:** | 0.40 |

# EXHIBIT 5

Query    Reports    Utilities    Help    Log Out

CLOSED,ProSeNonPrisonerCase

## U.S. District Court
## Northern District of Florida (Pensacola)
## CIVIL DOCKET FOR CASE #: 3:25-cv-01649-TKW-ZCB

KELLY v. AYLSTOCK et al
Assigned to: JUDGE T KENT WETHERELL II
Referred to: MAGISTRATE JUDGE ZACHARY C BOLITHO
Case in other court: FIRST JUDICIAL CIRCUIT ESCAMBIA
                  COUNTY FL, 2025 CA 001228
Cause: 28:1332 Diversity - Legal Malpractice

Date Filed: 09/16/2025
Date Terminated: 09/26/2025
Jury Demand: Plaintiff
Nature of Suit: 190 Contract: Other
Jurisdiction: Diversity

**Plaintiff**

**RICKY DEAN KELLY**
    represented by   **RICKY DEAN KELLY**
                          3772 MERKS PLACE
                          LELAND, NC 28451
                          PRO SE

V.

**Defendant**

**BRYAN F AYLSTOCK**
    represented by   **STEPHEN HERRE ECHSNER**
                          AYLSTOCK WITKIN KREIS &
                          OVERHOLTZ - PENSACOLA FL
                          17 E MAIN STREET
                          SUITE 200
                          PENSACOLA, FL 32502
                          850-202-1010
                          Fax: 850-916-7449
                          Email: sechsner@awkolaw.com
                          *ATTORNEY TO BE NOTICED*

**Defendant**

**AYLSTOCK WITKIN KREIS &
OVERHOLTZ PLLC**
    represented by   **STEPHEN HERRE ECHSNER**
                          (See above for address)
                          *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 09/16/2025 | 1 | NOTICE OF REMOVAL by AYLSTOCK, WITKIN, KREIS & OVERHOLTZ, PLLC, BRYAN F AYLSTOCK from First Judicial Circuit, Escambia County, FL, case number 2025 CA 001228. ( Filing fee $ 405 receipt number AFLNDC-9634828.), filed by AYLSTOCK, WITKIN, KREIS & OVERHOLTZ, PLLC, BRYAN F AYLSTOCK. (Attachments: # 1 Exhibit A - State Court Complaint, # 2 Exhibit B - Notice of Removal in Circuit Court) (ECHSNER, STEPHEN) (Entered: 09/16/2025) |
| 09/16/2025 | 2 | CIVIL COVER SHEET. (ECHSNER, STEPHEN) (Entered: 09/16/2025) |

| 09/16/2025 | 3 | ORDER OF RECUSAL. JUDGE M CASEY RODGERS recused. Signed by JUDGE M CASEY RODGERS on 9/16/25. (pgr) (Entered: 09/16/2025) |
|---|---|---|
| 09/16/2025 | 4 | JUDGE M CASEY RODGERS recused. Case reassigned to JUDGE T KENT WETHERELL II for all further proceedings. (Entered: 09/17/2025) |
| 09/17/2025 | 5 | ORDER. I hereby recuse myself from handling any proceedings in the above- styled case. The clerk is directed to randomly reassign this case to one of the other United States Magistrate Judges in this district and change the docket to reflect the reassignment. Signed by MAGISTRATE JUDGE HOPE T CANNON on 09/17/2025. MAGISTRATE JUDGE HOPE T CANNON recused. Case reassigned to MAGISTRATE JUDGE ZACHARY C BOLITHO for all further proceedings (alb) (Entered: 09/17/2025) |
| 09/17/2025 | 6 | NOTICE by BRYAN F AYLSTOCK, AYLSTOCK, WITKIN, KREIS & OVERHOLTZ, PLLC (Attachments: # 1 Civil Cover Sheet, # 2 Complaint, # 3 Receipt, # 4 Complaint, # 5 Civil Case Management Order, # 6 Proposed Summons Aylstock, # 7 Proposed Summons AWKO, # 8 Receipt, # 9 Issued Summons Aylstock, # 10 Issued Summons AWKO, # 11 Notice of Removal to U.S. District Court) (ECHSNER, STEPHEN) (Entered: 09/17/2025) |
| 09/17/2025 | 7 | Notice to Pro Se. (alb) (Entered: 09/17/2025) |
| 09/17/2025 | | ACTION REQUIRED BY MAGISTRATE JUDGE: Chambers of MAGISTRATE JUDGE ZACHARY C BOLITHO notified that action is needed Re: 1 Notice of Removal. (alb) (Entered: 09/17/2025) |
| 09/25/2025 | 8 | NOTICE of Voluntary Dismissal Without Prejudice Pursuant to F.R.C.P. 41(a)(1)(A)(i), by RICKY DEAN KELLY (alb) (Entered: 09/25/2025) |
| 09/25/2025 | | ACTION REQUIRED BY MAGISTRATE JUDGE: Chambers of MAGISTRATE JUDGE ZACHARY C BOLITHO notified that action is needed Re: 8 Notice of Voluntary Dismissal. (alb) (Entered: 09/25/2025) |
| 09/26/2025 | 9 | ACKNOWLEDGMENT OF VOLUNTARY DISMISSAL re 8 Notice of Voluntary Dismissal. Accordingly, the Clerk of Court shall CLOSE this case and indicate that it has been voluntarily dismissed without prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(i). Signed by MAGISTRATE JUDGE ZACHARY C BOLITHO on 9/26/2025. (jcw) (Entered: 09/26/2025) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 12/27/2025 18:43:47 | | |
| **PACER Login:** bcanup1986 | **Client Code:** | |
| **Description:** Docket Report | **Search Criteria:** | 3:25-cv-01649-TKW-ZCB |
| **Billable Pages:** 2 | **Cost:** | 0.20 |

# EXHIBIT 6

Case 3:25-cv-01649-TKW-ZCB   Document 3   Filed 09/16/25   Page 1 of 1

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### PENSACOLA DIVISION

RICKY DEAN KELLY,

     Plaintiff,

v.

                                   CASE NO. 3:25cv1649-MCR/HTC

BRYAN F. AYLSTOCK and
AYLSTOCK, WITKIN, KREIS &
OVERHOLTZ, PLLC,

     Defendants.

## ORDER

I hereby recuse myself from presiding over the above listed case.

**DONE AND ORDERED** this 16th day of December 2025.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

# EXHIBIT 7

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RICKY DEAN KELLY,

     Plaintiff,

v.                                 Case No. 3:25cv1649-HTC

BRYAN F. AYLSTOCK, et al.,

     Defendants.

_____/

## ORDER

I hereby recuse myself from handling any proceedings in the above-styled case. The clerk is directed to randomly reassign this case to one of the other United States Magistrate Judges in this district and change the docket to reflect the reassignment.

DONE AND ORDERED this 17th day of September, 2025.

/s/ Hope Thai Cannon

**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

# EXHIBIT 8

Case 3:25-cv-01947-TKW-ZCB   Document 4   Filed 10/14/25   Page 1 of 1

Page 1 of 1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RICKY DEAN KELLY,

     Plaintiff,

v.                                Case No. 3:25cv1947-MCR-HTC

BRYAN F. AYLSTOCK, et al.,

     Defendants.

_____/

ORDER

I hereby recuse myself from handling any proceedings in the above-styled case. The clerk is directed to randomly reassign this case to one of the other United States Magistrate Judges in this district and change the docket to reflect the reassignment.

DONE AND ORDERED this 14th day of October, 2025.

*/s/ Hope Thai Cannon*

**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

# EXHIBIT 9

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### PENSACOLA DIVISION

RICKY DEAN KELLY,

     Plaintiff,

v.                                                          CASE NO. 3:25cv1947-MCR/ZCB

BRYAN F. AYLSTOCK and
AYLSTOCK, WITKIN, KREIS &
OVERHOLTZ, PLLC,

     Defendants.

## ORDER

I hereby recuse myself from presiding over the above listed case.

**DONE AND ORDERED** this 15th day of October 2025.

*M. Casey Rodgers*

**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

# BEFORE THE UNITED STATES JUDICIAL PANEL
## ON MULTIDISTRICT LITIGATION

IN RE: 3M COMBAT ARMS EARPLUG
PRODUCTS LIABILITY LITIGATION

MDL No.: 2885

## PROOF OF SERVICE

In compliance with Rule 4.1(a) of the Rules of Procedure for the United States Judicial Panel on Multidistrict Litigation, I hereby certify that on December 30 , 2025, I caused to be served true and correct copy of the foregoing via U.S. Mail on the parties listed in these actions at the addresses below:

Brandon Canup
4812 Hidden Oaks Ln
Arlington, TX 76017
Email: canup.brandon@gmail.com
*Pro Se Plaintiff*
*Case No. 4:25-cv-01255 (NDTX)*

Bryan F. Aylstock
Bobby Bradford
Aylstock, Witkin, Kreis & Overholtz, PLC
17 East Main Street, Suite 200
Pensacola, FL 32502
*Defendants*
*Case No. 4:25-cv-01255 (NDTX)*

Michael Burns
Bums Law LLC
362 Gulf Breeze Parkway, #294
Gulf Breeze, FL 32561-4492
*Defendant*
*Case No. 4:25-cv-01255 (NDTX)*

Cliff Roberts
Roberts Law Office

8191 SW FWY, Ste. 116
Houston, TX 77074
*Defendant*
*Case No. 4:25-cv-01255 (NDTX)*

Gregory Brown
The Sorrels Law Firm
230 Westcott Street, Ste. 100
Houston, TX 77007
*Defendant*
*Case No. 4:25-cv-01255 (NDTX)*

Fleming Nolen & Jez, LLP
2800 Post Oak Blvd., Suite 6000
Houston, TX 77056-6128
*Defendant*
*Case No. 4:25-cv-01255 (NDTX)*

Mostyn Law Firm PC
c/o Registered Agent, Andrew Browning
3810 W. Alabama Street
Houston, TX 77027-5204
*Defendant*

Clerk of Court
United States District Court
Northern District of Texas
501 West 10th Street, Room 310
Fort Worth, TX 76102-3673

Signed this 30th day of December, 2025.

Respectfully submitted,

Brandon Canup, Plaintiff
4812 Hidden Oaks Ln
Arlington, Texas 76017
Tel.: (972) 762-4314
canup.brandon@gmail.com
*pro se*



Brandon Calup
4612 Hidden Oaks W
Arlington, TEXAS 76017

Clerk of Court
United States District Court
Northern District of Texas
501 West 10th Street
Room 310
Fort Worth, Texas 76102-3673

RECEIVED
JAN - 5 2026
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

US POSTAGE
FIRST-CLASS IMI
$3.84