CERTIFIED A TRUE COPY
Jessica J. Lyublanovits, Clerk of Court

BY: _Donna Bazile_
Deputy Clerk

**UNITED STATES JUDICIAL PANEL**
on
**MULTIDISTRICT LITIGATION**

IN RE: 3M COMBAT ARMS EARPLUG
PRODUCTS LIABILITY LITIGATION                                    MDL No. 2885

### TRANSFER ORDER

**Before the Panel:**[*]  Defendant Bryan F. Aylstock moves under 28 U.S.C. § 1407(c) to transfer an action pending in the Northern District of Texas and listed on Schedule A to the Northern District of Florida for inclusion in MDL No. 2885. Plaintiff Brandon Canup opposes the motion.

After considering the argument of counsel, we find that this action, though not typical of most MDL No. 2885 actions, involves common questions of fact with the actions transferred to MDL No. 2885. Transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We centralized actions in MDL No. 2885 arising out of allegations that defendants' Combat Arms earplugs were defective, causing plaintiffs to develop hearing loss and/or tinnitus. *See In re 3M Combat Arms Earplug Prods. Liab. Litig.*, 366 F. Supp. 3d 1368 (J.P.M.L. 2019). Previously, plaintiff alleged he suffered injuries arising from the use of Combat Arms earplugs, filed suit against 3M Company and related entities directly in MDL No. 2885, and settled his claims. In the *Canup* complaint before the Panel, plaintiff brings claims against his former counsel in the MDL, who withdrew from representation;[1] and MDL No. 2885 court-appointed leadership counsel, including defendant Aylstock.[2] He alleges, *inter alia*, that (1) the leadership counsel defendants appeared at a March 2024 status conference on his behalf without his knowledge, reviewed his confidential medical records, gave him individual legal advice in a closed-door settlement conference, and pressured him to participate in the settlement; (2) the leadership counsel defendants denied him access to common benefit work product without his counsel signing a common benefit work participation agreement; and (3) all defendants conspired "to protect their financial interest at Canup's expense," by assuming "complementary roles under the framework of the [MDL No. 2885 global settlement] which tied their compensation to Plaintiff participation thresholds and withdrawal requirements." *Canup* Compl. at ¶¶ 6.57-6.60.

---

[*]    Judge David C. Norton took no part in the decision of this matter.

[1]    Fleming Nolen & Jez LLP; Gregory D. Brown; and Cliff Roberts.

[2]    Mr. Aylstock; Aystlock Witkin Kreis Overholtz PLC; Mostyn Law Firm PC; and Michael Burns (leadership counsel defendants).

FILED USDC FLND PN
APR 2 '26 PM3:21

-2-

In opposing transfer, plaintiff argues that his claims do not involve factual issues common with those in MDL No. 2885. We disagree. We have found that "[a]ctions involving matters relating to a settlement reached in an MDL are appropriate for transfer to that MDL under 28 U.S.C. § 1407." *In re C.R. Bard, Inc., Pelvic Repair Sys. Prods. Liab. Litig.*, Transfer Order, MDL No. 2187 (J.P.M.L. Oct. 4, 2017), ECF No. 2315, at 1. *See also In re Managed Care Litig.*, 246 F. Supp. 2d 1363, 1365 (J.P.M.L. 2003) ("It is established Panel and court of appeals precedent that settlement matters are appropriate pretrial proceedings subject to centralization under § 1407.") (*citing In re Patenaude*, 210 F.3d 135, 142–144 (3d Cir. 2000)). Here, plaintiff alleges misconduct on the part of, not only his attorneys in his MDL case, but also leadership counsel in the MDL, largely based upon conduct they argue was undertaken in their capacity as court-appointed leadership counsel.[3] Plaintiff challenges the transferee court's orders regarding the settlement and the MDL's case management, including orders regarding common benefit work and appointment of leadership counsel. Transfer, therefore, is appropriate.

Plaintiff further argues that his is a standalone case without opportunity for coordination. While the Panel's docket has been closed for several months, the MDL No. 2885 docket in the Northern District of Florida has remained open and active. In suggesting the Panel close its docket, the transferee judge recommended the termination be subject to the transferee court's "continuing jurisdiction to enforce its Orders, handle any matters related to the settlement, or address any other miscellaneous issues necessary to complete the administration of these cases." Order, *In re 3M Combat Arms Earplug Prods. Liab. Litig.*, MDL No. 2885 (N.D. Fla. Sept. 19, 2025), ECF No. 4171, at p. 1. Moreover, in consultation with the transferee judge, we recently reopened the Panel's docket to transfer a related case to the MDL.

Plaintiff also argues that transfer would be inconvenient to the *Canup* parties and witnesses. But the Panel repeatedly has held that, while it might inconvenience some parties, transfer of an action is appropriate if it furthers the expeditious resolution of the litigation taken as a whole. *See, e.g., In re IntraMTA Switched Access Charges Litig.*, 67 F. Supp. 3d 1378, 1380 (J.P.M.L. 2014).

We decline plaintiff's request to defer our ruling pending a decision on his motion to remand to state court or defendants' motions to dismiss. The pendency of motions to dismiss and jurisdictional motions are not an impediment to Section 1407 transfer.[4] *See, e.g., In re Ford PowerShift Transmission Prods. Liab. Litig.*, 289 F. Supp. 3d 1350, 1352 (J.P.M.L. 2018); *In re Procter & Gamble Co. "Protect, Grow and Restore" Mktg. & Sales Pracs. Litig.*, 796 F. Supp. 3d 1373, 1374 (J.P.M.L. 2025). The parties can present these motions to the transferee judge.

---

[3]    Plaintiff argues that whether the leadership counsel defendants were acting at the direction of the court is a merits issue that should not be decided by the Panel. We do not decide this issue, but we recognize that there is no better court to determine whether defendants acted at the transferee court's direction than the transferee court itself.

[4]    Panel Rule 2.1(d) expressly provides that the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion or motion to dismiss is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on the motion if it chooses to do so.

- 3 -

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the Northern District of Florida and, with the consent of that court, assigned to the Honorable M. Casey Rodgers for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

Nathaniel M. Gorton                    Matthew F. Kennelly
Roger T. Benitez                         Dale A. Kimball
Madeline Cox Arleo

**IN RE: 3M COMBAT ARMS EARPLUG
PRODUCTS LIABILITY LITIGATION**                    MDL No. 2885

## SCHEDULE A

<u>Northern District of Texas</u>

CANUP v. AYLSTOCK, ET AL., C.A. No. 4:25-01255