**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

Case No.: 3:26-cv-3359-MCR-HTC

BRANDON CANUP,

     Plaintiff,

v.

BRYAN F. AYLSTOCK, BOBBY
BRADFORD, MICHAEL BURNS,
CLIFF ROBERTS, GREGORY BROWN,
AYLSTOCK WITKIN KREIS &
OVERHOLTZ PLC, FLEMING NOLEN
& JEZ LLP, and MOSTYN LAW FRIM PC,

     Defendants.

_____/

### FNJ DEFENDANTS' MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO PLAINTIFF'S FIRST AMENDED PETITION WITH MEMORANDUM OF LAW

Defendants, GREGORY BROWN AND FLEMING NOLE & JEZ LLP, (referred to herein as "FNJ Defendants"), by and through undersigned counsel, pursuant to Rule 6.1 of the Federal Rules of Civil Procedure and in accordance with Rule 7.1 of the Local Rules for the Nothern District of Florida, hereby file the instant Motion for Enlargement of Time to Respond to Plaintiff's, BRANDON CANUP ("Plaintiff"), First Amended Petition, and in support thereto, state as follows:

Case No.: 3:26-cv-3359-MCR-HTC

1.     Plaintiff filed the now-operative First Amended Petition [D.E 60] on May 16, 2026.

2.     Per this Court's Order on May 6, 2026, FNJ Defendants have until today, May 26, 2026, to respond to Plaintiff's Amended Complaint.  *See id.* (requiring Defendants to respond to Canup's amended pleading within fourteen (14) days of Canup's filing).

3.     This malpractice action arises out of the largest multidistrict litigation in the federal judiciary's history, specifically, *In re 3M Combat Arms Earplug Products Liability Litigation*, MDL No. 2885; *Canup v. 3M*, Member Case No. 8:20-cv-14021-MCR-HTC (N.D. Fla.) (the "3M Proceeding").

4.     The *pro se* Plaintiff, Brandon Canup, has asserted seven (7) causes of action against multiple attorneys and law firms who represented him or served as leadership counsel during the 3M Proceeding.

5.     Canup's Complaint, spanning forty (40) pages, contains 222 paragraphs and references numerous Court Orders entered, and actions taken, during the 3M Proceeding.

6.     Canup has asserted four (4) causes of action against the FNJ Defendants, specifically: (1) Fraudulent Inducement; (2) Breach of Fiduciary Duty; (3) Legal Malpractice; and (4) Civil Conspiracy.  *See id.*

Case No.: 3:26-cv-3359-MCR-HTC

7.     The crux of Canup's case is that the named defendants, attorneys during the 3M Proceeding, did not properly develop Canup's individual case.

8.     Canup also raises complaints regarding numerous Orders issued during the 3M Proceeding.

9.     FNJ Defendants intend to promptly respond to Canup's allegations but require additional time to do so in light of the sheer number of issues which must be addressed in FNJ Defendants' response.

10.    It is well settled that "[w]hen a legal-malpractice case arises from prior litigation, the plaintiff must prove that the client would have obtained a more favorable result in the underlying litigation had the attorney conformed to the proper standard of care." *Rogers v. Zanetti*, 518 S.W.3d 394, 401 (Tex. 2017) (citing *Elizondo v. Krist*, 415 S.W.3d 259, 263 (Tex. 2013)).  Traditionally, this is shown by recreating the underlying case, or proving a "case-within-a-case." *See id.*

11.    As a result, the FNJ Defendants' response to the instant lawsuit will likewise involve litigating a "case-within-a-case." *Id.*

12.    This malpractice action, therefore, involves complex issues of law and fact regarding a lengthy litigation which happened to be the largest MDL in the federal judiciary's history.

13.    Given the nature of the underlying litigation at issue, FNJ Defendants require additional time to finalize their response(s) to Plaintiff's operative pleading.

14.     As such, FNJ Defendants respectfully request a **ten (10) day** enlargement of time, through and including June 5, 2026, to file their response(s) to Plaintiff's First Amended Petition.

15.     Rule 6(b)(1) of the Federal Rules of Civil Procedure, provides in pertinent part:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time:
> (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
> (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

*Id*.

16.     As noted above, the current deadline for the FNJ Defendants to file their responses to Plaintiff's First Amended Petition is May 26, 2026. Thus, the time frame to respond has not yet expired and the Court may enlarge the period for good cause shown.

17.     FNJ Defendants have shown good cause for their requested relief of a ten-day extension and this is FNJ Defendant's first requested extension.

18.     Additionally, this Motion is made in good faith and not for the purpose of delay and no prejudice will befall the Plaintiff if this extension is granted. To that end, it bears to note that Plaintiff recently filed a Motion to Stay Proceedings pending resolution of certain of Plaintiff's Motions.

**Cole, Scott & Kissane**
www.csklegal.com
Miami | Fort Lauderdale West | Fort Lauderdale East | West Palm Beach | Orlando | Jacksonville | Tampa
Bonita Springs | Naples | Pensacola | Fort Myers | Tallahassee | Key West

19.    The firm undersigned has attempted to confer with the *pro se* Plaintiff via email, but as of the filing of this Motion, has not received a response with Plaintiff's position.

20.    A proposed order granting this Motion is submitted herewith.

WHEREFORE, Defendants, GREGORY BROWN AND FLEMING NOLE & JEZ LLP, respectfully request this Honorable Court enter an Order granting its Motion for Enlargement of Time to Respond to Plaintiff's First Amended Petition, and allowing Defendants to respond to the First Amended Petition on or before June 5, 2026.

## **CERTIFICATE OF GOOD FAITH CONFERENCE**

In accordance with Local Rule 7.1(b), the undersigned counsel for the FNJ Defendants hereby certifies that a Partner of this firm conferred with Brandon Canup via email in a good faith effort to resolve the issues raised in this Motion and states that Mr. Canup has not yet responded to the attorneys' conferral efforts.

Respectfully submitted,

By:  *Jonathan Vine*

**Cole, Scott & Kissane**
www.csklegal.com
Miami | Fort Lauderdale West | Fort Lauderdale East | West Palm Beach | Orlando | Jacksonville | Tampa
Bonita Springs | Naples | Pensacola | Fort Myers | Tallahassee | Key West

Case No.: 3:26-cv-3359-MCR-HTC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of May 2026, we electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendants Gregory Brown and Fleming Nolen & Jez LLP.*
222 Lakeview Avenue, Suite 500
West Palm Beach, Fl, 33401
Telephone (561) 383-9200
Facsimile (561) 683-8977
Primary e-mail: jonathan.vine@csklegal.com

By: s/ *Jonathan Vine*
Jonathan Vine, Esq.
Florida Bar No.:  10966

**Cole, Scott & Kissane**
www.csklegal.com
Miami | Fort Lauderdale West | Fort Lauderdale East | West Palm Beach | Orlando | Jacksonville | Tampa
Bonita Springs | Naples | Pensacola | Fort Myers | Tallahassee | Key West