UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CASE NO.: 3:26-cv-3359-MCR-HTC

BRANDON CANUP,

    *Plaintiff*,

v.

BRYAN F. AYLSTOCK, BOBBY BRADFORD,
MICHAEL BURNS, CLIFF ROBERTS, GREGORY
BROWN, AYLSTOCK WITKIN KREIS &
OVERHOLTZ PLC, FLEMING
NOLEN & JEZ LLP, and MOSTYN LAW FIRM PC,

    *Defendants*.

_____/

## FNJ DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STAY PROCEEDINGS WITH MEMORANDUM OF LAW

Defendants, GREGORY BROWN AND FLEMING NOLEN & JEZ LLP, (hereinafter "FNJ Defendants"), hereby provide their Response in Opposition to Plaintiff, BRANDON CANUP (hereinafter "Plaintiff"), Motion to Stay Proceedings [DE 59] (the "Motion to Stay"), and in support thereof, state as follows:

1.    Plaintiff initiated this action on or about November 6, 2025.

2.    This case was originally filed in Texas state court and removed to federal court.

3.    Thereafter, the Aylstock Defendants (Bryan Alystock and Alystock, Witkin, Kreis & Overholtz, P.L.C.) filed a Motion with the Judicial Panel on Multidistrict Litigation, requesting that the case be transferred to the instant Court as a tag-along case in the MDL proceeding entitled *In re 3M Combat Arms Earplug Products Liability Litigation,* MDL No. 2885; *Canup v. 3M*, Member Case No. 8:20-cv-14021-MCR-HTC (N.D. Fla.).

4.     Canup opposed that Motion. *See* Canup's Resp. in Opp. to Motion to Transfer, *In Re 3m Combat Arms Earplug Prods. Liab. Litig.,* MDL No. 2885 DE 2040.

5.     Taking into consideration Canup's opposition, the Judicial Panel on Multidistrict Litigation **granted** the transfer motion on April 2, 2026, entering a Transfer Order.

6.     In the meantime, Canup filed a Motion to Remand to state court [DE 8] and a Motion for Suggestion of Remand [DE 38].

7.     Notably, on April 3, 2026, Canup filed a Motion for Leave to File a First Amended Complaint.

8.     That Motion was granted, and Canup filed his Amended "Petition", the operative pleading in this matter, on May 12, 2026.

9.     On that same date – May 12, 2026 – Canup filed the instant Motion to Stay Proceedings [DE 59], requesting a "limited stay" of substantive proceedings pending resolution of the following threshold motions, all filed by Canup: 1) Plaintiff's Motion to Remand [DE 8]; 2) Plaintiff's Motion for Recusal and Disqualification [DE 37] (which has since been **denied**); and 3) Plaintiff's Motion for Suggestion of Remand to the JPML [DE 38].

10.    Canup argues his requested stay is also warranted for an additional reason. "Canup specifically requests that the Court permitted continued efforts related to service of process upon Defendants Michael Burns and Cliff Roberts pursuant to Canup's pending motion for substituted service." *See* Motion to Stay [DE 59] at page 12, ¶ 2.

11.    As an initial matter, the Court has already ruled on Plaintiff's Motion for Recusal and Disqualification, **denying** same. Accordingly, said Motion is no longer pending and need not be considered.

**Cole, Scott & Kissane**
www.csklegal.com
Miami | Fort Lauderdale West | Fort Lauderdale East | West Palm Beach | Orlando | Jacksonville | Tampa
Bonita Springs | Naples | Pensacola | Fort Myers | Tallahassee | Key West

12.    As explained herein, this action need **not** be stayed pending the resolution of Plaintiff's pending Motion to Remand and Motion for Suggestion of Remand, nor should the action be prevented from proceeding against the remaining Defendants who *have* been served.

13.    There is no current practical need for such a stay, and the Court will likely issue a ruling on the remand in the short term.

14.    Moreover, the Court may take a "preliminary peek" at the merits of the pending Motions, i.e., Canup's Motion to Remand and Motion for Suggestion of Remand, to determine whether there is a likelihood of success on the merits. *See  Feldman v. Flood*, 176 F.R.D. 651, 652–53 (M.D. Fla. 1997) ("While it is not necessary for the Court to, in effect, decide the motion to dismiss to determine whether the motion to stay discovery should be granted, it is necessary for the Court to "take a preliminary peek" at the merits of the motion to dismiss to see if it appears to be clearly meritorious and truly case dispositive.").

15.    As explained herein, Canup's pending Motions are not likely to succeed for the reasons briefed in detail in the Defendants' Responses in Opposition, and for this reason, among others explained  herein, a stay should not be granted.

## **MEMORANDUM OF LAW**

District courts possess inherent authority to control their dockets and stay proceedings in the interests of judicial economy and fairness. *Landis v. North American Co.,* 299 U.S. 248, 254–55 (1936); *Clinton v. Jones,* 520 U.S. 681, 706 (1997).  While courts possess discretion to stay proceedings in the interest of efficiency, *Landis* requires a clear showing of hardship or inequity, not mere speculation or tactical inconvenience. 299 U.S. at 255. Relevant factors in considering a motion to stay (1) whether the stay applicant has made a ***strong showing*** that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether

**Cole, Scott & Kissane**
www.csklegal.com
Miami | Fort Lauderdale West | Fort Lauderdale East | West Palm Beach | Orlando | Jacksonville | Tampa
Bonita Springs | Naples | Pensacola | Fort Myers | Tallahassee | Key West

issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Swain v. Junior*, 958 F.3d 1081, 1088 (11th Cir. 2020). Notably (and absent from Canup's Motion), "[d]istrict courts are further required to assign **greater weight** to the first two factors." *CHG Med. Staffing, Inc. v. Rachel Shafer*, No. 23-61703-CIV, 2024 WL 4880993, at *1 (S.D. Fla. Feb. 21, 2024) (citing *Swain,* 958 F.3d at 1088). "Such motions are **not favored** because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (citing *Kron Medical Corp. v. Groth,* 119 F.R.D. 636 (M.D.N.C.1988)). Furthermore, as recognized by Canup, any stay must be reasonable in scope and duration and supported by a clear justification. *Ortega Trujillo v. Conover & Co. Communications, Inc.,* 221 F.3d 1262, 1264–65 (11th Cir. 2000).

A plaintiff should not be able to create issues in order to justify a stay, as Canup has done here. As outlined in FNJ Defendants' Response in Opposition to Plaintiff's Motion for Remand, Canup's Motion for Suggestion of Remand is a Motion for Reconsideration in disguise. *See* Resp. in Opp. to Pl's Motion for Suggestion of Remand [DE 50]. The Panel already considered the arguments raised by Canup regarding the proper Court to hear this action when the Panel issued its Transfer Order, transferring this proceeding to the Northern District of Florida for inclusion in the MDL. Moreover, this case should not be remanded to state Court for the reasons outlined in detail in FNJ Defendants' Responses in Opposition, which are incorporated herein by reference. *See* FNJ Def.'s Resp. in Opp. to Motion for Remand [DE 14]. Here, the Court should take into consideration the likelihood that Canup would prevail on the merits of his Motion for Remand, which FNJ Defendants assert, is **minimal**. *Cf. Hill v. Allstate Fire and Insurance Company, No.*

*6:24-cv-00462-CEM-DCI, ECF No. 23* (M.D. Fla. June 17, 2024) (granting stay after finding apparent preliminary merit in the motion to remand);

Again, the Court and the MDL have already ruled on the items Canup takes issue with. However, Canup, unhappy with the rulings, has filed a Motion to Remand and a Motion for Suggestion of Remand (as well as the Motion for Recusal which was denied), attempting any possible avenue to get this case in front of a new Judge who is unfamiliar with the complexities of the underlying litigation giving rise to the instant case. A stay should **not** be granted here because remand is not likely. Accordingly, Canup's requested stay will not enhance efficiency, it will only delay resolution of this lawsuit while Canup continues to assert arguments that have already been rejected.

Defendants would be prejudiced by further delay of an action based upon arguments that have already been heard by the Court. A stay would also not serve the public interest or judicial economy, as the risk that this case will be remanded is minimal. Additionally, Canup has taken contradictory positions. Most recently, he moved for leave to amend his Complaint, which was granted by this Court. Additionally, when the FNJ Defendants previously sought a stay pending the transfer of this case to the MDL, Canup **opposed** same. It also bears noting that no discovery has been served upon Canup (at least by the FNJ Defendants) and no Rule 12 motion has yet been filed. Thus, Canup is not faced with any irreparable harm, and in all likelihood, the Court will issue a ruling on his pending Motions before a ruling is issued on yet-to-be filed dispositive motions. Accordingly, the factors identified in *Landis* and its progeny weigh against, not in favor of, a stay.

WHEREFORE, Defendants, GREGORY BROWN AND FLEMING NOLEN & JEZ, LLP, respectfully request that this Honorable Court deny Plaintiff's, BRANDON CANUP, Motion to Stay Proceedings and enter any other relief this Honorable Court deems just and proper.

### CERTIFICATE PURSUANT TO LOCAL RULE 7.1(F)

I hereby certify that the above Response in Opposition, excluding the case style, signature block, and any certificate of service, contains 1384 Words, in compliance with Local Rule 7.1(F), and does not exceed eight thousand (8,000) words.

By:  *s/ Jonathan Vine*
Jonathan Vine, Esq.
Florida Bar No.:  10966

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of May 2026, a copy of the foregoing is being served upon all counsel of record by CM/ECF.

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendants, Gregory Brown and Fleming Nolen & Jez LLP.*
222 Lakeview Avenue, Suite 500
West Palm Beach, FL, 33401
Telephone (561) 383-9200
Facsimile (561) 683-8977
Primary e-mail: jonathan.vine@csklegal.com

By:  *s/ Jonathan Vine*
     Jonathan Vine, Esq.
     Florida Bar No.:  10966

**Cole, Scott & Kissane**
www.csklegal.com
Miami | Fort Lauderdale West | Fort Lauderdale East | West Palm Beach | Orlando | Jacksonville | Tampa
Bonita Springs | Naples | Pensacola | Fort Myers | Tallahassee | Key West