UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

BRANDON CANUP,

    Plaintiff,

    v.

BRYAN F. AYLSTOCK, et al,

    Defendants.

Case No.: 3:26-cv-3359-MCR-ZCB

_____/

### MOSTYN LAW'S MOTION TO DISMISS

Defendant Mostyn Law Firm P.C. did not advise Plaintiff Brandon Canup, access his medical records, or demand that he agree to anything. Maybe others did, but not Mostyn Law. Under Rule 12(b)(6), because Canup fails to state a claim upon which relief can be granted against Mostyn Law, the Court should dismiss all claims against it.

### ARGUMENT

Canup alleges no direct dealings with Mostyn Law. Canup was not its client—Canup retained other counsel to represent him in pursuing a claim against 3M Company for faulty earplugs. First Am. Compl. (ECF 60) ("FAC") ¶ 28, 64. Instead, Canup identifies Mostyn Law as a "Florida Defendant," FAC ¶ 11, and alleges that these defendants communicated with Canup through his attorney, FAC ¶ 137, 153. In doing so, Canup does not distinguish Mostyn Law's conduct from the others. *See*

*Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021) (affirming the dismissal of a shotgun pleading that lumped defendants together "rendering it unclear and confusing as to which defendant was being charged with which specific conduct." (cleaned up)). Still, in the light most favorable to Canup, he appears to allege that Mostyn Law acted through Defendant Michael Burns and Defendant Bobby Bradford. That its liability was vicarious.

Canup's four claims against Mostyn Law should be dismissed for two reasons. First, the underlying claims against its alleged agents must be dismissed, and because Mostyn Law's liability depends on the success of those claims, the claims against Mostyn Law cannot survive. Second, Canup fails to plausibly allege that Burns or Bradford acted on behalf of Mostyn Law. Without agency, no vicarious liability follows.

1.  **The claims against alleged agents fail, and consequently, the claims against Mostyn Law fail.**

Mostyn Law's liability depends on Burns's and Bradford's liability. Under Texas and Florida law, respondeat superior and vicarious liability is derivative in nature—a principal cannot be held liable unless an agent's conduct is actionable. *Johnson v. Sawyer*, 47 F.3d 716, 730 (5th Cir. 1995) ("*Respondeat superior* does not impose liability on the employer [or principal] *unless* the employee's [or agent's] conduct has been actionable.") (citing *Knutson v. Morton Foods, Inc.,* 603 S.W.2d 805, 807 n.2 (Tex. 1980));

*Tsuji v. Fleet*, 366 So. 3d 1020, 1032 (Fla. 2023). Accordingly, because the claims against the alleged agents fail, so do the claims against Mostyn Law.

To avoid duplicate briefing, Mostyn Law adopts the motions to dismiss filed by Bryan Aylstock, Bradford, and their firm (ECF 66).[1]

## 2.    Burns and Bradford were not Mostyn Law's agents.

Canup fails to plausibly allege that Burns or Bradford acted on Mostyn Law's behalf. Each is considered in turn.

Canup alleges that Burns provided legal advice to Canup. FAC ¶ 84. In doing so, Canup alleges Burns committed fraud (Count B1) and breached a fiduciary duty to Canup (Count B2). FAC at 27-31. Canup identifies Burns as Mostyn Law's agent—Burns was "affiliated with Mostyn Law," FAC ¶ 8. Canup's theory is that Mostyn Law is liable for Burns's alleged misconduct. FAC at ¶ 147-48, 163.

Even if Burns was affiliated with Mostyn Law for some work, the complaint makes clear that he was not acting for Mostyn Law during any alleged misconduct. The misconduct alleged in the complaint began in September 2023, FAC ¶ 56, shortly

---

[1] The Court may apply Florida law because it is substantially the same as Texas law and would not affect the outcome of the issues address in the motion to dismiss. *See Toyota Motor Co. v. Cook*, 581 S.W.3d 278, 283 (Tex. App. 2019) ("We only undertake a choice of law analysis if a conflict of law exists that affects the outcome of an issue."); *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414, 419 (Tex. 1984).

after a master settlement was reached in the 3M multidistrict litigation ("MDL"), FAC ¶ 38. Fairly, in 2019, the Court had appointed "Burns of Mostyn" to the plaintiffs' leadership. FAC ¶ 26. Yet by the time of the misconduct in 2023, the Court had already terminated the MDL's existing plaintiffs' leadership structure. FAC ¶ 53. Burns had no further leadership authority. *Id.* Mostyn Law had no role in leadership. FAC ¶ 55. Indeed, its involvement in leadership ended in 2020, when Burns left Mostyn Law, started Burns Law LLC, and served in MDL leadership through his new firm. Because Burns was no longer acting in his leadership role by September 2023, he was no longer acting on Mostyn Law's behalf in that expired role. Canup never alleges otherwise.

Separately, Canup alleges that Bradford committed fraud (Count B3). FAC at 32-34. Bradford was a partner at Defendant Aylstock, Witkin, Kreis & Overholtz PLC. FAC at ¶ 7. Nevertheless, Canup contends that Mostyn Law is liable because it too was "Bradford's principal[]." FAC at ¶ 181-182. Yet Canup never explains what made Bradford an agent of Mostyn Law. This "bare assertion[]" "amount[s] to nothing more than a "formulaic recitation of the elements." *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). As such, it is "not entitled to be assumed true." *Id.* This Court should reject as implausible Canup's conclusionary allegation that Bradford acted on Mostyn Law's behest while he was a partner in another firm. "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 555 (2007). And here, Canup offers nothing aside from a bare assertion that Bradford was Mostyn Law's agent.

## CONCLUSION

As alleged in the complaint, Mostyn Law was not involved any misconduct. Because Canup's claims against the two alleged agents fail, the vicarious claims against Mostyn Law fail. The Court should dismiss all claims against Mostyn Law.

**N.D.  Fla. Loc. R. 56.1(E) Certificate of Word Limit**

This filing contains 1,011 words.

Respectfully submitted,

s/Benjamin James Stevenson
**Benjamin James Stevenson**
Stevenson Legal PLLC
919 Panferio Drive
Pensacola Beach, FL 32561
T. 702.306.6708
bjs@stevenson-legal.com

*Counsel for Mostyn Law Finn*