UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

BRANDON CANUP,

    Plaintiff,                              Case No.: 3:26-cv-3359-MCR-ZCB

    v.

BRYAN F. AYLSTOCK, et al,

    Defendants.

_____ /

## MOSTYN LAW'S MOTION TO ACCEPT MOTION TO DISMISS AS TIMELY

Insufficient service of process meant Defendant Mostyn Law Firm P.C had no obligation to respond to the complaint. Nevertheless, to advance a speedy resolution on the merits, Mostyn Law waived that defense and strived to file its motion to dismiss on the Court's set schedule. It was delayed by a couple of hours while it reviewed and adopted another defendant's motion to dismiss to avoid duplicative briefing. The Court should accept Mostyn Law's motion to dismiss (ECF 67) as timely.

## BACKGROUND

On October 27, 2025, Plaintiff Brandon Canup filed this action in Texas state court against Mostyn Law and others. State Compl., ECF 49 at 42. Days later, Canup served the complaint on Andrew Browning, whom Canup identified as Mostyn Law's

registered agent. Certificate of Service, ECF 5 at 3. Yet Browning wasn't. Browning Decl., ECF 65 at 19. Browning told the process server he was not the registered agent and refused to accept the complaint. *Id.* at ¶ 3. He only accepted it after the server falsely told him he was also named as a defendant. *Id.*

Service was therefore defective. Thrusting a complaint on a person who is no longer an agent is ineffective. Canup might have proceeded in two ways. He could have served Mostyn Law's manager at the firm's office on Alabama Street, the address listed on the summons. Tex. Bus. Org. Code § 5.255. Canup didn't; instead, he located Browning at his new place of employment. Browning Decl., ECF 65 at 19; Certificate of Service, ECF 5 at 3 (service on Memorial Drive, not Alabama Street). Alternatively, if Mostyn Law had failed to notify the Texas Secretary of State of its new registered agent, Canup would have been authorized to serve the secretary. Tex. Bus. Org. Code § 5.251. Yet Canup did not serve the secretary either. Service was never completed.

The case was removed to federal court and transferred from Texas to this Court. Because Mostyn Law had not been properly served under Texas law, it did not initially file a motion to dismiss.

On May 12, 2026, Canup filed a First Amended Complaint. ECF 60. Under the Court's scheduling order, defendants had 14 days to respond. Order (ECF 54). Defendant Gregory Brown sought and received a 10-day extension. ECF 63, 68.

Defendant Bryan Aylstock filed a motion to dismiss after 11:00 p.m. on May 26—the deadline. ECF 66. Mostyn Law reviewed Aylstock's motion, adopted it, and filed its own motion to dismiss two hours later, at 1:31 a.m. on May 27. ECF 67.

## ARGUMENT

The Court should accept Mostyn Law's motion to dismiss (ECF 67) as timely for two reasons. First, because Canup never properly served Mostyn Law, the firm had no obligation to respond by any deadline. Second, even if a deadline applied, Mostyn Law has excusable neglect for the modest delay: it waited to review and adopt Aylstock's motion to avoid duplicative briefing, Canup suffered no prejudice, the delay was minimal, and Mostyn Law acted in good faith throughout.

## 1.    Mostyn Law had no obligation to respond to the complaint.

Because Canup never properly served Mostyn Law, no deadline to respond ever arose. Service of process is a jurisdictional prerequisite: "[a] court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Hemispherx Biopharma, Inc. v. Johannesburg Consol. Investments,* 553 F.3d 1351, 1360 (11th Cir. 2008) (quoting *Pardazi v. Cullman Med. Ctr.,* 896 F.2d 1313, 1317 (11th Cir. 1990)).

The U.S. Supreme Court is equally clear: "[a]n individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 347 (1999). A defendant's time to act is "triggered by

formal service"—"not by mere receipt of the complaint unattended by any formal service." *Id.* at 348. Service is the *sine qua non* that brings a defendant within the Court's authority and starts the clock. *Id.* at 351.

Because Canup's service was defective, Mostyn Law had no legal obligation to respond by any deadline. Its filing of the motion to dismiss, however "late," was entirely voluntary—a good-faith effort to resolve this case on the merits rather than on procedural grounds. The Court should accept Mostyn Law's motion to dismiss as timely.

**2.   Alternatively, excusable neglect warrants relief.**

Even if a deadline applied, Mostyn Law satisfies the excusable neglect standard under Rule 6(b)(1)(B). It wanted to streamline the litigation by reviewing Aylstock's motion to dismiss before adopting it. This Court should accept the motion to dismiss as timely.

Under *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership,* 507 U.S. 380, 395 (1993), courts weigh four factors: (1) prejudice to the opposing party; (2) length of the delay and its impact on proceedings; (3) reason for the delay; and (4) good faith. The Eleventh Circuit applies this framework. *Locke v. SunTrust Bank,* 484 F.3d 1343, 1346 (11th Cir. 2007); *Advanced Estimating Sys. v. Riney,* 77 F.3d 1322, 1324 (11th Cir. 1996). All four factors favor Mostyn Law.

Prejudice: none. This case is in its earliest stages—no scheduling order has issued, no discovery has begun, and Canup's ability to litigate is wholly unaffected.

Length of delay: de minimis. The motion was filed two hours after the deadline. Defendant Brown has not yet filed a motion to dismiss. *See* Order (ECF 68). Other defendants have not yet been served. *See* ECF 69.

Reason for delay: legitimate and reasonable. Mostyn Law delayed its filing to review Aylstock's motion before adopting it. This avoided duplicative briefing and served the interests of judicial economy. *See* Fed. R. Civ. P. 1. Aylstock's motion was not filed until after 11:00 p.m., leaving Mostyn Law little choice but to file after midnight.

Good faith: clear. Mostyn Law promptly conferred with Canup upon discovering the issue and filed this motion without delay. There is no hint of gamesmanship or dilatory intent.

## CONCLUSION

The Court should accept its motion to dismiss (ECF 67) as timely filed. Treating the motion as a nullity would be a drastic and unwarranted sanction for a two-hour delay that harmed no one. *Mitchell v. Brown & Williamson Tobacco Corp.,* 294 F.3d 1309, 1317 (11th Cir. 2002). Granting leave will allow the Court to reach the merits promptly and efficiently.

**Certificate of Conferral—Local Rule 7.1(B)**

Benjamin Stevenson reached out to Brandon Canup on May 27, 2026. The following day, they conferred on the telephone in good faith to resolve the dispute raised in this motion. On May 29, after additional time to consider the motion, Canup stated that he opposed the relief.

**N.D.  Fla. Loc. R. 7.1(F) Certificate of Word Limit**

This filing contains 1,183 words.

Respectfully submitted,

s/Benjamin James Stevenson
**Benjamin James Stevenson**
Stevenson Legal PLLC
919 Panferio Drive
Pensacola Beach, FL 32561
T. 702.306.6708
bjs@stevenson-legal.com

*Counsel for Mostyn Law Firm*