**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

| | |
|---|---|
| BRANDON CANUP, | Case No. 3:26-cv-3359-MCR-ZCB |
| *Plaintiff,* | |
| v. | |
| BRYAN F. AYLSTOCK, et al., | PLAINTIFF BRANDON CANUP'S MOTION FOR RECONSIDERATION |
| *Defendants.* | |

**PLAINTIFF BRANDON CANUP'S CONSOLIDATED MOTION FOR
RECONSIDERATION, OR IN THE ALTERNATIVE, TO CERTIFY ORDER FOR
INTERLOCUTORY APPEAL, MOTION TO STAY PROCEEDINGS AND
<u>INCORPORATED MEMORANDUM OF LAW</u>**

COMES NOW Plaintiff Brandon Canup ("Canup"), proceeding pro se, and pursuant to Rule 54(b), files this Motion for Reconsideration ("Motion for Reconsideration") and respectfully states as follows:

On May 29, 2026, the Court entered an Order denying Canup's Motion to Remand. *See* Dkt. 70. In that Order, the Court found federal-question jurisdiction over Canup's claims and further concluded that Mostyn Law Firm, P.C. ("Mostyn") cured any defect in unanimous consent by filing a procedurally defective motion to dismiss approximately six months after removal. The Court reached that conclusion without first determining whether Mostyn had been properly served before removal. *Id.*

That unresolved factual issue is material. If Mostyn was properly served before removal, then its timely consent was required under 28 U.S.C. § 1446(b)(2)(A). If Mostyn was not properly served before removal, then its consent was not required. The Court's conclusion that Mostyn later "manifested consent" to federal jurisdiction by filing a motion to dismiss does not resolve the

threshold issue whether a defect existed at the time of removal or whether such a defect could be cured months later.

For the reasons stated in the Memorandum in Support below, Canup respectfully requests that the Court reconsider its Order denying remand, make the necessary factual findings as to whether Mostyn was properly served before removal, and remand this action to Texas state court. Canup incorporates the Memorandum in Support as if fully set forth herein.

### REQUEST FOR RELIEF

WHEREFORE PREMISES CONSIDERED, Canup respectfully requests that this Court reconsider its Order denying remand, Dkt. 70, and remand this action to Texas state court. Canup further requests that the Court immediately stay all proceedings pending resolution of this Motion for Reconsideration and the pending mandamus proceedings in the United States Court of Appeals for the Eleventh Circuit. *See* Dkt. 73. **Canup respectfully requests an expedited ruling on his request to stay all proceedings so that if the Court declines to stay proceedings, Canup can seek a stay of these proceedings from the Eleventh Circuit in the related mandamus proceedings without delay.**

Alternatively, if the Court declines to remand, Canup respectfully requests that the Court make express factual findings necessary for meaningful appellate review, including: whether Mostyn was properly served before removal; whether Canup timely raised the unanimity defect; when Mostyn's thirty-day deadline to join in or consent to removal expired; whether any defect in unanimous consent existed at the time of removal; whether Mostyn's Motion to Dismiss clearly and unambiguously manifested consent to removal; the specific filing or conduct by which Mostyn allegedly cured any defect; the date on which any such cure occurred and any other findings necessary to decide the issue.

2

Canup further requests that, if the Court maintains its denial of remand, the Court amend the Order, Dkt. 70, to include certification for interlocutory appeal under 28 U.S.C. § 1292(b), because the Order presents controlling questions of law as to federal subject-matter jurisdiction and removal procedure, substantial grounds exist for difference of opinion, and immediate appellate review may materially advance the ultimate termination of this litigation. If the Court certifies the Order for interlocutory appeal, Canup respectfully requests that the Court stay all proceedings pending interlocutory appeal and the pending mandamus proceedings in the United States Court of Appeals for the Eleventh Circuit. *See* Dkt. 73.

In the further alternative, if the Court denies this Motion in full, Canup respectfully requests that the Court stay all proceedings pending resolution of the mandamus proceedings currently pending in the United States Court of Appeals for the Eleventh Circuit. *Id.*

Canup respectfully requests all other and further relief to which he may be justly entitled.

Signed this 5th day of June, 2026.

Respectfully submitted,

Brandon Canup, Plaintiff
4812 Hidden Oaks Ln
Arlington, Texas 76017
Tel.: (972) 762-4314
canup.brandon@gmail.com

*pro se*

3

## CERTIFICATE OF CONFERENCE

The moving party complied with the attorney-conference requirement of Local Rule 7.1(B). Canup attempted to confer in good faith by email to resolve the issue(s) set forth. Results of conference(s): I emailed counsel of record for all Defendants, all Defendants are opposed, therefore, this motion is submitted to the Court as opposed.

Brandon Canup

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on or about June 5, 2026, a true and correct copy of this response was sent to counsel for all parties via email, US Mail and/or the CM/ECF service pursuant to the Federal Rules of Civil Procedure.

Brandon Canup

## INCORPORATED MEMORANDUM OF LAW

### I.    INTRODUCTION

This Motion seeks reconsideration of two threshold rulings in the Court's May 29, 2026 Order denying remand. *See* Dkt. 70. First, the Court found federal-question jurisdiction under *Grable* even though Canup's operative claims are state-law claims for fraud, breach of fiduciary duty, civil conspiracy, and related relief, and even though any asserted federal issue arises, if at all, from Defendants' anticipated reliance on MDL orders, settlement procedures, or purported court-created authority as defenses. *See* Dkt. 70 at 10–14. That conclusion overlooks the distinction between a federal issue necessarily raised by a plaintiff's well-pleaded claim and one raised by a defendant's anticipated defense.

Second, the Court concluded that any unanimity defect was cured by Mostyn Law Firm, P.C.'s procedurally defective motion to dismiss without first determining whether Mostyn was properly served before removal, whether its consent was required, when any consent deadline expired, whether a defect existed at removal, and whether such a defect could be cured months later by a motion to dismiss. *See* Dkt. 70 at 15–17. Mostyn has since moved to accept its out-of-time motion to dismiss as timely, confirming that the Order's cure analysis rested on an unresolved procedural premise: whether the late-filed motion relied upon as implied consent was properly before the Court and legally capable of curing any removal defect.

Because these issues go to removal jurisdiction and the validity of removal procedure, Canup respectfully requests reconsideration, remand to Texas state court, or, alternatively, amendment of the Order to make the necessary findings and certify the controlling jurisdictional questions for interlocutory appeal under 28 U.S.C. § 1292(b).

### II.    BACKGROUND

This action arises from Canup's underlying claim in the 3M Combat Arms Earplugs MDL. Canup was initially represented by FNJ Defendants and Cliff Roberts. After the 2023 Master Settlement Agreement, participating counsel agreed to recommend the settlement to eligible claimants and withdraw from representing claimants who opted out. Canup rejected the settlement, retained David Gamble in January 2024, and Defendants withdrew.[1]

Canup alleges that AWKO Defendants, Michael Burns, and Mostyn Law Firm, P.C. then became involved in his 3M litigation through case-specific communications and interactions between February 22, 2024, and April 25, 2024. Canup later settled his 3M claims independently of the MSA. Dkt. 60 ¶¶ 79–92, 95.

Canup filed this action in Texas state court on October 27, 2025. The operative Amended Complaint asserts fraud, breach of fiduciary duty, civil conspiracy, and related claims. *Id.* ¶¶ 101–203. Gregory Brown removed the action on November 6, 2025,[2] and Canup timely moved to remand on November 21, 2025 challenging subject matter jurisdiction and lack of unanimous consent. *See* Dkt. 8. Aylstock then sought transfer to the MDL Court, and the JPML transferred the action on April 2, 2026. See Dkts. 11–12, 23, 30.

---

[1] FNJ Defendants delayed withdrawing from Canup's case, Canup opted out of the MSA on January 21, 2024 and Gregory Brown filed his motion to withdraw on February 15, 2024, one week before a major production deadline in Canup's case and more than five months after FNJ Defendants agreed with 3M and other participating counsel to cease developing Canup's case in the MDL. *See* Dkt. 37, Ex. 2, Docket Report, *Canup v. 3M Co. et al.*, No. 8:20-cv-14021-MCR-HTC (N.D. Fla.); *see also* MDL Settlement Agreement, MSA 1 at 6 and ¶ 8.1.4 at 20, *https://www.uscourts.gov/courts/flnd/3M-MSA_I.pdf* (last accessed May 12, 2026).

[2] Brown removed this case despite being a non-diverse Texas defendant, and without ensuring all of his co-defendants consented to removal, including Mostyn Law Firm, P.C., another Texas Defendant who had already been properly joined and served. *See* Dkt. 8; Dkt. 9 at 2, 6–7. Brown filed the Notice of Removal and was the sole signatory. The docket entry, however, reflects participation by the AWKO Defendants, stating: "NOTICE OF REMOVAL filed by Gregory Donald Brown, Aylstock, Witkin, Kreis & Overholtz, PLL." *See* Dkt. 1; *see also* Docket Report, *Canup v. Aylstock, et al.*, No. 3:26-cv-03359-MCR-ZCB (N.D. Fla.)

After transfer, Canup moved to amend, moved for recusal, and sought a suggestion of remand. *See* Dkts. 34, 37, 38. The Court granted leave to amend, and Canup filed the Amended Complaint on May 12, 2026. *See* Dkts. 54, 60. The Court denied recusal on May 17, 2026. *See* Dkt. 61.

On May 26, 2026, AWKO Defendants filed a renewed motion to dismiss again asserting that their "only interactions with Plaintiff were on behalf of Plaintiffs' MDL Leadership at the request of the MDL Court" and that Canup's claims improperly challenge conduct undertaken pursuant to court-appointed MDL leadership functions. *See* Dkt. 66 at 2–3, 13–17.

On May 29, 2026, the MDL Court denied Canup's motion to remand, concluding that federal question jurisdiction existed over his state law claims and permitting Defendant Mostyn Law Firm, PC to "cure" the lack of unanimous consent[3] by filing a motion to dismiss more than 6 months after removal of this case from state court and without ever opposing remand. *See* Dkt. 70 at 15–17.

On May 30, 2026, Canup filed a Petition for Writ of Mandamus in the United States Court of Appeals for the Eleventh Circuit, seeking an order directing Judge Rodgers to recuse from this action, reassigning the case to a different district judge, and vacating the Order denying recusal. *See* Dkt. 73.

On June 3, 2026, Mostyn Law Firm, P.C. filed a motion asking the Court to retroactively accept its late-filed motion to dismiss as timely. *See* Dkt. 75. Mostyn acknowledged that its motion to dismiss was filed after the Court-ordered deadline, but argued that no deadline applied because service was allegedly defective. *Id.* at 1–4. Alternatively, Mostyn sought relief under Rule

---

[3] *See* Dkts. 9-1, 9-3 (showing Mostyn was properly served on November 4, 2025, 2 days before removal, when it's registered agent Andrew Browning accepted the state court petition and citation).

6(b)(1)(B), asserting excusable neglect. *Id.* at 4–5. Thus, after the Court relied on Mostyn's motion to dismiss as implied consent sufficient to cure the lack of unanimous consent, Mostyn confirmed that the purported curing act was itself untimely and dependent on later judicial approval.

### III.    ARGUMENT AND AUTHORITY

#### A.  Legal Standard

Because the order at issue is interlocutory, reconsideration is governed by Federal Rule of Civil Procedure 54(b). Rule 54(b) provides that any order adjudicating fewer than all claims or the rights and liabilities of fewer than all parties "may be revised at any time before the entry of a judgment." Fed. R. Civ. P. 54(b). The decision whether to reconsider an interlocutory order is committed to the sound discretion of the district court. *Region 8 Forest Serv. Timber Purchasers Council v. Alcock,* 993 F.2d 800, 806 (11th Cir. 1993).

Although Rule 54(b) gives the Court authority to revise interlocutory orders, reconsideration remains an extraordinary remedy to be used sparingly. An interlocutory motion for reconsideration consumes "scarce judicial resources" and is an "extraordinary remedy to be employed sparingly." *Madura v. BAC Home Loans Servicing L.P.,* 851 F. Supp. 2d 1291, 1296 (M.D. Fla. 2012) (quoting *Lamar Adver. of Mobile, Inc. v. City of Lakeland,* 189 F.R.D. 480, 489 (M.D. Fla. 1999)). Motions for reconsideration under Rule 54(b), Rule 59, and Rule 60 are generally evaluated under the same standard. *Grasso v. Electrolux Home Prod., Inc.,* No. 15-cv-20774, 2016 WL 2625746, at *1 (S.D. Fla. Mar. 24, 2016) (citing *Alcock,* 993 F.2d at 805–06).

Reconsideration is appropriate only in limited circumstances: where there has been an intervening change in controlling law, newly available evidence, or a need to correct clear error or prevent manifest injustice. *Parker v. Esper,* No. 19-cv-126, 2020 WL 4480739, at *1 (N.D. Fla. Aug. 4, 2020), aff'd, 856 F. App'x 807 (11th Cir. 2021); *Fenello v. Bank of Am., NA,* 577 F. App'x

8

899, 903 n.7 (11th Cir. 2014). The factors identified in Rule 60(b), including mistake, inadvertence, surprise, excusable neglect, or other reasons justifying relief, may also inform the Court's Rule 54(b) analysis. See Fed. R. Civ. P. 60(b)(1), (6); *Hermann v. Hartford Life & Accident Ins. Co.,* 508 F. App'x 923, 927 n.1 (11th Cir. 2013); *Berisha v. Stan, Inc.,* 461 F. Supp. 3d 1257, 1259 (S.D. Fla. 2020).

A motion for reconsideration is not a vehicle to relitigate matters already decided or to present arguments that could have been raised earlier. *Roig v. United Parcel Serv., Inc.,* No. 20-60811-CIV, 2022 WL 3581354, at *4 (S.D. Fla. Aug. 17, 2022), aff'd sub nom. *Est. of Roig by & through Olivera v. United Parcel Serv., Inc.,* No. 22-13043, 2023 WL 5321473 (11th Cir. Aug. 18, 2023). Rather, the movant must identify facts or law of a "strongly convincing nature" sufficient to justify revision of the Court's prior ruling. *Burger King Corp. v. Ashland Equities, Inc.,* 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002).

Accordingly, reconsideration is warranted here only to the extent necessary to correct clear error, prevent manifest injustice, or address a material mistake in the Court's prior ruling.

### B. Argument

1. **Reconsideration Is Warranted Because the Order Did Not Determine Whether Mostyn Was Properly Served Before Removal or Whether Any Unanimity Defect Was Timely Curable**

Reconsideration is warranted because the Order denied remand based on a presumed cure of any unanimity defect without resolving the threshold issues necessary to determine whether removal was procedurally proper. Those unresolved issues include: whether Mostyn Law Firm, P.C. was properly served before removal; whether Canup timely raised the unanimity defect; whether Mostyn's consent was required at the time of removal; if so, when Mostyn's thirty-day deadline to join in or consent to removal expired; whether any defect in unanimous consent existed at the time of removal; whether Mostyn's Motion to Dismiss clearly and unambiguously

9

manifested consent to removal; the specific filing or conduct by which Mostyn allegedly cured any defect; the date on which any such cure occurred; and whether any alleged cure occurred within a legally effective time period. The rule of unanimity requires that "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). The Order correctly recognizes that the unanimity rule applies regardless of whether removal is based on diversity jurisdiction or federal-question jurisdiction. Dkt. 70 at 15 n.10. The Order also recognizes that "Canup filed a timely motion to remand, contesting jurisdiction and asserting that several defects in the removal process require remand to state court."[4] *Id.* at 8.

Canup's executed Return of Service showed that Mostyn was served on November 4, 2025, through Andrew Browning, its registered agent. *See* Dkt. 9, App., Ex. 1. Brown removed the action two days later, on November 6, 2025, without Mostyn's consent. *See* Dkt. 1. If Mostyn was properly served on November 4, 2025, then its consent was required when the case was removed, and its thirty-day deadline to join in or consent to removal expired on December 4, 2025.

The factual and legal issues surrounding service were fully briefed in Canup's Motion to Remand and Reply in support of that motion. *See* Dkts. 8, 9, 19. Canup incorporates those arguments here by reference as if fully set forth herein. Canup relied on a sworn executed return of service and Texas Secretary of State records identifying Andrew Browning as Mostyn's registered agent. *See* Dkt. 9, App., Ex. 3.  FNJ Defendants disputed service through post-removal

---

[4] A timely raised unanimity defect cannot be disregarded as harmless or technical merely because the delay was minor or inadvertent. *See Beard v. Lehman Bros. Holdings, Inc.,* 458 F. Supp. 2d 1314, 1317–18 (M.D. Ala. 2006) ("Where a plaintiff timely alleges and proves that a defendant has not timely filed a removal petition in accordance with statutory procedures, the district court, as a court of limited jurisdiction, cannot disregard an evident procedural defect, regardless of the triviality or inadvertent nature of the defect."); *Yezzi v. Hawker Fin. Corp.,* No. 09-0537-KD-N, 2009 WL 4898380, at *7 (S.D. Ala. Nov. 20, 2009), report and recommendation adopted, No. 09-0537-KD-N, 2009 WL 10688917 (S.D. Ala. Dec. 10, 2009) (same).

arguments and an unsworn declaration executed after removal. That dispute required a finding because § 1446(b)(2)(A) turns on whether a defendant was "properly joined and served." If Mostyn was properly served before removal, its consent was required. If Mostyn was not properly served before removal, then no Mostyn-based unanimity defect existed to cure. Either way, the Court could not determine whether a defect existed, or whether it was cured, without first determining whether Mostyn was properly served before removal.

The Order acknowledges that "there are questions concerning whether Mostyn Law Firm was properly joined and served at the time of removal,"[5] but concludes that the Court "need not address the merits of these arguments because to the extent any defect in unanimity existed, it has been cured."[6] Dkt. 70 at 15–16. Respectfully, that sequence was clear error. The existence, timing, and cure of any unanimity defect depended on the threshold service finding. Although the Order treated Mostyn's Motion to Dismiss as the alleged curing conduct, it did not establish whether Mostyn's consent was required, whether Canup timely raised the unanimity defect, when any

---

[5] Removal statutes are strictly construed, and all doubts or uncertainties about removal jurisdiction must be resolved in favor of remand. *See Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir. 1994) (recognizing the presumption against federal removal jurisdiction and requiring uncertainties to be resolved in favor of remand); *Univ. of S. Ala. v. Am. Tobacco Co.,* 168 F.3d 405, 411 (11th Cir. 1999) (explaining that federalism concerns require strict construction of removal statutes with all doubts resolved in favor of remand ).

[6] The unanimity requirement does not require every defendant to sign the same notice of removal, but each properly served defendant must clearly, officially, and unambiguously communicate its consent to removal to the court within the thirty-day removal period. *See Clyde v. Nat'l Data Corp.,* 609 F. Supp. 216, 218 (N.D. Ga. 1985) (consent "must be expressed to the court within the thirty day period, whether by petition, written consent or oral consent"); *Newman v. Spectrum Stores, Inc.,* 109 F. Supp. 2d 1342, 1345 (M.D. Ala. 2000) (unanimity must be communicated to the court within thirty days after service of the initial pleading containing the removable claim); *Miles v. Kilgore,* 928 F. Supp. 1071, 1076 (N.D. Ala. 1996) (remand is required when a defendant fails to join in, file its own notice, or officially and unambiguously consent to removal within thirty days of service); *Jones ex rel. Bazerman v. Fla. Dep't of Children & Family Servs.,* 202 F. Supp. 2d 1352, 1355 (S.D. Fla. 2002) (failure to consent before expiration of the thirty-day period violates the unanimity rule and requires remand).

consent deadline expired, whether removal was defective when filed, whether the Motion to Dismiss clearly and unambiguously manifested consent to removal, or whether that filing could legally cure the defect after the statutory removal period had expired.

Clear error exists where the prior ruling contains a manifest error of law or fact. *See Arthur v. King,* 500 F.3d 1335, 1343 (11th Cir. 2007) ("The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact."). A finding is clearly erroneous where, after reviewing the record as a whole, the court is left with the "definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City,* 470 U.S. 564, 573 (1985); *United States v. Rothenberg,* 610 F.3d 621, 624 (11th Cir. 2010). Here, the clear error is not mere disagreement with the Court's conclusion. The error is that the Order found any unanimity defect cured without first deciding the threshold factual issues that controlled whether Mostyn's consent was required, whether the defect existed, and whether any later filing could legally cure it.

The Order relies on Mostyn's procedurally defective Motion to Dismiss as implied consent, but the motion does not clearly and unambiguously express consent to removal.[7] Mostyn's Motion to Dismiss is a Rule 12(b)(6) merits motion. It argues that Mostyn did not advise Canup, access his medical records, demand that he agree to anything, or plausibly act through Burns or Bradford. *See* Dkt. 67. It does not state that Mostyn joins in or consents to removal. It does not mention removal. It does not mention remand. It does not oppose Canup's Motion to Remand. It does not

---

[7] A defendant's later participation in federal court does not cure a unanimity defect unless the filing clearly and unambiguously expresses consent to removal. *See Diebel v. S.B. Trucking Co.,* 262 F. Supp. 2d 1319, 1328 (M.D. Fla. 2003) ("each defendant must join in the removal by signing the notice of removal or by explicitly stating for itself its consent on the record, either orally or in writing, within the 30-day period prescribed in 28 U.S.C. § 1446(b)"); *Newman v. Spectrum Stores, Inc.,* 109 F. Supp. 2d 1342, 1346 (M.D. Ala. 2000) (late-filed consent did not cure defendant's failure to consent within the thirty-day removal period); *Leaming v. Liberty Univ., Inc.,* No. 07-0225-WS-C, 2007 WL 1589542, at *6 (S.D. Ala. May 31, 2007) (filing an answer within the thirty-day period did not cure the defect where the answer was silent as to consent to removal).

state that removal was proper. It does not waive any defect in removal. It does not purport to bind Mostyn to Brown's Notice of Removal. A motion to dismiss that is silent as to removal and remand is not the same thing as a clear, affirmative, and binding consent to removal. *Id.*

Although the Order relies primarily on *Stone,* that opinion is unpublished and therefore nonbinding. *See* 11th Cir. R. 36-2; *Stone v. Bank of New York Mellon,* N.A., 609 F. App'x 979, 981 (11th Cir. 2015). In any event, *Stone* is materially distinguishable. There, the non-joining defendant was served on December 14, 2010, the action was removed on January 13, 2011, and the non-joining defendant moved to dismiss and opposed remand on January 26, 2011. Id. *Stone* therefore involved prompt post-removal participation and affirmative opposition to remand near the outset of the federal case and within thirty days of removal. It did not involve a court bypassing threshold service and consent-deadline findings and then inferring consent from a merits filing six months after removal that was silent as to removal and remand.

Nor does *Esposito* support the broad cure rule applied here. *Stone* relied on *Esposito,* but in *Esposito* the First Circuit noted that Home Depot had filed an answer in federal court within the thirty-day period, and the district court concluded that the answer constituted consent under the circumstances. *Esposito v. Home Depot U.S.A., Inc.,* 590 F.3d 72, 74 (1st Cir. 2009). Thus, even the authority *Stone* relied upon involved participation within the statutory period, not a procedurally defective motion to dismiss filed 6 months after the consent deadline had expired.

Other courts within this Circuit have applied the unanimity rule more strictly. In *Leaming,* Liberty removed the action on March 23, 2007, even though defendant Lee had already been served on March 15, 2007 and did not join in or consent to removal. *Leaming v. Liberty Univ., Inc.,* No. 07-0225-WS-C, 2007 WL 1589542, at *1–2 (S.D. Ala. May 31, 2007). The court held that the unanimity requirement must be strictly enforced and that a properly served defendant must

clearly and timely express consent to removal. *Id.* at *2–4. The court rejected the argument that consent could be inferred from joint representation or from a later statement in opposition to remand because Lee's first manifestation of consent came 46 days after service and was untimely. *Id.* at *4–5.

*Yezzi* further supports reconsideration. There, the removing defendant stated in the notice of removal that a served co-defendant consented to removal, but the co-defendant did not itself join in the notice or file timely consent. *Yezzi v. Hawker Fin. Corp.,* No. 09-0537-KD-N, 2009 WL 4898380, at *1, 5 (S.D. Ala. Nov. 20, 2009), report and recommendation adopted, 2009 WL 10688917 (S.D. Ala. Dec. 10, 2009). The court held that a conclusory statement in the notice of removal was insufficient and that each served defendant must communicate consent to the court in a manner that is timely and binding. *Id.* at *4–6. The court also rejected reliance on private attorney communications because consent must be expressed to the court, on the record, within the removal period. *Id.* at *6.

The Second Circuit's decision in *Taylor* is also persuasive authority supporting reconsideration. There, four defendants timely removed, but a fifth defendant, Covidien LP, did not join or consent because the defendants mistakenly believed Covidien LP had not been properly served. *Taylor v. Medtronic, Inc.,* 15 F.4th 148, 151–52 (2d Cir. 2021). Covidien LP later joined the opposition to remand, and the district court found the defect cured. *Id.* The Second Circuit reversed, holding that "[a] properly served defendant cannot cure a failure to timely consent to removal by opposing a motion for remand when the opposition is filed after the thirty-day statutory period for removal lapsed." *Id.* at 150. The court emphasized that § 1446(b) uses mandatory language and that courts are not free to create exceptions to Congress's requirement that properly served defendants timely join in or consent to removal. *Id.* at 153–57.

14

Like this case, *Taylor* involved a disputed service issue and a later attempt to rely on post-removal conduct as a cure. The Second Circuit's reasoning demonstrates why the Court needed to decide whether Mostyn was properly served before removal, when Mostyn's consent deadline expired, and whether any alleged cure occurred within that deadline.

The cases cited in the Order do not eliminate the need for those findings. *Frink* involved a defendant that filed an answer within the thirty-day removal period, filed a notice of consent the same day the plaintiff moved to remand, and jointly opposed remand. *Frink v. Cargill, Inc.,* No. 1:22-cv-4330-VMC-CCB, 2023 WL 11780360, at *3 & n.1 (N.D. Ga. June 22, 2023), report and recommendation adopted, 2023 WL 11780359 (N.D. Ga. July 12, 2023). *Stephens* involved non-removing defendants who joined the removing defendant in filing a motion to dismiss immediately upon removal. *Stephens v. GuideOne Mut. Ins. Co.,* No. 1:19-cv-05534-ELR, 2020 WL 13587976, at *1 n.1 (N.D. Ga. Apr. 21, 2020). *Griffin* involved a non-signing defendant that filed its answer and motion to dismiss on the same day the case was removed, and the court found the filings were made within the thirty-day time limit. *Griffin v. Jonesboro Nursing & Rehab. Ctr., LLC,* No. 1:19-cv-03096-ELR, 2019 WL 13212709, at *3 (N.D. Ga. Nov. 7, 2019). *Frederick* involved a notice of removal stating that one defendant had consented before removal, an assertion that another defendant had not yet been served, and later express notices of consent. *Frederick v. LaFont,* No. 3:16cv35-MCR/EMT, 2016 WL 11745551, at *1 (N.D. Fla. May 27, 2016).

This case is different. The Order did not identify any prompt opposition to remand by Mostyn, any notice of consent from Mostyn, any answer filed by Mostyn within the thirty-day period, any joint filing by Mostyn at the outset of the federal case, any pre-removal consent from Mostyn, or any clear and unambiguous statement in Mostyn's Motion to Dismiss consenting to removal. Instead, the Court relied on Mostyn's motion to dismiss filed approximately six months

15

after removal as implied consent, even though the motion is silent as to removal and remand. *See* Dkt. 70. The Court did so without first determining whether Mostyn had been served, whether its consent was required, whether Canup timely raised the unanimity defect, whether Mostyn's December 4, 2025 consent deadline expired without consent, whether a defect existed at removal, and whether the later filing could timely and clearly cure that defect. *Id.*

Accordingly, reconsideration is warranted. The Court should determine whether Mostyn was properly served on November 4, 2025; whether Mostyn's consent was required when Brown removed this action on November 6, 2025; whether Canup timely raised the unanimity defect; when Mostyn's thirty-day deadline to join in or consent to removal expired; whether a unanimity defect existed at removal; whether Mostyn's Motion to Dismiss clearly and unambiguously manifested consent to removal; what filing or conduct allegedly cured the defect; and whether any alleged cure occurred within a legally effective time period. Because the record establishes that Mostyn was served before removal and did not timely, clearly, or unambiguously consent to removal, remand is required.[8] *See Russell Corp. v. Am. Home Assurance Co.,* 264 F.3d 1040, 1044, 1049–50 (11th Cir. 2001); *Getty Oil Corp. v. Ins. Co. of N. Am.,* 841 F.2d 1254, 1262 n.11 (5th Cir. 1988).[9]

    **2. Reconsideration Is Warranted Because the Order Relied on Mostyn's Motion to Dismiss as a Cure Before Determining Whether That Filing Was Timely or Legally Effective**

---

[8] *See also Jones ex rel. Bazerman v. Fla. Dep't of Children & Family Servs.,* 202 F. Supp. 2d 1352, 1355 (S.D. Fla. 2002) (holding that failure to consent to removal before expiration of the thirty-day removal period violates the rule of unanimity and requires remand).

[9] Although *Getty Oil* is Fifth Circuit authority and is not binding on this Court, this action was removed in the Northern District of Texas before transfer to this Court. *Getty Oil* is therefore persuasive authority on the removal procedure at issue and has also been cited by district courts within the Eleventh Circuit when analyzing the rule of unanimity.

Reconsideration is further warranted because the Order treated Mostyn Law Firm, P.C.'s motion to dismiss as implied consent sufficient to cure any unanimity defect, but Mostyn has now acknowledged that the motion was filed after the deadline and has separately moved for leave to have it accepted as timely. *See* Dkt. 75 at 2–5. The Order therefore rests on a procedural premise that was not resolved before remand was denied: whether Mostyn's late-filed motion was properly before the Court and legally capable of supplying implied consent to removal.

The Court stated that it "need not address" whether Mostyn was properly joined and served at the time of removal because, "to the extent any defect in unanimity existed, it has been cured." Dkt. 70 at 15–16. The asserted cure was Mostyn's appearance and merits-based motion to dismiss. *Id.* at 16. But Mostyn's later motion confirms that its motion to dismiss was filed at 1:31 a.m. on May 27, 2026, after the Court-ordered deadline, and that Mostyn seeks relief under Rule 6(b)(1)(B) based on excusable neglect. Dkt. 75 at 2–5. Thus, at the time remand was denied, the Court had not determined whether the very filing relied upon as the curing act was timely, accepted, or legally operative.

That matters because the unanimity issue turns on threshold questions the Order did not resolve. If Mostyn was not properly served before removal, then its consent was not required under 28 U.S.C. § 1446(b)(2)(A). If Mostyn was properly served before removal, then the Court was required to determine whether Mostyn timely, clearly, and unambiguously consented to removal, and whether any later filing could cure the defect after Canup had already timely moved for remand. The Order did neither. Instead, it presumed a cure based on a late-filed merits motion whose timeliness and procedural effect were not yet before the Court.

Mostyn's own filing underscores the problem. Mostyn argues that defective service meant it had "no obligation to respond to the complaint," while also asking the Court to accept its late

17

merits motion as timely and while the remand order treats that same motion as implied consent to removal. Dkt. 75 at 1, 3–5. Those positions cannot supply a basis for denying remand unless the Court first resolves the service, deadline, and consent issues that control whether Mostyn's consent was required and whether its late motion could cure any defect.

Accordingly, the Order's failure to resolve the threshold service and consent issues before finding any unanimity defect cured constitutes clear error, or at minimum warrants reconsideration to prevent manifest injustice. *See Arthur,* 500 F.3d at 1343; *Anderson,* 470 U.S. at 573; *Rothenberg,* 610 F.3d at 624.

### 3. Reconsideration is Warranted Because the Order Expands Grable Jurisdiction Beyond the Well-Pleaded Complaint by Relying on Defendants' Anticipated Federal Defenses

The Order should also be reconsidered because it finds federal-question jurisdiction under *Grable* based on issues that arise, if at all, from Defendants' anticipated defenses and justifications rather than from the necessary elements of Canup's claims. The Order acknowledges that Canup's causes of action "are all framed as state law claims." Dkt. 70 at 10. It nevertheless concludes that this is one of the "special" *Grable* cases because the claims are "inextricably intertwined with the Court's case management and settlement administration orders." *Id.* at 11. The Order further states that the disputed issues concern "whether the conduct alleged was taken pursuant to or governed by this Court's orders." *Id.*

Respectfully, that analysis overlooks the limited nature of *Grable* jurisdiction and the well-pleaded complaint rule. A federal issue must be necessarily raised by the plaintiff's own claim. A case may not be removed based on a federal defense, "even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.,* 463 U.S. 1, 13–14 (1983). Defendants' contention that their conduct was authorized, excused, or governed

by MDL orders, MDL procedures, federal-court supervision, or purported court-created authority is defensive. It does not transform Canup's state-law claims for fraud, breach of fiduciary duty, professional negligence, and civil conspiracy into federal claims.

Canup does not contend that the issues have no relationship to the 3M MDL. The MDL is the factual backdrop. But a federal backdrop is not the same thing as a federal issue necessarily raised by a well-pleaded claim. All federal litigation occurs under federal court oversight and federal court orders. If the existence of federal case-management orders, settlement procedures, or attorney activity in federal litigation were enough to create *Grable* jurisdiction, ordinary state-law attorney-misconduct claims could become federal cases whenever the defendant attorney contends that the challenged conduct occurred in connection with federal litigation. That is not the narrow "special and small category" contemplated by *Grable* and *Gunn. See Gunn v. Minton,* 568 U.S. 251, 258 (2013).

The Order's conclusion that the claims are "inextricably intertwined" with MDL orders also risks accepting Defendants' defense theory as the jurisdictional premise. Dkt. 70 at 11. Canup's claims do not require him to prove that any MDL order is invalid, unenforceable, incorrectly entered, or subject to modification. Nor does Canup seek to void, modify, or collaterally attack any MDL order or the 3M settlement. He seeks damages from Defendants for their own alleged misconduct. Defendants may respond that their conduct was authorized by MDL orders or court-created authority, but that is a defense or justification. It is not an element of Canup's claims.

The Court's substantiality analysis likewise warrants reconsideration. The Order reasons that the federal issue is substantial because the 3M MDL was created under 28 U.S.C. § 1407, the MDL Court entered case-management and settlement-administration orders, and the Court

19

retained jurisdiction over settlement-related matters. Dkt. 70 at 11–12. But § 1407 does not itself create federal jurisdiction, and retained jurisdiction over settlement-related matters does not supply an independent basis for removal jurisdiction over later state-law claims. *See Syngenta Crop Prot., Inc. v. Henson,* 537 U.S. 28, 33–34 (2002) (rejecting ancillary jurisdiction as an independent basis for removal and explaining that § 1367 is not itself a source of original jurisdiction).

Nor is a federal issue "substantial" under *Grable* merely because it is important to the parties or because a federal court may be more familiar with the underlying federal proceedings. *Gunn* makes clear that the substantiality inquiry looks to the importance of the issue "to the federal system as a whole," not merely to the parties in the immediate dispute. 568 U.S. at 260. In *Gunn*, the Supreme Court held that even a state-law legal-malpractice claim requiring resolution of an underlying federal patent issue did not arise under federal law because the federal issue was not substantial in the relevant *Grable* sense. *Id.* at 258–65. The Court emphasized that state legal-malpractice claims based on underlying federal patent matters would "rarely, if ever," arise under federal law. *Id.* at 258–59.

That reasoning applies with even greater force here. Canup's claims do not require the Court to decide the validity of any federal statute, the authority of the JPML, the validity of § 1407, or the validity of any MDL order. At most, Defendants may argue that MDL orders or settlement procedures authorized or excused their conduct, as a defense. Any resulting issue would be fact-bound and situation-specific, limited to Canup's claims and Defendants' conduct. Such effects are not sufficient to establish *Grable* jurisdiction. *See Empire HealthChoice Assurance, Inc. v. McVeigh,* 547 U.S. 677, 700–01 (2006) (holding that *Grable* does not extend to claims that are "fact-bound and situation-specific" and emphasizing that it takes more than a federal element to open the arising-under door).

20

The Order also characterizes this lawsuit as a "post hoc, post-settlement collateral challenge" to MDL orders that could disrupt the 3M settlement structure and have broad implications for the MDL system. Dkt. 70 at 13. Respectfully, that characterization is unsupported by the relief Canup seeks. Canup does not ask any court to invalidate, alter, enforce, or nullify any MDL order or the 3M settlement. Nor does Canup seek relief on behalf of the 250,000-plus plaintiffs in the MDL. His claims are individual, fact-specific claims for redress based on Defendants' alleged conduct toward him. *See* Dkt. 60 ¶¶ 101–203. A damages claim against attorneys for alleged fraud, fiduciary breach, professional negligence, or conspiracy is not transformed into a federal collateral attack simply because Defendants invoke MDL orders as a defense.

Finally, the fourth *Grable* factor confirms that reconsideration is warranted. The Supreme Court has recognized that States have a "special responsibility for maintaining standards among members of the licensed professions," and that the state interest in regulating lawyers is "especially great." *Gunn,* 568 U.S. at 264. The Order acknowledges that principle but concludes that the federal-state balance is not disturbed because the standards of conduct and allegations of fraud arise out of duties allegedly performed under federal court orders. Dkt. 70 at 13–14. That conclusion again assumes the disputed defense premise: that Defendants were performing duties under federal court orders when they engaged in the conduct alleged. Canup disputes that premise, including because the relevant MDL leadership structure had been terminated before the alleged misconduct by CMO 66 and CMO 67.

The claims therefore turn on Texas law and Defendants' alleged conduct, not on the construction or enforcement of federal MDL orders. Expanding *Grable* jurisdiction to cover these claims would disturb the congressionally approved balance of federal and state judicial

21

responsibilities by moving traditional state-law attorney-misconduct claims into federal court whenever the defendant attorneys assert that their conduct was connected to an MDL, a federal settlement process, or federal court supervision. *Gunn* rejected that kind of expansion in the legal-malpractice context, and *Syngenta* confirms that ancillary or retained jurisdiction cannot independently supply removal jurisdiction.

Accordingly, reconsideration is warranted. The Order's *Grable* analysis depends on Defendants' anticipated federal defenses, MDL-related context, and retained-jurisdiction concepts, rather than a federal issue necessarily raised and substantial under Canup's well-pleaded claims. The Court should reconsider its finding of federal-question jurisdiction and remand this action to Texas state court.

### 4. Alternatively, the Court Should Amend the Order to Make Express Findings and Certify the Issues for Interlocutory Appeal

Alternatively, if the Court declines to remand, Canup respectfully requests that the Court amend the Order to make the factual findings necessary for meaningful appellate review, including whether Mostyn was properly served before removal; whether Canup timely raised the unanimity defect; whether Mostyn's consent was required and, if so, when its thirty-day deadline expired; whether a unanimity defect existed at removal; whether Mostyn's Motion to Dismiss clearly and unambiguously manifested consent to removal; and what specific filing or conduct allegedly cured the defect and when.

Canup further requests that, if the Court maintains its denial of remand, the Court certify the following controlling questions of law for interlocutory appeal under 28 U.S.C. § 1292(b):

1. Whether, under 28 U.S.C. § 1446(b)(2)(A), a procedurally defective motion to dismiss filed six months after removal that is silent as to removal, remand, and consent can clearly

and unambiguously cure a properly served defendant's failure to join in or consent to removal within the thirty-day statutory period.

2. Whether *Grable* federal-question jurisdiction extends to state-law legal-malpractice, fiduciary-duty, fraud, civil conspiracy and attorney-misconduct claims merely because defendants contend their conduct was authorized, governed, or excused by federal MDL orders, settlement procedures, or court-created authority, where the plaintiff does not seek to invalidate, modify, or enforce any federal order.

These questions are controlling because either, if resolved in Canup's favor, would require remand. Substantial grounds for difference of opinion exist because courts are divided over when unanimity defects may be cured, whether silence in a later merits filing can constitute clear consent to removal, and whether *Grable* applies to traditional state-law attorney-misconduct claims arising against the backdrop of federal litigation. Immediate appellate review may materially advance the ultimate termination of this federal litigation because resolution of these threshold jurisdictional and removal questions now would avoid unnecessary federal motion practice, discovery, and pretrial proceedings in a forum that may lack jurisdiction or may have received the case through defective removal. *See McFarlin v. Conseco Servs., LLC,* 381 F.3d 1251, 1259 (11th Cir. 2004) (explaining that this requirement is met where resolution of the controlling legal question would "avoid a trial or otherwise substantially shorten the litigation")

### 5.  Proceedings Should be Stayed Pending Reconsideration and Mandamus

Finally, Canup respectfully requests that the Court stay all proceedings pending resolution of Canup's Motion for Reconsideration and pending mandamus proceedings in the United States Court of Appeals for the Eleventh Circuit. The mandamus proceedings concern recusal, reassignment, and vacatur of the recusal order, and the issues surrounding the denial of remand are inextricably intertwined with those proceedings. The public-policy and appearance concerns

23

implicated by the mandamus petition warrant a stay to prevent further irreparable harm. The stay would be brief and it would not prejudice any of the parties.

As the Eleventh Circuit has explained, courts need not speculate about actual bias where the circumstances would cause an average layperson to question impartiality. *See United States v. Kelly,* 888 F.2d 732, 745 (11th Cir. 1989). The Supreme Court likewise has recognized that justice must satisfy the appearance of justice. *In re Murchison,* 349 U.S. 133, 136 (1955). And because the harm from an erroneous failure to recuse includes harm to public confidence in the judiciary, later review after final judgment may not fully cure it. *See Alexander v. Primerica Holdings, Inc.,* 10 F.3d 155, 163 (3d Cir. 1993); *In re Sch. Asbestos Litig.,* 977 F.2d 764, 776 (3d Cir. 1992). The Eleventh Circuit has likewise recognized the systemic and case-specific importance of recusal and the grave consequences that may result from an erroneous failure to recuse. *See In re Moody,* 755 F.3d 891, 899 (11th Cir. 2014).

## IV.    REQUEST FOR RELIEF

WHEREFORE PREMISES CONSIDERED, Canup respectfully requests that this Court reconsider its Order denying remand, Dkt. 70, and remand this action to Texas state court. Canup further requests that the Court immediately stay all proceedings pending resolution of this Motion for Reconsideration and the pending mandamus proceedings in the United States Court of Appeals for the Eleventh Circuit. *See* Dkt. 73. **Canup respectfully requests an expedited ruling on his request to stay all proceedings so that if the Court declines to stay proceedings, Canup can seek a stay from the Eleventh Circuit in the related mandamus proceedings without delay.**

Alternatively, if the Court declines to remand, Canup respectfully requests that the Court make express factual findings necessary for meaningful appellate review, including: whether Mostyn was properly served before removal; whether Canup timely raised the unanimity defect;

24

if Mostyn was properly served, when Mostyn's thirty-day deadline to join in or consent to removal expired; whether any defect in unanimous consent existed at the time of removal; whether Mostyn's Motion to Dismiss clearly and unambiguously manifested consent to removal; the specific filing or conduct by which Mostyn allegedly cured any defect; the date on which any such cure occurred and any other findings necessary to decide the issue.

Canup further requests that, if the Court maintains its denial of remand, the Court amend the Order, Dkt. 70, to include certification for interlocutory appeal under 28 U.S.C. § 1292(b), because the Order presents controlling questions of law as to federal subject-matter jurisdiction and removal procedure, substantial grounds exist for difference of opinion, and immediate appellate review may materially advance the ultimate termination of this litigation. If the Court certifies the Order for interlocutory appeal, Canup respectfully requests that the Court stay all proceedings pending interlocutory appeal and the pending mandamus proceedings in the United States Court of Appeals for the Eleventh Circuit. *See* Dkt. 73.

In the further alternative, if the Court denies this Motion in full, Canup respectfully requests that the Court stay all proceedings pending resolution of the mandamus proceedings currently pending in the United States Court of Appeals for the Eleventh Circuit. *Id.*

Canup respectfully requests all other and further relief to which he may be justly entitled.

Signed this 5th day of June, 2026.

Respectfully submitted,

Brandon Canup, Plaintiff
4812 Hidden Oaks Ln

Arlington, Texas 76017
Tel.: (972) 762-4314
canup.brandon@gmail.com

*pro se*

## LOCAL RULE 7.1(F) CERTIFICATION

Pursuant to Local Rule 7.1(F), the undersigned certifies that, based on the Word Count function in Microsoft Word, this Memorandum contains 7,790 words, inclusive of headings, footnotes, and quotations.

Brandon Canup