**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

| | |
|---|---|
| BRANDON CANUP, | Case No. 3:26-cv-3359-MCR-ZCB |
| *Plaintiff,* | |
| v. | |
| BRYAN F. AYLSTOCK, et al., | PLAINTIFF BRANDON CANUP'S MOTION FOR CLARIFICATION |
| *Defendants.* | |

**<u>PLAINTIFF BRANDON CANUP'S MOTION FOR CLARIFICATION</u>**

COMES NOW Plaintiff Brandon Canup ("Canup"), proceeding *pro se*, and files this Motion for Clarification. Canup seeks clarification of two procedural issues arising from correspondence with opposing counsel concerning the Court's prior orders: the Court's order authorizing substituted service on Defendant Cliff Roberts, Dkt. 69, and the Court's order denying remand-related relief at Dkt 70. Canup seeks clarification only to ensure compliance with the Court's orders, avoid procedural confusion and unnecessary disputes. Canup respectfully states as follows:

First, the Court authorized substituted service on Defendant Cliff Roberts. After that order, counsel for Roberts informed Canup that Roberts authorized counsel to "waive/accept service" on his behalf. Counsel then requested that Canup complete a waiver-of-service form so that counsel could file it with the Court stating that the form is, "required under Rule 4 of the Federal Rules of Civil Procedure." *See* Ex. 1. The Court's substituted-service order did not direct Canup to complete, sign, or file any waiver form. Dkt. 69. Because the waiver form appears to be intended to be executed by the defendant, the defendant's representative, or counsel for the party waiving

service, Canup respectfully requests clarification whether the Court's substituted-service order requires Canup to complete, sign, or file that waiver form.

Second, the Court entered Dkt. 70 on May 29, 2026 denying remand-related relief, including relief directed toward remand or suggestion of remand to the Judicial Panel on Multidistrict Litigation. In conferral correspondence on June 1, 2026, counsel for Mostyn Law Firm, P.C. raised whether Canup's contemplated reconsideration motion should be filed directly with the JPML.

"To clarify, you will seek reconsideration of the U.S. Judicial Panel on Multidistrict Litigation's transfer order (ECF 2051)? As Judge Rodgers has not yet ruled on your motion for remand to Texas state court (ECF 8) or your motion for remand to MDL panel (ECF 37), I assume that the reconsideration motion will be filed with the MDL panel directly. Please confirm." *See* Ex. 2.

Canup's understanding is that Dkt. 70 denied remand-related relief, including Canup's request for remand to Texas state court and relief directed toward suggestion of remand to the JPML. Canup further understands that a motion seeking reconsideration of Dkt. 70 is properly directed to this Court because Dkt. 70 is this Court's order. Canup respectfully requests clarification whether Dkt. 70 ruled on those remand-related requests and whether reconsideration of Dkt. 70 is properly sought in this Court or must instead be filed directly with the JPML.

## REQUEST FOR RELIEF

WHEREFORE PREMISES CONSIDERED, Canup respectfully requests clarification regarding:

1. whether Canup is required to complete, sign, or file the waiver-of-service form provided by counsel for Defendant Roberts in light of the Court's order authorizing substituted service;

2. whether Dkt. 70 ruled on Canup's request for remand to Texas state court and relief directed toward suggestion of remand to the JPML, and whether Canup's motion for

reconsideration of Dkt. 70 is properly filed in this Court or must be filed directly with the JPML.

Signed this 5th day of June, 2026.                    Respectfully submitted,

Brandon Canup, Plaintiff
4812 Hidden Oaks Ln
Arlington, Texas 76017
Tel.: (972) 762-4314
canup.brandon@gmail.com

*pro se*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on or about June 5, 2026, a true and correct copy of this motion was sent to counsel for all parties via email, US Mail and/or the CM/ECF service pursuant to the Federal Rules of Civil Procedure.

Brandon Canup

## LOCAL RULE 7.1(F) CERTIFICATION

Pursuant to Local Rule 7.1(F), the undersigned certifies that, based on the Word Count function in Microsoft Word, this Motion contains 641 words, inclusive of headings, footnotes, and quotations.

Brandon Canup