**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

| | | |
|---|---|---|
| BRANDON CANUP | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: 3:26-cv-03359-MCR-ZCB |
| v. | ) | |
| | ) | |
| BRYAN F. AYLSTOCK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

---

**BRYAN F. AYLSTOCK, AYLSTOCK, WITKIN, KREIS & OVERHOLTZ, PLLC, AND BOBBY BRADFORD'S RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

---

Defendants, Bryan F. Aylstock, Aylstock, Witkin, Kreis & Overholtz PLLC, and Bobby Bradford (collectively, "Defendants"), by and through undersigned counsel, hereby file this Response to Plaintiff's Motion for Reconsideration or, in the Alternative, Motion for Certification for Interlocutory Appeal and Motion to Stay Proceedings, and state as follows:

## I.    <u>ARGUMENT</u>

Plaintiff's Motion for Reconsideration must be denied because it improperly seeks to relitigate issues this Court has already decided. See United States v. Dean, 838 F. App'x 470, 471 (11th Cir. 2020) (explaining that motions for reconsideration must not be used to relitigate old matters). Here, Plaintiff is

1

attempting to re-litigate two issues already decided by this Court: (1) whether The Mostyn Law Firm was properly served at the time of removal and whether any unanimity defect was curable, and (2) this Court's finding that federal-question jurisdiction exists under Grable.  [See Pl.'s Mot. Recons. at 9-21; Docket No. 77; E-Filed June 6, 2026].  Because Plaintiff has not identified any newly discovered evidence or any manifest error of law or fact, Plaintiff has not met the grounds for reconsideration and is not entitled to relief. See, e.g., Dean, 838 F. App'x at 471.

In the alternative, Plaintiff requests certification for interlocutory appeal on two separate issues. The first concerns whether the Court properly inferred implied consent to removal from The Mostyn Law Firm's Motion to Dismiss, and the second concerns whether Grable extends federal-question jurisdiction to certain state-law claims. [See Pl.'s Mot. Recons. at 21-22; Docket No. 77].

The burden rests squarely on Plaintiff to demonstrate entitlement to interlocutory review. See CSX Transp., Inc. v. Kissimmee Util. Auth., 153 F.3d 1283, 1286 (11th Cir. 1998). To do so, Plaintiff must establish (1) a controlling question of law, (2) substantial grounds for difference of opinion, and (3) that an immediate appeal would materially advance the termination of the litigation. See 28 U.S.C. § 1292(b). Here, Plaintiff satisfies none of these requirements.

Finally, Plaintiff requests a stay but has not shown any reason sufficient to justify a stay. That request should also be denied.

2

First, Plaintiff's proposed questions are not "pure" questions of law. Resolution would require the Eleventh Circuit to examine the record, evaluate procedural history, and potentially resolve factual issues, rendering certification improper. See McFarlin v. Conseco Servs., LLC, 381 F.3d 1251, 1259 (11th Cir. 2004) (explaining that a controlling question of law must be a pure legal issue that can be decided without reviewing the record or resolving factual disputes).

Second, Plaintiff fails to identify any substantial ground for difference of opinion. Plaintiff cites no conflicting authority or unsettled legal principle that would justify interlocutory review and thus fails to carry the required burden. See Rodriguez v. Procter & Gamble Co., 499 F. Supp. 3d 1202 (S.D. Fla. 2020) (explaining that to establish a substantial ground for difference of opinion, the movant must show that courts have reached conflicting interpretations of the controlling legal principle).

Third, certification would not materially advance this litigation. To the contrary, an interlocutory appeal would delay proceedings, increase costs, and promote piecemeal litigation. See Prado-Steiman ex rel. Prado v. Bush, 221 F.3d 1266, 1276 (11th Cir. 2000) (explaining that "interlocutory appeals are inherently disruptive, time-consuming, and expensive, . . . and consequently are generally disfavored."). For these reasons, Plaintiff has not established entitlement to the rare and disfavored remedy of interlocutory appeal.  See McFarlin, 381 F.3d at 1264.

## II.    FACTS AND PROCEDURAL HISTORY

1. On November 6, 2025, a Notice of Removal was filed in the Northern District of Texas. [See Notice of Removal; Case No. Case 3:26-cv-03359-MCR-HTC; Docket No. 1; E-Filed Nov. 6, 2025].

2. A few weeks later, Plaintiff filed a Motion to Remand. [See Mot Remand; Case No. Case 3:26-cv-03359-MCR-HTC; Docket No. 8; E-Filed Nov. 23, 2025].

3. On April 2, 2026, the United States Judicial Panel on Multidistrict Litigation ("JPML") transferred this case to the Northern District of Florida under 28 U.S.C. § 1407 as a tag-along action related to the 3M MDL. [See Transfer Order; MDL Case No. 2885; Docket No. 2051; E-Filed Apr. 2, 2026].

4. Approximately two weeks later, Plaintiff filed a Motion for Suggestion of Remand to the JPML. [See Pl.'s Mot. for Suggestion; Docket No. 38; E-Filed Apr. 14, 2026].

5. On May 29, 2026, this Court entered an Order denying Plaintiff's Motion to Remand and Motion for Suggestion of Remand. [See Order at 2; Docket No. 70; E-Filed May 29, 2026].

6. In that same Order, the Court found that any lack of unanimity or timing defect in consent to removal had been cured and that federal-question jurisdiction exists under Grable. Id. at 9, 14-15.

7. One week later, on June 5, 2026, Plaintiff filed a Motion for Reconsideration of this Court's Order denying remand. [See Pl.'s Mot. Recons.; Docket No. 77; E-Filed June 5, 2026].

## III.    INCORPORATED MEMORANDUM OF LAW

### (A) Plaintiff's Motion for Reconsideration Must be Denied Because Plaintiff is Attempting to Relitigate this Court's Prior Findings.

A district court's denial of a motion for reconsideration is reviewed for abuse of discretion. United States v. Dean, 838 F. App'x 470, 471 (11th Cir. 2020). Consistent with that deferential standard, this Court has explained that reconsideration is an extraordinary remedy that should be granted sparingly. See United States v. Popoca, No. 3:10CR67/RV/EMT, 2015 WL 12828182, at *2 (N.D. Fla. Mar. 16, 2015). It is not a vehicle to relitigate matters already decided or to raise arguments that could have been raised earlier. Dean, 838 F. App'x at 472.

Reconsideration is appropriate only in limited circumstances: (1) newly discovered evidence, (2) an intervening change in controlling law, or (3) the need to correct a manifest error of law. See id. at 471-72.; Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994). The moving party bears the burden of demonstrating that one of these grounds exists. Popoca, 2015 WL 12828182, at *2. Absent such a showing, "a motion to reconsider must be denied." Id; see also Dean, 838 F. App'x at 472; see also Carter v. Premier Rest. Mgmt.,

2006 WL 2620302, at *1 (M.D. Fla. Sept. 13, 2006) (explaining that a motion must be denied unless it falls within the categories listed above, and that rearguing positions previously raised does not constitute clear error).

Moreover, mere disagreement with a court's ruling does not warrant reconsideration. Dean, 838 F. App'x at 472. Nor is an error clear if the "legal issues are at least arguable." See United States v. Battle, 272 F. Supp. 2d 1354, 1358 (N.D. Ga. 2003) (quoting Am. Home Assur. Co. v. Glenn Estess & Assocs., Inc., 763 F.2d 1237, 1239 (11th Cir. 1985)).

Here, denial of Plaintiff's Motion for Reconsideration is proper. To begin, Plaintiff does not contend that there has been an intervening change in controlling law or the discovery of new evidence. Instead, Plaintiff asserts that reconsideration is warranted "to correct clear error, prevent manifest injustice, or address a material mistake in this Court's prior ruling[]" denying remand to Texas state court. [See Pl.'s Mot. Recons. at 2, 9; Docket No. 77].

Plaintiff's arguments for reconsideration are meritless because he is merely attempting to relitigate issues this Court has already decided. For example, Plaintiff again challenges whether The Mostyn Law Firm was properly served at the time of removal, and whether the unanimity defect was curable. Id. at 9. These issues have already been addressed. This Court found that it did not need to resolve these arguments because any alleged defect in unanimity was cured through implied

6

consent when the Mostyn Law Firm filed a Motion to Dismiss that did not challenge jurisdiction. [See Order at 15-17; Docket No. 70; E-Filed June 6, 2026].

Plaintiff likewise attempts to relitigate this Court's finding of federal-question jurisdiction. [See Pl.'s Mot. Recons. at 18; Docket No. 77]. This Court previously found that federal question jurisdiction existed under a Grable analysis and that all four factors under Grable were satisfied. [See Order at 10-14; Docket No. 70]. This Court explained that Plaintiff's state-law claims turn on the interpretation of federal court orders entered in the MDL case, over which this Court expressly retained jurisdiction. Id. at 14. To the extent Plaintiff asserts purely state-law claims, this Court also found it had authority to resolve them under supplemental jurisdiction. Id.

Despite the Court's detailed nineteen-page Order, Plaintiff asserts that this Court has committed plain error. That assertion fails because this Court's analysis is reasonable and, at a minimum, at least arguable, which forecloses any claim of plain error. See Am. Home Assur. Co., 763 F.2d at 1239. Moreover, mere disagreement with a court's reasoning is not a basis for reconsideration. See Dean, 838 F. App'x at 472. Because Plaintiff has not identified any plain error, newly discovered evidence, or an intervening change in controlling law, he has not established a basis for reconsideration. Therefore, Plaintiff's Motion must be denied.

**(B) Plaintiff's Alternative Request for Interlocutory Appeal Certification Must Be Denied Because Plaintiff Cannot Satisfy the Three Requirements under 28 U.S.C. § 1292(b).**

In the alternative, Plaintiff seeks to certify two questions to the Eleventh Circuit for interlocutory appeal:

1.  Whether, under 28 U.S.C. § 1446(b)(2)(A), a procedurally defective motion to dismiss filed six months after removal that is silent as to removal, remand, and consent can clearly and unambiguously cure a properly served defendant's failure to join in or consent to removal within the thirty-day statutory period.

2.  Whether <u>Grable</u> federal-question jurisdiction extends to state-law legal-malpractice, fiduciary-duty, fraud, civil conspiracy and attorney-misconduct claims merely because defendants contend their conduct was authorized, governed, or excused by federal MDL orders, settlement procedures, or court-created authority, where the plaintiff does not seek to invalidate, modify, or enforce any federal order.

    [<u>See</u> Pl.'s Mot. Recons. at 22; Docket No. 77].

A district court's decision of whether to certify an interlocutory appeal is discretionary. <u>See</u> <u>OFS Fitel, LLC v. Epstein, Becker & Green, P.C.</u>, 549 F.3d

1344, 1358 (11th Cir. 2008) (explaining that § 1292(b) "sets a high threshold for certification to prevent piecemeal appeals").

By extension, permitting piecemeal appeals, as well as the liberal use of § 1292(b) interlocutory appeals, is "bad policy." See McFarlin v. Conseco Servs., LLC, 381 F.3d 1251, 1259 (11th Cir. 2004); see also Prado-Steiman ex rel. Prado v. Bush, 221 F.3d 1266, 1276 (11th Cir. 2000) (explaining that "interlocutory appeals are inherently disruptive, time-consuming, and expensive, . . . and consequently are generally disfavored."); see also United States v. One Parcel of Real Prop. With Bldgs., Appurtenances & Improvements, 767 F.2d 1495, 1498 (11th Cir. 1985) (noting there is a strong presumption against interlocutory appeals). For these reasons, certification under § 1292(b) is a "rare exception" to the final-judgment rule. McFarlin, 381 F.3d at 1264.

The burden is on the moving party to establish the right to an interlocutory appeal. See CSX Transp., Inc. v. Kissimmee Util. Auth., 153 F.3d 1283, 1286 (11th Cir. 1998). To meet this burden, the movant must show: (1) a controlling question of law, (2) substantial grounds for difference of opinion, and (3) that an immediate appeal would materially advance the ultimate termination of the litigation. See 28 U.S.C. § 1292(b).

To satisfy the first requirement, the controlling question of law must be a pure legal issue that can be decided without requiring the court to review the

9

record or to go beyond it to resolve factual issues. See McFarlin, 381 F.3d at 1258-59.

The second requirement, i.e., a substantial difference of opinion, is "satisfied when the issue is difficult and of first impression, a difference of opinion as to the issue exists within the controlling circuit, or the circuits are split on the issue." U.S., ex rel. Powell v. Am. InterContinental Univ., Inc., 756 F. Supp. 2d 1374, 1378–79 (N.D. Ga. 2010). In addition, neither a lack of authority nor mere disagreement with the district court's ruling establishes a substantial ground for difference of opinion. See Rodriguez, 499 F. Supp. 3d at 1208.

The third requirement is satisfied when an immediate appeal materially advances the litigation by resolving a controlling legal question that would avoid trial or significantly shorten the case and reduce the parties' expenses. See McFarlin, 381 F.3d at 1259.

**(1)    Plaintiff's First Question for Certification Must be Denied.**

Certification is improper as to Plaintiff's first proposed question because it does not raise a pure controlling question of law, as required by § 1292(b). As this Court has already recognized, "there are questions concerning whether [the] Mostyn Law Firm was properly joined and served at the time of removal . . . ." [See Order at 15; Docket No. 70].

10

Such questions involve a mixture of fact and law. Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries, 353 F.3d 916, 920 (11th Cir. 2003); see also Campbell v. Bartlett, 975 F.2d 1569, 1574 (10th Cir. 1992) (noting that challenges to sufficiency of service raise mixed questions of fact and law). Because of this, the Eleventh Circuit would be unable to answer Plaintiff's question without going beyond the record to resolve factual issues. Therefore, Plaintiff has failed to satisfy the first requirement for certification under § 1292(b). See McFarlin, 381 F.3d at 1258.

Even assuming arguendo that Plaintiff's question presents a substantial ground for difference of opinion, Plaintiff has not satisfied his burden as the movant. Plaintiff fails to cite any authority demonstrating that courts have interpreted the relevant legal principle differently. See, e.g., Rodriguez, 499 F. Supp. 3d at 1208 (explaining that the "[movant] must show that at least two courts interpret the legal principle differently.") (quoting Havana Docks Corp. v. Norwegian Cruise Line Holdings, Ltd., 2020 WL 3433147, at *3 (S.D. Fla. June 23, 2020). Because Plaintiff identifies no conflicting authority, he fails to establish a substantial ground for difference of opinion; therefore, certification of his first proposed question is improper.  [See Pl.'s Mot. Recons. at 23; Docket No. 77].

Plaintiff likewise fails to satisfy the third requirement that an interlocutory appeal would materially advance the ultimate termination of this litigation. Rather

11

than identifying any concrete evidence, Plaintiff relies on speculation that the Eleventh Circuit might reverse this Court's ruling on removal and remand the case to state court.

Further, an interlocutory appeal here would likely prolong this case. If Plaintiff is incorrect, the parties will have incurred the delay and expense of a full appellate proceeding, only to return to this Court in the same procedural posture. That detour would stall discovery, delay resolution on the merits, and increase litigation costs for all parties. The Eleventh Circuit has cautioned against precisely this type of inefficiency, noting that interlocutory appeals are disruptive, time-consuming, and expensive. See Prado-Steiman, 221 F.3d at 1276. Those concerns are especially applicable here, where the case can proceed in the ordinary course toward resolution without appellate interruption.

In short, far from advancing the litigation, certification would introduce delay, increase expense, and promote piecemeal review which is bad policy. See McFarlin, 381 F.3d at 1259.

**(2)     Plaintiff's Second Question for Certification Must be Denied.**

Certification is improper concerning Plaintiff's second question because it does not raise a pure controlling question of law, as required by § 1292(b). To decide whether Grable jurisdiction extends to Plaintiff's state-law claims, the Eleventh Circuit would need to review the record and look beyond it to examine

case-specific facts, including this case's connection to the JPML. Because of this, Plaintiff has failed to satisfy the first requirement for certification.

Even if a controlling question of law were presented, Plaintiff still fails to satisfy the second requirement. A substantial ground for difference of opinion requires more than disagreement with this Court's ruling. Rather, it exists only where the issue is genuinely unsettled, such as when it is one of first impression or where courts are split. See U.S. ex rel. Powell, 756 F. Supp. 2d at 1378–79.

Here, Plaintiff makes no such showing. The governing framework for Grable jurisdiction is well established, yet Plaintiff identifies no conflict in authority, no competing line of precedent, and no unsettled legal standard. Because Plaintiff bears the burden but offers no meaningful support that a substantial ground for disagreement exists, he has failed to satisfy the second requirement under § 1292(b).

Lastly, certification for an interlocutory appeal would halt proceedings, delay discovery, and postpone trial while the Eleventh Circuit considers a fact-bound jurisdictional issue. If affirmed, the case would return to this Court after months of delay and with increased litigation costs, which is bad policy.

In sum, Plaintiff's second proposed question for certification fails all three statutory requirements under § 1292(b). Even if this Court decides it is a pure question of law, it still presents no substantial ground for disagreement and would

13

not materially advance the litigation. Certification would serve only to delay this case and fragment the proceedings. For these reasons, Plaintiff has failed to overcome the strong presumption against interlocutory appeals, and his request for certification must be denied.

**(C)  The Court Should Deny Plaintiff's Motion to Stay Based on Equitable Considerations.**

Plaintiff's request for a stay pending reconsideration and mandamus should also be denied. The mandamus petition addresses Judge Rogers's refusal to recuse, an issue distinct from this Court's denial of remand and finding of federal question jurisdiction under Grable. A mandamus petition neither divests this Court of jurisdiction nor warrants halting proceedings. Nor has Plaintiff shown entitlement to mandamus relief. See Serrano v. U.S. Att'y Gen., 655 F.3d 1260, 1263 (11th Cir. 2011). In short, Plaintiff shows no specific harm from moving forward, while Defendants face prejudice from delay, including postponement of adjudication on the merits of their case.

## IV.    CONCLUSION

Plaintiff's Motion for Reconsideration must be denied because Plaintiff identifies no newly discovered evidence, intervening change in controlling law, or manifest error warranting the extraordinary remedy of reconsideration. The Court must also deny Plaintiff's alternative request for certification. Plaintiff fails to establish a controlling question of law, a substantial ground for disagreement, or

14

that an immediate appeal would materially advance this litigation; therefore, certification of Plaintiff's proposed questions is improper. Lastly, Plaintiff's request for a stay should be denied because he has shown no basis for extraordinary relief and no concrete prejudice from allowing this case to proceed in the ordinary course.

Accordingly, Defendants respectfully request that this Court deny Plaintiff's Motion in its entirety and grant such further relief as the Court deems just and proper.

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)

I HEREBY CERTIFY that this Motion complies with the word limit set forth in Local Rule 7.1(f) and contains 3,080 words, excluding the caption and other portions exempted by the Rule.

**Dated**: June 18, 2026.

Respectfully Submitted,

*/s/ Gregory K. Rettig*
Gregory K. Rettig (172774)
*Co-Counsel for Bryan F. Aylstock, Aylstock, Witkin, Kreis & Overholtz PLLC, and Bobby Bradford*

**FOR THE FIRM:**
**LLOYD, GRAY, WHITEHEAD & MONROE, P.C.**
125 W. Romana Street, Suite 330
Pensacola, Florida 32502
Telephone: (850) 777-3322
Facsimile: (850) 777-3290
Grettig@lgwmlaw.com
Egates@lgwmlaw.com

15

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 18, 2026, a true and correct copy of the foregoing has been furnished by filing through CM/ECF or some other authorized manner for parties not authorized to receive electronically Notices of Electronic Filing:

**Brandon Canup**
4812 Hidden Oaks Ln
Arlington, TX 76017
canup.brandon@gmail.com
*Plaintiff*

**Benjamin James Stevenson**
Stevenson Legal, PLLC
919 Panfiero Dr
Pensacola Beach, FL 32561
bjs@stevensonlegal.com
*Counsel for Mostyn Law Firm*

**Jonathan Vine**
Cole, Scott & Kissane, PA
222 Lakeview Ave., Suit 500
West Palm Beach, FL 33401
Jonathan.vine@csklegal.com
*Counsel for Gregory Brown and Fleming Nolen & Jez LLP*

Respectfully Submitted,

*/s/ Gregory K. Rettig*
Gregory K. Rettig (172774)
*Co-Counsel for Bryan F. Aylstock, Aylstock, Witkin, Kreis & Overholtz PLLC, and Bobby Bradford*

16