UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

BRANDON CANUP,

     Plaintiff,                           Case No.: 3:26-cv-3359-MCR-ZCB

     v.

BRYAN F. AYLSTOCK, et al.,

     Defendants.

_____/

### MOSTYN LAW'S OPPOSITION TO RECONSIDERATION

The Court should deny Plaintiff Brandon Canup's motion for extraordinary relief—reconsideration, certification for interlocutory appeal, and a stay (ECF No. 77).

**1. & 2.   The unanimity rule was satisfied.**

The unanimity rule in 28 U.S.C. § 1446(b)(2)(A) was satisfied for two alternative reasons: Defendant Mostyn Law Firm P.C. consented and consents to removal, curing any defect, or alternatively, it was never properly served, so its consent was not required.

To eliminate any doubt: Mostyn Law consents to the removal of this action to federal court and opposes its remand to Texas state court. Even assuming Mostyn Law was properly served and its consent was required, Mostyn Law appeared, moved

to dismiss without challenging the Court's jurisdiction, and now expressly consents on the record to removal. That cures any unanimity defect. *See Stone v. Bank of New York Mellon, N.A.*, 609 Fed. Appx. 979, 981 (11th Cir. 2015) ("A technical defect related to the unanimity requirement may be cured by opposing a motion to remand prior to the entry of summary judgment."). Regardless of whether Canup served Mostyn Law, it consented and now again consents to federal jurisdiction and opposes remand. This satisfies *Stone*. Likewise, regardless of whether Mostyn Law's motion to dismiss is deemed timely, *see* ECF 75, the motion nevertheless communicated Mostyn Law's election to litigate in federal court. Effective consent does not depend on any schedule for filing a motion to dismiss. The Court already correctly decided the issue. Order (ECF 70) at 15-17. Canup's cited district opinions that predate *Stone* and conflicting out-of-circuit authorities do not warrant the Court reaching a different result.

In the alternative, the unanimity rule was satisfied because Mostyn Law's consent was unnecessary: Mostyn Law had not been properly served when Defendant Gregory D. Brown filed the notice of removal. ECF 1. Only "defendants who have been properly joined and served must join in or consent to the removal of the action." *Id.* As shown in Mostyn Law's motion to accept its motion to dismiss as timely, ECF 75 at 1-2, service on Mostyn Law was defective. Canup's service on Andrew Browning was insufficient because Browning was not Mostyn Law's registered agent,

as he told the process server when he initially refused to accept the complaint. *Id.* Thrusting a complaint on a person who is no longer an agent is not proper service.

Lastly, Defendant Michael Burns, who has only recently been served, *see* ECF 69, would be entitled to remove this case if it were in state court. Under 28 U.S.C. § 1446(b), he could file a notice of removal within 30 days of service of process. And under the last-served defendant rule, "any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." § 1446(b)(2)(C); *Bailey v. Janssen Pharmaceutica, Inc.*, 536 F.3d 1202, 1203 (11th Cir. 2008). Remand would therefore be a pointless formality: Burns, only recently served, could promptly remove the case anew with the consent of the other defendants, returning it to this Court. The unanimity rule is not served by ordering a remand that the last-served-defendant rule would immediately undo.

### 3.    The Court has federal jurisdiction.

The Court correctly concluded that federal question jurisdiction exists under *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). Order at 9-14. Canup ignores that his claims affirmatively attack the propriety of conduct undertaken within the federal multidistrict litigation (MDL)—conduct governed by this Court's orders. *See* Mot. at 18-19. The question whether the challenged conduct was authorized by those orders is embedded in Canup's own theory of liability, not interposed solely as a defense. The Court's assessment that the

dispute centers on "whether the conduct alleged was taken pursuant to or governed by this Court's orders" correctly reflects the substance of Canup's claims. Order at 11. The well-pleaded-complaint rule and *Franchise Tax Board* do not aid Canup, because the federal issue here is not an anticipated affirmative defense but an element of his own claim.

Canup raises a federal issue in the First Amended Complaint: whether MDL leadership's conduct, at the behest of a federal court, can create a fiduciary duty. In Count B2, Canup pleaded that Mostyn Law, as Burns's principal, was liable for Burns's breach of fiduciary duty. Am. Compl. (ECF 60) ¶ 163. To prevail under Florida and Texas state law, Canup must prove that Burns owed a fiduciary duty to Canup. *Gracey v. Eaker*, 837 So. 2d 348, 353 (Fla. 2002); *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 220 (Tex. 2017). In Canup's view, Burns owed a fiduciary duty to Canup because Burns "communicated with Canup directly and through Gamble, provided legal advice, obtained confidential and privileged information, and appeared in proceedings affecting his rights." *Id.* ¶ 153. Canup says that Burns took these actions in conjunction with a federal court hearing before District Court Judge Rodgers on March 13, 2024, and immediately thereafter, in a conference with Magistrate Judge Canon. *Id.* ¶ 81, 84-90. The federal court ordered Canup to appear at the hearing. *Id.* ¶ 77. The federal court enlisted Burns and other MDL leadership to appear at the hearing. *See* Hr'g Tr. (Mar. 13, 2024), ECF 66 at 40.

Thus, Mostyn Law denies that Burns owed a fiduciary duty to Canup. Burns was required to comply with the federal court's settlement orders. *See In re 3M Combat Arms Earplug Prods. Liab. Litig.*, No. 3:19MD2885, 2023 WL 9197648, at *1 (N.D. Fla. June 29, 2023). The Court asked Burns to participate in the settlement conference. His assigned role was not to serve as an attorney for Canup, but to explain the settlement structure. This is not a defense that interjects extraneous facts to justify, excuse, or otherwise avoid liability; rather, it is a denial that an essential element of Canup's claim—the existence of a fiduciary duty—is satisfied. Even if Canup need not prove that any MDL order is unenforceable or wrong, he must prove Burns owed him a fiduciary duty. Yet the only facts he marshals in the complaint all point to Burns's participation in the March 13 settlement conference directed by the federal court. Thus, whether his conduct created a duty necessarily depends on the federal conduct. Canup raised a federal issue. That issue is substantial in the sense *Gunn* requires—its importance runs to "the federal system as a whole," not merely to these parties. *Gunn v. Minton*, 568 U.S. 251, 260 (2013). Whether duties owed by court-appointed MDL leadership arise from, or are defined by, the transferee court's own orders is a recurring question that governs how leadership counsel may be held to account across the many MDLs that use this same structure. Order at 13. This Court is best suited to resolve this federal issue.

**4.        Certification of appealability is inappropriate.**

Canup's request to certify the order for interlocutory appeal under 28 U.S.C. § 1292(b) should be denied. Certification requires a controlling question of law for which there is substantial ground for difference of opinion. *Id.*; *McFarlin v. Conseco Services, LLC*, 381 F.3d 1251, 1257-59 (11th Cir. 2004). Section 1292(b) is reserved for "pure" questions of law a reviewing court could decide quickly and cleanly, not for the application of settled standards to particular facts. *Id.* Here, neither pure legal questions nor debatable law exist.

First, Canup's proposed questions for the circuit court—whether *this* motion to dismiss manifested consent and whether *these* claims fall within *Grable*—are fact-bound applications of established doctrine, not abstract legal questions. *Id.* at 1258 ("The term 'question of law' does not mean the application of settled law to fact."). The circuit court would have to wade through the very morass of factual questions that Canup himself contends must be resolved. Mot. 2. The circuit court would have to answer whether any misconduct was "authorized, governed, or excused by federal MDL orders, settlement procedures, or court-created authority." Mot. at 23.

Second, no "substantial ground for difference of opinion" justifies interrupting the proceedings with an interlocutory appeal. § 1292(b). *Stone* provides ample reason to conclude that Mostyn Law cured any defect related to the unanimity rule. Canup's dated and out-of-circuit authorities do not undercut it. Likewise, Canup's failure to

distinguish between a defense and a denial does not mean that his complaint skirts the federal issue. A good-faith disagreement with the Court's ruling does not establish a substantial ground for difference of opinion. Were it otherwise, every adverse jurisdictional ruling would be certifiable. Canup's request reduces to dissatisfaction with the outcome, which § 1292(b) does not redress.

In the Eleventh Circuit, "the great bulk of [appellate] review must be conducted after final judgment, with § 1292(b) interlocutory review being a rare exception." *McFarlin*, 381 F.3d at 1264. Accordingly, there is a "strong presumption against interlocutory appeals." *United States v. One Parcel of Real Prop. With Bldgs., Appurtenances & Improvements*, 767 F.2d 1495, 1498 (11th Cir. 1985).

The Court should not certify appealability.

## 5.    No stay is warranted.

The request to stay all proceedings pending reconsideration and the mandamus petition should likewise be denied. The mandamus petition concerns recusal—an issue distinct from removal and *Grable* jurisdiction—and the filing of a mandamus petition does not divest this Court of jurisdiction or warrant a halt to the litigation. Canup identifies no concrete prejudice from proceeding, and the orderly progress of this case weighs against an open-ended stay.

## CONCLUSION

For the foregoing reasons, Mostyn Law respectfully requests that the Court deny Plaintiff's motion for reconsideration, deny the alternative request for certification under 28 U.S.C. § 1292(b), and deny the request to stay proceedings.

### N.D. Fla. Loc. R. 7.1(F) Certificate of Word Limit

This filing contains 1,676 words.

Respectfully submitted,

s/Benjamin James Stevenson
**Benjamin James Stevenson**
Stevenson Legal PLLC
919 Panferio Drive
Pensacola Beach, FL 32561
T. 702.306.6708
bjs@stevenson-legal.com

*Counsel for Mostyn Law*