**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

| | |
|---|---|
| BRANDON CANUP, | Case No. 3:26-cv-3359-MCR-ZCB |
| *Plaintiff,* | |
| v. | |
| BRYAN F. AYLSTOCK, et al., | PLAINTIFF'S MOTION TO FILE REPLY MEMORANDUM AND MEMORANDUM IN SUPPORT |
| *Defendants.* | |

**PLAINTIFF BRANDON CANUP'S MOTION FOR LEAVE TO FILE REPLY**
**MEMORANDUM IN SUPPORT OF HIS MOTION FOR RECONSIDERATION**

COMES NOW, Plaintiff Brandon Canup ("Canup" or "Plaintiff"), proceeding *pro se*, and pursuant to N.D. Fla. Local Rule 7.1(I), respectfully moves this Court for leave to file a reply memorandum in support of his Motion for Reconsideration, Certification for Interlocutory Appeal and Stay, Dkt. 77, and respectfully states as follows:

1. On June 19, 2026 Mostyn Law Firm, PC's ("Mostyn") filed a Response in Opposition to Canup's Motion for Reconsideration. Dkt. 95.

2. Local Rule 7.1(I) provides that a reply memorandum ordinarily may not be filed absent leave of Court and extraordinary circumstances. The rule further requires a party to obtain leave before tendering the reply. Canup therefore seeks leave before filing any reply.

3. Extraordinary circumstances exist because the Court denied remand by treating Mostyn's motion to dismiss as implied consent to removal, even though Mostyn filed that motion approximately six months after being properly served before removal and the motion said nothing about consent, removal, or remand. Dkts. 67, 70. After remand was denied, Mostyn moved to have the untimely motion accepted and, for the first time, challenged the validity

1

of service. Dkt. 75. Mostyn, in its Response in Opposition to Canup's Motion for Reconsideration has now raised additional issues bearing directly on the basis of the remand ruling, Dkt. 95, and Canup should be permitted to file a reply addressing those issues.

4.  First, Mostyn now expressly states, "[t]o eliminate any doubt," that it consents to removal. *Id.* at 1. Canup seeks leave to address the significance of that newly asserted consent because the Court denied remand by treating Mostyn's earlier motion to dismiss as implied consent, even though that motion was silent as to consent, removal, and remand. Mostyn's first express statement of consent, made only in opposition to reconsideration, raises a new issue concerning whether that later consent can retroactively support the filing on which the Court relied.

5.  This issue also bears directly on certification. The question is not simply whether service was valid in the abstract. The question is whether the Court may avoid deciding service and unanimity by relying on a late, procedurally disputed motion to dismiss as implied consent when Mostyn only later supplied express consent after reconsideration was filed. A short, consolidated reply would assist the Court in resolving that narrow issue without requiring Canup to reargue the entire motion.

6.  Second, Mostyn raises a last-served-defendant and futility argument that warrants a limited response. Mostyn argues that remand would be a "pointless formality" because Defendant Burns was allegedly later served and could allegedly remove the case again under the last-served-defendant rule. Dkt. 95 at 3. Canup does not concede Mostyn's characterization of when Burns was served. Mostyn's argument raises a new futility theory, dependent on

disputed service facts and a series of speculative future events, that was neither addressed in the remand ruling nor available for Canup to answer in his opening memorandum.

7. Canup's proposed reply will address why Mostyn's hypothetical future-removal argument does not make remand a "pointless formality." Remand would return this action to Texas state court, and any later notice of removal would have to be filed in the Northern District of Texas, within the Fifth Circuit. Mostyn's theory assumes that Burns wishes to remove; that a second removal would survive remand under Fifth Circuit law governing successive removals; and that the JPML would transfer the action to this Court a second time. It also disregards the mandatory language Congress used in § 1446(b)(2)(A)–(B) and the absence of any statutory futility exception. Canup seeks leave to address those newly raised matters, including the disputed premise concerning when Burns received service or notice, in a narrowly tailored reply.

8. A reply limited to the issues identified above would assist the Court, avoid duplication, and prevent the threshold remand issues from being resolved through procedural assumptions rather than under the removal statutes.

9. Canup's proposed reply will be narrowly tailored to address only those matters raised in Mostyn's response and will comply with the word limitations set forth in Local Rule 7.1(I).

10. Allowing a reply will aid the Court by ensuring that the record is complete and that all issues are fully and fairly presented.

11. Mostyn opposes this motion.

### **RELIEF REQUESTED**

WHEREFORE PRESMISES CONSIDERED, Plaintiff Brandon Canup respectfully requests that the Court grant leave to file a reply in support of Dkt. 77, limited to the issues identified above, and grant such further relief as the Court deems just and proper.

Signed this 22nd day of June, 2026.                    Respectfully submitted,

Brandon Canup, Plaintiff
4812 Hidden Oaks Ln
Arlington, Texas 76017
Tel.: (972) 762-4314
canup.brandon@gmail.com

*pro se*

4

**CERTIFICATE OF CONFERENCE**

I HEREBY CERTIFY that, I, Brandon Canup have complied with the attorney-conference requirement of Local Rule 7.1(B). I attempted to confer in good faith by email to resolve the issue(s) set forth. Results of conference(s): I emailed counsel for Mostyn on June 21, 2026, Mr. Stevenson replied that Mostyn is opposed, therefore, this motion is submitted to the Court as opposed.

Brandon Canup
*pro se* Plaintiff

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on or about June 22, 2026, a true and correct copy of this entire motion and memorandum was sent to counsel for all parties via email, US Mail and/or the CM/ECF service pursuant to the Federal Rules of Civil Procedure.

Brandon Canup
*pro se* Plaintiff

**PLAINTIFF BRANDON CANUP'S MEMORANDUM IN SUPPORT OF HIS MOTION FOR LEAVE TO FILE REPLY IN SUPPORT OF HIS MOTION FOR <u>RECONSIDERATION</u>**

COMES NOW, Plaintiff Brandon Canup ("Canup" or "Plaintiff"), proceeding *pro se*, and pursuant to N.D. Fla. Local Rule 7.1(I), respectfully submits this Memorandum of Law in support of his Motion for Leave to File a Reply Memorandum in Support of his Motion for Reconsideration, and states as follows:

## I.    BACKGROUND

This action arises from Canup's former 3M Combat Arms Earplug litigation. The operative First Amended Complaint asserts state-law claims for fraud by nondisclosure, breach of fiduciary duty, fraudulent inducement, and civil conspiracy arising from Defendants' alleged communications, participation in proceedings, and case-specific conduct after Canup rejected the 3M Master Settlement Agreement and continued pursuing his individual claims. Dkt. 60 ¶¶ 136–203. Canup later resolved his claims against 3M independently of the MSA.

Canup filed this action in Texas state court on October 27, 2025. The action was removed to the Northern District of Texas on November 6, 2025, and Canup timely moved to remand. Dkts. 1, 8. After Defendants sought transfer, the JPML transferred the action to this Court on April 2, 2026. Dkt. 30.

On May 27, 2026, approximately six months after Canup contends Mostyn was properly served before removal, Mostyn filed a motion to dismiss that was silent as to consent, removal, remand, and sufficiency of service. Dkt. 67. On May 29, 2026, the Court denied remand, declined to resolve whether Mostyn had been properly served, and treated Mostyn's motion to dismiss as implied consent sufficient to cure the asserted unanimity defect. Dkt. 70 at 15–17.

On June 3, 2026, Mostyn moved to have its motion to dismiss accepted as timely and asserted improper service for the first time. Dkt. 75. Canup thereafter moved for reconsideration

or, alternatively, certification for interlocutory appeal, and requested a stay. Dkt. 77. In opposing reconsideration, Mostyn now expressly states for the first time, "[t]o eliminate any doubt," that it consents to removal and separately argues that remand would be a "pointless formality" because Burns could allegedly remove the action again under the last-served-defendant rule. Dkt. 95 at 1, 3. Those newly asserted matters form the limited basis for Canup's request for leave to reply.

## II.    ARGUMENT AND AUTHORITY

### A.  Legal Standard

Under N.D. Fla. Local Rule 7.1(I), a party ordinarily may not file a reply memorandum in support of a motion. In extraordinary circumstances, however, the Court may grant leave to file a reply, provided the party obtains leave before tendering it. Extraordinary circumstances exist where an opposition raises a new argument or materially changes the issues the Court must resolve, such that a limited reply would assist the Court and provide the movant a meaningful opportunity to respond.

Fundamental fairness ordinarily requires that a party receive notice and a meaningful opportunity to address new matters that may affect the disposition of its motion. *See Mullane v. Cent. Hanover Bank & Tr. Co.,* 339 U.S. 306, 314 (1950); *Mathews v. Eldridge,* 424 U.S. 319, 333 (1976). Leave is particularly appropriate where the newly raised matters bear on subject-matter jurisdiction, removal procedure, and the factual or procedural premise on which the Court previously relied.

### B.  Argument

#### 1.  Mostyn's Newly Expressed Consent Raises an Issue Not Previously Presented

The unusual procedural sequence surrounding Mostyn's consent constitutes an extraordinary circumstance warranting a limited reply. The Court denied remand by treating

7

Mostyn's motion to dismiss as implied consent to removal. That motion was filed approximately six months after Mostyn was properly served before removal, was filed after Mostyn's response deadline, and said nothing about consent, removal, or remand. After remand was denied, Mostyn moved to have that motion accepted as timely and asserted improper service for the first time.

Mostyn now expressly states in opposition to reconsideration, "[t]o eliminate any doubt," that it consents to removal. Dkt. 95 at 1. That is Mostyn's first express statement of consent. It raises a new issue concerning whether consent first expressly given in opposition to reconsideration can retroactively support the Court's earlier reliance on a different filing that contained no such statement.

The AWKO Defendants' response reinforces the significance of that issue. They acknowledge that the Court did not resolve whether Mostyn was properly served because it instead treated Mostyn's motion to dismiss as implied consent sufficient to cure the asserted unanimity defect. Dkt. 93 at 6–7. Mostyn's newly expressed consent therefore bears directly on the premise used to avoid resolving service and unanimity.

Canup does not seek to repeat his prior service or unanimity arguments. He seeks leave to address the distinct issue created by Mostyn's newly asserted express consent: whether that later statement can retroactively validate the Court's prior reliance on an untimely and procedurally disputed motion that was silent as to consent, removal, and remand. That issue also bears directly on Canup's request for certification because it concerns whether the Court may bypass unresolved service and unanimity questions by inferring consent from that earlier filing.

### 2. Mostyn's Last-Served-Defendant Argument Raises a New Futility Theory Dependent on Disputed Facts

Mostyn also argues for the first time that remand would be a "pointless formality" because Burns was allegedly later served and could allegedly remove the action again under the last-served-

defendant rule. Dkt. 95 at 3. That argument raises a new futility theory that was neither addressed in the remand ruling nor available for Canup to answer in his opening memorandum.

Canup does not concede that the earlier efforts to serve Burns were legally ineffective.

Mostyn's theory also depends on several speculative procedural assumptions. Remand would return this action to Texas state court. Any later notice of removal would have to be filed in the Northern District of Texas, within the Fifth Circuit, where a second removal on the same factual basis is generally prohibited absent a new and different factual development, and doubts concerning removal are resolved in favor of remand.

Mostyn's assertion that this action would simply return to this Court therefore assumes that Burns would choose to remove; that all properly joined and served Defendants would consent to that removal; that the Northern District of Texas would permit the second removal to proceed; and that the JPML would transfer the action to this Court a second time. The first JPML transfer itself required approximately four months. None of those events is certain.

Mostyn's theory also implicates the mandatory requirements of the removal statutes, including the requirements that all properly joined and served defendants join in or consent to removal and that each defendant act within the applicable thirty-day period. It further raises whether futility may be used to excuse compliance with those requirements.

Canup seeks leave to address why speculation about a series of possible future events cannot excuse compliance with the statutory requirements governing the removal presently before the Court. Because Mostyn introduced this theory only in opposition to reconsideration, denying Canup an opportunity to answer it would leave the Court with one-sided briefing on an issue bearing directly on remand.

Canup seeks leave to address why a disputed service premise and speculation about a series of possible future events cannot excuse compliance with the statutory requirements governing the removal presently before the Court. Because Mostyn introduced this theory only in opposition to reconsideration, denying Canup an opportunity to answer it would leave the Court with one-sided briefing on an issue bearing directly on remand.

### 3.   Leave to File a Limited Reply Will Aid the Court

Canup's proposed reply will be confined to two issues: (1) the significance of Mostyn's first express statement of consent in light of the Court's prior reliance on Mostyn's motion to dismiss as implied consent; and (2) Mostyn's newly asserted last-served-defendant and futility theory. Canup will not use the reply to repeat arguments already fully presented except to the limited extent necessary to answer those new matters.

Allowing a reply will provide the Court with focused adversarial briefing on issues that directly concern removal, remand, and the basis of the Court's prior ruling. It will also avoid multiple filings because Canup seeks permission to file one consolidated reply addressing the overlapping responses of Mostyn and the AWKO Defendants.

Courts within this District recognize that leave to reply is appropriate where a reply will aid the Court's consideration of the issues. *See Am. C.L. Union of Fla., Inc. v. Dixie County,* 570 F. Supp. 2d 1378, 1380 (N.D. Fla. 2008). Here, the proposed reply will assist the Court by addressing newly raised matters without unnecessarily reopening issues already briefed.

### III.   REQUEST FOR RELIEF

Extraordinary circumstances warrant leave to file a limited consolidated reply. Mostyn has, for the first time, expressly consented to removal after the Court previously relied on a motion that contained no express consent, and Mostyn has introduced a new last-served-defendant and futility

10

theory premised on a hypothetical second removal. Those matters bear directly on the threshold remand ruling and were not available for Canup to address in his opening memorandum.

WHEREFORE PREMISES CONSIDERED, Canup respectfully requests that the Court grant him leave to file one consolidated reply memorandum in support of Dkt. 77, limited to the issues identified above, and grant such other and further relief as the Court deems just and proper.

Signed this 22nd day of June, 2026.

Respectfully submitted,

Brandon Canup, Plaintiff
4812 Hidden Oaks Ln
Arlington, Texas 76017
Tel.: (972) 762-4314
canup.brandon@gmail.com

*pro se*

## LOCAL RULE 7.1(F) CERTIFICATION

I HEREBY CERTIFY that, pursuant to Local Rule 7.1(F), based on the Word Count function in Microsoft Word, this Memorandum contains approximately 2,448 words, inclusive of headings, footnotes, and quotations.

Brandon Canup
*pro se* Plaintiff

11