**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

| | |
|---|---|
| BRANDON CANUP, <br><br> *Plaintiff,* <br><br> v. <br><br> BRYAN F. AYLSTOCK, et al., <br><br> *Defendants.* | Case No. 3:26-cv-3359-MCR-ZCB <br><br><br> PLAINTIFF BRANDON CANUP'S MOTION FOR CLARIFICATION OF REPRESENTATION STATUS AND CORRECTION OF DOCKETS 102–104 |

**PLAINTIFF BRANDON CANUP'S MOTION FOR CLARIFICATION OF**
**REPRESENTATION STATUS AND CORRECTION OF DOCKETS 102–104 AND**
**MEMORANDUM IN SUPPORT**

COMES NOW Plaintiff Brandon Canup ("Canup"), proceeding *pro se*, hereby files his

Motion for Clarification of Representation Status and Correction of Dockets 102–104. In support,

Canup states as follows:

Canup files this motion subject to and without waiving any previously asserted objections

concerning removal, remand, subject-matter jurisdiction, or the continuation of district court

proceedings while his pending requests for reconsideration, appellate relief, and a stay remain

unresolved. *See* Dkts. 73, 77, 91, 97. This motion seeks only clarification and correction of the

existing docket and filings and should not be construed as consent to further proceedings or as a

concession that any pending filing is timely, valid, or properly before the Court.

### I.    INTRODUCTION AND SUMMARY OF ARGUMENT

On June 25, 2026, Dkts. 102–104 were submitted through the electronic-filing account of

James Martinez Burns, causing the docket to identify James Burns as counsel of record for Michael

Burns and as the filer of those documents. The documents themselves, however, are signed solely by Michael Burns, identify him as "Defendant," and purport to have been filed by him personally. None is signed by James Burns or states that James Burns filed it as counsel. The record therefore reflects two inconsistent positions: either James Burns represents Michael Burns and must correct the filings so that they are signed and docketed through counsel, or Michael Burns is appearing on his own behalf and should file through his own electronic-filing account rather than through an account that places James Burns on the docket as counsel.

Rule 11(a) requires a filing to be signed by an attorney of record in the attorney's name or, if the party is unrepresented, by the party personally. Local Rule 11.1(F) requires a represented party to appear only through counsel and prohibits joint or intermittent representation, while Local Rules 5.1 and 5.4 require proper signature information and accurate electronic docketing. The Court may also take judicial notice of its own MDL docket, which, as of June 25, 2026, separately identified Michael Burns as "ATTORNEY TO BE NOTICED" and reflected an individual electronic-notice entry associated with him. *See* Fed. R. Evid. 201(b)(2); Exs. 1–2.

Canup requests that the Court require James Burns to correct the filings if he intends to represent Michael Burns, or require Michael Burns to proceed through his own account if he intends to represent himself, and clarify whether Dkt. 103 is intended to serve as Burns's response to the Amended Complaint.

## II.    BACKGROUND

This action is now governed by Canup's First Amended Complaint, which asserts causes of action for fraud by nondisclosure, breach of fiduciary duty, fraudulent inducement, and civil conspiracy. *See* Dkt. 60 ¶¶ 136–203. The lawsuit arises from the *In re: 3M Combat Arms Earplugs Litigation* (the "MDL"), a multi-district litigation proceeding involving claims by service members

and veterans against 3M Company ("3M") based upon allegations that its Combat Arms Earplugs were defective. *See* Dkt. 60 ¶¶ 25–27. Canup, an MDL claimant, was initially represented by FNJ Defendants[1] and Cliff Roberts, collectively ("Texas Defendants"). *See id.* ¶ 28. Ultimately, in 2023, after several bellwether trials, 3M entered into a Master Settlement Agreement ("MSA") to resolve the claims in the MDL, which involved the creation of a "benefits program" out of which the attorneys would be paid. *See id.* ¶¶ 38, 42, 46.

Importantly, the MSA is a private agreement that was voluntarily entered into by participating counsel in the MDL, including Defendants in this action. *See id.* ¶¶ 47–51. Also of note, the amount to be paid by 3M under the MSA was dependent on participation levels of eligible claimants. *See id.* ¶ 42.  The terms that participating counsel voluntarily agreed to obligated every attorney representing a claimant who had filed a case in the MDL to cease developing their clients' cases in the MDL as of the settlement date, August 29, 2023, *id.*, .recommend to 100% of their clients to agree to the MSA and register in the "benefits program" thereunder and withdraw from representing claimants that chose to opt out of the MSA. *Id.* After realizing that Texas Defendants were not actively working on his case, in January of 2024, Canup retained David Gamble to pursue his claims against 3M. *See id.* ¶ 64. Canup rejected the MSA and Texas Defendants withdrew as his counsel, as they had voluntarily agreed with 3M and other participating counsel to do.[2] *See id.* ¶¶ 66, 78. During this same period, AWKO Defendants,[3] along with Michael Burns and Mostyn

---

[1] FNJ Defendants refers to Gregory Brown and Fleming, Nolen & Jez, LLP.

[2] Texas Defendants delayed withdrawing from Canup's case, Canup opted out of the MSA on January 21, 2024 and Gregory Brown filed his motion to withdraw on February 15, 2024, one week before a major production deadline in Canup's case and more than five months after Texas Defendants agreed with 3M and other participating counsel to cease developing Canup's case in the MDL. *See* Dkt. 37, Ex. 2, Docket Report, *Canup v. 3M Co. et al.*, No. 8:20-cv-14021-MCR-HTC (N.D. Fla.); *see also* MDL Settlement Agreement, MSA 1 at 6 and ¶ 8.1.4 at 20, *https://www.uscourts.gov/courts/flnd/3M-MSA_1.pdf* (last accessed May 12, 2026).

[3] AWKO Defendants refers to Bryan Aylstock, Bobby Bradford and Aylstock, Witkin, Kreis & Overholtz, PLC.

Law Firm, PC, injected themselves into Canup's litigation with 3M through ongoing communications and interactions with Canup spanning from February 22, 2024, through April 25, 2024. *See id.* ¶¶ 79–92, 95. After several more months of litigation and after Canup had initiated an appeal of one of the MDL Court's Orders, 3M agreed to settle Canup's claims independently of the MSA. *See id.* ¶ 100.

Canup filed this action in Tarrant County, Texas, on October 27, 2025. Gregory Brown improperly removed it to the Northern District of Texas on November 6, 2025,[4] and Canup moved to remand on November 21, 2025. *See* Dkt. 8. Bryan Aylstock ("Aylstock") thereafter sought transfer to the MDL Court, while FNJ Defendants opposed remand, sought a stay pending transfer, and moved to dismiss. *See* Dkts. 10, 12, 14, 15, 23. The JPML transferred the action on April 2, 2026. *See* Dkt. 30.

After transfer, Canup moved for leave to amend, for recusal and disqualification, and for a suggestion of remand. *See* Dkts. 34–35, 37–38. The Court granted leave to amend on May 6, 2026, and Canup filed the Amended Complaint on May 12, 2026. *See* Dkts. 54, 60. On May 17, 2026, the Court denied recusal. *See* Dkt. 61 at 5–10. AWKO Defendants filed their Motion to Dismiss on May 26, 2026, again asserting that their only interactions with Canup occurred on behalf of Plaintiffs' MDL Leadership at the Court's request. *See* Dkt. 66 at 2–3, 13–17. Mostyn filed its procedurally defective Motion to Dismiss on May 27, 2026. *See* Dkts. 67, 75, 91.

On May 29, 2026, the Court denied remand, finding federal-question jurisdiction over Canup's state-law claims and treating Mostyn's Motion to Dismiss as implied consent to removal,

---

[4] Brown removed this case despite being a non-diverse Texas defendant, and without ensuring all of his co-defendants consented to removal, including Mostyn Law Firm, P.C., another Texas Defendant who had already been properly joined and served. *See* Dkts. 1, 8, 9 at 2, 6–7. Brown filed the Notice of Removal and was the sole signatory. The docket entry, however, reflects participation by the AWKO Defendants, stating: "NOTICE OF REMOVAL filed by Gregory Donald Brown, Aylstock, Witkin, Kreis & Overholtz, PLL." *See* Dkt. 1; *see also* Docket Report, *Canup v. Aylstock, et al.*, No. 3:26-cv-03359-MCR-ZCB (N.D. Fla.)

although the Court declined to determine whether Mostyn had been properly served. *See* Dkt. 70 at 15–17. Mostyn had filed that motion two days earlier, approximately ninety minutes after the court-ordered deadline and more than six months after it was properly served. *See* Dkts. 54, 67, 75, 91. The motion did not address removal, remand, consent, or sufficiency of service. *See* Dkt. 67.

Mostyn instead argued that it could not be held liable for Burns's alleged conduct because Burns was no longer affiliated with or acting on behalf of Mostyn during the relevant period. Although Mostyn acknowledged that the Court appointed "Burns of Mostyn" to the MDL plaintiffs' leadership in 2019, it asserted that its involvement in MDL leadership ended in 2020, when Burns allegedly left Mostyn, formed Burns Law LLC, and thereafter served in MDL leadership through that new firm. *See* Dkt. 67 at 3–4. Mostyn further argued that, by September 2023, the prior MDL leadership structure had been terminated, Burns possessed no continuing leadership authority, and any alleged conduct by Burns therefore was not undertaken on Mostyn's behalf. *Id*. at 4. Based on that asserted separation, Mostyn contended that Canup had not plausibly alleged that Burns acted as its agent and that no vicarious liability could attach to Mostyn for Burns's conduct. *Id*. at 2–4.

On May 30, 2026, Canup petitioned the Eleventh Circuit for a writ of mandamus seeking Judge Rodgers's recusal and disqualification under 28 U.S.C. §§ 455(a) and 455(b)(1), vacatur of the order denying recusal, and related relief. *See* Dkt. 73. On June 3, 2026, Mostyn moved to have its Motion to Dismiss accepted as timely and asserted improper service for the first time. *See* Dkt. 75. On June 5, 2026, Canup moved for reconsideration of the remand order or, alternatively, certification under 28 U.S.C. § 1292(b), and requested a stay. *See* Dkt. 77. Canup later opposed Mostyn's timeliness motion and again requested a stay. *See* Dkt. 91. On June 22, 2026, Canup

filed a motion in the Eleventh Circuit seeking a stay of the district court proceedings pending review of his mandamus petition. *See* Dkt. 97.

On June 25, 2026, Dkts. 102–104 were filed concerning Burns: a Notice of Appearance, Notice of Adoption, and Proof of Service. Dkt. 103 purports to adopt applicable motions, arguments, and pleadings filed by the AWKO Defendants. Notably, Burns did not adopt Mostyn's filings, even though Mostyn's Motion to Dismiss expressly argues that Burns left Mostyn in 2020, formed Burns Law LLC, thereafter served in MDL leadership through his new firm, and was not acting on Mostyn's behalf during the conduct alleged in the Amended Complaint. *See* Dkt. 67 at 3–4; Dkt. 103.

### III.    ARGUMENT AND AUTHORITY

#### A.  Legal Standard

Federal Rule of Civil Procedure 11(a) requires every pleading, written motion, and other paper to be signed "by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). An unsigned paper must be stricken unless the omission is promptly corrected after being called to the attorney's or party's attention. *Id*.

The Local Rules likewise distinguish between filings made through counsel and filings made by an unrepresented party. A document filed by an attorney must contain the attorney's signature and identifying information and must identify the party represented, while a document filed by a *pro se* party must bear the party's own signature and contact information. N.D. Fla. Loc. R. 5.1(D)–(E). An attorney who files a document electronically, or authorizes another person to do so, is responsible for the filing and must ensure that it is accurately docketed. N.D. Fla. Loc. R. 5.4(C), (G).

A represented party "must appear only through the attorney" and "may not file documents or participate in a trial or hearing on the party's own behalf." N.D. Fla. Loc. R. 11.1(F). Conversely, "[a] party who appears *pro se* may not be represented jointly or intermittently by an attorney." *Id*. Accordingly, the docket, the identity of counsel, the electronic filer, and the signature appearing on the filed document must consistently establish whether the party is proceeding through counsel or on the party's own behalf.

### B. Argument

#### 1. Dkts. 102–104 Reflect Inconsistent Representation, Signature and Filing Statuses

The docket identifies James Martinez Burns as counsel of record for Michael Burns and attributes Dkts. 102–104 to James Burns. The documents themselves reflect otherwise. Dkt. 102 states that "Michael A. Burns" files the Notice of Appearance on behalf of himself, is signed solely by Michael Burns, and identifies him as both "Esquire" and "Defendant." Dkts. 103 and 104 are likewise signed solely by Michael Burns and identify him as "Defendant." None bears James Burns's signature, identifies James Burns as counsel, or states that James Burns files the document on Michael Burns's behalf.

Those two forms of appearance cannot operate simultaneously. If James Burns represents Michael Burns, Rule 11(a) requires an attorney of record to sign the filings in the attorney's own name, and Local Rule 11.1(F) requires Michael Burns to appear only through that attorney. If Michael Burns is appearing on his own behalf, his personal signature may be proper, but the filings should not be submitted through an account that causes James Burns to be entered as counsel of record and identified as the filer.

The defect is not merely one of form. The present record does not clearly establish whether Michael Burns is represented or proceeding on his own behalf, whether James Burns intended to

7

enter an appearance, or which person presented and assumed responsibility for Dkts. 102–104. Rule 11(a) and Local Rules 5.1, 5.4, and 11.1(F) require a clear and consistent answer to those questions.

### 2. If James Burns Represents Michael Burns, James Burns Must Correct the Filings and Appear Through Properly Signed Documents

If James Burns intended to appear as counsel for Michael Burns, the docket's designation of James Burns as counsel may be accurate, but the attached documents are not. A represented party may not personally file documents while remaining represented by separate counsel. N.D. Fla. Loc. R. 11.1(F). The documents must instead be filed through counsel and bear the signature and signature block required of the attorney appearing for the party. See Fed. R. Civ. P. 11(a); N.D. Fla. Loc. R. 5.1(D).

Local Rule 5.4 also places responsibility on the attorney whose electronic-filing account is used. An attorney who electronically files a document, or authorizes another person to file it, is responsible for that filing and must ensure that the document is accurately docketed. N.D. Fla. Loc. R. 5.4(C), (G). Here, use of James Burns's account caused James Burns to be identified as counsel and filer, but the documents do not contain his signature or otherwise reflect that he presented them as counsel. If James Burns represents Michael Burns, James Burns should be required to file a corrected notice of appearance and corrected versions of Dkts. 103 and 104 bearing his own signature and identifying him as counsel for Michael Burns.

### 3. If Michael Burns Intends to Represent Himself, He Should File Through His Own Electronic Filing Account and the Docket Should Not Identify James Burns as His Counsel.

If Michael Burns instead intended to appear and proceed on his own behalf, the docket should accurately reflect that status. Local Rule 11.1(F) prohibits joint or intermittent representation: a party appearing *pro se* may not simultaneously remain represented by an attorney.

James Burns therefore should not remain listed as counsel of record if Michael Burns is personally conducting the litigation and signing filings on his own behalf.

The Court's own MDL docket confirms that Michael Burns already has an individual electronic entry in this Court's system, in this MDL. The Court may take judicial notice of its own records under Federal Rule of Evidence 201(b)(2).[5] As of June 25, 2026, the MDL docket identified "MICHAEL ANDREW BURNS," listed him as "ATTORNEY TO BE NOTICED," and associated him with the email address epefile@mostynlaw.com. *See* Ex. 1. The Notice of Electronic Filing accompanying the April 2, 2026 JPML transfer order transferring this case into this MDL likewise reflects that electronic notice was transmitted directly to Michael Burns at that address. *See In re 3M Combat Arms Earplug Prods. Liab. Litig.,* No. 3:19-md-02885-MCR-HTC, Dkt. 4210-1 at 2 (N.D. Fla. Apr. 2, 2026); Ex. 2.

This Court's electronic records already identify Michael Burns individually as an attorney receiving electronic notice. Thus, if Michael Burns intends to represent himself, he should do so through his own electronic-filing registration rather than through James Burns's account, which causes James Burns to be entered as counsel and creates an inaccurate or ambiguous docket record.

### 4. Dkt. 103 Must Be Clarified, It Does Not Clearly Identify Burns' Operative Response to the Amended Complaint

The ambiguity also affects the procedural significance of Dkt. 103. That document states that Burns adopts "all applicable Motions, arguments, and pleadings" filed by the AWKO Defendants, but it does not identify a particular motion, state which arguments are adopted, or expressly identify itself as a response under Rule 12.

---

[5] Canup respectfully requests that the Court take judicial notice, pursuant to Federal Rule of Evidence 201(b)(2), of the Court's records in *In re 3M Combat Arms Earplug Products Liability Litigation*, No. 3:19-md-02885-MCR-HTC, including Dkt. 4210-1 at 2, which reflects that the April 2, 2026 transfer notice was electronically mailed to "MICHAEL ANDREW BURNS" at epefile@mostynlaw.com, and the MDL attorney docket, which identified Michael Burns as "ATTORNEY TO BE NOTICED" as of June 25, 2026. An excerpt of the attorney docket is attached hereto as Exhibit 1.

The Court and Canup should not be left to infer whether Dkt. 103 constitutes Burns's response to the Amended Complaint or which defenses he intends to assert. Burns should be required to clarify whether Dkt. 103 is intended as his operative response and, if so, identify the specific motion, defenses, arguments, and relief he adopts.

## IV.    REQUEST FOR RELIEF

WHEREFORE PREMISES CONSIDERED, Canup respectfully requests that the Court direct Michael Burns and James Martinez Burns to clarify whether Michael Burns is represented by James Burns or is appearing on his own behalf; require the docket and Dkts. 102–104 to be corrected consistently with that status; require James Burns, if he represents Michael Burns, to correct and refile the documents with his signature and proper counsel information, or require Michael Burns, if he is appearing on his own behalf, to proceed through his own electronic-filing account and remove James Burns as counsel of record; require Burns to clarify whether Dkt. 103 is intended to constitute his response to the Amended Complaint and, if so, identify the specific motions, arguments, defenses, and relief adopted; alternatively strike Dkts. 102–104 without prejudice if the defects are not promptly corrected; and grant such other and further relief as the Court deems just and proper.

Signed this 25th day of June, 2026.

Respectfully submitted,

*/s/ Brandon Canup*

Brandon Canup, *Plaintiff*
4812 Hidden Oaks Ln
Arlington, Texas 76017
Tel.: (972) 762-4314
canup.brandon@gmail.com

***pro se***

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on or about June 25, 2026, a true and correct copy of this entire motion and memorandum was sent to counsel for all parties via email, US Mail and/or the CM/ECF service pursuant to the Federal Rules of Civil Procedure.

*/s/ Brandon Canup*

*Plaintiff, pro se*

**CERTIFICATE OF CONFERENCE**

The procedural ambiguity addressed by this motion prevented a meaningful conference with an identifiable representative of Michael A. Burns. The docket lists James Martinez Burns as counsel of record, but James Burns did not sign Dkts. 102–104, and none of those documents state that he appears or files them as counsel for Michael Burns. The documents instead are signed solely by Michael Burns and purport to have been filed by him personally. Accordingly, the present record does not clearly identify whether Michael Burns is represented by James Burns or is appearing on his own behalf, or which person is authorized to state Burns's position regarding the requested relief. This motion seeks clarification and correction of that threshold ambiguity.

*/s/ Brandon Canup*

*Plaintiff, pro se*

**LOCAL RULE 7.1(F) CERTIFICATION**

Pursuant to Local Rule 7.1(F), the undersigned certifies that, based on the Word Count function in Microsoft Word, this Memorandum contains 3,384 words, inclusive of headings, footnotes, and quotations.

*/s/ Brandon Canup*

*Plaintiff, pro se*

11