# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

Case No.: 3:26-cv-3359-MCR-HTC

BRANDON CANUP,

     Plaintiff,

v.

BRYAN F. AYLSTOCK, BOBBY
BRADFORD, MICHAEL BURNS,
CLIFF ROBERTS, GREGORY BROWN,
AYLSTOCK WITKIN KREIS &
OVERHOLTZ PLC, FLEMING NOLEN
& JEZ LLP, and MOSTYN LAW FRIM PC,

     Defendants.

_____/

## TEXAS DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S CONSOLIDATED MOTION FOR RECONSIDERATION, OR IN THE ALTERNATIVE, TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL, AND MOTION TO STAY PROCEEDINGS [DE 77]

Defendants, GREGORY BROWN ("Brown"), CLIFF ROBERTS ("Roberts"), and FLEMING NOLEN & JEZ LLP (collectively "Texas Defendants"), by and through undersigned counsel, hereby file this Response to Plaintiff's, BRANDON CANUP ("Canup"), Consolidated Motion for Reconsideration or, in the Alternative, Motion for Interlocutory Appeal and Motion

Case No.: 3:26-cv-3359-MCR-HTC

to Stay Proceedings [DE 77] ("Consolidated Motion"), and in support thereof state as follows:

## SUMMARY OF ARGUMENT

*Pro se* Plaintiff, Canup, has filed the instant Consolidated Motion in which he requests the following: 1) that the Court reconsider its denial of Canup's Motion to Remand and remand this case to Texas state court; 2) that the Court certify issues for interlocutory appeal; and 3) that the Court stay this action pending his Motion for Reconsideration.  All of Canup's requests should be denied.

First, Canup has failed to meet the requisite standards to justify reconsideration (or reversal of prior Court findings).  The Court was correct in its prior rulings, and Canup's Motion for Reconsideration should be denied in its entirety for the reasons explained below.

Likewise, Canup's effort to certify purported "questions of law" is a similar attempt to revisit arguments that have already been presented and rejected by this Court.  The questions he presents are not questions that are proper for interlocutory appeal pursuant to 28 U.S.C. § 1292, as they involve factual and legal determinations specific to this case.

Furthermore, Canup has not met, and cannot meet, the standard required for a motion to stay pending reconsideration, which in all likelihood will soon be moot.

Case No.: 3:26-cv-3359-MCR-HTC

Indeed, Canup's Motion fails to even address the governing criteria. Canup also requests that this Court stay all proceedings pending the resolution of mandamus proceedings initiated by Canup. This Court lacks jurisdiction on that basis, as Canup has filed a corresponding motion in the appellate court, which divests this Court of jurisdiction on that request. As such, all of Canup's requested relief should be denied.

## <u>RELEVANT BACKGROUND AND PROCEDURAL HISTORY</u>

1.     On November 6, 2025, a Notice of Removal was filed in the Northern District of Texas. *See* Notice of Removal [DE 1].

2.     Subsequently, on November 21, 2025, Canup filed a Motion to Remand. *See* Mot Remand. [DE 8].

3.     Within his Motion to Remand, Canup asserted remand was necessary because: (1) removal was procedurally defective; (2) the forum-defendant rule was triggered before removal; (3) the "Snap Removal" theory failed; (4) there was a lack of complete diversity; (5) there was no improper joinder; (6) there was no federal question on the face of the petition; and (7) no collateral attack on MDL orders. *See id.* at 2-3.

4.      On April 2, 2026, the United States Judicial Panel on Multidistrict Litigation ("JPML") transferred this case to the Northern District of Florida under

**Cole, Scott & Kissane**
www.csklegal.com
Miami | Fort Lauderdale West | Fort Lauderdale East | West Palm Beach | Orlando | Jacksonville | Tampa
Bonita Springs | Naples | Pensacola | Fort Myers | Tallahassee | Key West

28 U.S.C. § 1407 as a tag-along action related to the 3M MDL. *See* Transfer Order [DE 30].

5.      Subsequently, on April 24, 2026, Canup filed a Motion for Suggestion of Remand to the JPML. *See* Canup's Mot. for Suggestion [DE 38].

6.       On May 29, 2026, this Court entered an Order **denying** Canup's Motion to Remand and Motion for Suggestion of Remand. *See* Order at 2 [DE 70].

7.      In said Order, the Court found that any lack of unanimity or timing defect in consent to removal had been cured by way of implied consent through Defendant's, MOSTYN LAW FIRM PC ("Mostyn"), Motion to Dismiss, and that federal-question jurisdiction exists under *Grable*. *Id*. at 9, ¶¶ 14-15.

8.      In disagreement with that Order, on June 5, 2026, Canup filed the instant Consolidated Motion, requesting that this Honorable Court reconsider its Order denying remand to Texas state court based upon two threshold issues, or in the alternative, certify questions of "law" and stay the proceedings pending the appeal. *See* Canup's Mot. Recons. [DE 77].

9.      As discussed in greater detail below, Canup's Consolidated Motion should be denied in its entirety.


[INTENTIONALLY LEFT BLANK—CONTINUE TO NEXT PAGE]

Case No.: 3:26-cv-3359-MCR-HTC

## MEMORANDUM OF LAW AND ARGUMENT

### I. CANUP'S MOTION FOR RECONSIDERATION SHOULD BE DENIED IN ITS ENTIRETY.

"A motion for reconsideration must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to **reverse** its prior decision." *Fla. Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.,* 12 F.Supp.2d 1306, 1308 (M.D.Fla.1998) (emphasis added). Reconsideration of an order is an extraordinary remedy that is used sparingly. *See Am. Ass'n. of People with Disabilities v. Hood,* 278 F.Supp.2d 1337, 1339 (M.D.Fla.2003); *Lamar Adver. of Mobile, Inc. v. City of Lakeland,* 189 F.R.D. 480, 489 (M.D.Fla.1999) ("[I]n the interests of finality and conservation of scare judicial resources, reconsideration is an extraordinary remedy to be employed sparingly.").

Courts have recognized three grounds to justify reconsideration of a prior order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct a clear error or prevent injustice. *See McCreary v. Brevard Cnty.,* Fla., No. 6:09–cv–1394, 2010 WL 2836709, at *1 (M.D. Fla. July 19, 2010). Importantly, "[a] motion to reconsider is not a vehicle for **rehashing arguments** the Court has already rejected or for **attempting to refute the basis** for

the Court's earlier decision." *Parker v. Midland Credit Mgmt., Inc.,* 874 F.Supp.2d 1353, 1359 (M.D.Fla.2012) (citation omitted) (emphasis added).

"A motion for reconsideration should raise new issues, not merely readdress issues litigated previously." *PaineWebber Income Props. Three Ltd. P'Ship v. Mobil Oil Corp.,* 902 F.Supp. 1514, 1521 (M.D.Fla.1995) (citing to *Government Personnel Services, Inc. v. Government Personnel Life Insurance Co.,* 759 F.Supp. 792, 793 (M.D.Fla.1991).)*; see also Ludwig v. Liberty Mut. Fire Ins. Co.,* No. 8:03–cv–2378, 2005 WL 1053691, at *11 (M.D. Fla. Mar.30, 2005) (stating "a motion for reconsideration is not the proper 'forum for [a] party to vent dissatisfaction with the Court's reasoning'"). To that same end, a party's disagreement with the Court's analysis **does not** constitute a proper basis for reconsideration. *See PaineWebber Income Props. Three Ltd. P'Ship,* 902 F.Supp. at 1512.

Simply put, Canup's Motion for Reconsideration does exactly what the judicial system seeks to prevent. Canup merely rehashes the arguments this Court already rejected and refutes the basis for the Court's prior decisions because he disagrees with the Court's analysis. As such, with all due respect to *pro se* Plaintiff, the Motion is an improper attempt to relitigate issues this Honorable Court has already decided, and should be denied outright.

[INTENTIONALLY LEFT BLANK—CONTINUE TO NEXT PAGE]

**Cole, Scott & Kissane**
www.csklegal.com
Miami | Fort Lauderdale West | Fort Lauderdale East | West Palm Beach | Orlando | Jacksonville | Tampa
Bonita Springs | Naples | Pensacola | Fort Myers | Tallahassee | Key West

A. **Canup's Request that the Court Reconsider Its Ruling on Removal Is Inappropriate, and this Court's Findings Were Correct.**

First, Canup contends that the Court erred in finding implied consent to removal when Mostyn filed a Motion to Dismiss. *See id.* Canup asserts that reconsideration is warranted "to correct clear error, prevent manifest injustice, or address a material mistake" in the Court's prior ruling on the Motion to Remand. *See id.* at 9. However, this exact argument was already raised in Canup's original Motion for Remand [DE 8] in which he claimed that Mostyn "was served before removal, and its consent is required." *See* Mot. Remand. at 11 [DE 8]. As a threshold matter, Canup fails to identify any controlling law that has changed or was previously overlooked, nor does he present any new evidence that would justify reconsideration. *See* Canup's Mot. Recons. [DE 77]. On the contrary, the Court squarely addressed and rejected this argument, expressly finding as follows: "the record now reflects that all Defendants who have been served, including Mostyn Law Firm, have appeared in this proceeding and that Mostyn Law Firm has challenged the Amended Complaint on its merits. Its consent to removal can be implied by the filing of a motion to dismiss that does not challenge jurisdiction." *See* Order at 16 [DE 70]. Accordingly, the issue of Mostyn's implied consent to this Court's jurisdiction has already been presented and resolved. *See id.*; *see also PaineWebber Income Props. Three Ltd. P'Ship,* 902 F.Supp. at *1521* (stating "A

motion for reconsideration should raise new issues, not merely readdress issues litigated previously."); *see also Ludwig, No. 8:03–cv–2378, 2005 WL 1053691, at *11* (stating "a motion for reconsideration is not the proper 'forum for [a] party to vent dissatisfaction with the Court's reasoning.'").

Canup's Motion for Reconsideration, therefore, merely relitigates this issue due to Canup's dissatisfaction with the Court's finding, while introducing additional case law that could have been raised earlier. This Court specifically considered Canup's arguments (reasserted here) and determined that the Court "need not address the merits of these arguments because to the extent any defect in unanimity existed, it has been cured." Order [DE 70] at 15–16. Clearly, the Court already made its determination, and Canup disagrees with same. A cursory review of Canup's Motion for Reconsideration demonstrates that Canup merely disagrees with the Court's decisions; not that there has been a change warranting reversal, or existence of a clear error. *See id.* Thus, Canup's Motion for Reconsideration must be denied, and this Court should not reverse its decision as it pertains to the removal of this action or remand.

B.    **Canup's Request for Reconsideration on the Basis of Lack of Federal Question Jurisdiction Under *Grable* Should Also be Denied.**

Similarly, Canup argues that the standard set forth in *Grable* is insufficient to confer federal question jurisdiction, and therefore contends that this matter was

**Cole, Scott & Kissane**
www.csklegal.com
Miami | Fort Lauderdale West | Fort Lauderdale East | West Palm Beach | Orlando | Jacksonville | Tampa
Bonita Springs | Naples | Pensacola | Fort Myers | Tallahassee | Key West

improperly decided and should be reconsidered. *See* Canup's Mot. Recons. at 18-21 [DE 77]. Once again, Canup seeks to rehash and relitigate issues that have already been fully considered and resolved by this Court because he disagrees with the Court. *See* Order at 9-14[DE 70].

This Court specifically determined that the framework established in *Grable* applied and concluded that it retained jurisdiction over this litigation. *See* Order at 10–14 [DE 70]. The Court further explained that the state-law claims at issue depend upon the interpretation of federal court orders issued in the MDL proceeding, over which this Court expressly retained jurisdiction. *Id.* at 14. Additionally, the Court held that, insofar as Canup asserts purely state-law claims, it has the inherent authority to consider and adjudicate those claims pursuant to its supplemental jurisdiction. *Id.*

Notwithstanding the Court's detailed nineteen-page Order, Canup contends that the Court committed plain error. *See* Canup's Mot. Recons. 16-17. This argument is unavailing, as Canup merely attempts to relitigate the same issues the Court has already ***thoroughly*** considered and decided. *See* Order at 10–14 [DE 70]. The Court's reasoning is not only sound, but, at a minimum, clearly supports a reasonable and defensible interpretation—thereby precluding any finding of plain error. *See Hatcher v. Miller (In re Red Carpet Corp.),* 902 F.2d 883, 890 (11th

**Cole, Scott & Kissane**
www.csklegal.com
Miami | Fort Lauderdale West | Fort Lauderdale East | West Palm Beach | Orlando | Jacksonville | Tampa
Bonita Springs | Naples | Pensacola | Fort Myers | Tallahassee | Key West

Cir.1990) ("[A]n abuse of discretion occurs if the judge fails to apply the proper legal standard or to follow proper procedures in making the determination, or... [makes] findings of fact that **are** clearly erroneous.") (quoting *In re Halko*, 203 B.R. 668, 671–672 (Bankr.N.D.Ill.1996)). A party's disagreement with the Court's analysis does not constitute a proper basis for reconsideration. *See PaineWebber Income Props. Three Ltd. P'Ship,* 902 F.Supp. at 1512. Canup's disagreement with the Court's ruling is not a proper basis for this Motion, and it should be summarily denied for that reason alone. Canup has not demonstrated plain error, presented newly discovered evidence, nor has he identified an intervening change in controlling law. Rather, he simply wishes that the Court revisit the prior arguments and change its decisions. As such, Canup has not satisfied the standard for reconsideration. Accordingly, the Motion for Reconsideration should be denied.

It bears noting, Canup repeatedly attempts to distinguish his state law claims from the MDL proceeding, arguing that his lawsuit does not collaterally attack any MDL order or the 3M settlement. Not only were all of these arguments *already raised by Canup and considered* by this Court, but they were incorrect then, and are incorrect now. Canup's Amended Complaint specifically takes issue with the global settlement and the requirements of same, case management orders, Court deadlines,

and the Court's dismissal of one of his attempted claims. This Court properly, and specifically, found that the *Grable* factors were met, ruling:

> Thus, the first Grable factor (whether a federal issue is necessarily raised) is met. **It is disingenuous for Canup to argue otherwise**. And there is no question that the issues—concerning whether the conduct alleged was taken pursuant to or governed by this Court's orders—are actually disputed, so the second Grable factor is also met.

Order at 11 [DE 70]. Accordingly, Canup's attempt to relitigate these issues is improper, and the Court should not entertain these arguments further, as they have already been considered at length and rejected.

## II.    CANUP'S ALTERNATIVE REQUEST FOR INTERLOCUTORY APPEAL CERTIFICATION MUST BE DENIED AS A CANUP FAILS TO SATISFY THE THREE REQUIREMENTS OF U.S.C. § 1292(b).

Aside from seeking reconsideration of prior findings, Canup also seeks interlocutory appeal certification based upon two questions presented:

1) Whether, under 28 U.S.C. § 1446(b)(2)(A), a procedurally defective motion to dismiss filed six months after removal that is silent as to removal, remand, and consent can clearly and unambiguously cure a properly served defendant's failure to join in or consent to removal within the thirty-day statutory period.

- and -

2) Whether *Grable* federal-question jurisdiction extends to state-law legal-malpractice, fiduciary-duty, fraud, civil conspiracy and attorney-misconduct claims merely because defendants contend their conduct was authorized, governed, or excused by federal MDL orders, settlement

**Cole, Scott & Kissane**
www.csklegal.com
Miami | Fort Lauderdale West | Fort Lauderdale East | West Palm Beach | Orlando | Jacksonville | Tampa
Bonita Springs | Naples | Pensacola | Fort Myers | Tallahassee | Key West

procedures, or court-created authority, where the plaintiff does not seek to invalidate, modify, or enforce any federal order.

As an initial matter, it should be noted there is a "strong presumption against interlocutory appeals," and both the district and circuit courts are afforded substantial discretion in certifying issues for this purpose. *OFS Fitel, LLC v. Epstein, Becker & Green, P.C.*, 549 F.3d 1344, 1359 (11th Cir. 2008) (citing *Jenkins v. BellSouth Corp.*, 491 F.3d 1288, 1291 (11th Cir. 2007)); *United States v. One Parcel of Real Prop. With Bldgs., Appurtenances & Improvements*, 767 F.2d 1495, 1498 (11th Cir. 1985).

In order to establish a right to an interlocutory appeal, a party must establish: (1) a controlling question of law, (2) substantial grounds for difference of opinion, and (3) that an immediate appeal would materially advance the ultimate termination of the litigation. *See* 28 U.S.C. § 1292(b).

The first element, a controlling "'question of law' as used in § 1292(b) references a question as to the meaning of a statutory or constitutional provision, regulation, or common law doctrine..." *Ahrenholz v. Board of Trustees of the University of Illinois*, 219 F.3d 674, 676 (7th Cir.2000). The term "question of law" does not mean the application of settled law to fact, and it is not intended to create questions which would require the Court to root through the record in search of the

**Cole, Scott & Kissane**
www.csklegal.com
Miami | Fort Lauderdale West | Fort Lauderdale East | West Palm Beach | Orlando | Jacksonville | Tampa
Bonita Springs | Naples | Pensacola | Fort Myers | Tallahassee | Key West

facts or of genuine issues of fact. *See id.*   As such, "question of law" does not refer to issues such as whether a party opposing summary judgment had raised a genuine issue of material fact.   Rather, the framers of § 1292(b) considered those abstract legal issues, what might be called questions of "pure" law, as matters the court of appeals "can decide quickly and cleanly without having to study the record." *Id*. at 677.

The second element, a substantial difference of opinion, has been found to apply when a "difference of opinion as to the issue exists within the controlling circuit, or the circuits are split on the issue." *U.S., ex rel. Powell v. Am. InterContinental Univ., Inc.*, 756 F. Supp. 2d 1374, 1378–79 (N.D. Ga. 2010). *See e.g., Havana Docks Corp. v. Norwegian Cruise Line Holdings, Ltd.*, 2020 WL 3433147, at *3 (S.D. Fla. June 23, 2020) (a movant must show that at least two courts have interpreted the same legal issue differently).

The third element requires that resolution of a "controlling question of law ... may materially advance the <u>ultimate termination</u> of the litigation." 28 U.S.C. § 1292(b). This means that resolution of the controlling legal question presented would serve to avoid a trial or otherwise substantially shorten the litigation. *See generally 16 Charles Alan Wright*, et al., *Federal Practice & Procedure* § 3930 at 432 (2d ed.1996); *see also In re Virginia Elec. & Power Co.,* 539 F.2d 357, 364 (4th

**Cole, Scott & Kissane**
www.csklegal.com
Miami | Fort Lauderdale West | Fort Lauderdale East | West Palm Beach | Orlando | Jacksonville | Tampa
Bonita Springs | Naples | Pensacola | Fort Myers | Tallahassee | Key West

Case No.: 3:26-cv-3359-MCR-HTC

Cir.1976) (§ 1292(b) appeal appropriate where resolution of controlling question could prevent substantial delay); *U.S. Fidelity & Guar. Co. v. Thomas Solvent Co.,* 683 F.Supp. 1139, 1176 (W.D.Mich.1988) (§ 1292(b) appeal appropriate where resolution of controlling questions could shorten the time, effort, and expense of the litigation); *Ashmore v. Northeast Petrol. Div.,* 855 F.Supp. 438, 440 (D.Me.1994) (§ 1292(b) appeal inappropriate where the same parties and issues would remain in district court regardless of resolution of issues on appeal).

To summarize, § 1292(b) appeals were intended, and should be reserved, for situations in which the court of appeals can rule on a pure, controlling question of law without having to delve beyond the surface of the record in order to determine the facts, and where resolution of the question would advance the end of the termination. *See, e.g., Allapattah Servs., Inc. v. Exxon Corp.,* 333 F.3d 1248, 1252–53 (11th Cir.2003) (granting § 1292(b) review of whether district court has jurisdiction over class members who do not satisfy the amount in controversy requirement, and whether following a jury verdict in favor of the class the district court should have awarded aggregate damages to the class); *Tucker v. Fearn,* 333 F.3d 1216, 1218 (11th Cir.2003) (granting § 1292(b) review of whether a nondependent parent may recover loss of society damages for the wrongful death of his minor child under general maritime law); *Love v. Delta Air Lines,* 310 F.3d 1347,

**Cole, Scott & Kissane**
www.csklegal.com
Miami | Fort Lauderdale West | Fort Lauderdale East | West Palm Beach | Orlando | Jacksonville | Tampa
Bonita Springs | Naples | Pensacola | Fort Myers | Tallahassee | Key West

1351 (11th Cir.2002) (granting § 1292(b) review of whether the Air Carrier Access Act of 1986 implies a private right of action, and if so what remedies are available to private litigants).

### A. Canup's First Question, Regarding Proper Consent to Removal, Fails to Meet the Threshold Requirements Under 28 U.S.C. § 1292(b) to Certify His Question for Interlocutory Appeal.

Within Canup's Consolidated Motion, Canup requests that this court certify the following question for interlocutory appeal:

> Whether, under 28 U.S.C. § 1446(b)(2)(A), a procedurally defective motion to dismiss filed six months after removal that is silent as to removal, remand, and consent can clearly and unambiguously cure a properly served defendant's failure to join in or consent to removal within the thirty-day statutory period.

*See* Canup's Mot. Recons. at 22 [DE 77].

As noted, the first requirement under 28 U.S.C. § 1292(b) is that the issue presented must constitute a pure question of law. *See* 28 U.S.C. § 1292(b). Canup bears the burden of demonstrating that the question at issue is purely legal in nature. Canup, however, fails to do so. First, this Court has already recognized that the question centers on whether Mostyn was properly joined and served at the time of removal. *See* Order at 15-16 [DE 70]. That inquiry is <u>inherently fact-dependent</u>, as it turns on predicate factual determinations, namely, when Mostyn was served and whether it was properly joined. *See id*. Moreover, the question presented would

**Cole, Scott & Kissane**
www.csklegal.com
Miami | Fort Lauderdale West | Fort Lauderdale East | West Palm Beach | Orlando | Jacksonville | Tampa
Bonita Springs | Naples | Pensacola | Fort Myers | Tallahassee | Key West

require the Court to make additional factual findings, including whether Mostyn's Motion to Dismiss was procedurally defective. *See* Canup's Mot. Recons. at 22 [DE 77]. For the issue to qualify as a *pure* question of law, the Court would first need to resolve these factual matters. However, the Court has not made such determinations, and any appellate review would necessarily require going beyond the existing record to resolve disputed facts. *See* 28 U.S.C. § 1292(b). Due to the issue not being purely legal, Canup has failed to satisfy the first element under § 1292(b).

Second, Canup likewise fails to establish a "substantial ground for difference of opinion." *See id*. He cites no relevant legal authority suggesting that courts are divided on the governing legal principles. To meet this standard, a movant must show that at least two courts have interpreted the same legal issue differently. *See Havana Docks Corp. v. Norwegian Cruise Line Holdings, Ltd*., 2020 WL 3433147, at *3 (S.D. Fla. June 23, 2020). Canup has made no such showing and therefore fails to satisfy the second element of § 1292(b).

Finally, an interlocutory appeal would not "materially advance the ultimate termination of the litigation." *See* 28 U.S.C. § 1292(b). To the contrary, permitting such an appeal would only prolong these proceedings. Any appeal at this stage would risk a remand and require the parties to restart aspects of the case, thereby altering the procedural posture without promoting efficiency or final resolution.

**Cole, Scott & Kissane**
www.csklegal.com
Miami | Fort Lauderdale West | Fort Lauderdale East | West Palm Beach | Orlando | Jacksonville | Tampa
Bonita Springs | Naples | Pensacola | Fort Myers | Tallahassee | Key West

Case No.: 3:26-cv-3359-MCR-HTC

Accordingly, Canup fails to satisfy the third requirement of § 1292(b), and his request for interlocutory appeal should be denied.

### B. Canup's Second Question, Regarding Federal Court Jurisdiction Under *Grable*, Likewise Fails to Meet the Standards Required Under 28 U.S.C. § 1292(b).

Canup's second question is as follows:

> Whether *Grable* federal-question jurisdiction extends to state-law legal-malpractice, fiduciary-duty, fraud, civil conspiracy and attorney-misconduct claims merely because defendants contend their conduct was authorized, governed, or excused by federal MDL orders, settlement procedures, or court-created authority, where the plaintiff does not seek to invalidate, modify, or enforce any federal order.

*See* Canup's Mot. Recons. at 22 [DE 77].

Once again, the question Canup presents squarely raises factual issues rather than a pure question of law. *See id.* Specifically, Canup would be asking the Appellate Court to look beyond the legal question and examine "federal MDL orders, settlement procedures, or court-created authority." *See id.* In doing so, he necessarily invites the court to delve into the procedural and factual history of the instant case, and notably, the underlying case which is the largest MDL in federal Court history. This does not resolve a purely legal issue. *See* 28 U.S.C. § 1292(b). To that same end, Canup requests interlocutory review of factual and legal determinations made within the context of the largest MDL proceeding in federal

**Cole, Scott & Kissane**
www.csklegal.com
Miami | Fort Lauderdale West | Fort Lauderdale East | West Palm Beach | Orlando | Jacksonville | Tampa
Bonita Springs | Naples | Pensacola | Fort Myers | Tallahassee | Key West

Case No.: 3:26-cv-3359-MCR-HTC

court history. The questions Canup presents are not appropriate for interlocutory review under § 1292(b). *Id*.

Notwithstanding the foregoing, Canup also fails to satisfy the second requirement under § 1292(b). *Id.* He has not identified any controlling law that is in conflict so as to demonstrate a "substantial ground for difference of opinion." *Id*. This Court's ruling was grounded in *Grable*, a well-established and foundational doctrine, under which the Court determined that it retains jurisdiction. *See* Order at 10-14 [DE 70]. To meet the second prong of § 1292(b), Canup must show that courts are divided on the relevant legal issue. He has not done so. Rather Canup disagrees with the Court's ultimate *application* or finding; not with the authority itself. Accordingly, Canup fails to satisfy the second requirement as well.

Finally, certification of these questions for interlocutory appeal would not materially advance the ultimate termination of this litigation. *See* 28 U.S.C. § 1292(b). To the contrary, it would only delay these proceedings. Canup's arguments rest on the premise that this matter should be remanded; thus, any interlocutory appeal would not streamline the case, but instead prolong it. Such an appeal would impose additional costs on the parties and, if remand were granted, would further delay resolution by requiring proceedings to recommence in another forum.

**Cole, Scott & Kissane**
www.csklegal.com
Miami | Fort Lauderdale West | Fort Lauderdale East | West Palm Beach | Orlando | Jacksonville | Tampa
Bonita Springs | Naples | Pensacola | Fort Myers | Tallahassee | Key West

In sum, both of Canup's proposed questions fail to satisfy each of the requirements under § 1292(b). Accordingly, for the foregoing reasons, Canup's request to certify these questions for interlocutory appeal should be denied.

## III.    CANUP'S MOTION(S) TO STAY MUST BE DENIED.

Generally, different procedural rules govern the authority of district courts and courts of appeals to grant a stay pending appeal. *See* Fed. R. Civ. P. 62(c); Fed. R. App. P. 8(a). Although these rules apply at different stages of the litigation process, they employ substantially similar standards in determining whether a stay is appropriate. Specifically, courts consider four well-established factors: (1) whether the movant has made a strong showing that he is likely to succeed on the merits; (2) whether the movant will suffer irreparable harm in the absence of a stay; (3) whether issuing a stay would substantially injure other parties interested in the proceeding; and (4) where the public interest lies. *See, e.g.*, *Virginia Petroleum Jobbers Ass'n v. FPC*, 259 F.2d 921, 925 (D.C. Cir. 1958); *Washington Metro. Area Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 842–44 (D.C. Cir. 1977); *Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986); *Accident Fund v. Baerwaldt*, 579 F. Supp. 724, 725 (W.D. Mich. 1984).

Here, Canup seeks a stay pending the resolution of both his Motion for Reconsideration and his petition for a Writ of Mandamus. *See* Canup's Mot. Recons. at 23-24 [DE 77]. Notably, Canup has not limited his request to this Court; he has

**Cole, Scott & Kissane**
www.csklegal.com
Miami | Fort Lauderdale West | Fort Lauderdale East | West Palm Beach | Orlando | Jacksonville | Tampa
Bonita Springs | Naples | Pensacola | Fort Myers | Tallahassee | Key West

also sought a stay in the appellate court in connection with the same matters. *See* Pet.'s Opposed Mot. to Stay District Ct. Proceedings Pending Mandamus Proceedings [DE 7]; USCA11 Case: 26-11887. The Supreme Court has made clear that "a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). The filing of a notice of appeal is jurisdictionally significant because it transfers authority over the aspects of the case involved in the appeal to the court of appeals and correspondingly divests the district court of control over those same matters. *Id.*; see also *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985), reh'g denied, 471 U.S. 1062 (1985).

Consistent with the principle set forth in *Griggs*, this Court lacks jurisdiction to grant a stay as it relates to the mandamus proceedings currently before the 11th Circuit. *See* Pet.'s Opposed Mot. to Stay District Ct. Proceedings Pending Mandamus Proceedings [DE 7]; USCA11 Case: 26-11887.  Any such request must be directed to, and resolved by, the 11th Circuit. *Griggs.*, 459 U.S. at 58.

With respect to Canup's Motion for Reconsideration, his request fares no better. Canup fails to meaningfully address, let alone satisfy, any of the four governing factors required for the issuance of a stay. *See* Canup's Mot. Recons. at 23-24 [DE 77]. He does not demonstrate a likelihood of success on the merits,

**Cole, Scott & Kissane**
www.csklegal.com
Miami | Fort Lauderdale West | Fort Lauderdale East | West Palm Beach | Orlando | Jacksonville | Tampa
Bonita Springs | Naples | Pensacola | Fort Myers | Tallahassee | Key West

identify any irreparable harm that would result in the absence of a stay, or explain how the balance of harms or the public interest weighs in his favor. *See id*.

Accordingly, because this Court lacks jurisdiction over the mandamus-related request and because Canup has failed to meet his burden under the applicable standard with respect to his Motion for Reconsideration, his Motion to Stay must be denied.

## **CONCLUSION**

Canup's Motion for Reconsideration is simply an attempt to relitigate issues that this Court has already decided. The Court's prior Order was clear and explicit in its findings, and Canup has failed to demonstrate the existence of any intervening law or newly discovered facts that were not previously considered. Likewise, Canup's effort to certify purported "questions of law" is a similar attempt to revisit arguments that have already been presented and rejected. None of the questions presented warrant interlocutory review, as Canup has not satisfied the requirements set forth in 28 U.S.C. § 1292. Furthermore, Canup has not met, and cannot meet, the standard required for a motion to stay reconsideration. Indeed, the Motion fails even to address the governing criteria. With respect to the request to stay proceedings pending a writ of mandamus, this Court no longer retains jurisdiction, as Canup has filed a corresponding motion in the appellate court, which divests this Court of jurisdiction.

**Cole, Scott & Kissane**
www.csklegal.com
Miami | Fort Lauderdale West | Fort Lauderdale East | West Palm Beach | Orlando | Jacksonville | Tampa
Bonita Springs | Naples | Pensacola | Fort Myers | Tallahassee | Key West

Case No.: 3:26-cv-3359-MCR-HTC

WHEREFORE, Defendants, GREGORY BROWN, CLIFF ROBERTS, and FLEMING NOLEN & JEZ LLP, respectfully request this Honorable Court enter an Ordering denying Plaintiff's, BRANDON CANUP, Motion for Reconsideration or, in the Alternative, Motion for Interlocutory Appeal and Motion to Stay Proceedings [DE 77] as well as any other relief deems just and appropriate in light of the foregoing.

[CERTIFICATES ON THE FOLLOWING PAGE(S)]

**Cole, Scott & Kissane**
www.csklegal.com
Miami | Fort Lauderdale West | Fort Lauderdale East | West Palm Beach | Orlando | Jacksonville | Tampa
Bonita Springs | Naples | Pensacola | Fort Myers | Tallahassee | Key West

Case No.: 3:26-cv-3359-MCR-HTC

## CERTIFICATE PURSUANT TO LOCAL RULE 7.1(F)

I hereby certify that the above Response in Opposition, including the case style, signature block, and any certificate of service, contains 4680 Words, in compliance with Local Rule 7.1(F), and therefore does not exceed eight thousand (8,000) words.

By: *s/ Jonathan A. Fernandez*
     JONATHAN A. FERNANDEZ
     Florida Bar No. 1064485

[CERTIFICATE OF SERVICE ON THE FOLLOWING PAGE]

**Cole, Scott & Kissane**
www.csklegal.com
Miami | Fort Lauderdale West | Fort Lauderdale East | West Palm Beach | Orlando | Jacksonville | Tampa
Bonita Springs | Naples | Pensacola | Fort Myers | Tallahassee | Key West

Case No.: 3:26-cv-3359-MCR-HTC

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of June 2026, a copy of the foregoing is being served upon all counsel of record by CM/ECF.

COLE, SCOTT & KISSANE, P.A.
Counsel for Texas Defendants
222 Lakeview Avenue, Suite 500
West Palm Beach, FL 33401
Telephone (561) 383-9200
Facsimile (561) 683-8977
Jonathan.Vine@csklegal.com


By:  *s/ Jonathan A. Fernandez*
JONATHAN VINE
Florida Bar No. 10966
JONATHAN A. FERNANDEZ
Florida Bar No. 1064485

**Cole, Scott & Kissane**
www.csklegal.com
Miami | Fort Lauderdale West | Fort Lauderdale East | West Palm Beach | Orlando | Jacksonville | Tampa
Bonita Springs | Naples | Pensacola | Fort Myers | Tallahassee | Key West