# EXHIBIT 1

**No. 26-11887-C**

---

# IN THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

---

IN RE: BRANDON CANUP,

*Petitioner*,

On Petition for Writ of Mandamus to the United States District Court for the Northern District of Florida

No. 3:26-cv-03359-MCR-ZCB

---

**PETITIONER'S SECOND AMENDED CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT**

---

Brandon Canup
4812 Hidden Oaks Ln
Arlington, Texas 76017
(972) 762-4314
canup.brandon@gmail.com

Appeal No.: 28-11887-C    IN RE: BRANDON CANUP

## <u>Certificate of Interested Persons and Corporate Disclosure Statement</u>

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rules 26.1-1, 26.1-2, and 26.1-3, Petitioner Brandon Canup certifies that, to the best of his knowledge, the following is a complete list of the trial judge(s), all attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of the case or this mandamus petition, including subsidiaries, conglomerates, affiliates and parent corporations, including any publicly held company that owns 10% or more of the party's stock, and other identifiable legal entities related to a party. Petitioner is unaware of any publicly traded corporation owning 10% or more of any corporate party.

1.    Aylstock, Bryan F.

2.    Aylstock, Witkin, Kreis & Overholtz, PLC

3.    Bolitho, Hon. Zachary

4.    Bradford, Bobby J.

5.    Brown, Gregory

6.    Burns, James Martinez

7.    Burns Law, LLC

8.    Burns, Michael A.

9.    Canup, Brandon

C-1 of 2

Appeal No.: 28-11887-C    IN RE: BRANDON CANUP

10. Cole, Scott & Kissane, PA

11. Fernandez, Jonathan

12. Fleming, Nolen & Jez, LLP

13. James Burns, PA

14. Keeton, Justin

15. Lloyd, Gray, Whitehead & Monroe, PC

16. Mostyn Law Firm, PC

17. Rettig, Gregory

18. Roberts, Cliff

19. Rodgers, Hon. M. Casey

20. Stevenson, Benjamin James

21. Stevenson Legal, PLLC

22. Vine, Jonathan

/s/ Brandon Canup

Brandon Canup, *Petitioner*
4812 Hidden Oaks Ln
Arlington, Texas 76017
Tel.: (972) 762-4314
canup.brandon@gmail.com

***pro se***

C-2 of 2

## IN THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

| | |
|---|---|
| IN RE: BRANDON CANUP | Appeal No.: 26-11887-C |

**PETITIONER BRANDON CANUP'S SECOND AMENDED CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT**

COMES NOW Petitioner Brandon Canup ("Canup"), proceeding *pro se*, and files this Second Amended Certificate of Interested Persons and Corporate Disclosure Statement pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rules 26.1-1 through 26.1-4.

Canup files this Second Amended Certificate to add James Martinez Burns, James Burns, PA, and Burns Law, LLC. On June 25, 2026, three documents were filed in the District Court proceedings in the underlying MDL, Dkts. 102, 103, and 104. (*See* Updated Docket Report, Ex. 1 at 14). The docket attributes those filings to James Martinez Burns of James Burns, PA, causing James Burns to appear as counsel of record for Defendant Michael Burns. (*Id.* at 2, 14).

However, the filings themselves appear to have been personally filed by Michael Burns. Each filing bears Michael Burns's signature, and none bears the signature of James Martinez Burns. (*See* Exs. 2–4). In two of those filings, Michael Burns purports to represent himself through Burns Law, LLC. (*See* Exs. 2–3). This

1

Appeal No.: 28-11887-C    IN RE: BRANDON CANUP

creates an inconsistent and unclear representation status as to Defendant Michael Burns.

Canup has sought clarification and correction of this issue in the District Court. (*See* Ex. 5). Canup files this Second Amended Certificate out of an abundance of caution to ensure that the Court's Certificate of Interested Persons remains complete while the representation issue is addressed below.

The issue is material because Michael Burns is a registered CM/ECF user in the Northern District of Florida. (*See* Ex. 6; Ex. 7 at 7). The MDL attorney docket reflects Michael Andrew Burns as an attorney associated with Mostyn Law. (*See* Ex. 6). The JPML transfer order and attached Notice of Electronic Filing likewise reflect notice being sent to "MICHAEL ANDREW BURNS" at epefile@mostynlaw.com. (*See* Ex. 7 at 7). At the same time, Mostyn Law Firm, PC has filed a motion to dismiss asserting that it cannot be liable for Burns's conduct because Burns allegedly is no longer affiliated with Mostyn. (*See* Ex. 8 at 3–4).

Accordingly, because the June 25, 2026 filings create uncertainty regarding whether Defendant Michael Burns is appearing *pro se*, through Burns Law, LLC, through James Martinez Burns of James Burns, PA, or through some combination of those relationships, Canup amends his Certificate of Interested Persons to add James Martinez Burns, James Burns, PA, and Burns Law, LLC.

Signed this 5th day of July, 2026.

Respectfully submitted,

*/s/ Brandon Canup*

Brandon Canup, *Petitioner*
4812 Hidden Oaks Ln
Arlington, Texas 76017
Tel.: (972) 762-4314
canup.brandon@gmail.com

***pro se***

## Certificate Of Compliance

This brief complies with the type-volume limit of Federal Rule of Appellate Procedure 21(d)(1), because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), it contains 388 words. This brief also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Microsoft Word in 14-point Times New Roman font, a proportionally spaced typeface.

*/s/ Brandon Canup*

Brandon Canup, *Petitioner*
4812 Hidden Oaks Ln
Arlington, Texas 76017
Tel.: (972) 762-4314
canup.brandon@gmail.com

***pro se***

## Certificate Of Service

I HEREBY CERTIFY that I filed this Second Amended Certificate of Interested Persons and Corporate Disclosure Statement using the court's electronic-filing system and that a copy of this document and all attachments was furnished pursuant to Federal Rules of Appellate Procedure 21 and 25(d) via email on this 5th day of July 2026 to the following:

**Hon. M. Casey Rodgers**
District Judge of the United States District Court,
Northern District of Florida
flnd_rodgers@flnd.uscourts.gov

**Gregory K. Rettig**
Lloyd, Gray, Whitehead & Monroe, PC
Counsel for Defendants Bryan Aylstock,
Bobby Bradford and Aylstock, Witkin, Kreis &
Overholtz, PLC
grettig@lgwmlaw.com

**Jonathan Vine**
Cole, Scott & Kissane, PA
Counsel for Defendants Gregory Brown and
Fleming, Nolen & Jez, LLP
jonathan.vine@csklegal.com

**Benjamin Stevenson**
Stevenson Legal, PLLC
Counsel for Defendant
Mostyn Law Firm, PC
bjs@stevenson-legal.com

**James Martinez Burns**
James Burns, PA
Counsel for Defendant Michael Burns
jimburnsfllaw@gmail.com

**Michael Burns**
Burns Law, LLC
Defendant, *pro se*
mblawfl@yahoo.com


/s/ Brandon Canup

Brandon Canup, *Petitioner*
4812 Hidden Oaks Ln
Arlington, Texas 76017
Tel.: (972) 762-4314
canup.brandon@gmail.com

***pro se***

# EXHIBIT 1

# U.S. District Court
## Northern District of Florida (Pensacola)
## CIVIL DOCKET FOR CASE #: 3:26-cv-03359-MCR-ZCB

CANUP v AYLSTOCK et al
Assigned to: JUDGE M CASEY RODGERS
Referred to: MAGISTRATE JUDGE ZACHARY C BOLITHO
Lead case: 3:19-md-02885-MCR-HTC
Member case: (View Member Case)
Case in other court: Texas Northern, 4:25-cv-01255
Cause: 28:1332 Diversity-Notice of Removal

Date Filed: 04/03/2026
Jury Demand: Plaintiff
Nature of Suit: 190 Contract: Other
Jurisdiction: Diversity

**Plaintiff**

**BRANDON CANUP**                    represented by **BRANDON CANUP**
4812 HIDDEN OAKS LANE
ARLINGTON, TX 76017
972-762-4314
Email: canup.brandon@gmail.com
PRO SE

V.

**Defendant**

**BRYAN F AYLSTOCK**                represented by **GREGORY KENT RETTIG**
LLOYD GRAY WHITEHEAD &
MONROE - PENSACOLA FL
125 W ROMANA STREET
SUITE 330
PENSACOLA, FL 32502
850-777-3322
Fax: 850-777-3290
Email: grettig@lgwmlaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**JUSTIN TYLER KEETON**
LLOYD GRAY WHITEHEAD &
MONROE - PENSACOLA FL
125 W ROMANA STREET
SUITE 330
PENSACOLA, FL 32502
850-777-3322
Fax: 850-434-6491
Email: jkeeton@lgwmlaw.com
*TERMINATED: 06/18/2026*

**Defendant**

**BOBBY BRADFORD**                  represented by **GREGORY KENT RETTIG**
(See above for address)

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**JUSTIN TYLER KEETON**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**MICHAEL BURNS**                    represented by    **JAMES MARTINEZ BURNS**
JAMES BURNS PA - PENSACOLA FL
4502 TWIN OAKS DRIVE
PENSACOLA, FL 32506
850-457-6002
Email: jimburnsfllaw@gmail.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**CLIFF ROBERTS**                    represented by    **JONATHAN ANDRES FERNANDEZ**
COLE SCOTT & KISSANE PA -
PLANTATION FL
600 N PINE ISLAND ROAD
SUITE 500
PLANTATION, FL 33324
954-343-3960
Email: jonathan.fernandez@csklegal.com
*ATTORNEY TO BE NOTICED*

**SKIPPER JONATHAN VINE**
COLE SCOTT & KISSANE PA - WEST
PALM BEACH FL
222 LAKEVIEW AVENUE
SUITE 500
WEST PALM BEACH, FL 33401
561-383-9200
Fax: 561-683-8977
Email: jonathan.vine@csklegal.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**GREGORY BROWN**                    represented by    **JONATHAN ANDRES FERNANDEZ**
(See above for address)
*ATTORNEY TO BE NOTICED*

**SKIPPER JONATHAN VINE**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**ALYSTOCK WITKIN KREIS &**          represented by    **GREGORY KENT RETTIG**
**OVERHOLTZ PLC**                                       (See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**JUSTIN TYLER KESTON**
(See above for address)
*TERMINATED: 06/18/2026*

**Defendant**

**FLEMING NOLEN & JEZ LLP**     represented by     **JONATHAN ANDRES FERNANDEZ**
(See above for address)
*ATTORNEY TO BE NOTICED*

**SKIPPER JONATHAN VINE**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**MOSTYN LAW FIRM PC**     represented by     **BENJAMIN JAMES STEVENSON**
STEVENSON LEGAL PLLC -
PENSACOLA BEACH FL
919 PANFERIO DRIVE
PENSACOLA BEACH, FL 32561
702-306-6708
Email: bjs@stevenson-legal.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/06/2025 | 1 | NOTICE OF REMOVAL filed by Gregory Donald Brown, Alystock, Witkin, Kreis & Overholtz, PLL. In each Notice of Electronic Filing, the judge assignment is indicated, and a link to the Judges Copy Requirements and Judge Specific Requirements is provided. The court reminds the filer that any required copy of this and future documents must be delivered to the judge, in the manner prescribed, within three business days of filing. Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas must seek admission promptly. Forms and Instructions found at www.txnd.uscourts.gov, or by clicking here: Attorney Information - Bar Membership. If admission requirements are not satisfied within 21 days, the clerk will notify the presiding judge. (Attachments: # 1 Exhibit(s) Plaintiff's State Court Petition, # 2 Exhibit(s) State Court Docket Sheet) (Sorrels, Randy) [Transferred from Texas Northern on 4/3/2026.] (Entered: 11/06/2025) |
| 11/06/2025 | 2 | New Case Notes: A filing fee has not been paid. No prior sanctions found. (For court use only - links to the national and circuit indexes.) File to: appropriate staff attorney. Pursuant to Misc. Order 6, Plaintiff is provided the Notice of Right to Consent to Proceed Before A U.S. Magistrate Judge. Clerk to provide copy to plaintiff if not received electronically. (jnp) [Transferred from Texas Northern on 4/3/2026.] (Entered: 11/06/2025) |
| 11/06/2025 | 3 | Notice and Instruction to Pro Se Party (jnp) [Transferred from Texas Northern on 4/3/2026.] (Entered: 11/06/2025) |
| 11/06/2025 | | ***Clerk's Notice of delivery: (see NEF for details) Docket No:2, 3. Thu Nov 6 09:37:25 CST 2025 (crt) [Transferred from Texas Northern on 4/3/2026.] (Entered: 11/06/2025) |
| 11/10/2025 | 4 | NOTICE of Filing Executed Return of Service filed by Brandon Canup (jnp) [Transferred from Texas Northern on 4/3/2026.] (Entered: 11/10/2025) |

| 11/10/2025 | 5 | Appendix in Support filed by Brandon Canup re: 4 Notice of Filing Executed Return of Service (jnp) [Transferred from Texas Northern on 4/3/2026.] (Entered: 11/10/2025) |
| 11/10/2025 | 6 | CERTIFICATE OF SERVICE by Brandon Canup re 5 Appendix in Support, 4 Notice (Other) *Corrected Certificate of Service* (Canup, Brandon) [Transferred from Texas Northern on 4/3/2026.] (Entered: 11/10/2025) |
| 11/21/2025 | 7 | SUMMONS Returned Unexecuted as to Gregory Brown, Cliff Roberts. (Attachments: # 1 Affidavit(s) Attempted Service on Defendant Gregory Brown, # 2 Affidavit(s) Attempted Service on Defendant Cliff Roberts) (Canup, Brandon) [Transferred from Texas Northern on 4/3/2026.] (Entered: 11/21/2025) |
| 11/21/2025 | 8 | First MOTION to Remand filed by Brandon Canup with Brief/Memorandum in Support. (Attachments: # 1 Proposed Order) (Canup, Brandon) [Transferred from Texas Northern on 4/3/2026.] (Entered: 11/21/2025) |
| 11/21/2025 | 9 | Appendix in Support filed by Brandon Canup re 8 First MOTION to Remand (Canup, Brandon) [Transferred from Texas Northern on 4/3/2026.] (Entered: 11/21/2025) |
| 12/01/2025 | 10 | MOTION to Dismiss filed by Gregory Brown, Fleming Nolen & Jez LLP Attorney Michael Steven Cedillo added to party Gregory Brown(pty:dft), Attorney Michael Steven Cedillo added to party Fleming Nolen & Jez LLP(pty:dft) (Cedillo, Michael) [Transferred from Texas Northern on 4/3/2026.] (Entered: 12/01/2025) |
| 12/09/2025 | 11 | NOTICE of Potential Tag-Along Actions filed by Bryan F. Aylstock (jnp) [Transferred from Texas Northern on 4/3/2026.] (Entered: 12/09/2025) |
| 12/09/2025 | 12 | NOTICE of Errata for Dkt. 2029, 11 Notice of Potential Tag-Along Actions filed by Bryan F. Aylstock (jnp) [Transferred from Texas Northern on 4/3/2026.] (Entered: 12/09/2025) |
| 12/12/2025 | 14 | RESPONSE filed by Gregory Brown, Fleming Nolen & Jez LLP re: 8 First MOTION to Remand (Attachments: # 1 Exhibit(s) 1, # 2 Exhibit(s) 2) (Cedillo, Michael) [Transferred from Texas Northern on 4/3/2026.] (Entered: 12/12/2025) |
| 12/12/2025 | 15 | MOTION to Stay *Proceedings* filed by Gregory Brown, Fleming Nolen & Jez LLP (Cedillo, Michael) [Transferred from Texas Northern on 4/3/2026.] (Entered: 12/12/2025) |
| 12/15/2025 | 16 | RESPONSE filed by Brandon Canup re: 15 MOTION to Stay *Proceedings* (Canup, Brandon) [Transferred from Texas Northern on 4/3/2026.] (Entered: 12/15/2025) |
| 12/15/2025 | 17 | Appendix in Support filed by Brandon Canup re 16 Response/Objection (Canup, Brandon) [Transferred from Texas Northern on 4/3/2026.] (Entered: 12/15/2025) |
| 12/15/2025 | 18 | RESPONSE filed by Brandon Canup re: 10 MOTION to Dismiss (Canup, Brandon) [Transferred from Texas Northern on 4/3/2026.] (Entered: 12/15/2025) |
| 12/15/2025 | 19 | REPLY filed by Brandon Canup re: 8 First MOTION to Remand (Canup, Brandon) [Transferred from Texas Northern on 4/3/2026.] (Entered: 12/15/2025) |
| 12/23/2025 | 20 | Court's Copy of MOTION for Miscellaneous Relief Requesting Permission for Electronic Filing by Pro Se Litigant with JPML filed by Brandon Canup (jnp) Modified on 1/12/2026 (mmw). [Transferred from Texas Northern on 4/3/2026.] (Entered: 12/23/2025) |
| 12/29/2025 | 21 | REPLY filed by Gregory Brown, Fleming Nolen & Jez LLP re: 15 MOTION to Stay *Proceedings* (Cedillo, Michael) [Transferred from Texas Northern on 4/3/2026.] (Entered: 12/29/2025) |
| 12/29/2025 | 22 | REPLY filed by Gregory Brown, Fleming Nolen & Jez LLP re: 10 MOTION to Dismiss (Cedillo, Michael) [Transferred from Texas Northern on 4/3/2026.] (Entered: 12/29/2025) |

| | | |
|---|---|---|
| 12/29/2025 | 23 | Court's copy of documents filed by Bryan F. Aylstock at the JPML (jnp) (Main Document 23 replaced on 12/29/2025) (jnp). [Transferred from Texas Northern on 4/3/2026.] (Entered: 12/29/2025) |
| 01/05/2026 | 24 | Court's copy of documents filed by Brandon Canup at the JPML (jnp) Modified filed on 1/12/2026 (mmw). [Transferred from Texas Northern on 4/3/2026.] (Entered: 01/05/2026) |
| 01/11/2026 | 25 | CERTIFICATE OF SERVICE by Brandon Canup (Attachments: # 1 Exhibit(s) SOS Certificate of Service for Bryan Aylstock, # 2 Exhibit(s) SOS Certificate of Service for Bobby Bradford, # 3 Exhibit(s) SOS Certificate of Service for Michael Burns, # 4 Exhibit(s) SOS Certificate of Service for Aylstock, Witkin, Kreis & Overholtz, PLC, # 5 Exhibit(s) SOS Certificate of Service for Fleming, Nolen & Jez, LLP, # 6 Declaration(s) Declaration of Brandon Canup) (Canup, Brandon) [Transferred from Texas Northern on 4/3/2026.] (Entered: 01/11/2026) |
| 01/12/2026 | 26 | Application for Admission Pro Hac Vice with Certificate of Good Standing (Filing fee $100; Receipt number ATXNDC-16110109) filed by Alystock Witkin Kreis & Overholtz PLC, Bryan F. Aylstock, Bobby Bradford Attorney Gregory Kent Rettig added to party Alystock Witkin Kreis & Overholtz PLC(pty:dft), Attorney Gregory Kent Rettig added to party Bryan F. Aylstock(pty:dft), Attorney Gregory Kent Rettig added to party Bobby Bradford(pty:dft) (Rettig, Gregory) [Transferred from Texas Northern on 4/3/2026.] (Entered: 01/12/2026) |
| 01/12/2026 | 27 | MOTION to Dismiss filed by Alystock Witkin Kreis & Overholtz PLC, Bryan F. Aylstock, Bobby Bradford (Attachments: # 1 Affidavit(s) Affidavit of Bryan Aylstock, # 2 Exhibit(s) Transcript) (Rettig, Gregory) [Transferred from Texas Northern on 4/3/2026.] (Entered: 01/12/2026) |
| 01/16/2026 | 28 | ORDER FOR ADMISSION PRO HAC VICE: The Court has considered the Application for Admission Pro Hac Vice of Gregory K. Rettig (doc. 26 ). The application is GRANTED. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). (Ordered by Senior Judge Terry R Means on 1/16/2026) (jnp) [Transferred from Texas Northern on 4/3/2026.] (Entered: 01/16/2026) |
| 01/23/2026 | 29 | ORDER GRANTING 15 MOTION TO STAY AND ADMINISTRATIVELY CLOSING CASE: In an effort to more efficiently manage this Court's docket, this case is hereby ADMINISTRATIVELY CLOSED pending the JPML's decision. If this case is not ultimately transferred to the JPML, either party may move to reopen this case within thirty days of the JPML's final decision on the motion to transfer. (Ordered by Senior Judge Terry R Means on 1/23/2026) (jnp) [Transferred from Texas Northern on 4/3/2026.] (Entered: 01/23/2026) |
| 04/02/2026 | 30 | Transfer Order: The JPML has issued the attached order in MDL 2885, and that order has now been filed in the Northern District of Florida. (jnp) [Transferred from Texas Northern on 4/3/2026.] (Entered: 04/03/2026) |
| 04/03/2026 | 31 | Case transferred in from District of Texas Northern; Case Number 4:25-cv-01255. Original file certified copy of transfer order and docket sheet received. (Entered: 04/03/2026) |
| 04/03/2026 | 32 | NOTICE REGARDING ATTORNEY ADMISSION. re 31 Case Transferred In - District Transfer. (emailed to Michael S. Cedillo, counsel for Gregory Brown and Fleming Nolen & Jes LLP) (djb) (Entered: 04/03/2026) |
| 04/03/2026 | 33 | ORDER - The docket reflects case was transferred with several motions pending, including a Motion to Dismiss, ECF No. 27 , filed by Defendants Aylstock Witkin Kreis & Overholtz, PLC, Byran Aylstock, and Bobby Bradford, which Plaintiff has not yet |

| | | |
|---|---|---|
| | | responded to. Plaintiff must respond to the 27 Motion to Dismiss within 14 days of the date of this Order. Signed by JUDGE M CASEY RODGERS on 4/3/2026. (Response to motion due by **4/17/2026**.) (djb) (Entered: 04/03/2026) |
| 04/06/2026 | 34 | Plaintiff Brandon Canup's Motion for Leave to File First Amended Complaint and Memorandum in Support, by BRANDON CANUP. (alb) (Entered: 04/07/2026) |
| 04/06/2026 | 35 | (Proposed) FIRST AMENDED COMPLAINT against ALYSTOCK WITKIN KREIS & OVERHOLTZ PLC, BRYAN F AYLSTOCK, BOBBY BRADFORD, GREGORY BROWN, MICHAEL BURNS, FLEMING NOLEN & JEZ LLP, MOSTYN LAW FIRM PC, Cliff Lee Roberts, filed by BRANDON CANUP. (One service copy provided.) (alb) (Entered: 04/07/2026) |
| 04/07/2026 | | ACTION REQUIRED BY DISTRICT JUDGE: Chambers of JUDGE M CASEY RODGERS notified that action is needed Re: 35 First Amended Complaint, 34 Plaintiff Brandon Canup's Motion for Leave to File First Amended Complaint and Memorandum in Support. (alb) (Entered: 04/07/2026) |
| 04/07/2026 | 36 | ORDER re 34 Motion to File an Amended Complaint. Defendants must respond to the motion within 14 days of the date of this Order.(Internal deadline for referral to judge if response not filed earlier: **4/21/2026**). Signed by JUDGE M CASEY RODGERS on 04/07/2026. (alb) (Entered: 04/07/2026) |
| 04/14/2026 | 37 | Plaintiff Brandon Canup's Motion for Recusal and Disqualification and Memorandum in Support, by BRANDON CANUP. (alb) (Entered: 04/14/2026) |
| 04/14/2026 | 38 | Plaintiff Brandon Canup's Motion for Suggestion of Remand to the Judicial Panel on Multidistrict Litigation and Memorandum in Support, by BRANDON CANUP. (alb) (Entered: 04/14/2026) |
| 04/14/2026 | | ACTION REQUIRED BY DISTRICT JUDGE: Chambers of JUDGE M CASEY RODGERS notified that action is needed Re: 37 Plaintiff Brandon Canup's Motion for Recusal and Disqualification and Memorandum in Support, 38 Plaintiff Brandon Canup's Motion for Suggestion of Remand to the Judicial Panel on Multi-district Litigation and Memorandum in Support. (alb) (Entered: 04/14/2026) |
| 04/14/2026 | | Set Deadlines as to 37 MOTION for Recusal and Disqualification, 38 MOTION for Suggestion of Remand to the Judicial Panel on Multidistrict Litigation. (Internal deadline for referral to judge if response not filed earlier: **4/28/2026**). (djb) (Entered: 04/15/2026) |
| 04/16/2026 | 39 | Plaintiff Brandon Canup's MOTION for Permission to File Electronically by BRANDON CANUP. (djb) (Entered: 04/16/2026) |
| 04/16/2026 | | ACTION REQUIRED BY DISTRICT JUDGE: Chambers of JUDGE M CASEY RODGERS notified that action is needed Re: 39 MOTION for Permission to File Electronically (djb) (Entered: 04/16/2026) |
| 04/16/2026 | 40 | ORDER OF RECUSAL. MAGISTRATE JUDGE HOPE T CANNON recused. Case reassigned to MAGISTRATE JUDGE ZACHARY C BOLITHO for all further proceedings. Signed by MAGISTRATE JUDGE HOPE T CANNON on 4/16/2026. Motions referred to ZACHARY C BOLITHO. (djb) (Entered: 04/16/2026) |
| 04/16/2026 | | ACTION REQUIRED BY MAGISTRATE JUDGE: Chambers of MAGISTRATE JUDGE ZACHARY C BOLITHO notified that action is needed Re: 39 MOTION for Permission to File Electronically, See also, 40 Order of Recusal. Referred to ZACHARY C BOLITHO. (djb) (Entered: 04/16/2026) |
| 04/17/2026 | | Motions No Longer Referred to MAGISTRATE JUDGE ZACHARY C BOLITHO : 39 MOTION for Permission to File Electronically (djb) (Entered: 04/17/2026) |

| 04/17/2026 | 41 | ORDER - Plaintiff has filed 37 MOTION for Recusal and Disqualification, 38 MOTION for Suggestion of Remand. The motions do not include Defendants position. Accordingly, to the extent Defendants want to respond, their response is due within 14 days of the date of this Order. Signed by JUDGE M CASEY RODGERS on 4/17/2026. (Response to motions due by **5/1/2026**.) (djb) (Entered: 04/17/2026) |
| 04/17/2026 | 42 | ORDER - Canup's 39 MOTION for Permission to File Electronically is GRANTED. Any questions concerning the procedures for registering and filing documents electronically should be directed to Erica Smith, Erica_L_Smith@flnd.uscourts.gov, in the Northern District of Florida, Pensacola Division. Signed by JUDGE M CASEY RODGERS on 4/17/2026. (djb) (Entered: 04/17/2026) |
| 04/17/2026 | 43 | RESPONSE and MEMORANDUM IN OPPOSITION TO AWKO DEFENDANTS' 27 MOTION TO DISMISS, filed by BRANDON CANUP. (djb) (Entered: 04/17/2026) |
| 04/17/2026 | | ACTION REQUIRED BY DISTRICT JUDGE: Chambers of JUDGE M CASEY RODGERS notified that action is needed Re: 43 Response to Motion 27 Motion to Dismiss. (djb) (Entered: 04/17/2026) |
| 04/20/2026 | 44 | MOTION for Substituted Service on Defendants Michael Burns and Cliff Roberts by BRANDON CANUP. (djb) (Entered: 04/21/2026) |
| 04/21/2026 | | ACTION REQUIRED BY DISTRICT JUDGE: Chambers of JUDGE M CASEY RODGERS notified that action is needed Re: 44 MOTION for Substituted Service on Defendants Michael Burns and Cliff Roberts (djb) (Entered: 04/21/2026) |
| 04/21/2026 | 45 | NOTICE of Appearance by SKIPPER JONATHAN VINE on behalf of GREGORY BROWN, FLEMING NOLEN & JEZ LLP (VINE, SKIPPER) (Entered: 04/21/2026) |
| 04/21/2026 | 46 | RESPONSE in Opposition re 34 MOTION to Amend/Correct filed by ALYSTOCK WITKIN KREIS & OVERHOLTZ PLC, BRYAN F AYLSTOCK, BOBBY BRADFORD. (RETTIG, GREGORY) (Entered: 04/21/2026) |
| 04/21/2026 | 47 | RESPONSE to Motion re 34 MOTION to Amend/Correct *DEFENDANTS, GREGORY BROWN AND FLEMING NOLEN & JEZ LLP, RESPONSE TO PLAINTIFFS MOTION TO FILE FIRST AMENDED COMPLAINT* filed by GREGORY BROWN, FLEMING NOLEN & JEZ LLP. (VINE, SKIPPER) (Entered: 04/21/2026) |
| 04/22/2026 | | ACTION REQUIRED BY DISTRICT JUDGE: Chambers of JUDGE M CASEY RODGERS notified that action is needed Re: 34 MOTION to Amend Complaint, 35 Amended Complaint, 46 Response in Opposition to Motion, 47 Response to Motion (djb) (Entered: 04/22/2026) |
| 04/28/2026 | 48 | MOTION for Leave to File re 46 Response in Opposition to Motion, 34 MOTION to Amend/Correct, 47 Response to Motion *Motion for Leave to File Reply Memorandum in Support of Motion to Amend Complaint* by BRANDON CANUP. (CANUP, BRANDON) (Entered: 04/28/2026) |
| 04/28/2026 | | ACTION REQUIRED BY DISTRICT JUDGE: Chambers of JUDGE M CASEY RODGERS notified that action is needed Re: 48 MOTION for Leave to File Reply Memorandum re 46 Response in Opposition to Motion, 47 Response to Motion, re: 34 MOTION to Amend Complaint. (djb) (Entered: 04/28/2026) |
| 05/01/2026 | 49 | RESPONSE to Motion re 38 MOTION to Remand filed by ALYSTOCK WITKIN KREIS & OVERHOLTZ PLC, BRYAN F AYLSTOCK, BOBBY BRADFORD. (RETTIG, GREGORY) (Entered: 05/01/2026) |

| 05/01/2026 | 50 | RESPONSE in Opposition re 38 MOTION to Remand filed by GREGORY BROWN, FLEMING NOLEN & JEZ LLP. (VINE, SKIPPER) (Entered: 05/01/2026) |
| 05/01/2026 | 51 | RESPONSE in Opposition re 37 MOTION for Recusal MOTION to Disqualify Judge filed by GREGORY BROWN, FLEMING NOLEN & JEZ LLP. (VINE, SKIPPER) (Entered: 05/01/2026) |
| 05/01/2026 | 52 | REPLY to Response to Motion re 37 MOTION for Recusal MOTION to Disqualify Judge filed by ALYSTOCK WITKIN KREIS & OVERHOLTZ PLC, BRYAN F AYLSTOCK, BOBBY BRADFORD. (RETTIG, GREGORY) (Entered: 05/01/2026) |
| 05/04/2026 | | ACTION REQUIRED BY DISTRICT JUDGE: Chambers of JUDGE M CASEY RODGERS notified that action is needed Re: 51 Response in Opposition to Motion, 52 Reply to Response to Motion, re: 37 MOTION for Recusal and Disqualification and Memorandum in Support; 49 Response to Motion, 50 Response in Opposition to Motion, 38 MOTION for Suggestion of Remand to the Judicial Panel on Multidistrict Litigation and Memorandum in Support. (djb) (Entered: 05/04/2026) |
| 05/05/2026 | 53 | MOTION for Leave to File re 52 Reply to Response to Motion, 51 Response in Opposition to Motion, 37 MOTION for Recusal MOTION to Disqualify Judge *Motion for Leave to File Reply Memorandum in Support of Motion for Recusal and Disqualification* by BRANDON CANUP. (CANUP, BRANDON) (Entered: 05/05/2026) |
| 05/05/2026 | | Set Deadlines as to 53 MOTION for Leave to File Reply Memorandum in Support of Motion for Recusal and Disqualification. re 52 Reply to Response to Motion, 51 Response in Opposition to Motion. (Internal deadline for referral to judge if response not filed earlier: **5/19/2026**). (djb) (Entered: 05/07/2026) |
| 05/06/2026 | | ACTION REQUIRED BY DISTRICT JUDGE: Chambers of JUDGE M CASEY RODGERS notified that action is needed Re: 53 MOTION for Leave to File Reply, re 52 Reply to Response to Motion for Recusal and Disqualification. (djb) (Entered: 05/06/2026) |
| 05/06/2026 | 54 | ORDER - Canup's 34 Motion for Leave to File First Amended Complaint is GRANTED. Defendants' Motions to Dismiss, ECF Nos. 10 , 27 , are DENIED as moot. Canup must file his amended complaint as a separate docket entry within 7 days of the date of this Order. Once filed as a separate docket entry, Canup's amended complaint will be the operative pleading and Defendants must respond to the amended complaint within **14 days** thereafter. Canups Motion for Leave to File Reply Memorandum in Support of his Motion to Amend Complaint, ECF No. 48 , is DENIED as moot. Signed by JUDGE M CASEY RODGERS on 5/6/2026. (Amended Complaint due by **5/13/2026**.) (djb). (Main Document 54 replaced on 5/6/2026) (djb). Modified on 5/6/2026 to note this order is amended (djb). (Entered: 05/06/2026) |
| 05/07/2026 | 55 | RESPONSE to Motion re 53 MOTION for Leave to File re 52 Reply to Response to Motion, 51 Response in Opposition to Motion, 37 MOTION for Recusal MOTION to Disqualify Judge *Motion for Leave to File Reply Memorandum in Support of Motion for Recusal and Disqualifica FNJ DEFENDANTS RESPONSE TO PLAINTIFFS MOTION FOR LEAVE TO FILE REPLY MEMORANDUM IN SUPPORT OF HIS MOTION FOR RECUSAL AND DISQUALIFICATION filed by GREGORY BROWN, FLEMING NOLEN & JEZ LLP. (VINE, SKIPPER) (Entered: 05/07/2026)* |
| 05/08/2026 | 56 | ORDER denying 53 Motion for Leave to File Reply Memorandum in Support of His Motion for Recusal and Disqualification. Signed by JUDGE M CASEY RODGERS on 05/08/2026. (alb) (Entered: 05/08/2026) |
| 05/08/2026 | 57 | MOTION for Leave to File re 50 Response in Opposition to Motion, 38 MOTION to Remand *Motion for Leave to File Reply Memorandum in Support of Motion for* |

| | | |
|---|---|---|
| | | *Suggestion of Remand* by BRANDON CANUP. (CANUP, BRANDON) (Entered: 05/08/2026) |
| 05/11/2026 | | ACTION REQUIRED BY DISTRICT JUDGE: Chambers of JUDGE M CASEY RODGERS notified that action is needed Re: 57 Motion for Leave to File Reply Memorandum in Support of Motion for Suggestion of Remand. (djb) (Entered: 05/11/2026) |
| 05/11/2026 | 58 | ORDER denying 57 Motion for Leave to File Reply Memorandum in Support of Motion for Suggestion of Remand. No extraordinary circumstances have been shown to justify a reply. The undersigned is fully capable of deciding whether the transfer order, prior transcripts, and/or prior orders of this Court have been mischaracterized, without further briefing. Signed by JUDGE M CASEY RODGERS on 5/11/2026. (djb) (Entered: 05/11/2026) |
| 05/12/2026 | 59 | Plaintiff Brandon Canup's Motion to Stay Proceedings and Memorandum of Law in Support, re 38 MOTION to Remand, 37 MOTION for Recusal MOTION to Disqualify Judge, 8 Motion to Stay Pending Remand. (CANUP, BRANDON) Modified on 5/13/2026 to match title of document (alb). (Entered: 05/12/2026) |
| 05/12/2026 | 60 | FIRST AMENDED COMPLAINT against All Defendants All Defendants., filed by BRANDON CANUP. (CANUP, BRANDON) (Entered: 05/12/2026) |
| 05/12/2026 | | Set Deadlines as to 59 Plaintiff Brandon Canup's Motion to Stay Proceedings and Memorandum of Law in Support. (Internal deadline for referral to judge if response not filed earlier: **5/26/2026**). (djb) (Entered: 05/15/2026) |
| 05/13/2026 | | ACTION REQUIRED BY DISTRICT JUDGE: Chambers of JUDGE M CASEY RODGERS notified that action is needed Re: 60 Amended Complaint, 59 Plaintiff Brandon Canup's Motion to Stay Proceedings and Memorandum of Law in Support, re 38 MOTION to Remand, 37 MOTION for Recusal MOTION to Disqualify Judge, 8 Motion to Stay Pending Remand. (alb) (Entered: 05/13/2026) |
| 05/17/2026 | 61 | ORDER denying 37 Motion for Recusal and Disqualification. Signed by JUDGE M CASEY RODGERS on May 17, 2026. (aow) (Entered: 05/17/2026) |
| 05/26/2026 | 62 | NOTICE of Appearance by BENJAMIN JAMES STEVENSON on behalf of MOSTYN LAW FIRM PC (STEVENSON, BENJAMIN) (Entered: 05/26/2026) |
| 05/26/2026 | 63 | MOTION for Extension of Time to File Response/Reply *FNJ DEFENDANTS MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO PLAINTIFFS FIRST AMENDED PETITION WITH MEMORANDUM OF LAW* by GREGORY BROWN, FLEMING NOLEN & JEZ LLP. (VINE, SKIPPER) (Entered: 05/26/2026) |
| 05/26/2026 | 64 | RESPONSE in Opposition re 59 MOTION to Stay re 38 MOTION to Remand, 37 MOTION for Recusal MOTION to Disqualify Judge, 8 *Motion to Stay Pending Remand FNJ DEFENDANTS RESPONSE IN OPPOSITION TO PLAINTIFFS MOTION TO STAY PROCEEDINGS WITH MEMORANDUM OF LAW* filed by GREGORY BROWN, FLEMING NOLEN & JEZ LLP. (VINE, SKIPPER) (Entered: 05/26/2026) |
| 05/26/2026 | 65 | RESPONSE in Support re 59 MOTION to Stay re 38 MOTION to Remand, 37 MOTION for Recusal MOTION to Disqualify Judge, 8 *Motion to Stay Pending Remand* filed by ALYSTOCK WITKIN KREIS & OVERHOLTZ PLC, BRYAN F AYLSTOCK, BOBBY BRADFORD. (RETTIG, GREGORY) (Entered: 05/26/2026) |

| | | |
|---|---|---|
| 05/26/2026 | 66 | MOTION to Dismiss *Plaintiff's Amended Complaint* by ALYSTOCK WITKIN KREIS & OVERHOLTZ PLC, BRYAN F AYLSTOCK, BOBBY BRADFORD. (Internal deadline for referral to judge if response not filed earlier: **6/9/2026**). (RETTIG, GREGORY) (Entered: 05/26/2026) |
| 05/26/2026 | | Set Deadlines/Hearings re 63 Motion for Enlargement of Time to Respond to Plaintiff's First Amended Petition. (Internal deadline for referral to judge if response not filed earlier: **6/9/2026**). (alb) (Entered: 05/27/2026) |
| 05/27/2026 | 67 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by MOSTYN LAW FIRM PC. (STEVENSON, BENJAMIN) (Entered: 05/27/2026) |
| 05/27/2026 | | ACTION REQUIRED BY DISTRICT JUDGE: Chambers of JUDGE M CASEY RODGERS notified that action is needed Re: 64 Response in Opposition to 59 Motion to Stay, 65 Response in Support of 59 Motion to Stay. (alb) (Entered: 05/27/2026) |
| 05/27/2026 | 68 | ORDER re 63 Motion for Enlargement of Time to Respond to Plaintiff's First Amended Petition. Defendants Brown and Fleming Nole & Jez LLP must file their response to the amended complaint on or before June 5, 2026. (Internal deadline for referral to judge if response not filed earlier: **6/5/2026**). Signed by JUDGE M CASEY RODGERS on 05/27/2026. (alb) (Entered: 05/27/2026) |
| 05/29/2026 | 69 | ORDER - The 44 MOTION for Substituted Service on Defendants Michael Burns and Cliff Roberts is GRANTED, as requested. Plaintiff is authorized to effect substitute service on Defendants Michael Burns and Cliff Roberts by the methods stated in the motion. Signed by JUDGE M CASEY RODGERS on 5/29/2026. (djb) (Entered: 05/29/2026) |
| 05/29/2026 | 70 | ORDER - Canup's 8 Motion for Remand, is DENIED. Canup's 38 Motion for Suggestion of Remand to the Judicial Panel on Multidistrict Litigation, is DENIED. Canup's 59 Motion to Stay Proceedings, is DENIED as MOOT. Signed by JUDGE M CASEY RODGERS on 5/29/2026. (djb) (Entered: 05/29/2026) |
| 06/02/2026 | 71 | NOTICE *of Filing Summons Request* by BRANDON CANUP (CANUP, BRANDON) (Entered: 06/02/2026) |
| 06/02/2026 | 72 | NOTICE *of Filing Summons Request* by BRANDON CANUP (CANUP, BRANDON) (Entered: 06/02/2026) |
| 06/02/2026 | 73 | NOTICE *of Filing of Petition for Writ of Mandamus in the U.S. Court of Appeals for the Eleventh Circuit* by BRANDON CANUP (Attachments: # 1 Exhibit Petition for Writ of Mandamus) (CANUP, BRANDON) (Entered: 06/02/2026) |
| 06/03/2026 | 74 | Summons Issued as to MICHAEL BURNS, # 1 CLIFF ROBERTS. (djb) Modified on 6/3/2026 (djb). (Entered: 06/03/2026) |
| 06/03/2026 | 75 | MOTION Accept Motion to Dismiss as Timely re 67 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by MOSTYN LAW FIRM PC. (STEVENSON, BENJAMIN) (Entered: 06/03/2026) |
| 06/03/2026 | | Set Deadlines as to 75 MOTION Accept Motion to Dismiss as Timely re 67 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM. (Internal deadline for referral to judge if response not filed earlier: **6/17/2026**). (djb) (Entered: 06/03/2026) |
| 06/04/2026 | 76 | NOTICE of Appearance by SKIPPER JONATHAN VINE on behalf of CLIFF ROBERTS (VINE, SKIPPER) (Entered: 06/04/2026) |
| 06/05/2026 | 77 | Plaintiff Brandon Canup's Consolidated MOTION for Reconsideration, or in the Alternative, to Certify Order for Interlocutory Appeal, Motion to Stay Proceedings re 70 |

| | | |
|---|---|---|
| | | Order, by BRANDON CANUP. (CANUP, BRANDON) Modified on 6/5/2026 (djb). (Entered: 06/05/2026) |
| 06/05/2026 | | Set Deadlines as to 77 MOTION for Reconsideration, or in the Alternative, to Certify Order for Interlocutory Appeal, Motion to Stay Proceedings, re 70 Order. (Internal deadline for referral to judge if response not filed earlier: **6/22/2026**). (djb) (Entered: 06/05/2026) |
| 06/05/2026 | 78 | MOTION *Motion for Clarification* by BRANDON CANUP. (Attachments: # 1 Exhibit Email with attachments from Diana Rafael of CSK to Brandon Canup on behalf of Cliff Roberts, # 2 Exhibit Emails between Brandon Canup and Benjamin Stevenson on behalf of Mostyn Law Firm, PC, # 3 Exhibit Declaration of Brandon Canup) (CANUP, BRANDON) (Entered: 06/05/2026) |
| 06/05/2026 | 79 | MOTION to Dismiss *Amended Petition* by GREGORY BROWN, FLEMING NOLEN & JEZ LLP, CLIFF ROBERTS. (Internal deadline for referral to judge if response not filed earlier: **6/22/2026**). (Attachments: # 1 Exhibit) (VINE, SKIPPER) (Entered: 06/05/2026) |
| 06/05/2026 | 80 | NOTICE of Appearance by JONATHAN ANDRES FERNANDEZ on behalf of GREGORY BROWN, FLEMING NOLEN & JEZ LLP, CLIFF ROBERTS (FERNANDEZ, JONATHAN) (Entered: 06/05/2026) |
| 06/05/2026 | 81 | MOTION to Seal Document *Attachment 1 to Docket Entry 79* by GREGORY BROWN, FLEMING NOLEN & JEZ LLP, CLIFF ROBERTS. (FERNANDEZ, JONATHAN) (Entered: 06/05/2026) |
| 06/05/2026 | 82 | NOTICE *of Filing Redacted Substitute and Request Clerk Seal Attachment 1 to Docket Entry 79* by GREGORY BROWN, FLEMING NOLEN & JEZ LLP, CLIFF ROBERTS (Attachments: # 1 Supplement) (FERNANDEZ, JONATHAN) (Entered: 06/05/2026) |
| 06/06/2026 | 83 | MOTION for Extension of Time to File Response/Reply as to 67 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM , 66 MOTION to Dismiss *Plaintiff's Amended Complaint* by BRANDON CANUP. (CANUP, BRANDON) (Entered: 06/06/2026) |
| 06/08/2026 | | ACTION REQUIRED BY DISTRICT JUDGE: Chambers of JUDGE M CASEY RODGERS notified that action is needed Re: 78 Plaintiff's MOTION for Clarification; 81 MOTION to Seal Attachment 1 to Docket Entry 79 ; 83 Plaintiff's MOTION for Extension of Time to File Response as to 67 MOTION TO DISMISS, 66 MOTION to Dismiss Plaintiff's Amended Complaint. (See also 82 NOTICE of Filing Redacted Substitute and Request Clerk Seal Attachment 1 to Docket Entry 79) (djb) (Entered: 06/08/2026) |
| 06/08/2026 | 84 | ORDER granting 81 MOTION to Seal Document Attachment 1 to Docket Entry 79 . The Clerk is instructed to maintain Exhibit 1 to Defendants' Motion to Dismiss (ECF No. 79 -1) under seal. Signed by JUDGE M CASEY RODGERS on 6/8/2026. (djb) (Entered: 06/08/2026) |
| 06/08/2026 | 85 | ORDER granting 83 MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO AWKO DEFENDANTS' MOTION TO DISMISS AND MOSTYN LAW'S PROCEDURALLY DEFECTIVE MOTION TO DISMISS. Plaintiff's deadline is extended as follows: response to AWKO Defendant's Motion to Dismiss (ECF No. 66 ) is due **June 23, 2026**, and response to Mostyn Law Firm's Motion to Dismiss (ECF No. 67 ) is due **June 24, 2026**. Signed by JUDGE M CASEY RODGERS on 6/8/2026. (djb) (Entered: 06/08/2026) |
| 06/08/2026 | | Reset Deadlines re: 85 Order, as to 67 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM . (Internal deadline for referral to judge if response not filed earlier: **6/24/2026**). (djb) (Entered: 06/24/2026) |

| 06/11/2026 | 86 | NOTICE *Notice of Filing of Appendix to Petition For Writ of Mandamus* by BRANDON CANUP re 73 Notice (Other) (Attachments: # 1 Exhibit Appendix to Petition For Writ of Mandamus Volumes I & II) (CANUP, BRANDON) (Entered: 06/11/2026) |
| --- | --- | --- |
| 06/11/2026 | 87 | ORDER Canup's 78 MOTION for Clarification is granted in part and denied in part. (see order) Signed by JUDGE M CASEY RODGERS on 6/11/2026. (djb) (Entered: 06/11/2026) |
| 06/15/2026 | 88 | MOTION for Extension of Time to File Response/Reply as to 79 MOTION to Dismiss *Amended Petition* by BRANDON CANUP. (CANUP, BRANDON) (Entered: 06/15/2026) |
| 06/16/2026 | | ACTION REQUIRED BY DISTRICT JUDGE: Chambers of JUDGE M CASEY RODGERS notified that action is needed Re: 88 MOTION for Extension of Time to File Response as to 79 MOTION to Dismiss Amended Petition. (djb) (Entered: 06/16/2026) |
| 06/16/2026 | 89 | ORDER granting 88 Unopposed Motion for Enlargement of Time to Respond to Texas Defendants' 79 Motion to Dismiss. Signed by JUDGE M CASEY RODGERS on 6/16/2026. (Response to motion is due on or before **7/2/2026**.) (djb) (Entered: 06/16/2026) |
| 06/16/2026 | 90 | NOTICE *Amended Certificate of Interested Persons Filed* by BRANDON CANUP re 73 Notice (Other) (Attachments: # 1 Exhibit Amended Certificate of Interested Persons) (CANUP, BRANDON) (Entered: 06/16/2026) |
| 06/17/2026 | 91 | RESPONSE in Opposition re 75 MOTION Accept Motion to Dismiss as Timely re 67 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by BRANDON CANUP. (Attachments: # 1 Exhibit Executed Citation and Return of Service showing service on Mostyn Law Firm, PC through Registered Agent Andrew Browning, # 2 Exhibit Unsworn Declaration of Andrew Browning, # 3 Exhibit Franchise Tax Account Status Identifying Andrew Browning as Registered Agent for Mostyn Law Firm, PC on November 4, 2025, # 4 Exhibit Change of Registered Agent Naming Andrew Browning as Registered Agent for Mostyn Law Firm, PC on November 11, 2018, # 5 Exhibit Due Diligence Declaration of Christina Edwards, # 6 Exhibit 2018 Public Information Report Identifying Andrew Browning as President of Mostyn Law Firm, PC Signed by Andrew Browning, # 7 Exhibit 2019 Public Information Report Identifying Andrew Browning as Registered Agent for Mostyn Law Firm, PC Signed by Andrew Browning, # 8 Exhibit 2020 Public Information Report Identifying Andrew Browning as Registered Agent for Mostyn Law Firm, PC, # 9 Exhibit 2021 Public Information Report Identifying Andrew Browning as Registered Agent for Mostyn Law Firm, PC Signed by Andrew Browning, # 10 Exhibit 2022 Public Information Report Identifying Andrew Browning as Registered Agent for Mostyn Law Firm, PC, # 11 Exhibit 2023 Public Information Report Identifying Andrew Browning as Registered Agent for Mostyn Law Firm, PC, # 12 Exhibit Franchise Tax Account Status Identifying Andrew Browning as Registered Agent for Mostyn Law Firm, PC on June 14, 2026, # 13 Exhibit Declaration of Brandon Canup) (CANUP, BRANDON) (Entered: 06/17/2026) |
| 06/18/2026 | | ACTION REQUIRED BY DISTRICT JUDGE: Chambers of JUDGE M CASEY RODGERS notified that action is needed Re: 91 Response in Opposition to Motion,,,,,,, 75 MOTION Accept Motion to Dismiss as Timely re 67 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM (djb) (Entered: 06/18/2026) |
| 06/18/2026 | 92 | NOTICE to Withdraw as Attorney by Justin T. Keeton by ALYSTOCK WITKIN KREIS & OVERHOLTZ PLC, BRYAN F AYLSTOCK. (RETTIG, GREGORY) Modified on 6/18/2026 to correct civil event to Notice. Motion will be terminated. (djb). (Entered: 06/18/2026) |

| 06/18/2026 | 93 | RESPONSE to Motion re 77 Consolidated MOTION for Reconsideration, or in the Alternative, to Certify Order for Interlocutory Appeal, Motion to Stay Proceedings, re 70 Order. filed by ALYSTOCK WITKIN KREIS & OVERHOLTZ PLC, BRYAN F AYLSTOCK, BOBBY BRADFORD. (RETTIG, GREGORY) (Entered: 06/18/2026) |
|---|---|---|
| 06/19/2026 | 94 | MOTION for Extension of Time to File Response/Reply *to Plaintiff's, Brandon Canup, Consolidated Motion [DE 77]* by GREGORY BROWN, FLEMING NOLEN & JEZ LLP, CLIFF ROBERTS. (FERNANDEZ, JONATHAN) (Entered: 06/19/2026) |
| 06/19/2026 | 95 | RESPONSE in Opposition re 77 Consolidated MOTION for Reconsideration, or in the Alternative, to Certify Order for Interlocutory Appeal, Motion to Stay Proceedings, re 70 Order. filed by MOSTYN LAW FIRM PC. (STEVENSON, BENJAMIN) (Entered: 06/19/2026) |
| 06/22/2026 | | ACTION REQUIRED BY DISTRICT JUDGE: Chambers of JUDGE M CASEY RODGERS notified that action is needed Re: 93 Response to Motion, 95 Response in Opposition to Motion re 77 Consolidated MOTION for Reconsideration, or in the Alternative, to Certify Order for Interlocutory Appeal, Motion to Stay Proceedings. (djb) (Entered: 06/22/2026) |
| 06/22/2026 | | ACTION REQUIRED BY DISTRICT JUDGE: Chambers of JUDGE M CASEY RODGERS notified that action is needed Re: 94 MOTION for Extension of Time to File Response to Plaintiff's, 77 Consolidated MOTION for Reconsideration, or in the Alternative, to Certify Order for Interlocutory Appeal, Motion to Stay Proceedings. (djb) (Entered: 06/22/2026) |
| 06/22/2026 | 96 | MOTION for Leave to File re 77 Consolidated MOTION for Reconsideration, or in the Alternative, to Certify Order for Interlocutory Appeal, Motion to Stay Proceedings, re 70 Order., 95 Response in Opposition to Motion *Motion for Leave to File Reply* by BRANDON CANUP. (CANUP, BRANDON) (Entered: 06/22/2026) |
| 06/22/2026 | 97 | NOTICE *Notice of Filing Motion to Stay District Court Proceedings* by BRANDON CANUP re 73 Notice (Other) (Attachments: # 1 Exhibit Motion to Stay District Court Proceedings) (CANUP, BRANDON) (Entered: 06/22/2026) |
| 06/22/2026 | 98 | ORDER - The 94 UNOPPOSED MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO PLAINTIFF'S CONSOLIDATED MOTION [ECF No. 77] is GRANTED to the extent that Defendants Brown, Roberts, and Fleming Nolen & Jez have seven days, until **June 29, 2026**, to respond to Plaintiff's Consolidated Motion, ECF No. 77 . Signed by JUDGE M CASEY RODGERS on 6/22/2026. (djb) (Entered: 06/22/2026) |
| 06/22/2026 | | Set Deadlines as to 96 MOTION for Leave to File Reply Memorandum in Support of 77 Consolidated MOTION for Reconsideration. (Internal deadline for referral to judge if response not filed earlier: **7/6/2026**). (djb) (Entered: 06/22/2026) |
| 06/22/2026 | 99 | ORDER denying 96 MOTION for Leave to File Reply in Support 77 Consolidated MOTION for Reconsideration. No extraordinary circumstances have been shown to justify a reply. Signed by JUDGE M CASEY RODGERS on 6/22/2026. (djb) (Entered: 06/22/2026) |
| 06/23/2026 | 100 | RESPONSE in Opposition re 66 MOTION to Dismiss *Plaintiff's Amended Complaint* filed by BRANDON CANUP. (CANUP, BRANDON) (Entered: 06/23/2026) |
| 06/24/2026 | | ACTION REQUIRED BY DISTRICT JUDGE: Chambers of JUDGE M CASEY RODGERS notified that action is needed Re: 100 Response in Opposition to Motion, 66 MOTION to Dismiss Plaintiff's Amended Complaint. (djb) (Entered: 06/24/2026) |

| 06/24/2026 | 101 | RESPONSE in Opposition re 67 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by BRANDON CANUP. (CANUP, BRANDON) (Entered: 06/24/2026) |
| --- | --- | --- |
| 06/25/2026 | | ACTION REQUIRED BY DISTRICT JUDGE: Chambers of JUDGE M CASEY RODGERS notified that action is needed Re: 101 Response in Opposition to Motion, 67 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM (djb) (Entered: 06/25/2026) |
| 06/25/2026 | 102 | NOTICE of Appearance by JAMES MARTINEZ BURNS on behalf of MICHAEL BURNS (BURNS, JAMES) (Entered: 06/25/2026) |
| 06/25/2026 | 103 | NOTICE *Notice of Adoption* by MICHAEL BURNS (BURNS, JAMES) (Entered: 06/25/2026) |
| 06/25/2026 | 104 | NOTICE *Proof of Service* by MICHAEL BURNS (BURNS, JAMES) (Entered: 06/25/2026) |
| 06/25/2026 | | ACTION REQUIRED BY DISTRICT JUDGE: Chambers of JUDGE M CASEY RODGERS notified that action is needed Re: 103 Notice of Adoption (djb) (Entered: 06/25/2026) |
| 06/25/2026 | 105 | NOTICE *Certificate of Service* by BRANDON CANUP re 101 Response in Opposition to Motion, 100 Response in Opposition to Motion (CANUP, BRANDON) (Entered: 06/25/2026) |
| 06/25/2026 | 106 | MOTION Clarification of Representation Status and Correction of Dkts. 102, 103 and 104 re 104 Notice (Other), 103 Notice (Other), 102 Notice of Appearance by BRANDON CANUP. (Attachments: # 1 Exhibit MDL Docket Excerpt, # 2 Exhibit Transfer Order with NEF Attached) (CANUP, BRANDON) (Entered: 06/25/2026) |
| 06/26/2026 | | ACTION REQUIRED BY DISTRICT JUDGE: Chambers of JUDGE M CASEY RODGERS notified that action is needed Re: 106 MOTION Clarification of Representation Status and Correction of Dkts. 102, 103 and 104 re 104 Notice of Proof of Service, 103 Notice Notice of Adoption, 102 Notice of Appearance. (djb) (Entered: 06/26/2026) |
| 06/29/2026 | 107 | RESPONSE in Opposition re 77 Consolidated MOTION for Reconsideration, or in the Alternative, to Certify Order for Interlocutory Appeal, Motion to Stay Proceedings, re 70 Order. filed by GREGORY BROWN, FLEMING NOLEN & JEZ LLP, CLIFF ROBERTS. (FERNANDEZ, JONATHAN) (Entered: 06/29/2026) |
| 06/30/2026 | | ACTION REQUIRED BY DISTRICT JUDGE: Chambers of JUDGE M CASEY RODGERS notified that action is needed Re: 107 Response in Opposition to 77 Motion. (alb) (Entered: 06/30/2026) |
| 07/02/2026 | 108 | RESPONSE in Opposition re 79 MOTION to Dismiss *Amended Petition* filed by BRANDON CANUP. (CANUP, BRANDON) (Entered: 07/02/2026) |

| PACER Service Center | | | |
| --- | --- | --- | --- |
| Transaction Receipt | | | |
| 07/05/2026 14:42:37 | | | |
| PACER Login: | bcanup1986 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 3:26-cv-03359-MCR-ZCB |

CM/ECF - U.S. District Court:flnd

| Billable Pages: | 13 | Cost: | 1.30 |
|---|---|---|---|

# EXHIBIT 2

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA

**BRANDON CANUP**
         Plaintiff(s),

                                          **CIVIL ACTION NO.: 3:26-CV-03359**
v.                                     **MCR -ZCB**

**BRYAN F. AYLSTOCK, BOBBY BRADFORD, MICHAEL A. BURNS, CLIFF ROBERTS, GREGORY BROWN, AYLSTOCK, WITKIN, KREIS & OVERTHOLTZ, PLLC, NOLEN FLEMING & JEZ, LLP AND MOSTYN LAW, FIRM, PC**
         Defendants.

_____/

## NOTICE OF APPEARANCE

**COMES NOW,** Michael A. Burns, and files this Notice of Appearance on behalf of Defendant, **Michael A. Burns**, and requests that all pleadings and correspondence be furnished to the address listed below. Counsel designates the following email address for service: Primary mblawfl@yahoo.com.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing instrument has been furnished to the Plaintiff, BRANDON CANUP, by and through U.S. Mail on this 25th day of June, 2026.

MICHAEL A. BURNS, ESQUIRE
Florida Bar No. 0973130
Burns Law, LLC
362 Gulf Breeze Parkway, Suite 294
Gulf Breeze, FL 32561
Tel. (850) 572-9187
E-Mail: mblawfl@yahoo.com
*Defendant*

# EXHIBIT 3

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA

**BRANDON CANUP**
          Plaintiff(s),

                                        **CIVIL ACTION NO.: 3:26-CV-03359**
v.                                         **MCR -ZCB**

**BRYAN F. AYLSTOCK, BOBBY BRADFORD,**
**MICHAEL A. BURNS, CLIFF ROBERTS,**
**GREGORY BROWN, AYLSTOCK, WITKIN,**
**KREIS & OVERTHOLTZ, PLLC, NOLEN**
**FLEMING & JEZ, LLP AND MOSTYN LAW,**
**FIRM, PC**
          Defendants.
_____/

## NOTICE OF ADOPTION

**COMES NOW,** the Defendant, MICHAEL A. BURNS, BURNS LAW, LLC, for the

reasons stated therein, to avoid duplication and for judicial economy adopts all applicable

Motions, arguments, and pleadings filed by co-defendants, Bryan Aylstock and Bobby Bradford

of Aylstock, Witkin, Kreis and Overholtz, PLC.

Dated:  June 25, 2026.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing instrument has been

furnished to the Plaintiff, BRANDON CANUP, by and through U.S. Mail on this 25TH day of

June, 2026.

                                    MICHAEL A. BURNS, ESQUIRE
                                    Florida Bar No. 0973130
                                    Burns Law, LLC
                                    362 Gulf Breeze Parkway, Suite 294
                                    Gulf Breeze, FL 32561
                                    Tel. (850) 572-9187
                                    E-Mail: mblawfl@yahoo.com
                                    *Defendant*

# EXHIBIT 4

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA

**BRANDON CANUP**
        Plaintiff(s),

                                  **CIVIL ACTION NO.: 3:26-CV-03359**

v.                                  **MCR -ZCB**

**BRYAN F. AYLSTOCK, BOBBY BRADFORD,
MICHAEL A. BURNS, CLIFF ROBERTS,
GREGORY BROWN, AYLSTOCK, WITKIN,
KREIS & OVERTHOLTZ, PLLC, NOLEN
FLEMING & JEZ, LLP AND MOSTYN LAW,
FIRM, PC**
        Defendants.

_____/

## PROOF OF SERVICE

In compliance with Rule 4.1(a) of the Rules of Procedure for the United States District

Court and the Northern District of Florida, I hereby certify that on June 25, 2026, I caused to be

served true and correct copy of the foregoing via U.S. Mail on the partis listed in these actions at

the addresses below:

Brandon Canup
4812 Hidden Oaks Ln
Arlington, TX 76017
Email: canup.brandon@gmail.com
*Pro Se Plaintiff*

Bryan F. Aylstock
Bobby Bradford
Aylstock, Witkin, Kreis & Overholtz, PLC
17 East Main Street, Suite 200
Pensacola, FL 32502
*Defendants*

Michael A. Burns
Burns Law, LLC
362 Gulf Breeze Parkway, Suite 294
Gulf Breeze, FL 32561-4492
*Defendant*

Cliff Roberts
Roberts Law Office
8191 SW FWY, Suite 116
Houston, TX  77074
*Defendant*

Gregory Brown
The Sorrels Law Firm
230 Westcott Street, Suite 100
Houston, TX  77007
*Defendant*

Fleming Nolen & Jez, LLP
2800 Post Oak Blvd., Suite 6000
Houston, TX  77056-6128
*Defendant*

Mostyn Law Firm, PC
Attn:  Benjamin Stevenson
919 Panferio Drive
Pensacola Beach, FL  32561-2247
(702) 306-6708
Email: bjs@stevenson-legal.com
*Defendant*

Dated: June 25, 2026

Michael A. Burns, Esq.
BURNS LAW, LLC
Florida Bar No.:  0973130
362 Gulf Breeze Parkway, Suite 294
Gulf Breeze, Florida  32561
Phone (850) 572-9187
Email: mblawfl@yahoo.com
*Defendant*

2

# EXHIBIT 5

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

| | |
|---|---|
| BRANDON CANUP, | Case No. 3:26-cv-3359-MCR-ZCB |
| *Plaintiff,* | |
| v. | |
| BRYAN F. AYLSTOCK, et al., | PLAINTIFF BRANDON CANUP'S MOTION FOR CLARIFICATION OF REPRESENTATION STATUS AND CORRECTION OF DOCKETS 102–104 |
| *Defendants.* | |

**PLAINTIFF BRANDON CANUP'S MOTION FOR CLARIFICATION OF REPRESENTATION STATUS AND CORRECTION OF DOCKETS 102–104 AND MEMORANDUM IN SUPPORT**

COMES NOW Plaintiff Brandon Canup ("Canup"), proceeding *pro se*, hereby files his Motion for Clarification of Representation Status and Correction of Dockets 102–104. In support, Canup states as follows:

Canup files this motion subject to and without waiving any previously asserted objections concerning removal, remand, subject-matter jurisdiction, or the continuation of district court proceedings while his pending requests for reconsideration, appellate relief, and a stay remain unresolved. *See* Dkts. 73, 77, 91, 97. This motion seeks only clarification and correction of the existing docket and filings and should not be construed as consent to further proceedings or as a concession that any pending filing is timely, valid, or properly before the Court.

## I.     INTRODUCTION AND SUMMARY OF ARGUMENT

On June 25, 2026, Dkts. 102–104 were submitted through the electronic-filing account of James Martinez Burns, causing the docket to identify James Burns as counsel of record for Michael

1

Burns and as the filer of those documents. The documents themselves, however, are signed solely by Michael Burns, identify him as "Defendant," and purport to have been filed by him personally. None is signed by James Burns or states that James Burns filed it as counsel. The record therefore reflects two inconsistent positions: either James Burns represents Michael Burns and must correct the filings so that they are signed and docketed through counsel, or Michael Burns is appearing on his own behalf and should file through his own electronic-filing account rather than through an account that places James Burns on the docket as counsel.

Rule 11(a) requires a filing to be signed by an attorney of record in the attorney's name or, if the party is unrepresented, by the party personally. Local Rule 11.1(F) requires a represented party to appear only through counsel and prohibits joint or intermittent representation, while Local Rules 5.1 and 5.4 require proper signature information and accurate electronic docketing. The Court may also take judicial notice of its own MDL docket, which, as of June 25, 2026, separately identified Michael Burns as "ATTORNEY TO BE NOTICED" and reflected an individual electronic-notice entry associated with him. *See* Fed. R. Evid. 201(b)(2); Exs. 1–2.

Canup requests that the Court require James Burns to correct the filings if he intends to represent Michael Burns, or require Michael Burns to proceed through his own account if he intends to represent himself, and clarify whether Dkt. 103 is intended to serve as Burns's response to the Amended Complaint.

## II. BACKGROUND

This action is now governed by Canup's First Amended Complaint, which asserts causes of action for fraud by nondisclosure, breach of fiduciary duty, fraudulent inducement, and civil conspiracy. *See* Dkt. 60 ¶¶ 136–203. The lawsuit arises from the *In re: 3M Combat Arms Earplugs Litigation* (the "MDL"), a multi-district litigation proceeding involving claims by service members

2

and veterans against 3M Company ("3M") based upon allegations that its Combat Arms Earplugs were defective. *See* Dkt. 60 ¶¶ 25–27. Canup, an MDL claimant, was initially represented by FNJ Defendants[1] and Cliff Roberts, collectively ("Texas Defendants"). *See id.* ¶ 28. Ultimately, in 2023, after several bellwether trials, 3M entered into a Master Settlement Agreement ("MSA") to resolve the claims in the MDL, which involved the creation of a "benefits program" out of which the attorneys would be paid. *See id.* ¶¶ 38, 42, 46.

Importantly, the MSA is a private agreement that was voluntarily entered into by participating counsel in the MDL, including Defendants in this action. *See id.* ¶¶ 47–51. Also of note, the amount to be paid by 3M under the MSA was dependent on participation levels of eligible claimants. *See id.* ¶ 42. The terms that participating counsel voluntarily agreed to obligated every attorney representing a claimant who had filed a case in the MDL to cease developing their clients' cases in the MDL as of the settlement date, August 29, 2023, *id.*, .recommend to 100% of their clients to agree to the MSA and register in the "benefits program" thereunder and withdraw from representing claimants that chose to opt out of the MSA. *Id.* After realizing that Texas Defendants were not actively working on his case, in January of 2024, Canup retained David Gamble to pursue his claims against 3M. *See id.* ¶ 64. Canup rejected the MSA and Texas Defendants withdrew as his counsel, as they had voluntarily agreed with 3M and other participating counsel to do.[2] *See id.* ¶¶ 66, 78. During this same period, AWKO Defendants,[3] along with Michael Burns and Mostyn

---

[1] FNJ Defendants refers to Gregory Brown and Fleming, Nolen & Jez, LLP.

[2] Texas Defendants delayed withdrawing from Canup's case, Canup opted out of the MSA on January 21, 2024 and Gregory Brown filed his motion to withdraw on February 15, 2024, one week before a major production deadline in Canup's case and more than five months after Texas Defendants agreed with 3M and other participating counsel to cease developing Canup's case in the MDL. *See* Dkt. 37, Ex. 2, Docket Report, *Canup v. 3M Co. et al.*, No. 8:20-cv-14021-MCR-HTC (N.D. Fla.); *see also* MDL Settlement Agreement, MSA 1 at 6 and ¶ 8.1.4 at 20, https://www.uscourts.gov/courts/flnd/3M-MSA_1.pdf (last accessed May 12, 2026).

[3] AWKO Defendants refers to Bryan Aylstock, Bobby Bradford and Aylstock, Witkin, Kreis & Overholtz, PLC.

Law Firm, PC, injected themselves into Canup's litigation with 3M through ongoing communications and interactions with Canup spanning from February 22, 2024, through April 25, 2024. *See id.* ¶¶ 79–92, 95. After several more months of litigation and after Canup had initiated an appeal of one of the MDL Court's Orders, 3M agreed to settle Canup's claims independently of the MSA. *See id.* ¶ 100.

Canup filed this action in Tarrant County, Texas, on October 27, 2025. Gregory Brown improperly removed it to the Northern District of Texas on November 6, 2025,[4] and Canup moved to remand on November 21, 2025. *See* Dkt. 8. Bryan Aylstock ("Aylstock") thereafter sought transfer to the MDL Court, while FNJ Defendants opposed remand, sought a stay pending transfer, and moved to dismiss. *See* Dkts. 10, 12, 14, 15, 23. The JPML transferred the action on April 2, 2026. *See* Dkt. 30.

After transfer, Canup moved for leave to amend, for recusal and disqualification, and for a suggestion of remand. *See* Dkts. 34–35, 37–38. The Court granted leave to amend on May 6, 2026, and Canup filed the Amended Complaint on May 12, 2026. *See* Dkts. 54, 60. On May 17, 2026, the Court denied recusal. *See* Dkt. 61 at 5–10. AWKO Defendants filed their Motion to Dismiss on May 26, 2026, again asserting that their only interactions with Canup occurred on behalf of Plaintiffs' MDL Leadership at the Court's request. *See* Dkt. 66 at 2–3, 13–17. Mostyn filed its procedurally defective Motion to Dismiss on May 27, 2026. *See* Dkts. 67, 75, 91.

On May 29, 2026, the Court denied remand, finding federal-question jurisdiction over Canup's state-law claims and treating Mostyn's Motion to Dismiss as implied consent to removal,

---

[4] Brown removed this case despite being a non-diverse Texas defendant, and without ensuring all of his co-defendants consented to removal, including Mostyn Law Firm, P.C., another Texas Defendant who had already been properly joined and served. *See* Dkts. 1, 8, 9 at 2, 6–7. Brown filed the Notice of Removal and was the sole signatory. The docket entry, however, reflects participation by the AWKO Defendants, stating: "NOTICE OF REMOVAL filed by Gregory Donald Brown, Aylstock, Witkin, Kreis & Overholtz, PLL." *See* Dkt. 1; *see also* Docket Report, *Canup v. Aylstock, et al.*, No. 3:26-cv-03359-MCR-ZCB (N.D. Fla.)

although the Court declined to determine whether Mostyn had been properly served. *See* Dkt. 70 at 15–17. Mostyn had filed that motion two days earlier, approximately ninety minutes after the court-ordered deadline and more than six months after it was properly served. *See* Dkts. 54, 67, 75, 91. The motion did not address removal, remand, consent, or sufficiency of service. *See* Dkt. 67.

Mostyn instead argued that it could not be held liable for Burns's alleged conduct because Burns was no longer affiliated with or acting on behalf of Mostyn during the relevant period. Although Mostyn acknowledged that the Court appointed "Burns of Mostyn" to the MDL plaintiffs' leadership in 2019, it asserted that its involvement in MDL leadership ended in 2020, when Burns allegedly left Mostyn, formed Burns Law LLC, and thereafter served in MDL leadership through that new firm. *See* Dkt. 67 at 3–4. Mostyn further argued that, by September 2023, the prior MDL leadership structure had been terminated, Burns possessed no continuing leadership authority, and any alleged conduct by Burns therefore was not undertaken on Mostyn's behalf. *Id*. at 4. Based on that asserted separation, Mostyn contended that Canup had not plausibly alleged that Burns acted as its agent and that no vicarious liability could attach to Mostyn for Burns's conduct. *Id*. at 2–4.

On May 30, 2026, Canup petitioned the Eleventh Circuit for a writ of mandamus seeking Judge Rodgers's recusal and disqualification under 28 U.S.C. §§ 455(a) and 455(b)(1), vacatur of the order denying recusal, and related relief. *See* Dkt. 73. On June 3, 2026, Mostyn moved to have its Motion to Dismiss accepted as timely and asserted improper service for the first time. *See* Dkt. 75. On June 5, 2026, Canup moved for reconsideration of the remand order or, alternatively, certification under 28 U.S.C. § 1292(b), and requested a stay. *See* Dkt. 77. Canup later opposed Mostyn's timeliness motion and again requested a stay. *See* Dkt. 91. On June 22, 2026, Canup

5

filed a motion in the Eleventh Circuit seeking a stay of the district court proceedings pending review of his mandamus petition. *See* Dkt. 97.

On June 25, 2026, Dkts. 102–104 were filed concerning Burns: a Notice of Appearance, Notice of Adoption, and Proof of Service. Dkt. 103 purports to adopt applicable motions, arguments, and pleadings filed by the AWKO Defendants. Notably, Burns did not adopt Mostyn's filings, even though Mostyn's Motion to Dismiss expressly argues that Burns left Mostyn in 2020, formed Burns Law LLC, thereafter served in MDL leadership through his new firm, and was not acting on Mostyn's behalf during the conduct alleged in the Amended Complaint. *See* Dkt. 67 at 3–4; Dkt. 103.

### III.    ARGUMENT AND AUTHORITY

#### A.  Legal Standard

Federal Rule of Civil Procedure 11(a) requires every pleading, written motion, and other paper to be signed "by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). An unsigned paper must be stricken unless the omission is promptly corrected after being called to the attorney's or party's attention. *Id*.

The Local Rules likewise distinguish between filings made through counsel and filings made by an unrepresented party. A document filed by an attorney must contain the attorney's signature and identifying information and must identify the party represented, while a document filed by a *pro se* party must bear the party's own signature and contact information. N.D. Fla. Loc. R. 5.1(D)–(E). An attorney who files a document electronically, or authorizes another person to do so, is responsible for the filing and must ensure that it is accurately docketed. N.D. Fla. Loc. R. 5.4(C), (G).

6

A represented party "must appear only through the attorney" and "may not file documents or participate in a trial or hearing on the party's own behalf." N.D. Fla. Loc. R. 11.1(F). Conversely, "[a] party who appears *pro se* may not be represented jointly or intermittently by an attorney." *Id*. Accordingly, the docket, the identity of counsel, the electronic filer, and the signature appearing on the filed document must consistently establish whether the party is proceeding through counsel or on the party's own behalf.

### B. Argument

#### 1. Dkts. 102–104 Reflect Inconsistent Representation, Signature and Filing Statuses

The docket identifies James Martinez Burns as counsel of record for Michael Burns and attributes Dkts. 102–104 to James Burns. The documents themselves reflect otherwise. Dkt. 102 states that "Michael A. Burns" files the Notice of Appearance on behalf of himself, is signed solely by Michael Burns, and identifies him as both "Esquire" and "Defendant." Dkts. 103 and 104 are likewise signed solely by Michael Burns and identify him as "Defendant." None bears James Burns's signature, identifies James Burns as counsel, or states that James Burns files the document on Michael Burns's behalf.

Those two forms of appearance cannot operate simultaneously. If James Burns represents Michael Burns, Rule 11(a) requires an attorney of record to sign the filings in the attorney's own name, and Local Rule 11.1(F) requires Michael Burns to appear only through that attorney. If Michael Burns is appearing on his own behalf, his personal signature may be proper, but the filings should not be submitted through an account that causes James Burns to be entered as counsel of record and identified as the filer.

The defect is not merely one of form. The present record does not clearly establish whether Michael Burns is represented or proceeding on his own behalf, whether James Burns intended to

enter an appearance, or which person presented and assumed responsibility for Dkts. 102–104. Rule 11(a) and Local Rules 5.1, 5.4, and 11.1(F) require a clear and consistent answer to those questions.

### 2. If James Burns Represents Michael Burns, James Burns Must Correct the Filings and Appear Through Properly Signed Documents

If James Burns intended to appear as counsel for Michael Burns, the docket's designation of James Burns as counsel may be accurate, but the attached documents are not. A represented party may not personally file documents while remaining represented by separate counsel. N.D. Fla. Loc. R. 11.1(F). The documents must instead be filed through counsel and bear the signature and signature block required of the attorney appearing for the party. See Fed. R. Civ. P. 11(a); N.D. Fla. Loc. R. 5.1(D).

Local Rule 5.4 also places responsibility on the attorney whose electronic-filing account is used. An attorney who electronically files a document, or authorizes another person to file it, is responsible for that filing and must ensure that the document is accurately docketed. N.D. Fla. Loc. R. 5.4(C), (G). Here, use of James Burns's account caused James Burns to be identified as counsel and filer, but the documents do not contain his signature or otherwise reflect that he presented them as counsel. If James Burns represents Michael Burns, James Burns should be required to file a corrected notice of appearance and corrected versions of Dkts. 103 and 104 bearing his own signature and identifying him as counsel for Michael Burns.

### 3. If Michael Burns Intends to Represent Himself, He Should File Through His Own Electronic Filing Account and the Docket Should Not Identify James Burns as His Counsel.

If Michael Burns instead intended to appear and proceed on his own behalf, the docket should accurately reflect that status. Local Rule 11.1(F) prohibits joint or intermittent representation: a party appearing *pro se* may not simultaneously remain represented by an attorney.

James Burns therefore should not remain listed as counsel of record if Michael Burns is personally conducting the litigation and signing filings on his own behalf.

The Court's own MDL docket confirms that Michael Burns already has an individual electronic entry in this Court's system, in this MDL. The Court may take judicial notice of its own records under Federal Rule of Evidence 201(b)(2).[5] As of June 25, 2026, the MDL docket identified "MICHAEL ANDREW BURNS," listed him as "ATTORNEY TO BE NOTICED," and associated him with the email address epefile@mostynlaw.com. *See* Ex. 1. The Notice of Electronic Filing accompanying the April 2, 2026 JPML transfer order transferring this case into this MDL likewise reflects that electronic notice was transmitted directly to Michael Burns at that address. *See In re 3M Combat Arms Earplug Prods. Liab. Litig.,* No. 3:19-md-02885-MCR-HTC, Dkt. 4210-1 at 2 (N.D. Fla. Apr. 2, 2026); Ex. 2.

This Court's electronic records already identify Michael Burns individually as an attorney receiving electronic notice. Thus, if Michael Burns intends to represent himself, he should do so through his own electronic-filing registration rather than through James Burns's account, which causes James Burns to be entered as counsel and creates an inaccurate or ambiguous docket record.

### 4. Dkt. 103 Must Be Clarified, It Does Not Clearly Identify Burns' Operative Response to the Amended Complaint

The ambiguity also affects the procedural significance of Dkt. 103. That document states that Burns adopts "all applicable Motions, arguments, and pleadings" filed by the AWKO Defendants, but it does not identify a particular motion, state which arguments are adopted, or expressly identify itself as a response under Rule 12.

---

[5] Canup respectfully requests that the Court take judicial notice, pursuant to Federal Rule of Evidence 201(b)(2), of the Court's records in *In re 3M Combat Arms Earplug Products Liability Litigation*, No. 3:19-md-02885-MCR-HTC, including Dkt. 4210-1 at 2, which reflects that the April 2, 2026 transfer notice was electronically mailed to "MICHAEL ANDREW BURNS" at epefile@mostynlaw.com, and the MDL attorney docket, which identified Michael Burns as "ATTORNEY TO BE NOTICED" as of June 25, 2026. An excerpt of the attorney docket is attached hereto as Exhibit 1.

The Court and Canup should not be left to infer whether Dkt. 103 constitutes Burns's response to the Amended Complaint or which defenses he intends to assert. Burns should be required to clarify whether Dkt. 103 is intended as his operative response and, if so, identify the specific motion, defenses, arguments, and relief he adopts.

## IV.   REQUEST FOR RELIEF

WHEREFORE PREMISES CONSIDERED, Canup respectfully requests that the Court direct Michael Burns and James Martinez Burns to clarify whether Michael Burns is represented by James Burns or is appearing on his own behalf; require the docket and Dkts. 102–104 to be corrected consistently with that status; require James Burns, if he represents Michael Burns, to correct and refile the documents with his signature and proper counsel information, or require Michael Burns, if he is appearing on his own behalf, to proceed through his own electronic-filing account and remove James Burns as counsel of record; require Burns to clarify whether Dkt. 103 is intended to constitute his response to the Amended Complaint and, if so, identify the specific motions, arguments, defenses, and relief adopted; alternatively strike Dkts. 102–104 without prejudice if the defects are not promptly corrected; and grant such other and further relief as the Court deems just and proper.

Signed this 25th day of June, 2026.

Respectfully submitted,

/s/ Brandon Canup

Brandon Canup, *Plaintiff*
4812 Hidden Oaks Ln
Arlington, Texas 76017
Tel.: (972) 762-4314
canup.brandon@gmail.com

***pro se***

10

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on or about June 25, 2026, a true and correct copy of this entire motion and memorandum was sent to counsel for all parties via email, US Mail and/or the CM/ECF service pursuant to the Federal Rules of Civil Procedure.

*/s/ Brandon Canup*

*Plaintiff, pro se*

## CERTIFICATE OF CONFERENCE

The procedural ambiguity addressed by this motion prevented a meaningful conference with an identifiable representative of Michael A. Burns. The docket lists James Martinez Burns as counsel of record, but James Burns did not sign Dkts. 102–104, and none of those documents state that he appears or files them as counsel for Michael Burns. The documents instead are signed solely by Michael Burns and purport to have been filed by him personally. Accordingly, the present record does not clearly identify whether Michael Burns is represented by James Burns or is appearing on his own behalf, or which person is authorized to state Burns's position regarding the requested relief. This motion seeks clarification and correction of that threshold ambiguity.

*/s/ Brandon Canup*

*Plaintiff, pro se*

## LOCAL RULE 7.1(F) CERTIFICATION

Pursuant to Local Rule 7.1(F), the undersigned certifies that, based on the Word Count function in Microsoft Word, this Memorandum contains 3,384 words, inclusive of headings, footnotes, and quotations.

*/s/ Brandon Canup*

*Plaintiff, pro se*

# EXHIBIT 6

# EXHIBIT 1

HOUSTON, TX 77098
832-413-4415
rburnett@rburnettlaw.com
*Assigned: 05/14/2019*
*ATTORNEY TO BE NOTICED*


**MICHAEL ANDREW BURNS**
MOSTYN LAW - HOUSTON TX
3810 W ALABAMA STREET
HOUSTON, TX 77027
713-714-0000
epefile@mostynlaw.com
*Assigned: 05/22/2019*
*ATTORNEY TO BE NOTICED*

representing

**CO-LIAISON COUNSEL FOR PLAINTIFFS**
*(Plaintiff)*


**NOTICE ONLY**
*(Notice Only Party MDL)*


**CHRISTOPHER S BURRICHTER**
KIRKLAND & ELLIS LLP - CHICAGO IL
333 WEST WOLF POINT PLAZA
CHICAGO, IL 60654
312-862-1212
312-862-2200 (fax)
christopher.burrichter@dechert.com
*Assigned: 01/20/2022*
*TERMINATED: 01/23/2024*

representing

**3M COMPANY**
*(Defendant)*


**3M OCCUPATIONAL SAFETY LLC**
*(Defendant)*


**AEARO HOLDING LLC**
*(Defendant)*


**AEARO INTERMEDIATE LLC**
*(Defendant)*


**AEARO LLC**
*(Defendant)*


**AEARO TECHNOLOGIES LLC**
*(Defendant)*

# EXHIBIT 7

# EXHIBIT 2

Case 3:26-cv-03599-MCR-ZCB   Document 109-2   Filed 07/05/26   Page 49 of 62
USCA11 Case: 26-11887   Document: 13   Date Filed: 07/05/2026   Page: 48 of 61

CERTIFIED A TRUE COPY
Jessica J. Lyublanovits, Clerk of Court
BY: _____
Deputy Clerk

**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

IN RE: 3M COMBAT ARMS EARPLUG
PRODUCTS LIABILITY LITIGATION                MDL No. 2885

**TRANSFER ORDER**

**Before the Panel:**[*]  Defendant Bryan F. Aylstock moves under 28 U.S.C. § 1407(c) to transfer an action pending in the Northern District of Texas and listed on Schedule A to the Northern District of Florida for inclusion in MDL No. 2885. Plaintiff Brandon Canup opposes the motion.

After considering the argument of counsel, we find that this action, though not typical of most MDL No. 2885 actions, involves common questions of fact with the actions transferred to MDL No. 2885. Transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We centralized actions in MDL No. 2885 arising out of allegations that defendants' Combat Arms earplugs were defective, causing plaintiffs to develop hearing loss and/or tinnitus. *See In re 3M Combat Arms Earplug Prods. Liab. Litig.*, 366 F. Supp. 3d 1368 (J.P.M.L. 2019). Previously, plaintiff alleged he suffered injuries arising from the use of Combat Arms earplugs, filed suit against 3M Company and related entities directly in MDL No. 2885, and settled his claims. In the *Canup* complaint before the Panel, plaintiff brings claims against his former counsel in the MDL, who withdrew from representation;[1] and MDL No. 2885 court-appointed leadership counsel, including defendant Aylstock.[2] He alleges, *inter alia*, that (1) the leadership counsel defendants appeared at a March 2024 status conference on his behalf without his knowledge, reviewed his confidential medical records, gave him individual legal advice in a closed-door settlement conference, and pressured him to participate in the settlement; (2) the leadership counsel defendants denied him access to common benefit work product without his counsel signing a common benefit work participation agreement; and (3) all defendants conspired "to protect their financial interest at Canup's expense," by assuming "complementary roles under the framework of the [MDL No. 2885 global settlement] which tied their compensation to Plaintiff participation thresholds and withdrawal requirements." *Canup* Compl. at ¶¶ 6.57-6.60.

_____

[*]    Judge David C. Norton took no part in the decision of this matter.

[1]    Fleming Nolen & Jez LLP; Gregory D. Brown; and Cliff Roberts.

[2]    Mr. Aylstock; Aystlock Witkin Kreis Overholtz PLC; Mostyn Law Firm PC; and Michael Burns (leadership counsel defendants).

FILED USDC FLND PN
APR 2 '26 PM3:21

- 2 -

In opposing transfer, plaintiff argues that his claims do not involve factual issues common with those in MDL No. 2885. We disagree. We have found that "[a]ctions involving matters relating to a settlement reached in an MDL are appropriate for transfer to that MDL under 28 U.S.C. § 1407." *In re C.R. Bard, Inc., Pelvic Repair Sys. Prods. Liab. Litig.*, Transfer Order, MDL No. 2187 (J.P.M.L. Oct. 4, 2017), ECF No. 2315, at 1. *See also In re Managed Care Litig.*, 246 F. Supp. 2d 1363, 1365 (J.P.M.L. 2003) ("It is established Panel and court of appeals precedent that settlement matters are appropriate pretrial proceedings subject to centralization under § 1407.") (*citing In re Patenaude*, 210 F.3d 135, 142–144 (3d Cir. 2000)). Here, plaintiff alleges misconduct on the part of, not only his attorneys in his MDL case, but also leadership counsel in the MDL, largely based upon conduct they argue was undertaken in their capacity as court-appointed leadership counsel.[3] Plaintiff challenges the transferee court's orders regarding the settlement and the MDL's case management, including orders regarding common benefit work and appointment of leadership counsel. Transfer, therefore, is appropriate.

Plaintiff further argues that his is a standalone case without opportunity for coordination. While the Panel's docket has been closed for several months, the MDL No. 2885 docket in the Northern District of Florida has remained open and active. In suggesting the Panel close its docket, the transferee judge recommended the termination be subject to the transferee court's "continuing jurisdiction to enforce its Orders, handle any matters related to the settlement, or address any other miscellaneous issues necessary to complete the administration of these cases." Order, *In re 3M Combat Arms Earplug Prods. Liab. Litig.*, MDL No. 2885 (N.D. Fla. Sept. 19, 2025), ECF No. 4171, at p. 1. Moreover, in consultation with the transferee judge, we recently reopened the Panel's docket to transfer a related case to the MDL.

Plaintiff also argues that transfer would be inconvenient to the *Canup* parties and witnesses. But the Panel repeatedly has held that, while it might inconvenience some parties, transfer of an action is appropriate if it furthers the expeditious resolution of the litigation taken as a whole. *See, e.g., In re IntraMTA Switched Access Charges Litig.*, 67 F. Supp. 3d 1378, 1380 (J.P.M.L. 2014).

We decline plaintiff's request to defer our ruling pending a decision on his motion to remand to state court or defendants' motions to dismiss. The pendency of motions to dismiss and jurisdictional motions are not an impediment to Section 1407 transfer.[4] *See, e.g., In re Ford PowerShift Transmission Prods. Liab. Litig.*, 289 F. Supp. 3d 1350, 1352 (J.P.M.L. 2018); *In re Procter & Gamble Co. "Protect, Grow and Restore" Mktg. & Sales Pracs. Litig.*, 796 F. Supp. 3d 1373, 1374 (J.P.M.L. 2025). The parties can present these motions to the transferee judge.

---

[3]    Plaintiff argues that whether the leadership counsel defendants were acting at the direction of the court is a merits issue that should not be decided by the Panel. We do not decide this issue, but we recognize that there is no better court to determine whether defendants acted at the transferee court's direction than the transferee court itself.

[4]    Panel Rule 2.1(d) expressly provides that the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion or motion to dismiss is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on the motion if it chooses to do so.

- 3 -

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the Northern District of Florida and, with the consent of that court, assigned to the Honorable M. Casey Rodgers for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

Karen K. Caldwell
Chair

Nathaniel M. Gorton                    Matthew F. Kennelly
Roger T. Benitez                       Dale A. Kimball
Madeline Cox Arleo

**IN RE: 3M COMBAT ARMS EARPLUG
PRODUCTS LIABILITY LITIGATION**                 MDL No. 2885

## SCHEDULE A

<u>Northern District of Texas</u>

CANUP v. AYLSTOCK, ET AL., C.A. No. 4:25-01255

| **From:** | FLNDdb_efile MDL |
| **To:** | Blair Patton; Kimberly Westphal; Donna Bajzik; Elizabeth Lawrence; Allison Hunnicutt |
| **Subject:** | FW: Activity in Case MDL No. 2885 IN RE: 3M Combat Arms Earplug Products Liability Litigation Transfer Order |
| **Date:** | Thursday, April 2, 2026 1:33:34 PM |

---

**From:** JPMLCMECF@jpml.uscourts.gov <JPMLCMECF@jpml.uscourts.gov>
**Sent:** Thursday, April 2, 2026 6:32:16 PM (UTC+00:00) Monrovia, Reykjavik
**To:** JPMLCMDECF <JPMLCMDECF@jpml.uscourts.gov>
**Subject:** Activity in Case MDL No. 2885 IN RE: 3M Combat Arms Earplug Products Liability Litigation Transfer Order

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

### United States

### United States Judicial Panel on Multidistrict Litigation

## Notice of Electronic Filing

The following transaction was entered on 4/2/2026 at 2:32 PM EDT and filed on 4/2/2026
**Case Name:**   IN RE: 3M Combat Arms Earplug Products Liability Litigation
**Case Number:**   MDL No. 2885
**Filer:**
**Document Number:** 2051

**Docket Text:**
**TRANSFER ORDER re: pldg. ([2044] in MDL No. 2885, 14 in TXN/4:25-cv-01255), ([2033] in MDL No. 2885, 3 in TXN/4:25-cv-01255)**

**Transferring 1 action(s) - MDL No. 2885, TXN/4:25-cv-01255**

**Signed by Judge Karen K. Caldwell, Chair, PANEL ON MULTIDISTRICT LITIGATION, on 4/2/2026.**

**Associated Cases: MDL No. 2885, TXN/4:25-cv-01255 (JW)**

**Case Name:**   Canup v. Aylstock et al
**Case Number:**   TXN/4:25-cv-01255
**Filer:**
**Document Number:** 15

**Docket Text:**
**TRANSFER ORDER re: pldg. ( [2044] in MDL No. 2885, 14 in TXN/4:25-cv-01255),
( [2033] in MDL No. 2885, 3 in TXN/4:25-cv-01255)**

**Transferring 1 action(s) - MDL No. 2885, TXN/4:25-cv-01255**

**Signed by Judge Karen K. Caldwell, Chair, PANEL ON MULTIDISTRICT
LITIGATION, on 4/2/2026.**

**Associated Cases: MDL No. 2885, TXN/4:25-cv-01255 (JW)**


**MDL No. 2885 Notice has been electronically mailed to:**

Brian H Barr     bbarr@levinlaw.com

MICHAEL ANDREW BURNS     epefile@mostynlaw.com

**MDL No. 2885 Notice will not be electronically mailed to:**

**TXN/4:25-cv-01255 Notice has been electronically mailed to:**

Bryan F. Aylstock     baylstock@awkolaw.com, Iweiner@awk-saa.com,
LOswalt@awkolaw.com, athane@awkolaw.com, bwilliams@awkolaw.com,
cduer@awkolaw.com, churt@awkolaw.com, dcross@awkolaw.com, htrevino@awkolaw.com,
jlundy@awkolaw.com, khelton@awkolaw.com, kpearce@awkolaw.com,
pbarr@awkolaw.com, sgreen@awkolaw.com

Gregory Donald Brown     gregory_brown@fleming-law.com

Bobby J Bradford, Jr     bradfordservice@awkolaw.com

Gregory Kent Rettig     grettig@lgwmlaw.com

Justin T. Keeton     jkeeton@lgwmlaw.com

Michael Steven Cedillo     mcedillo@thompsoncoe.com

Gregory D. Brown     GBrown@SorrelsLaw.com

**TXN/4:25-cv-01255 Notice will not be electronically mailed to:**

Mostyn Law Firm PC
c/o Registered Agent, Andrew Browning
3810 W. Alabama Street
Houston, TX 77027

Brandon Canup
4812 Hidden Oaks Ln
Arlington, TX 76017

Cliff Roberts
Roberts Law Office
8191 SW FWY, Ste. 116
Houston, TX 77074

Michael Burns
Bums Law LLC
362 Gulf Breeze Parkway
#294
Gulf Breeze, FL 32561

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP JPMLStamp_ID=1090522767 [Date=4/2/2026] [FileNumber=1323181-0]
[a6063e8b10245e8af192672617f9e15497ebfe89c1b2de74d39b1af2c41c9759bca1b
34d9a314399ba959481b15f1abea974005448adb6605726c5c876412d18]]

# EXHIBIT 8

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

BRANDON CANUP,

      Plaintiff,

      v.

BRYAN F. AYLSTOCK, et al,

      Defendants.

_____/

Case No.: 3:26-cv-3359-MCR-ZCB

## MOSTYN LAW'S MOTION TO DISMISS

Defendant Mostyn Law Firm P.C. did not advise Plaintiff Brandon Canup, access his medical records, or demand that he agree to anything. Maybe others did, but not Mostyn Law. Under Rule 12(b)(6), because Canup fails to state a claim upon which relief can be granted against Mostyn Law, the Court should dismiss all claims against it.

## ARGUMENT

Canup alleges no direct dealings with Mostyn Law. Canup was not its client— Canup retained other counsel to represent him in pursuing a claim against 3M Company for faulty earplugs. First Am. Compl. (ECF 60) ("FAC") ¶ 28, 64. Instead, Canup identifies Mostyn Law as a "Florida Defendant," FAC ¶ 11, and alleges that these defendants communicated with Canup through his attorney, FAC ¶ 137, 153. In doing so, Canup does not distinguish Mostyn Law's conduct from the others. *See*

*Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021) (affirming the dismissal of a shotgun pleading that lumped defendants together "rendering it unclear and confusing as to which defendant was being charged with which specific conduct." (cleaned up)). Still, in the light most favorable to Canup, he appears to allege that Mostyn Law acted through Defendant Michael Burns and Defendant Bobby Bradford. That its liability was vicarious.

Canup's four claims against Mostyn Law should be dismissed for two reasons. First, the underlying claims against its alleged agents must be dismissed, and because Mostyn Law's liability depends on the success of those claims, the claims against Mostyn Law cannot survive. Second, Canup fails to plausibly allege that Burns or Bradford acted on behalf of Mostyn Law. Without agency, no vicarious liability follows.

**1.    The claims against alleged agents fail, and consequently, the claims against Mostyn Law fail.**

Mostyn Law's liability depends on Burns's and Bradford's liability. Under Texas and Florida law, respondeat superior and vicarious liability is derivative in nature—a principal cannot be held liable unless an agent's conduct is actionable. *Johnson v. Sawyer*, 47 F.3d 716, 730 (5th Cir. 1995) ("*Respondeat superior* does not impose liability on the employer [or principal] *unless* the employee's [or agent's] conduct has been actionable.") (citing *Knutson v. Morton Foods, Inc.,* 603 S.W.2d 805, 807 n.2 (Tex. 1980));

Page 2 of 5

*Tsuji v. Fleet*, 366 So. 3d 1020, 1032 (Fla. 2023). Accordingly, because the claims against the alleged agents fail, so do the claims against Mostyn Law.

To avoid duplicate briefing, Mostyn Law adopts the motions to dismiss filed by Bryan Aylstock, Bradford, and their firm (ECF 66).[1]

### 2.     Burns and Bradford were not Mostyn Law's agents.

Canup fails to plausibly allege that Burns or Bradford acted on Mostyn Law's behalf. Each is considered in turn.

Canup alleges that Burns provided legal advice to Canup. FAC ¶ 84. In doing so, Canup alleges Burns committed fraud (Count B1) and breached a fiduciary duty to Canup (Count B2). FAC at 27-31. Canup identifies Burns as Mostyn Law's agent—Burns was "affiliated with Mostyn Law," FAC ¶ 8. Canup's theory is that Mostyn Law is liable for Burns's alleged misconduct. FAC at ¶ 147-48, 163.

Even if Burns was affiliated with Mostyn Law for some work, the complaint makes clear that he was not acting for Mostyn Law during any alleged misconduct. The misconduct alleged in the complaint began in September 2023, FAC ¶ 56, shortly

---

[1] The Court may apply Florida law because it is substantially the same as Texas law and would not affect the outcome of the issues address in the motion to dismiss. *See Toyota Motor Co. v. Cook*, 581 S.W.3d 278, 283 (Tex. App. 2019) ("We only undertake a choice of law analysis if a conflict of law exists that affects the outcome of an issue."); *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414, 419 (Tex. 1984).

after a master settlement was reached in the 3M multidistrict litigation ("MDL"), FAC ¶ 38. Fairly, in 2019, the Court had appointed "Burns of Mostyn" to the plaintiffs' leadership. FAC ¶ 26. Yet by the time of the misconduct in 2023, the Court had already terminated the MDL's existing plaintiffs' leadership structure. FAC ¶ 53. Burns had no further leadership authority. *Id.* Mostyn Law had no role in leadership. FAC ¶ 55. Indeed, its involvement in leadership ended in 2020, when Burns left Mostyn Law, started Burns Law LLC, and served in MDL leadership through his new firm. Because Burns was no longer acting in his leadership role by September 2023, he was no longer acting on Mostyn Law's behalf in that expired role. Canup never alleges otherwise.

Separately, Canup alleges that Bradford committed fraud (Count B3). FAC at 32-34. Bradford was a partner at Defendant Aylstock, Witkin, Kreis & Overholtz PLC. FAC at ¶ 7. Nevertheless, Canup contends that Mostyn Law is liable because it too was "Bradford's principal[]." FAC at ¶ 181-182. Yet Canup never explains what made Bradford an agent of Mostyn Law. This "bare assertion[]" "amount[s] to nothing more than a "formulaic recitation of the elements." *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). As such, it is "not entitled to be assumed true." *Id.* This Court should reject as implausible Canup's conclusionary allegation that Bradford acted on Mostyn Law's behest while he was a partner in another firm. "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 555 (2007). And here, Canup offers nothing aside from a bare assertion that Bradford was Mostyn Law's agent.

## CONCLUSION

As alleged in the complaint, Mostyn Law was not involved any misconduct. Because Canup's claims against the two alleged agents fail, the vicarious claims against Mostyn Law fail. The Court should dismiss all claims against Mostyn Law.

**N.D.  Fla. Loc. R. 56.1(E) Certificate of Word Limit**

This filing contains 1,011 words.

Respectfully submitted,

> s/Benjamin James Stevenson
> **Benjamin James Stevenson**
> Stevenson Legal PLLC
> 919 Panferio Drive
> Pensacola Beach, FL 32561
> T. 702.306.6708
> bjs@stevenson-legal.com
>
> *Counsel for Mostyn Law Finn*