# EXHIBIT 2

## IN THE UNITED STATES COURT OF APPEALS FOR THE
## ELEVENTH CIRCUIT

| | |
|---|---|
| IN RE: BRANDON CANUP | Appeal No.: 26-11887-C |

### PETITIONER'S REPLY TO RESPONDENTS' GREGORY BROWN, CLIFF ROBERTS, AND FLEMING, NOLEN & JEZ, LLP'S RESPONSE IN OPPOSITION TO MOTION TO STAY DISTRICT COURT PROCEEDINGS PENDING MANDAMUS PROCEEDINGS

COMES NOW Petitioner Brandon Canup ("Canup"), proceeding *pro se*, and files this Reply in Support of his Motion to Stay District Court Proceedings Pending Mandamus Proceedings and respectfully states as follows:

### INTRODUCTION AND SUMMARY OF REPLY

Canup does not seek a stay merely because Judge Rodgers presided over the 3M MDL, made ordinary judicial rulings, or acquired general judicial knowledge through prior proceedings. The mandamus petition presents a narrower issue: Defendants rely on an off-record request by the presiding judge and Court-created authority allegedly arising from that request as substantive defenses to Canup's state-law claims. The stay motion asks this Court to preserve the status quo while it determines whether continued proceedings before the presiding judge are consistent with 28 U.S.C. § 455(a) and § 455(b)(1).

Respondents' opposition should be rejected.

1

## <u>MEMORANDUM OF LAW AND ARGUMENT</u>

### 1.  Canup Satisfied Rule 8

Respondents Gregory Brown, Cliff Roberts, and Fleming, Nolen & Jez, LLP's Response in Opposition to Canup's Motion to Stay District Court Proceedings Pending Mandamus Proceedings ("Response"), argues that the stay motion should be denied because Canup failed to obtain a district-court ruling before seeking relief in this Court. (Response, 11th Cir. Dkt. 17 at 8–10). That argument misstates Rule 8 and the record. Rule 8 permits a stay motion in the court of appeals where moving first in the district court would be impracticable, or where the district court "denied the motion or failed to afford the relief requested." Fed. R. App. P. 8(a)(2)(A)(i)–(ii).

Canup did not bypass the district court. He previously sought a stay pending resolution of threshold issues, including remand, recusal, and suggestion of remand, and that request was denied as moot in the order denying remand. (Motion to Stay, 11th Cir. Dkt. 7 at 5). He later renewed stay requests in his motion for reconsideration and in his response to Mostyn Law Firm, P.C.'s timeliness motion. *Id*. at 5–6. The district court has not stayed proceedings, and Respondents identify no order affording that relief.

*People First of Alabama v. Secretary of State for Alabama,* 815 F. App'x 505 (11th Cir. 2020), does not require denial because Canup did not bypass the district

2

court. Waiting indefinitely for further district-court action would not protect the interest the stay motion seeks to preserve: avoiding continued proceedings before the judge whose continued participation is under mandamus review. Rule 8 is satisfied.

### 2.    Respondents Misstate the Merits Issue

Respondents' § 455(b)(1) argument rests on the premise that Judge Rodgers' knowledge is solely "judicial knowledge" acquired by presiding over the MDL. (11th Cir. Dkt. 17 at 10–14). That argument answers a point Canup is not making. Canup does not seek recusal merely because Judge Rodgers presided over the MDL or possesses ordinary judicial familiarity with it. (Petition, 11th Cir. Dkt. 1 at 24–25). The problem is that Defendants rely on an off-record Court request and alleged Court-created authority as substantive defenses, while the scope, purpose, and legal effect of that request remain disputed merits issues. (*Id*. at 10–11, 19–25; 11th Cir. Dkt. 7 at 13–14).

The petition already addresses Respondents' "judicial knowledge" argument through *Edgar v. K.L.,* 93 F.3d 256 (7th Cir. 1996), and *Liteky v. United States,* 510 U.S. 540 (1994). *Edgar* recognized that although § 455 is principally concerned with extrajudicial knowledge, the critical inquiry is whether disputed information entered the record and remained capable of adversarial testing. *Edgar,* 93 F.3d at 259; (11th Cir. Dkt. 1 at 24). Off-record communications "leave no trace in the record," making

3

their nature and reliability "unknowable," and mandatory disqualification may follow. *Edgar,* 93 F.3d at 259. *Edgar* relied on *Liteky,* which rejected the proposition that only information acquired wholly outside judicial proceedings may constitute disqualifying personal knowledge. *Id*.; Liteky, 510 U.S. at 551–57; (11th Cir. Dkt. 1 at 24–25).

Respondents' § 455(a) argument fails for the same reason. Canup does not rely on Judge Rodgers' public comments in isolation or argue that favorable comments about MDL leadership, standing alone, require recusal. The petition relies on the totality of circumstances: public praise of leadership counsel, prior recusals involving MDL leadership, Defendants' reliance on alleged Court-created authority as a merits defense, and the district court's own characterization of the off-record request and its purpose. (11th Cir. Dkt. 1 at 25–29; 11th Cir. Dkt. 7 at 14–15). Section 455(a) asks whether an objective, fully informed observer would reasonably question impartiality; it does not require proof of actual bias, hostility, animus, or "deep-seated favoritism." *See Patti,* 337 F.3d at 1321; *Liteky,* 510 U.S. at 555. Respondents' focus on whether Judge Rodgers expressed hostility toward Canup therefore does not answer the appearance-of-impartiality issue presented in the petition.

Respondents' reliance on the JPML transfer order does not resolve that issue. Respondents state that Canup advanced an "alternative" argument that his claims did

not involve factual issues common to MDL No. 2885. (11th Cir. Dkt. 17 at 12–13). Canup continues to maintain that position. The original 3M MDL transfer order defined the common factual questions as allegations that the Combat Arms earplugs were defective and caused hearing loss or tinnitus, including issues concerning the design, testing, sale, and marketing of the earplugs. *In re 3M Combat Arms Earplug Prods. Liab. Litig.,* MDL No. 2885, ECF No. 1 at 2 (J.P.M.L. Apr. 3, 2019). Canup's present claims do not concern earplug design, testing, sale, marketing, defect, causation, or any liability against 3M.

Nor do the settlement-transfer authorities cited by Respondents defeat the stay request. In *In re C.R. Bard*, the plaintiff had settled her MDL claims and alleged that her MDL attorneys induced her to accept that settlement. *In re C.R. Bard, Inc., Pelvic Repair Sys. Prods. Liab. Litig.,* MDL No. 2187, Transfer Order at 1–2. Here, Canup did not sign the 3M Master Settlement Agreement and does not seek to enforce or modify that agreement. Nor does this lawsuit challenge Canup's settlement with 3M, which is independent of the Master Settlement Agreement. Likewise, *In re Managed Care* involved an overlapping nationwide class settlement with potential consequences for the centralized litigation and remaining MDL claims. 246 F. Supp. 2d 1363, 1364–65 (J.P.M.L. 2003). Canup's case instead concerns alleged attorney misconduct toward Canup, an opt-out plaintiff, who resolved his claims independently of the Master Settlement Agreement.

In any event, the JPML's transfer ruling does not answer the question presented in mandamus or defeat a stay. A transfer under 28 U.S.C. § 1407 is not a merits ruling. The JPML has repeatedly recognized that objections going to jurisdiction or the merits do not prevent transfer because "Section 1407 does not empower the MDL Panel to decide questions going to the jurisdiction or the merits of a case." *In re Ivy,* 901 F.2d 7, 9 (2d Cir. 1990); *see also In re Social Media Adolescent Addiction/Personal Injury Prods. Liab. Litig.,* MDL No. 3047, Transfer Order at 2–3 (J.P.M.L. Apr. 3, 2025); *In re Davol, Inc./C.R. Bard, Inc., Polypropylene Hernia Mesh Prods. Liab. Litig.,* MDL No. 2846, Transfer Order at 2–3 (J.P.M.L. Oct. 1, 2025). Accordingly, the JPML's transfer order does not establish that Judge Rodgers' knowledge is merely ordinary judicial knowledge, does not decide the scope or legal effect of any off-record Court request, and does not resolve whether Defendants may rely on alleged Court-created authority as a merits defense. Respondents cannot use the JPML transfer order to avoid the recusal problem created when Defendants rely on the judge's own off-record request and alleged Court-created authority as defenses to Canup's claims. At minimum, Canup has presented a substantial case and serious legal questions sufficient to support a stay. *See Garcia-Mir v. Meese,* 781 F.2d 1450, 1453 (11th Cir. 1986); *LabMD, Inc. v. Fed. Trade Comm'n,* 678 F. App'x 816, 819 (11th Cir. 2016); *Ruiz v. Estelle,* 650 F.2d 555, 565 (5th Cir. 1981) (per curiam).

### 3.    The Remaining Stay Factors Favor Preserving the Status Quo

Respondents argue that Canup has shown only ordinary litigation burden and expenses. (11th Cir. Dkt. 17 at 16–18). That misstates the injury. Canup does not contend that ordinary litigation cost alone justifies a stay. The harm is continued proceedings before the judge whose continued participation is under mandamus review, in a case where Defendants attribute their merits defenses to that judge's own off-record request and Court-created authority allegedly arising from that request. (11th Cir. Dkt. 7 at 15–18). If the district court continues issuing rulings, imposing deadlines, or resolving threshold motions while mandamus review is pending, the appearance-based harm will occur before this Court can determine whether recusal is required.

That harm is not fully remediable by later vacatur. Section 455 protects not only case-specific fairness, but also public confidence in the integrity and impartiality of judicial proceedings. *Liljeberg v. Health Servs. Acquisition Corp.,* 486 U.S. 847, 859–65 (1988). The Eleventh Circuit has likewise recognized "the systemic and case-specific importance of recusal in our judicial system and the grave consequences that may result from an erroneous failure to recuse." *In re Moody,* 755 F.3d 891, 899 (11th Cir. 2014). Later review may remedy some case-specific consequences, but it cannot fully cure the public-confidence harm that § 455 is designed to prevent. (11th Cir. Dkt. 7 at 15–16); *see also Wyatt ex rel. Rawlins v.*

*Rogers,* 92 F.3d 1074, 1081 (11th Cir. 1996); *In re Corrugated Container Antitrust Litig.,* 614 F.2d 958, 961 n.4 (5th Cir. 1980); *United States v. Patti,* 337 F.3d 1317, 1322–23 (11th Cir. 2003).

Respondents identify delay, not substantial prejudice. (11th Cir. Dkt. 17 at 19–20). A stay would not decide the merits, deprive Respondents of any defense, or prevent Respondents from pursuing their pending motions if the stay is lifted. It would merely preserve the status quo while this Court determines whether the presiding judge may continue to participate. (11th Cir. Dkt. 7 at 18–19). This case remains at the pleading stage, and Respondents identify no lost evidence, unavailable witness, expired defense, or concrete litigation harm that would result from a temporary stay. Their desire for an immediate ruling by the challenged judge does not outweigh Canup's interest in meaningful mandamus review or the public interest in proceedings that satisfy the appearance of impartial justice.

Nor would a stay create an automatic-stay rule for every recusal related mandamus proceeding. (11th Cir. Dkt. 17 at 21–22). Canup seeks a limited stay based on the unusual facts presented here: Defendants rely on the presiding judge's own off-record request and Court-created authority allegedly arising from that request as merits defenses; the public MDL orders terminated the leadership structure and limited any remaining common-benefit authority; the district court denied recusal while characterizing the request and its purpose; and the petition

identifies public statements and prior recusals in materially similar attorney-misconduct litigation arising from the same MDL. (11th Cir. Dkt. 1 at 12–13, 20–28; 11th Cir. Dkt. 7 at 13–14). Those facts do not exist in every recusal petition. The public interest therefore favors a limited stay. *See Liljeberg,* 486 U.S. at 859–65; *United States v. Torkington,* 874 F.2d 1441, 1446–47 (11th Cir. 1989); *United States v. White,* 846 F.2d 678, 695 (11th Cir. 1988).

Additionally, several threshold matters remain pending, including reconsideration of the remand order and issues concerning service, consent, waiver, and the legal effect of Mostyn Law Firm, P.C.'s late-filed motion to dismiss. (11th Cir. Dkt. 7 at 17–21). Continued proceedings risk unnecessary rulings and expenditures that may be affected by this Court's resolution of the recusal issue. Preserving the status quo protects meaningful mandamus review, conserves judicial resources, and promotes public confidence in impartial adjudication.

Finally, Respondents' summary of argument states that the stay motion should be denied "and the petition dismissed." (11th Cir. Dkt. 17 at 2). But Respondents' filing is a response to Canup's stay motion, identifies no procedural basis for dismissing the mandamus petition through that response, and requests only denial of the stay in its conclusion. *Id*. at 22. The issue presented here is whether proceedings should be stayed while this Court considers the pending mandamus petition. (11th Cir. Dkt. 7).

## **REQUEST FOR RELIEF**

WHEREFORE PREMISES CONSIDERED, Petitioner Brandon Canup respectfully requests that this Court enter an order staying all proceedings in the district court pending resolution of this mandamus proceeding.

Canup further requests such other and further relief as this Court deems just and proper.

Signed this 11th day of July, 2026.                 Respectfully submitted,

                                                    /s/ Brandon Canup

                                                    Brandon Canup, *Petitioner*
                                                    4812 Hidden Oaks Ln
                                                    Arlington, Texas 76017
                                                    Tel.: (972) 762-4314
                                                    canup.brandon@gmail.com

                                                    ***pro se***

## Certificate of Compliance

This document complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d), because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), it contains 2,098 words. This document also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Microsoft Word in 14-point Times New Roman font, a proportionally spaced typeface.

/s/ Brandon Canup

Brandon Canup, *Petitioner*
4812 Hidden Oaks Ln
Arlington, Texas 76017
Tel.: (972) 762-4314
canup.brandon@gmail.com

***pro se***

11

## Certificate of Service

I HEREBY CERTIFY that on July 11, 2026, I electronically filed the foregoing Petitioner's Reply to Respondents Gregory Brown, Cliff Roberts, and Fleming, Nolen & Jez, LLP's Response in Opposition to Motion to Stay District Court Proceedings with the Clerk of the Court for the United States Court of Appeals for the Eleventh Circuit by using the CM/ECF system, which will automatically serve notice of such filing on all counsel of record registered to receive CM/ECF notices.

*/s/ Brandon Canup*

Brandon Canup, *Petitioner*
4812 Hidden Oaks Ln
Arlington, Texas 76017
Tel.: (972) 762-4314
canup.brandon@gmail.com

***pro se***