UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

BRANDON CANUP,

      Plaintiff,

v.                                  CASE NO. 3:26cv3359-MCR-ZCB

BRYAN F. AYLSTOCK, et al.,

      Defendants.

_____/

## ORDER

Plaintiff Brandon Canup, *pro se*, has filed a Motion for Reconsideration or in the Alternative to Certify Order for Interlocutory Appeal, and Motion to Stay Proceedings. ECF No. 77. Opposing parties have responded. ECF Nos. 93, 95, 107. The motion will be denied.

The Court has discretion to revise or reconsider interlocutory orders at any time before final judgment is entered. *See* Fed. R. Civ. P. 54(b); *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1315 (11th Cir. 2000). In exercising this discretion, courts consider the weight of the arguments and "should not hesitate" to reconsider an interlocutory order if able to meet the "significantly higher showing" required under Rules 59(e) or 60(b). *Hornady v. Outokumpu Stainless USA, LLC*, 118 F.4th 1367, 1381 (11th Cir. 2024). However, motions for reconsideration are not an opportunity to simply "rehash[] arguments already considered and rejected."

*Id.* ; *see also Bryan v. Murphy*, 246 F. Supp. 2d 1256, 1259 (N.D. Ga. 2003) (motions for reconsideration "may not be used to present the court with arguments already heard and dismissed"). Thus, despite having the discretion to reconsider, courts in this circuit have consistently recognized that an interlocutory motion to reconsider "consumes scarce judicial resources" and is an "extraordinary remedy," justified only if there is a change in controlling law, new evidence becomes available, or a "need to correct clear error or manifest injustice." *Madura v. BAC Home Loans Servicing L.P.*, 851 F. Supp. 2d 1291, 1296 (M.D. Fla. 2012) (quoting *Fla. Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998)).

Canup's arguments for reconsideration have been heard and rejected. Canup has not identified clear error or a manifest injustice but instead seeks another opportunity—"two bites at the apple"—to convince the Court of his position. *Am. Home Assur. Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1239 (11th Cir. 1985). A mere disagreement with the decision based on previously made arguments and previously available authorities does not warrant reconsideration, and the request is denied. The motion to stay pending a ruling is denied as moot.

Canup also requests that this Court certify an interlocutory appeal on two issues:

> 1. Whether, under 28 U.S.C. § 1446(b)(2)(A), a procedurally defective motion to dismiss filed six months after removal that is silent as to

removal, remand, and consent can clearly and unambiguously cure a properly served defendant's failure to join in or consent to removal within the thirty-day statutory period.

2.      Whether *Grable*[1] federal-question jurisdiction extends to state-law legal-malpractice, fiduciary-duty, fraud, civil conspiracy and attorney-misconduct claims merely because defendants contend their conduct was authorized, governed, or excused by federal MDL orders, settlement procedures, or court-created authority, where the plaintiff does not seek to invalidate, modify, or enforce any federal order.

ECF No. 77 at 22-23.

The decision to certify an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) is discretionary; however, the Eleventh Circuit has identified five circumstances, all of which "generally must be met" before it will accept an issue on interlocutory appeal:  "(1) the issue is a pure question of law, (2) the issue is controlling of at least a substantial part of the case, (3) the issue was specified by the district court in its order, (4) there are substantial grounds for difference of opinion on the issue, and (5) resolution may well substantially reduce the amount of litigation necessary on remand." *Mamani v. Berzain*, 825 F.3d 1304, 1312 (11th Cir. 2016) (internal quotations omitted).  Canup's questions fail the first requirement. The issues he seeks to pursue are not pure legal issues but are intricately intertwined with the facts and the peculiar procedure of this case as a tag-along proceeding within the MDL.  And, again, a mere disagreement with the undersigned's ruling is not

---

[1] *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005).

sufficient to justify the relief requested.  The Court declines to certify either issue for interlocutory appeal.

Canup also requests a stay of this case while he pursues mandamus relief in the Eleventh Circuit in order to secure the undersigned's recusal.  Mandamus is discretionary and ordinarily available "only in drastic situations, when no other adequate means are available to remedy a clear usurpation of power or abuse of discretion."  *Jackson v. Motel 6 Multipurpose, Inc.*, 130 F.3d 999, 1004 (11th Cir. 1997) (quotation marks omitted).  A mandamus petition is not a substitute for appeal nor should it be used "to control decisions of the district court in discretionary matters."  *In re Willis*, No. 25-11177, 2025 WL 2450661, at *1 (11th Cir. Aug. 21, 2025) (quoting *Jackson*, 130 F.3d at 1004).  Also, because the petition seeks an extraordinary writ, the mere filing of a mandamus petition does not divest this Court of jurisdiction or require a stay of the proceedings before the district court.  *See e.g., Kellogg v. Watts Guerra LLP*, 41 F.4th 1246, 1259 (10th Cir. 2022) (collecting cases).

The Court declines to impose a stay to await a decision on Canup's petition for mandamus.  The denial of a motion to recuse is not immediately appealable, but Canup may seek review of the Court's denial of recusal in the ordinary course after judgment rather than disrupting these proceedings.  *See Steering Comm. v. Mead Corp. (In re Corrugated Container Antitrust Litig.*), 614 F.2d 958, 960-62 (5th Cir.

1980)[2] (noting that "disqualification questions are fully reviewable on appeal from final judgment").  For that reason, Canup's petition does not present the type of drastic situation for which no other remedy is available, and Canup has not shown he will suffer irreparable harm in the absence of a stay.  Also, in the undersigned's opinion, Canup has not made a strong showing that he is likely to succeed on the merits.  The JPML specifically transferred this case to the undersigned as part of the MDL proceedings over Canup's objection, and the undersigned has already rejected Canup's arguments for recusal.  The request for a stay is denied.

Accordingly, Canup's Motion for Reconsideration or in the Alternative to Certify Order for Interlocutory Appeal, and Motion to Stay Proceedings, ECF No. 77, is **DENIED** in all respects.

**DONE AND ORDERED** this 14th day of July 2026.


*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

---

[2] *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*) (adopting the case law of the former Fifth Circuit before October 1, 1981, as precedent in this Circuit).